1  MICHAEL G. DESCALSO, ESQ. (SBN 104354)
   GREENE, CHAUVEL, DESCALSO & MINOLETTI
2  155 BOVET ROAD, SUITE 780
   SAN MATEO, CALIFORNIA 94402
3  TELEPHONE: 650-573-9500
   FACSIMILE: 650-573-9689
4
   Attorneys for defendants Jonathon Vento, Grace Capital, LLC
5  dba Grace Communities, an Arizona limited liability
   Company, Donald Zeleznak, Z-Loft, LLC, an Arizona
6  limited liability company, and Zeleznak Property
   Management, LLC dba Keller Williams Realty, an
7  Arizona limited liability company

8                    UNITED STATES DISTRICT COURT
                   NORTHERN DISTRICT OF CALIFORNIA
9                        (San Jose Division)

10 STEVE TRACHSEL, an individual, SUN          Case No.: C08-02248 RS
   CITY    TOWERS,    LLC,    a    California
11 corporation,    THOMAS    CIRRITO,    an     **MOTION TO DISMISS**
   individual,    ATOCHA    LAND,    LLC,    a
12 Delaware    limited    liability    company,
   MICHAEL CIRRITO, an individual, CIRRITO
13 HOLDINGS, LLC, a Delaware limited liability
   company,
14
15                    Plaintiffs,
16 v.
17 RONALD       BUCHHOLZ,       CHARICE
   FISCHER, RDB DEVELOPMENT, LLC, a
18 Nevada limited liability company, SOLOMON
   CAPITAL, LLC, a Nevada limited liability
19 company, JONATHON VENTO, GRACE
   COMMUNITIES an Arizona limited liability
20 company, DONALD ZELEZNAK, Z-LOFT,
   LLC, an Arizona limited liability company,
21 ZELEZNAK PROPERTY MANAGEMENT,
   LLC dba KELLER WILLIAMS REALTY, an
22 Arizona limited liability company, KELLER
   WILLIAMS    REALTY,    INC.,    a    Texas
23 corporation, and DOES 1-50, inclusive
24
25                    Defendants.
26
                                                                    - 1 -
27

Defendants Jonathon Vento, Grace Capital, LLC dba Grace Communities, an Arizona limited liability Company, Donald Zeleznak, Z-Loft, LLC, an Arizona limited liability company, Zeleznak Property Management, LLC dba Keller Williams Realty, an Arizona limited liability company, (collectively, the "Grace Defendants"), by and through undersigned counsel, hereby move to dismiss Plaintiffs' Complaint pursuant to Fed.R.Civ.P. 12(b)(2), (3), and (6). This Motion is supported by the accompanying Memorandum of Points and Authorities and the Verifications attached showing there is no personal jurisdiction over the Grace Defendants.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    OPERATIVE FACTS

Plaintiffs' Complaint involves primarily two classes of Defendants, the Grace Defendants and the Buchholz Defendants (Ronald Buchholz, Charice Fischer, RDB Development, LLC, and Solomon Capital, LLC) and involves the purchase by Buchholz from the Grace Defendants of a property located solely within Arizona. The Grace Defendants never dealt with any of the plaintiffs, never visited California as part of this transaction, do not generally conduct any business whatsoever in California, do not reside or have their principal place of residence in California, do not know of any of the plaintiffs, and did not in any way invoke the benefits or protections of California law, and plaintiffs do not state otherwise as part of their Complaint. As such, for reasons set forth more fully below, the Grace Defendants must be dismissed from this suit as California in no way has any jurisdiction over their persons, and the Grace Defendants cannot be otherwise liable to plaintiffs, because plaintiffs have not stated any claims against them for which relief may be granted. Equally important, even were there jurisdiction over the Grace Defendants, the forum of this court is not convenient for these Defendants and venue is not proper in this Court because the transaction that is the subject of this dispute took place entirely in Arizona and that is where the Grace Defendants reside. Therefore, for the reasons

- 2 -

1    stated as part of this Motion, the Court should dismiss the Grace Defendants from this Complaint

2    or at a minimum, transfer the matter to the District of Arizona.

3    **II.    ARGUMENT**

4    **a.    This Court does not have personal jurisdiction over the Grace Defendants**

5    As part of their Complaint, plaintiffs have generally alleged that they have personal

6    jurisdiction over the Grace Defendants because the Grace Defendants conduct business within

7    the State of California, because some of them own property in the State of California, and

8    because they directed activities towards residents of California. However, these allegations are

9    patently false. None of the Grace Defendants owns any property in the State of California, let

10   alone any property that could be relevant to the Complaint. One of the Grace Defendants ,

11   Ronald Zeleznak, does have a small vacation timeshare interest in Southern California, but it in

12   no way is used for anything but a personal vacation property. Plaintiffs are thus wrong in their

13   assertion that The Grace Defendants own property in California sufficient to invoke jurisdiction.

14   Moreover, none of the Grace Defendants are based in California, or conduct any business there.

15   Nothing any of the Grace Defendants did in this matter has any connection with California, nor

16   has any Grace Defendant met any of the plaintiffs or conducted any business with them at all.

17   The Grace Defendants are unaware that the Buchholz Defendants, and primarily Ron Buchholz,

18   are residents of California. In fact, the Grace Defendants believe that Ron Buchholz is a resident

19   of Nevada. (Plaintiffs' Complaint at ¶ 21). Thus, since the Grace Defendants do not reside in

20   California, do not conduct any business there, do not have any business office there or presence

21   and do not regularly travel to or in California except perhaps one on vacation on a limited basis,

22   this Court has no personal jurisdiction over the Grace Defendants. Thus, dismissal is warranted

23   on this basis for four distinct reasons, as will be set forth below:  (1) the Grace Defendants were

24   not served with Plaintiffs' Complaint in the State of California; (2) the Grace Defendants are not

25   domiciled in California; (3) the Grace Defendants did not consent to jurisdiction in California;

26

- 3 -

27

MOTION TO DISMISS OF DEFENDANTS JONATHON VENTO, GRACE COMMUNITIES AN ARIZONA LIMITED LIABILITY COMPANY, DONALD ZELEZNAK, Z-LOFT, LLC, AN ARIZONA LIMITED LIABILITY COMPANY, ZELEZNAK PROPERTY MANAGEMENT, LLC DBA KELLER WILLIAMS

28   REALTY, AN ARIZONA LIMITED LIABILITY COMPANY                    USDC CASE NO. C08-02248 RS

1    and (4) the Grace Defendants do not have minimum contacts with the State of California to

2    justify jurisdiction over them.

3         First, the Grace Defendants were not served in California. In Burnham v. Superior Court,

4    495 U.S. 604 (1990), the Supreme Court held that if a defendant voluntarily travels to the forum

5    state, and is served while present there, that state will have personal jurisdiction over the

6    defendant. Such fact pattern is not applicable here because none of the Grace Defendants was

7    served in California. (See Verification of Jonathon Vento at ¶ 5 and Verification of Donald

8    Zeleznak at ¶ 7, attached hereto as Exhibits 1 and 2).

9         Second, none of the Grace Defendants are domiciled within the forum state. In Milliken

10   v. Meyer, 311 U.S. 457 (1940), the Supreme Court held that jurisdiction may be exercised over

11   an individual who is domiciled within the forum state. With respect to the individual Grace

12   Defendants, Donald Zeleznak is domiciled in Nevada and Jonathon Vento is domiciled in

13   Arizona. (See Verification of Jonathon Vento at ¶ 2 and Verification of Donald Zeleznak at ¶ 2,

14   attached hereto as Exhibits 1 and 2). Neither Donald Zeleznak nor Jonathon Vento own real

15   property within California, except that Donald Zeleznak owns a limited timeshare interest in a

16   Southern California resort, which is not the subject of this litigation or related in any way to it.

17   (Verification of Donald Zeleznak at ¶ 3). In addition, none of the companies that are Grace

18   Defendants are domestic companies within the State of California or do business therein. (See

19   Verification of Jonathon Vento at ¶ 4 and Verification of Donald Zeleznak at ¶¶ 4-6).

20   Specifically, Grace Capital, LLC, Z-Lofts, LLC, and Zeleznak Property Management, LLC are

21   domestic limited liability companies that are registered with the State of Arizona and do business

22   exclusively therein. Id.

23        Third, none of the Grace Defendants has consented to jurisdiction in California. None of

24   the Grace Defendants has any contact or contract with any of the plaintiffs or in which they

25

26
                                                                                    - 4 -

could have consented to jurisdiction with this Court, and there is no contract, or even contact, alleged as part of the Complaint.

Fourth, none of the Grace Defendants has minimum contacts with the State of California. In International Shoe Co. v. Washington, 326 U.S. 310 (1945), the Supreme Court created the following test: "Due process requires only that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" Thereafter, in Perkins v. Benguet Consolidated Mining Co., 342 U.S. 437 (1952), the Supreme Court held that where the cause of action does not arise from business done within the forum state, Constitutional due process requires that the in-state business actually conducted be so systemic and continuous as to make it not unjust that the corporation be forced to defend a suit there. Here, the subject property is located entirely within the State of Arizona. (Plaintiffs' Complaint at ¶ 55). There is no contractual relationship between the Grace Defendants and any of the plaintiffs, and none is alleged by plaintiffs. According to plaintiffs, they allege on information and belief that Donald Zeleznak and Zeleznak Property Management, LLC may have acted in a dual agency role. (Plaintiffs' Complaint at ¶ 69). However, even accepting plaintiffs' allegation as true, Donald Zeleznak and Zeleznak Property Management, LLC would have represented the buyer in the transaction, Solomon Tower, LLC, a non-party to this action. The Grace Defendants are not domiciled within California, and none of them transacts business in the State of California. (See Verification of Jonathon Vento at ¶¶ 2-4 and Verification of Donald Zeleznak at ¶¶ 2-6). Therefore, none of the Grace Defendants has minimum contacts with the State of Arizona.

///

///

///

- 5 -

**b.    Venue is not proper within the Northern District of California and Forum Non Conveniens**

Plaintiffs have alleged that venue is proper within the Northern District of California pursuant to 18 U.S.C. § 1965(a),1 18 U.S.C. § 1965(b), and 28 U.S.C. § 1391(b).2  Plaintiffs claim that justice requires that the action be brought before this court, that a substantial part of the subject events or omissions took place in the District and that one or more defendants are subject to personal jurisdiction within this District.  Plaintiffs' claim is not true, however, and venue does not lie within this District for several important reasons.

First, pursuant to 28 U.S.C. § 1391(b)(2), all of the events that gave rise to plaintiffs' Complaint took place within Arizona.  The purchase and sale of the property took place in Arizona, not this district, and the Grace Defendants NEVER dealt with any of the plaintiffs or even knew them at that time.  Certainly, none of the Grace Defendants' activities took place within this District or anywhere in California.3  Plaintiffs' claim insofar as it addresses  the Grace Defendants relates to their investment in a real property syndicate of some sort with defendant Ron Buchholz, a resident of Nevada, and property located in Arizona.  Plaintiffs were obviously fully aware of this fact when they invested money with the Buchholz Defendants.  The PowerPoint presentation that plaintiffs have attached as an exhibit to their Complaint specifically refers to the fact that the property at issue is located in downtown Phoenix, Arizona.  (Plaintiffs'

---

1 Plaintiffs actually cited to 28 U.S.C. § 1965(a), but this was an error on the part of the Plaintiffs.

2 Plaintiffs actually cited to 28 U.S.C. § 1291(b), but this also appears to be an error on the part of the Plaintiffs.

3 Plaintiffs have alleged at ¶ 46 of their Complaint that Donald Zeleznak was present at one or more meetings.  However, Plaintiffs are incorrect.  (Verification of Donald Zeleznak at ¶ 8). Even assuming that Plaintiffs' statement were true, this would not provide venue for the remainder of the Grace Defendants, including Jonathon Vento, Z-Loft, LLC, Zeleznak Property Management, LLC, and Solomon Capital, LLC.  In addition, as to Donald Zeleznak, since the property transactions took place in Arizona, a substantial part of his involvement in this case took place in Arizona as well, and venue would actually be proper in Arizona.

- 6 -

1  Complaint at Exhibit A).  There is no real property at issue related to the Grace Defendants

2  located within this District let alone any dealing with these Defendants at all.  The Complaint

3  against them was brought in complete bad faith and for harassment only.

4      Second, pursuant to 28 U.S.C. § 1391(b)(3), it cannot be said that there is no District

5  otherwise where plaintiffs' Complaint could be brought, even assuming arguendo that there is

6  any basis for it.  Certainly, venue would lie in Arizona because both the Grace Defendants and

7  the Buchholz Defendants participated in the purchase and sale of a property located in Arizona.

8  Similarly, it would appear that the Buchholz Defendants submitted to venue in Arizona as a

9  result of their participation in the subject transactions.  Equally important, plaintiffs invested in a

10  property located in Arizona, and they were aware of this fact because the PowerPoint

11  presentation they attached to their Complaint specifically states that their investment is located in

12  Arizona. (Plaintiffs' Complaint at Exhibit A).  In addition, plaintiffs in this Complaint do not all

13  reside in California.   Specifically, plaintiff Thomas Cirrito is a citizen of Virginia, plaintiff

14  Atocha Land, LLC is a Delaware limited liability company (with its principal place of business

15  in Virginia), and plaintiff Cirrito Holdings, LLC is a Delaware limited liability company (with its

16  principal place of business in California). (Plaintiffs' Complaint at ¶¶ 16, 17, and 19).

17      Third, pursuant to 18 U.S.C. § 1965(a), venue is not proper in this District because, as

18  stated above, none of the Grace Defendants resides in this District, can be found in this District,

19  have an agent in this District, or transact affairs in this District.  The venue provisions of this

20  statute are not exclusive, but are supplemental to those found in 28 U.S.C. § 1391.   Miller

21  Brewing Co. v. Landau, 616 F.Supp. 1285, 1291 (E.D. Wisc. 1985).  However, venue is not

22  proper under either 28 U.S.C. § 1391 or 18 U.S.C. § 1965 for the reasons stated above and the

23  forum is not convenient for any of these Defendants.

24  ///

25  ///

26

27

28

- 7 -

c.    **Alternatively, the Court should dismiss the Complaint against the Grace Defendants pursuant to Fed.R.Civ.P. 12(b)(6)**

i.    **Plaintiffs have failed to state a violation of 1962(a), (c), and (d) as to the Grace Defendants**

The Court must dismiss the Grace Defendants because plaintiffs have failed to state a claim as to them with respect to 18 U.S.C. §§ 1962(a), (c), and (d).  In order to be liable for a RICO conspiracy, a defendant must be aware of the existence of a conspiracy, and understand that a RICO enterprise extends beyond his individual role.  Burke v. Dowling, 944 F.Supp. 1036 (E.D.N.Y. 1995).   A defendant must have had some part in directing the operation or management of the enterprise itself to be liable under the RICO provision prohibiting participation in the conduct of an enterprise's affairs through a pattern of racketeering activity.  In re Terrorist Attacks on September 11, 2001, 349 F.Supp.2d 765 (S.D.N.Y. 2005).

There can be no liability for RICO violations without a "pattern of racketeering activity" as set forth in the landmark case of Sedima, S.P.R.L. v. Imrex Co. 473 U.S. 479 (1985).  In Sedima, Justice White's majority opinion attributed the "extraordinary" use to which the RICO statute had been put in civil cases to the fact that there was precious little guidance, from the courts or congress, on what constitutes a "pattern of racketeering activity." Id. at 500.  Footnote 14 to the opinion states, in relevant part, as follows:

> As many commentators have pointed out, the definition of a "pattern of racketeering activity" differs from the other provisions in §1961 in that it states that a pattern "requires at least two acts of racketeering activity," §1961(5) (emphasis added), not that it "means" two such acts. The implication is that while two acts are necessary, they may not be sufficient. Indeed, in common parlance two of anything do not generally form a "pattern." The legislative history supports the view that two isolated acts of racketeering activity do not constitute a pattern. As the Senate Report explained: "The target of [RICO] is thus not sporadic activity. The infiltration of legitimate business normally requires more than one 'racketeering activity' and the threat of continuing activity to be effective. It is this factor of continuity plus relationship which combines to produce a pattern." Id. at 496.

- 8 -

The complaint alleges that the Grace Defendants made a lot of money from the sale of one piece of commercial real property that became known as "Solomon Towers" in Phoenix, Arizona. The complaint is bereft of any allegations upon which a civil RICO claim can be based. Plaintiffs allege mere boilerplate language, itself insufficient upon which to base a RICO claim, in their effort to tie the Grace Defendants to the Buchholz Defendants. There is no allegation of an actual pattern of racketeering activity that relates to the Grace Defendants – the pattern described in the complaint (Plaintiffs' Complaint at ¶88) is of concealing and/or failing to disclose facts to the plaintiff investors. But there was no duty on the part of the Grace Defendants to disclose anything to plaintiffs! Given the facts as alleged in the complaint, while it is unlikely plaintiffs will ever be able to state a RICO cause of action against even the Buchholz Defendants, they certainly will not be able to state such a cause of action against the Grace Defendants.

In 1987 the Supreme Court again clarified the pleading requirements for setting forth a valid RICO claim. In *H.J., Inc. v. Northwestern Bell Telephone Company 429 U.S. 229 (1987)* the court focused on the "continuity" requirement, holding that isolated instances of racketeering activity will not give rise to a RICO claim without continuing activity and the threat of continuing activity:

> Continuity" is both a closed- and open-ended concept, referring either to a closed period of repeated conduct, or to past conduct that by its nature projects into the future with a threat of repetition.. . . A party alleging a RICO violation may demonstrate continuity over a closed period by proving a series of related predicates extending over a substantial period of time. Predicate acts extending over a few weeks or months and threatening no future criminal conduct do not satisfy this requirement. Id at 241,242.

There can be no threat of continuing racketeering activity when the entirety of the Grace defendants' involvement in the subject transaction ended with the transfer of title in the subject property to the Buchholz Defendants. Similarly, the temporal requirement of more than a few months cannot be satisfied by plaintiffs' complaint.

- 9 -

The complaint does not allege that the Grace Defendants have any relation to the Buchholz Defendants' real estate investment company (Plaintiffs' Complaint at ¶¶ 31-43), presented any investment opportunities to plaintiffs (Plaintiffs' Complaint at ¶¶ 44-48), engaged in the sale of unqualified securities (Plaintiffs' Complaint at ¶¶ 49-54), made any misrepresentations or materials omissions to plaintiffs (Plaintiffs' Complaint at ¶¶ 66-76), or had their offices raided by state or federal authorities (Plaintiffs' Complaint at ¶¶ 81-83). The only allegations concerning the Grace Defendants relate to the purchase and sale of property in Arizona. This is insufficient to give rise to a RICO Complaint. In re Terrorist Attacks on September 11, 2001, supra. Plaintiffs' sole allegation concerning the Grace Defendants is that Z-Loft, LLC, in connection with Grace Capital, LLC, sold a property for profit, and that somehow plaintiffs were harmed as a result.

The complaint notwithstanding, the Grace Defendants were entitled to sell the property for a profit, and it was in their best interest to do so. The Grace Defendants owed no duties either to the Buchholz Defendants or plaintiffs; in fact, the Grace Defendants' and Buchholz Defendants'/plaintiffs' interests in the transaction were directly adverse to each other. Moreover, plaintiffs were under no obligation to invest money with the Buchholz Defendants, and any action they have relating to the price paid for the property rests with the Buchholz Defendants, not the Grace Defendants. Whether or not Donald Zeleznak received a commission on the property (Plaintiffs' Complaint at ¶ 60) is irrelevant because the Buchholz Defendants agreed to this commission and were aware of this as part of the settlement documents. If plaintiffs feel that Donald Zeleznak's commission was excessive, their claim is with the Buchholz Defendants who agreed to the commission as part of the transaction on behalf of Solomon Towers, LLC. There is not even an allegation that the commission was not fully disclosed to plaintiffs or the Buchholz Defendants.

- 10 -

ii.    **Plaintiffs have failed to state a claim with respect to their violation of Section 10B and Rule 10B-5 of the 1934 Act and violation of Section 12(a) of the 1933 Act Counts**

The Court must dismiss the Grace Defendants because plaintiffs have failed to state a claim as to them with respect to plaintiffs' Section 10B and Rule 10B-5 claims under the 1934 Act, and violation of Section 12(a) of the 1933 Act. As plaintiffs' Complaint states at ¶¶ 49-54, the Grace Defendants were not involved in the sale of any securities. Plaintiffs' Complaint also fails to state that the Grace Defendants made any misrepresentations or material omissions regarding the sale of securities at ¶¶ 66-76. They could not because they never knew of or dealt with these plaintiffs. The Grace Defendants did not offer to sell any securities to plaintiffs at all or make any untrue statements with respect thereto to them. Rather, all allegations relating to the sale of securities relate solely to the Buchholz Defendants. Therefore, the Court should dismiss this claim with respect to the Grace Defendants.

iii.    **Plaintiffs have failed to state a claim with respect to their Violation of California Business and Professions Code Section 17200 et seq. Count**

The Court must dismiss the Grace Defendants because plaintiffs have failed to state a claim as to them with respect to California Business and Professions Code Section 17200 et seq. As noted above, the Grace Defendants have no relationship to plaintiffs at all and made no representations to plaintiffs or dealt with them in any capacity. The Grace Defendants received no money from plaintiffs, and dealt only with the Buchholz Defendants. A seller of commercial property has no fiduciary relationship with a purchaser of commercial property. To the contrary, these parties have adverse interests in which the seller wants to obtain the highest possible price and the buyer wants to pay the lowest possible price. The fact that the Grace Defendants sold the property for a profit does not give rise to a claim under the California Business and Professions Code. As such, the Court should dismiss Plaintiffs' Complaint as to the Grace Defendants.

- 11 -

1
2
        **iv.**     **Plaintiffs have failed to state a claim with respect to their Conspiracy Count**

3        The Court must dismiss the Grace Defendants because plaintiffs have failed to state a

4 claim as to them with respect to their Conspiracy Count. The fact that the Grace Defendants sold

5 the property for a profit does not provide plaintiffs with a viable claim against them. The Grace

6 Defendants had no dealings with plaintiffs and owed no duties to them. While it was in the

7 Grace Defendants' best interest to sell the property for as much as possible, this alone does not

8 give rise to a conspiracy claim against the Grace Defendants. If plaintiffs have a claim at all, it

9 is against the Buchholz Defendants, and the Court should dismiss Plaintiffs' Complaint as to

10 them.

11
12
13
        **v.**     **Plaintiffs have failed to state a claim with respect to their Count for Joint and Several Liability of Management Principals and Materially Aiding Personnel Pursuant to Cal. Corp. Code Section 25501, 25401, and 25504, 25503, 25012(F), and 25110**

14        Finally, the Court must dismiss the Grace Defendants with respect to their two joint and

15 several liability counts, which state causes of action under Sections 25501, 25401, 25504, 25503,

16 25012(F), and 25110. Once again, the Grace Defendants should not be subjected to California

17 law in any way and did not engage in any conduct that would bring them under the umbrella of

18 California law. The complaint does not allege that the Grace Defendants participated in any sale

19 of securities so as to invoke any such statutory obligations. In order to maintain a valid cause of

20 action for securities fraud, under California law, a complainant must allege there was a sale or

21 purchase of stock in California by fraudulent, untrue statements or by omitting material facts that

22 would by omission make the statement misleading. MTC Electronic Technologies Co., Ltd. v.

23 Leung, 876 F.Supp. 1143 (C.D. Cal. 1995). A claim under Section 25401 requires strict privity.

24 In re Diasonics Securities Litigation, 599 F.Supp. 447 (N.D. Cal. 1984). Here, the Grace

25 Defendants did not participate or assist in the sale or purchase of any securities with respect to

26
27
28

- 12 -

1  any of the plaintiffs, and they have no privity or dealings of any kind with Plaintiffs.  The extent

2  of the Grace Defendants' involvement in the matters set forth in plaintiffs' complaint was acting

3  as the realtor/facilitator of the transaction.  They cannot place at the Grace Defendants' doorstep

4  issues they may have with the separate Buchholz Defendants for acts that the Grace Defendants

5  were in no way involved in.

6      **III.    CONCLUSION**

7      For the foregoing reasons, the Court should dismiss plaintiffs' Complaint against the

8  Grace Defendants.  The Court should also award the Grace Defendants their attorneys' fees and

9  costs as a sanction against plaintiffs' baseless claims.

10  Dated:  May 28, 2008                        GREENE, CHAUVEL, DESCALSO
                                                 & MINOLETTI

11
                                                  *Michael G. Descalso*
12                                        By: _____
                                             Michael G. Descalso,
13                                           Attorneys for defendants

14

15

16

17

18

19

20

21

22

23

24

25

26
                                                                              - 13 -
27

## VERIFICATION OF JONATHON VENTO

1. My name is Jonathon Vento and I am a party to the lawsuit Steve Traschel *et al.* v. Ronald Buchholz *et al.*, C08-02248 RS

2. I am a resident of Arizona.

3. I do not own property in California and I do not conduct business in California.

4. Along with Donald Zeleznak, I am one of the managers of Grace Capital, LLC ("Grace Capital"). Grace Capital is an Arizona limited liability company. Grace Capital owns the trade name Grace Communities. Grace Capital does not own property or conduct business in California.

5. Neither I nor Grace Capital, LLC were served in California.

6. I declare under penalty of perjury that the foregoing is true and correct.

Executed on this _19th_ day of May 2008

_____
Jonathon Vento

## VERIFICATION OF DONALD ZELEZNAK

1. My name is Donald Zeleznak and I am a party to the lawsuit Steve Traschel *et al.* v. Ronald Buchholz *et al.*, C08-02248 RS.

2. I am a resident of Nevada, but I also maintain a home in Arizona.

3. I do not own property in California except that I own a timeshare in Southern California. I do not conduct business in California.

4. Along with Jonathon Vento, I am one of the managers of Grace Capital, LLC ("Grace Capital"). Grace Capital is an Arizona limited liability company. Grace Capital owns the trade name Grace Communities. Grace Capital does not own property or conduct business in California.

5. I am one of the managers of Z-Lofts, LLC ("Z-Lofts"). Z-Lofts is an Arizona limited liability company. Z-Lofts does not own property or conduct business in California.

6. I am a member of Zeleznak Property Management, LLC ("ZPM"). ZPM is an Arizona limited liability company. ZPM does not own property or conduct business in California.

7. Grace Capital, Z-Lofts, ZPM, and myself were not served in California.

8. I once went to Ron Buchholz's office to discuss a separate project ("44 Monroe" in Phoenix, Arizona) and not Solomon Towers. I believe that other people were present when I went to Buchholz's office, but I do not believe that they invested in the 44 Monroe project and I have no information as to whether or not they invested in the Solomon Towers project.

9. I declare under penalty of perjury that the foregoing is true and correct.

Executed on this ___19___ day of May, 2008

Donald Zeleznak