MICHAEL G. DESCALSO, ESQ. (SBN 104354)
GREENE, CHAUVEL, DESCALSO & MINOLETTI
155 BOVET ROAD, SUITE 780
SAN MATEO, CALIFORNIA 94402
TELEPHONE:  650-573-9500
FACSIMILE:  650-573-9689

Attorneys for defendants Jonathon Vento, Grace Capital, LLC
dba Grace Communities, an Arizona limited liability
Company, Donald Zeleznak, Z-Loft, LLC, an Arizona
limited liability company, and Zeleznak Property
Management, LLC dba Keller Williams Realty, an
Arizona limited liability company

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
(San Jose Division)

| | |
|---|---|
| STEVE TRACHSEL, an individual, SUN CITY TOWERS, LLC, a California corporation, THOMAS CIRRITO, an individual, ATOCHA LAND, LLC, a Delaware limited liability company, MICHAEL CIRRITO, an individual, CIRRITO HOLDINGS, LLC, a Delaware limited liability company, <br><br> Plaintiffs, <br><br> v. <br><br> RONALD BUCHHOLZ, CHARICE FISCHER, RDB DEVELOPMENT, LLC, a Nevada limited liability company, SOLOMON CAPITAL, LLC, a Nevada limited liability company, JONATHON VENTO, GRACE COMMUNITIES an Arizona limited liability company, DONALD ZELEZNAK, Z-LOFT, LLC, an Arizona limited liability company, ZELEZNAK PROPERTY MANAGEMENT, LLC dba KELLER WILLIAMS REALTY, an Arizona limited liability company, KELLER WILLIAMS REALTY, INC., a Texas corporation, and DOES 1-50, inclusive <br><br> Defendants. | Case No.:  C08-02248 RS <br><br> **NOTICE OF MOTION AND MOTION TO DISMISS [F.R.C.P. Rule 12(b)(2)(3)(6)]; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** <br><br> **Date:** **July 9, 2008** <br> **Time:** **9:30 a.m.** <br> **Dept:** **Courtroom 4** <br> **Judge:** **Hon. Richard Seeborg** |

1

NOTICE OF MOTION AND MOTION TO DISMISS [F.R.C.P. 12(B)(2)(3)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF ON BEHALF OF DEFENDANTS JONATHON VENTO, GRACE CAPITAL, LLC DBA GRACE COMMUNITIES, AN ARIZONA LIMITED LIABILITY COMPANY, DONALD ZELEZNAK, Z-LOFT, LLC, AN ARIZONA LIMITED LIABILITY  COMPANY, AND ZELEZNAK PROPERTY MANAGEMENT, LLC DBA KELLER WILLIAMS REALTY, AN ARIZONA LIMITED LIABILITY COMPANY

1

_____

2         Defendants Jonathon Vento, Grace Capital, LLC dba Grace Communities, an Arizona

3    limited liability Company, Donald Zeleznak, Z-Loft, LLC, an Arizona limited liability company,

4    Zeleznak Property Management, LLC dba Keller Williams Realty, an Arizona limited liability

5    company, (collectively, the "Grace Defendants"), by and through undersigned counsel, hereby

6    give notice that, on July 9, 2008 at 9:30 a.m. in the courtroom of United States Magistrate

7    Richard Seeborg, they will move this court to dismiss plaintiffs' complaint pursuant to F..R.C.P.

8    §12(b)(2), (3), and (6).  This Motion is supported by the accompanying Memorandum of Points

9    and Authorities and the Verifications attached showing that there is no personal jurisdiction over

10   the Grace Defendants, that there is no right to venue in the Northern District of California and

11   that plaintiffs cannot state a cause of action against these moving defendants on the allegations

12   contained in the complaint.

13

14   Dated: May 29, 2008        GREENE, CHAUVEL, DESCALSO & MINOLETTI

15

16                  By:__*Michael G.  Descalso*_____

17                         Michael G. Descalso
               Attorneys for defendants Jonathon Vento, Grace Capital, LLC

18                  dba Grace Communities, an Arizona limited liability Company,
               Donald Zeleznak, Z-Loft, LLC, an Arizona limited liability
               company, and Zeleznak Property Management, LLC dba Keller

19                  Williams Realty, an Arizona limited liability company

20                    **MEMORANDUM OF POINTS AND AUTHORITIES**

21

22   I.       **STATEMENT OF ISSUES TO BE DECIDED**

23   This motion addresses the following issues:

24           A.     Jurisdiction over these moving defendants;

25           B.     Venue in the Northern District of California;

26

27   NOTICE OF MOTION AND MOTION TO DISMISS [F.R.C.P. 12(B)(2)(3)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF ON BEHALF OF DEFENDANTS JONATHON VENTO, GRACE CAPITAL, LLC DBA GRACE COMMUNITIES, AN ARIZONA LIMITED LIABILITY COMPANY, DONALD ZELEZNAK, Z-LOFT, LLC, AN ARIZONA LIMITED LIABILITY  COMPANY, AND ZELEZNAK PROPERTY MANAGEMENT, LLC DBA KELLER WILLIAMS REALTY, AN ARIZONA LIMITED LIABILITY COMPANY

28

1    **C.**     Sufficiency of plaintiffs' allegations against these moving defendants.

2    **II.     STATEMENT OF FACTS**

3         Plaintiffs' Complaint involves primarily two classes of Defendants, the Grace Defendants

4    and the Buchholz Defendants (Ronald Buchholz, Charice Fischer, RDB Development, LLC, and

5    Solomon Capital, LLC) and involves the purchase by Buchholz from the Grace Defendants of a

6    commercial property located entirely within the State of Arizona. The Buchholz Defendants are

7    alleged to have been the developer and seller to plaintiffs of the commercial property.  The

8    complaint alleges that The Buchholz Defendants were engaged in a fraudulent scheme whereby

9    plaintiffs were bilked out of millions of dollars in their efforts to "get rich quick" in a

10   commercial real estate investment in Arizona.  The complaint outlines this "scheme" by the

11   Buchholz Defendants as a venture whereby The Buchholz Defendants bought property low and

12   sold high, in this case to plaintiffs, individuals and entities all of whom resided in either

13   California or Virginia.

14        The complaint alleges that in July, 2002 the subject property was purchased by one of the

15   Grace defendants for the sum of $392,000.  Three years later the property was sold to the

16   plaintiffs' investment group as "The Solomon Towers LLC High Rise Condominium

17   Investment" (hereinafter "The Solomon Towers Project") for approximately $5,000,000.

18   Plaintiffs allege that, because the property was purchased so cheaply and sold for so much,

19   anyone involved with the purchase and sale must have colluded and intended to defraud the

20   plaintiffs.

21        The Grace Defendants were involved with the original purchase of the property that

22   became The Solomon Towers Project.  They acted as the realtor facilitating the sale of the

23   property to plaintiffs.  Plaintiffs allege that the Grace Defendants received a commission of

24   $1,000,000 on the sale of the property to plaintiffs and that this was somehow illegal.

25

26
                                    3
27   NOTICE OF MOTION AND MOTION TO DISMISS [F.R.C.P. 12(B)(2)(3)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
     THEREOF ON BEHALF OF DEFENDANTS JONATHON VENTO, GRACE CAPITAL, LLC DBA GRACE COMMUNITIES, AN ARIZONA
     LIMITED LIABILITY COMPANY, DONALD ZELEZNAK, Z-LOFT, LLC, AN ARIZONA LIMITED LIABILITY COMPANY, AND ZELEZNAK
28   PROPERTY MANAGEMENT, LLC DBA KELLER WILLIAMS REALTY, AN ARIZONA LIMITED LIABILITY COMPANY

1    In fact, the Grace Defendants never dealt with any of the plaintiffs, never visited

2  California as part of this transaction, do not generally conduct any business whatsoever in

3  California, do not reside or have their principal place of residence in California, do not know of

4  any of the plaintiffs, and did not in any way invoke the benefits or protections of California law,

5  and plaintiffs do not state otherwise as part of their Complaint.  As such, for reasons set forth

6  more fully below, the Grace Defendants must be dismissed from this suit as California in no way

7  has any jurisdiction over their persons, and the Grace Defendants cannot be otherwise liable to

8  plaintiffs, because plaintiffs have not stated any claims against them for which relief may be

9  granted.  Equally important, even were there jurisdiction over the Grace Defendants, the forum

10  of this court is not convenient for these Defendants and venue is not proper in this Court because

11  the transaction that is the subject of this dispute took place entirely in Arizona and that is where

12  the Grace Defendants reside.  Therefore, for the reasons stated as part of this Motion, the Court

13  should dismiss the Grace Defendants from this Complaint or at a minimum, transfer the matter to

14  the District of Arizona.

15    **III.    ARGUMENT**

16    Federal Rule of Civil Procedure Rule 12(b) governs application of the defenses of

17  jurisdiction, venue and a plaintiff's failure to state a cause of action against a defendant.  Where

18  a plaintiff cannot plead that the subject court has personal jurisdiction over a defendant [Rule

19  12(b)(2)], or that the chosen venue is proper [Rule 12(b)(3)] or that a cause of action can be

20  stated against a defendant [Rule 12(b)(6)] the court may dismiss the complaint as to the moving

21  defendant.  As will be demonstrated below, plaintiffs' complaint must be dismissed, with

22  prejudice, on the grounds that this court does not have personal jurisdiction over the moving

23  defendants, venue is improper in the Northern District and plaintiffs cannot state a cause of

24  action against the moving defendants.

25    **A.    This Court Does Not Have Personal Jurisdiction Over The Grace Defendants**

26    4

27  NOTICE OF MOTION AND MOTION TO DISMISS [F.R.C.P. 12(B)(2)(3)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF ON BEHALF OF DEFENDANTS JONATHON VENTO, GRACE CAPITAL, LLC DBA GRACE COMMUNITIES, AN ARIZONA LIMITED LIABILITY COMPANY, DONALD ZELEZNAK, Z-LOFT, LLC, AN ARIZONA LIMITED LIABILITY COMPANY, AND ZELEZNAK PROPERTY MANAGEMENT, LLC DBA KELLER WILLIAMS REALTY, AN ARIZONA LIMITED LIABILITY COMPANY

28

As part of their Complaint, plaintiffs have generally alleged that they have personal jurisdiction over the Grace Defendants because the Grace Defendants conduct business within the State of California, because some of them own property in the State of California, and because they directed activities towards residents of California.  However, these allegations are patently false.  None of the Grace Defendants owns any property in the State of California, let alone any property that could be relevant to the Complaint. One of the Grace Defendants , Ronald Zeleznak, does have a small vacation timeshare interest in Southern California, but it in no way is used for anything but a personal vacation property. Plaintiffs are thus wrong in their assertion that The Grace Defendants own property in California sufficient to invoke jurisdiction. Moreover, none of the Grace Defendants are based in California, or conduct any business there. Nothing any of the Grace Defendants did in this matter has any connection with California, nor has any Grace Defendant met any of the plaintiffs or conducted any business with them at all. The Grace Defendants are unaware that the Buchholz Defendants, and primarily Ron Buchholz, are residents of California.  In fact, the Grace Defendants believe that Ron Buchholz is a resident of Nevada.  (Plaintiffs' Complaint at ¶ 21).  Thus, since the Grace Defendants do not reside in California, do not conduct any business there, do not have any business office there or presence and do not regularly travel to or in California except perhaps one on vacation on a limited basis, this Court has no personal jurisdiction over the Grace Defendants. Thus, dismissal is warranted on this basis for four distinct reasons, as will be set forth below:  (1) the Grace Defendants were not served with Plaintiffs' Complaint in the State of California; (2) the Grace Defendants are not domiciled in California; (3) the Grace Defendants did not consent to jurisdiction in California; and (4) the Grace Defendants do not have minimum contacts with the State of California to justify jurisdiction over them.

First, the Grace Defendants were not served in California.  In *Burnham v. Superior Court, 495 U.S. 604 (1990)*, the Supreme Court held that if a defendant voluntarily travels to the

NOTICE OF MOTION AND MOTION TO DISMISS [F.R.C.P. 12(B)(2)(3)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF ON BEHALF OF DEFENDANTS JONATHON VENTO, GRACE CAPITAL, LLC DBA GRACE COMMUNITIES, AN ARIZONA LIMITED LIABILITY COMPANY, DONALD ZELEZNAK, Z-LOFT, LLC, AN ARIZONA LIMITED LIABILITY  COMPANY, AND ZELEZNAK PROPERTY MANAGEMENT, LLC DBA KELLER WILLIAMS REALTY, AN ARIZONA LIMITED LIABILITY COMPANY

1   forum state, and is served while present there, that state will have personal jurisdiction over the

2   defendant.  Such fact pattern is not applicable here because none of the Grace Defendants was

3   served in California.  (See Verification of Jonathon Vento at ¶ 5 and Verification of Donald

4   Zeleznak at ¶ 7, attached hereto as Exhibits 1 and 2).

5       Second, none of the Grace Defendants are domiciled within the forum state.  In *Milliken*

6   *v. Meyer, 311 U.S. 457 (1940),* the Supreme Court held that jurisdiction may be exercised over

7   an individual who is domiciled within the forum state.  With respect to the individual Grace

8   Defendants, Donald Zeleznak is domiciled in Nevada and Jonathon Vento is domiciled in

9   Arizona.  (See Verification of Jonathon Vento at ¶ 2 and Verification of Donald Zeleznak at ¶ 2,

10  attached hereto as Exhibits 1 and 2).  Neither Donald Zeleznak nor Jonathon Vento own real

11  property within California, except that Donald Zeleznak owns a limited timeshare interest in a

12  Southern California resort, which is not the subject of this litigation or related in any way to it.

13  (Verification of Donald Zeleznak at ¶ 3).  In addition, none of the companies that are Grace

14  Defendants are domestic companies within the State of California or do business therein.  (See

15  Verification of Jonathon Vento at ¶ 4 and Verification of Donald Zeleznak at ¶¶ 4-6).

16  Specifically, Grace Capital, LLC, Z-Lofts, LLC, and Zeleznak Property Management, LLC are

17  domestic limited liability companies that are registered with the State of Arizona and do business

18  exclusively therein.  Id.

19      Third, none of the Grace Defendants has consented to jurisdiction in California.  None of

20  the Grace Defendants has any contact or contract with any of the plaintiffs or in which they

21  could have consented to jurisdiction with this Court, and there is no contract, or even contact,

22  alleged as part of the Complaint.

23      Fourth, none of the Grace Defendants has minimum contacts with the State of California.

24  In *International Shoe Co. v. Washington*, *326 U.S. 310 (1945),* the Supreme Court created the

25  following test:  "Due process requires only that in order to subject a defendant to a judgment in

26  <center>6</center>

NOTICE OF MOTION AND MOTION TO DISMISS [F.R.C.P. 12(B)(2)(3)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
27  THEREOF ON BEHALF OF DEFENDANTS JONATHON VENTO, GRACE CAPITAL, LLC DBA GRACE COMMUNITIES, AN ARIZONA
    LIMITED LIABILITY COMPANY, DONALD ZELEZNAK, Z-LOFT, LLC, AN ARIZONA LIMITED LIABILITY COMPANY, AND ZELEZNAK
    PROPERTY MANAGEMENT, LLC DBA KELLER WILLIAMS REALTY, AN ARIZONA LIMITED LIABILITY COMPANY
28

1    personam, if he be not present within the territory of the forum, he have certain minimum

2    contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair

3    play and substantial justice.'"  Thereafter, in *Perkins v. Benguet Consolidated Mining Co.*, *342*

4    *U.S. 437 (1952)*, the Supreme Court held that where the cause of action does not arise from

5    business done within the forum state, Constitutional due process requires that the in-state

6    business actually conducted be so systemic and continuous as to make it not unjust that the

7    corporation be forced to defend a suit there.  Here, the subject property is located entirely within

8    the State of Arizona.  (Plaintiffs' Complaint at ¶ 55).  There is no contractual relationship

9    between the Grace Defendants and any of the plaintiffs, and none is alleged by plaintiffs.

10   According to plaintiffs, they allege on information and belief that Donald Zeleznak and Zeleznak

11   Property Management, LLC may have acted in a dual agency role.  (Plaintiffs' Complaint at ¶

12   69).  However, even accepting plaintiffs' allegation as true, Donald Zeleznak and Zeleznak

13   Property Management, LLC would have represented the buyer in the transaction, Solomon

14   Tower, LLC, a non-party to this action.  The Grace Defendants are not domiciled within

15   California, and none of them transacts business in the State of California.  (See Verification of

16   Jonathon Vento at ¶¶ 2-4 and Verification of Donald Zeleznak at ¶¶ 2-6).   Therefore, none of

17   the Grace Defendants has minimum contacts with the State of Arizona.

   **B.  Venue Is Not Proper Within The Northern District Of California And Forum
       Non Conveniens**

   Plaintiffs have alleged that venue is proper within the Northern District of California

   pursuant to 18 U.S.C. § 1965(a),[1] 18 U.S.C. § 1965(b), and 28 U.S.C. § 1391(b).[2]  Plaintiffs

   claim that justice requires that the action be brought before this court, that a substantial part of

   _____

   [1] Plaintiffs actually cited to 28 U.S.C. § 1965(a), but this was an error on the part of the
   Plaintiffs.

   [2] Plaintiffs actually cited to 28 U.S.C. § 1291(b), but this also appears to be an error on the part
   of the Plaintiffs.

NOTICE OF MOTION AND MOTION TO DISMISS [F.R.C.P. 12(B)(2)(3)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
THEREOF ON BEHALF OF DEFENDANTS JONATHON VENTO, GRACE CAPITAL, LLC DBA GRACE COMMUNITIES, AN ARIZONA
LIMITED LIABILITY COMPANY, DONALD ZELEZNAK, Z-LOFT, LLC, AN ARIZONA LIMITED LIABILITY  COMPANY, AND ZELEZNAK
PROPERTY MANAGEMENT, LLC DBA KELLER WILLIAMS REALTY, AN ARIZONA LIMITED LIABILITY COMPANY

1    the subject events or omissions took place in the District and that one or more defendants are

2    subject to personal jurisdiction within this District.  Plaintiffs' claim is not true, however, and

3    venue does not lie within this District for several important reasons.

4        First, pursuant to 28 U.S.C. § 1391(b)(2), all of the events that gave rise to plaintiffs'

5    Complaint took place within Arizona.  The purchase and sale of the property took place in

6    Arizona, not this district, and the Grace Defendants NEVER dealt with any of the plaintiffs or

7    even knew them at that time.  Certainly, none of the Grace Defendants' activities took place

8    within this District or anywhere in California.3  Plaintiffs' claim insofar as it addresses  the

9    Grace Defendants relates to their investment in a real property syndicate of some sort with

10   defendant Ron Buchholz, a resident of Nevada, and property located in Arizona.  Plaintiffs were

11   obviously fully aware of this fact when they invested money with the Buchholz Defendants.  The

12   PowerPoint presentation that plaintiffs have attached as an exhibit to their Complaint specifically

13   refers to the fact that the property at issue is located in downtown Phoenix, Arizona.  (Plaintiffs'

14   Complaint at Exhibit A).  There is no real property at issue related to the Grace Defendants

15   located within this District let alone any dealing with these Defendants at all.  The Complaint

16   against them was brought in complete bad faith and for harassment only.

17       Second, pursuant to 28 U.S.C. § 1391(b)(3), it cannot be said that there is no District

18   otherwise where plaintiffs' Complaint could be brought, even assuming arguendo that there is

19   any basis for it.  Certainly, venue would lie in Arizona because both the Grace Defendants and

20   the Buchholz Defendants participated in the purchase and sale of a property located in Arizona.

21   Similarly, it would appear that the Buchholz Defendants submitted to venue in Arizona as a

22

---

3 Plaintiffs have alleged at ¶ 46 of their Complaint that Donald Zeleznak was present at one or
23   more meetings.  However, Plaintiffs are incorrect.  (Verification of Donald Zeleznak at ¶ 8).
     Even assuming that Plaintiffs' statement were true, this would not provide venue for the
24   remainder of the Grace Defendants, including Jonathon Vento, Z-Loft, LLC, Zeleznak Property
     Management, LLC, and Solomon Capital, LLC.  In addition, as to Donald Zeleznak, since the
25   property transactions took place in Arizona, a substantial part of his involvement in this case
     took place in Arizona as well, and venue would actually be proper in Arizona.
26                                              8

1   result of their participation in the subject transactions.  Equally important, plaintiffs invested in a

2   property located in Arizona, and they were aware of this fact because the PowerPoint

3   presentation they attached to their Complaint specifically states that their investment is located in

4   Arizona.  (Plaintiffs' Complaint at Exhibit A).  In addition, plaintiffs in this Complaint do not all

5   reside in California.   Specifically, plaintiff Thomas Cirrito is a citizen of Virginia, plaintiff

6   Atocha Land, LLC is a Delaware limited liability company (with its principal place of business

7   in Virginia), and plaintiff Cirrito Holdings, LLC is a Delaware limited liability company (with its

8   principal place of business in California).  (Plaintiffs' Complaint at ¶¶ 16, 17, and 19).

9           Third, pursuant to 18 U.S.C. § 1965(a), venue is not proper in this District because, as

10  stated above, none of the Grace Defendants resides in this District, can be found in this District,

11  have an agent in this District, or transact affairs in this District.  The venue provisions of this

12  statute are not exclusive, but are supplemental to those found in 28 U.S.C. § 1391.  *Miller*

13  *Brewing Co. v. Landau, 616 F.Supp. 1285, 1291 (E.D. Wisc. 1985).*  However, venue is not

14  proper under either 28 U.S.C. § 1391 or 18 U.S.C. § 1965 for the reasons stated above and the

15  forum is not convenient for any of these Defendants.

16          **C.    Alternatively, The Court Should Dismiss The Complaint Against The Grace
                   Defendants Pursuant To Fed.R.Civ.P. 12(B)(6)**

17

18                  **i.    Plaintiffs Have Failed To State A Violation Of 1962(A), (C), And
                           (D) As To The Grace Defendants**

19          The Court must dismiss the Grace Defendants because plaintiffs have failed to state a

20  claim as to them with respect to 18 U.S.C. §§ 1962(a), (c), and (d).  In order to be liable for a

21  RICO conspiracy, a defendant must be aware of the existence of a conspiracy, and understand

22  that a RICO enterprise extends beyond his individual role.  *Burke v. Dowling, 944 F.Supp. 1036*

23  *(E.D.N.Y. 1995).*   A defendant must have had some part in directing the operation or

24  management of the enterprise itself to be liable under the RICO provision prohibiting

25

26                                                    9

NOTICE OF MOTION AND MOTION TO DISMISS [F.R.C.P. 12(B)(2)(3)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
27  THEREOF ON BEHALF OF DEFENDANTS JONATHON VENTO, GRACE CAPITAL, LLC DBA GRACE COMMUNITIES, AN ARIZONA
    LIMITED LIABILITY COMPANY, DONALD ZELEZNAK, Z-LOFT, LLC, AN ARIZONA LIMITED LIABILITY  COMPANY, AND ZELEZNAK
28  PROPERTY MANAGEMENT, LLC DBA KELLER WILLIAMS REALTY, AN ARIZONA LIMITED LIABILITY COMPANY

1  participation in the conduct of an enterprise's affairs through a pattern of racketeering activity.

2  *In re Terrorist Attacks on September 11, 2001, 349 F.Supp.2d 765 (S.D.N.Y. 2005).*

3  There can be no liability for RICO violations without a "pattern of racketeering activity"

4  as set forth in the landmark case of *Sedima, S.P.R.L. v. Imrex Co. 473 U.S. 479 (1985).*  In

5  *Sedima*, Justice White's majority opinion attributed the "extraordinary" use to which the RICO

6  statute had been put in civil cases to the fact that there was precious little guidance, from the

7  courts or congress, on what constitutes a "pattern of racketeering activity." Id. at 500.  Footnote

8  14 to the opinion states, in relevant part, as follows:

9  > As many commentators have pointed out, the definition of a "pattern of
10 > racketeering activity" differs from the other provisions in §1961 in that it states
   > that a pattern "requires at least two acts of racketeering activity," §1961(5)
11 > (emphasis added), not that it "means" two such acts. The implication is that while
   > two acts are  necessary, they may not be sufficient. Indeed, in common parlance
12 > two of anything do not generally form a "pattern." The legislative history supports
   > the view that two isolated acts of racketeering activity do not constitute a pattern.
13 > As the Senate Report explained: "The target of [RICO] is thus not sporadic
   > activity. The infiltration of legitimate business normally requires more than one
14 > 'racketeering activity' and the threat of continuing activity to be effective. It is this
   > factor of continuity plus relationship which combines to produce a pattern." Id. at
15 > 496.

16 The complaint alleges that the Grace Defendants made a lot of money from the sale of

17 one piece of commercial real property that became known as "Solomon Towers" in Phoenix,

18 Arizona.  The complaint is bereft of any allegations upon which a civil RICO claim can be

19 based.  Plaintiffs allege mere boilerplate language, itself insufficient upon which to base a RICO

20 claim, in their effort to tie the Grace Defendants to the Buchholz Defendants.  There is no

21 allegation of an actual pattern of racketeering activity that relates to the Grace Defendants – the

22 pattern described in the complaint (Plaintiffs' Complaint at ¶88) is of concealing and/or failing to

23 disclose facts to the plaintiff investors.  But there was no duty on the part of the Grace

24 Defendants to disclose anything to plaintiffs!  Given the facts as alleged in the complaint, while

25 it is unlikely plaintiffs will ever be able to state a RICO cause of action against even the

26 _____
10

1  Buchholz Defendants, they certainly will not be able to state such a cause of action against the

2  Grace Defendants.

3      In 1987 the Supreme Court again clarified the pleading requirements for setting forth a

4  valid RICO claim.  In *H.J., Inc. v. Northwestern Bell Telephone Company 429 U.S. 229 (1987)*

5  the court focused on the "continuity" requirement, holding that isolated instances of racketeering

6  activity will not give rise to a RICO claim without continuing activity and the threat of

7  continuing activity:

8      Continuity" is both a closed- and open-ended concept, referring either to a closed period
       of repeated conduct, or to past conduct that by its nature projects into the future with a
9      threat of repetition.. . . A party alleging a RICO violation may demonstrate continuity
       over a closed period by proving a series of related predicates extending over a substantial
10     period of time. Predicate acts extending over a few weeks or months and threatening no
       future criminal conduct do not satisfy this requirement. Id at 241-242.

11

12     There can be no threat of continuing racketeering activity when the entirety of the Grace

13  defendants' involvement in the subject transaction ended with the transfer of title in the subject

14  property to the Buchholz Defendants.  Similarly, the temporal requirement of more than a few

15  months cannot be satisfied by plaintiffs' complaint.

16     The complaint does not allege that the Grace Defendants have any relation to the

17  Buchholz Defendants' real estate investment company (Plaintiffs' Complaint at ¶¶ 31-43),

18  presented any investment opportunities to plaintiffs (Plaintiffs' Complaint at ¶¶ 44-48), engaged

19  in the sale of unqualified securities (Plaintiffs' Complaint at ¶¶ 49-54), made any

20  misrepresentations or materials omissions to plaintiffs (Plaintiffs' Complaint at ¶¶ 66-76), or had

21  their offices  raided by state or federal authorities (Plaintiffs' Complaint at ¶¶ 81-83).  The only

22  allegations concerning the Grace Defendants relate to the purchase and sale of property in

23  Arizona.  This is insufficient to give rise to a RICO Complaint.  *In re Terrorist Attacks on*

24  *September 11, 2001, supra.* Plaintiffs' sole allegation concerning the Grace Defendants is that Z-

25

26                                                    11

NOTICE OF MOTION AND MOTION TO DISMISS [F.R.C.P. 12(B)(2)(3)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
27  THEREOF ON BEHALF OF DEFENDANTS JONATHON VENTO, GRACE CAPITAL, LLC DBA GRACE COMMUNITIES, AN ARIZONA
    LIMITED LIABILITY COMPANY, DONALD ZELEZNAK, Z-LOFT, LLC, AN ARIZONA LIMITED LIABILITY  COMPANY, AND ZELEZNAK
28  PROPERTY MANAGEMENT, LLC DBA KELLER WILLIAMS REALTY, AN ARIZONA LIMITED LIABILITY COMPANY

1  Loft, LLC, in connection with Grace Capital, LLC, sold a property for profit, and that somehow

2  plaintiffs were harmed as a result.

3          The complaint notwithstanding, the Grace Defendants were entitled to sell the property

4  for a profit, and it was in their best interest to do so.  The Grace Defendants owed no duties

5  either to the Buchholz Defendants or plaintiffs; in fact, the Grace Defendants' and Buchholz

6  Defendants'/plaintiffs' interests in the transaction were directly adverse to each other.

7  Moreover, plaintiffs were under no obligation to invest money with the Buchholz Defendants,

8  and any action they have relating to the price paid for the property rests with the Buchholz

9  Defendants, not the Grace Defendants.  Whether or not Donald Zeleznak received a commission

10  on the property (Plaintiffs' Complaint at ¶ 60) is irrelevant because the Buchholz Defendants

11  agreed to this commission and were aware of this as part of the settlement documents.   If

12  plaintiffs feel that Donald Zeleznak's commission was excessive, their claim is with the

13  Buchholz Defendants who agreed to the commission as part of the transaction on behalf of

14  Solomon Towers, LLC.   There is not even an allegation that the commission was not fully

15  disclosed to plaintiffs or the Buchholz Defendants.

16              ii.      **Plaintiffs Have Failed To State A Claim With Respect To Their**
                         **Violation Of Section 10B And Rule 10B-5 Of The 1934 Act And**
17                       **Violation Of Section 12(A) Of The 1933 Act Counts**

18          The Court must dismiss the Grace Defendants because plaintiffs have failed to state a

19  claim as to them with respect to plaintiffs' Section 10B and Rule 10B-5 claims under the 1934

20  Act, and violation of Section 12(a) of the 1933 Act.  As plaintiffs' Complaint states at ¶¶ 49-54,

21  the Grace Defendants were not involved in the sale of any securities.  Plaintiffs' Complaint also

22  fails to state that the Grace Defendants made any misrepresentations or material omissions

23  regarding the sale of securities at ¶¶ 66-76.  They could not because they never knew of or dealt

24  with these plaintiffs. The Grace Defendants did not offer to sell any securities to plaintiffs at all

25  or make any untrue statements with respect thereto to them.  Rather, all allegations relating to the

26                                                    12

NOTICE OF MOTION AND MOTION TO DISMISS [F.R.C.P. 12(B)(2)(3)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
27  THEREOF ON BEHALF OF DEFENDANTS JONATHON VENTO, GRACE CAPITAL, LLC DBA GRACE COMMUNITIES, AN ARIZONA
LIMITED LIABILITY COMPANY, DONALD ZELEZNAK, Z-LOFT, LLC, AN ARIZONA LIMITED LIABILITY COMPANY, AND ZELEZNAK
28  PROPERTY MANAGEMENT, LLC DBA KELLER WILLIAMS REALTY, AN ARIZONA LIMITED LIABILITY COMPANY

sale of securities relate solely to the Buchholz Defendants. Therefore, the Court should dismiss this claim with respect to the Grace Defendants.

### iii. Plaintiffs Have Failed To State A Claim With Respect To Their Violation Of California Business And Professions Code Section 17200 Et Seq. Count

The Court must dismiss the Grace Defendants because plaintiffs have failed to state a claim as to them with respect to California Business and Professions Code Section 17200 et seq. As noted above, the Grace Defendants have no relationship to plaintiffs at all and made no representations to plaintiffs or dealt with them in any capacity. The Grace Defendants received no money from plaintiffs, and dealt only with the Buchholz Defendants. A seller of commercial property has no fiduciary relationship with a purchaser of commercial property. To the contrary, these parties have adverse interests in which the seller wants to obtain the highest possible price and the buyer wants to pay the lowest possible price. The fact that the Grace Defendants sold the property for a profit does not give rise to a claim under the California Business and Professions Code. As such, the Court should dismiss Plaintiffs' Complaint as to the Grace Defendants.

### iv. Plaintiffs Have Failed To State A Claim With Respect To Their Conspiracy Count

The Court must dismiss the Grace Defendants because plaintiffs have failed to state a claim as to them with respect to their Conspiracy Count. The fact that the Grace Defendants sold the property for a profit does not provide plaintiffs with a viable claim against them. The Grace Defendants had no dealings with plaintiffs and owed no duties to them. While it was in the Grace Defendants' best interest to sell the property for as much as possible, this alone does not give rise to a conspiracy claim against the Grace Defendants. If plaintiffs have a claim at all, it

NOTICE OF MOTION AND MOTION TO DISMISS [F.R.C.P. 12(B)(2)(3)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF ON BEHALF OF DEFENDANTS JONATHON VENTO, GRACE CAPITAL, LLC DBA GRACE COMMUNITIES, AN ARIZONA LIMITED LIABILITY COMPANY, DONALD ZELEZNAK, Z-LOFT, LLC, AN ARIZONA LIMITED LIABILITY COMPANY, AND ZELEZNAK PROPERTY MANAGEMENT, LLC DBA KELLER WILLIAMS REALTY, AN ARIZONA LIMITED LIABILITY COMPANY

1   is against the Buchholz Defendants, and the Court should dismiss Plaintiffs' Complaint as to

2   them.

3           v.      **Plaintiffs have failed to state a claim with respect to their Count for**
                    **Joint and Several Liability of Management Principals and Materially**
4                   **Aiding Personnel Pursuant to Cal. Corp. Code Section 25501, 25401,**
                    **and 25504, 25503, 25012(F), and 25110**
5

6           Finally, the Court must dismiss the Grace Defendants with respect to their two joint and

7   several liability counts, which state causes of action under Sections 25501, 25401, 25504, 25503,

8   25012(F), and 25110. Once again, the Grace Defendants should not be subjected to California

9   law in any way and did not engage in any conduct that would bring them under the umbrella of

10  California law.  The complaint does not allege that the Grace Defendants participated in any sale

11  of securities so as to invoke any such statutory obligations.  In order to maintain a valid cause of

12  action for securities fraud, under California law, a complainant must allege there was a sale or

13  purchase of stock in California by fraudulent, untrue statements or by omitting material facts that

14  would by omission make the statement misleading.  *MTC Electronic Technologies Co., Ltd. v.*

15  *Leung, 876 F.Supp. 1143 (C.D. Cal. 1995).*  A claim under Section 25401 requires strict privity.

16  *In re Diasonics Securities Litigation, 599 F.Supp. 447 (N.D. Cal. 1984).*  Here, the Grace

17  Defendants did not participate or assist in the sale or purchase of any securities with respect to

18  any of the plaintiffs, and they have no privity or dealings of any kind with Plaintiffs.  The extent

19  of the Grace Defendants' involvement in the matters set forth in plaintiffs' complaint was acting

20  as the realtor/facilitator of the transaction.  They cannot place at the Grace Defendants' doorstep

21  issues they may have with the separate Buchholz Defendants for acts that the Grace Defendants

22  were in no way involved in.

23      **III.    CONCLUSION**

24          For the foregoing reasons, the Court should dismiss plaintiffs' Complaint against the

25  //

26  _____ 14 _____

NOTICE OF MOTION AND MOTION TO DISMISS [F.R.C.P. 12(B)(2)(3)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
27  THEREOF ON BEHALF OF DEFENDANTS JONATHON VENTO, GRACE CAPITAL, LLC DBA GRACE COMMUNITIES, AN ARIZONA
    LIMITED LIABILITY COMPANY, DONALD ZELEZNAK, Z-LOFT, LLC, AN ARIZONA LIMITED LIABILITY COMPANY, AND ZELEZNAK
28  PROPERTY MANAGEMENT, LLC DBA KELLER WILLIAMS REALTY, AN ARIZONA LIMITED LIABILITY COMPANY

1    //

2    //

3    Grace Defendants.

4    Dated:  May 28, 2008                        GREENE, CHAUVEL, DESCALSO & MINOLETTI

5                                                            *Michael G. Descalso*
                                                    By:_____
6                                                              Michael G. Descalso,
                                            Attorneys for defendants Jonathon Vento, Grace Capital, LLC
7                                            dba Grace Communities, an Arizona limited liability Company,
                                            Donald Zeleznak, Z-Loft, LLC, an Arizona limited liability
8                                            company, and Zeleznak Property Management, LLC dba Keller
                                            Williams Realty, an Arizona limited liability company
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26                                                            15

27   NOTICE OF MOTION AND MOTION TO DISMISS [F.R.C.P. 12(B)(2)(3)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
     THEREOF ON BEHALF OF DEFENDANTS JONATHON VENTO, GRACE CAPITAL, LLC DBA GRACE COMMUNITIES, AN ARIZONA
     LIMITED LIABILITY COMPANY, DONALD ZELEZNAK, Z-LOFT, LLC, AN ARIZONA LIMITED LIABILITY  COMPANY, AND ZELEZNAK
28   PROPERTY MANAGEMENT, LLC DBA KELLER WILLIAMS REALTY, AN ARIZONA LIMITED LIABILITY COMPANY

## VERIFICATION OF JONATHON VENTO

1. My name is Jonathon Vento and I am a party to the lawsuit Steve Traschel *et al.* v. Ronald Buchholz *et al.*, C08-02248 RS

2. I am a resident of Arizona.

3. I do not own property in California and I do not conduct business in California.

4. Along with Donald Zeleznak, I am one of the managers of Grace Capital, LLC ("Grace Capital"). Grace Capital is an Arizona limited liability company. Grace Capital owns the trade name Grace Communities. Grace Capital does not own property or conduct business in California.

5. Neither I nor Grace Capital, LLC were served in California.

6. I declare under penalty of perjury that the foregoing is true and correct.

Executed on this __19th__ day of May 2008

Jonathon Vento

## VERIFICATION OF DONALD ZELEZNAK

1. My name is Donald Zeleznak and I am a party to the lawsuit Steve Traschel *et al.* v. Ronald Buchholz *et al.*, C08-02248 RS.

2. I am a resident of Nevada, but I also maintain a home in Arizona.

3. I do not own property in California except that I own a timeshare in Southern California. I do not conduct business in California.

4. Along with Jonathon Vento, I am one of the managers of Grace Capital, LLC ("Grace Capital"). Grace Capital is an Arizona limited liability company. Grace Capital owns the trade name Grace Communities. Grace Capital does not own property or conduct business in California.

5. I am one of the managers of Z-Lofts, LLC ("Z-Lofts"). Z-Lofts is an Arizona limited liability company. Z-Lofts does not own property or conduct business in California.

6. I am a member of Zeleznak Property Management, LLC ("ZPM"). ZPM is an Arizona limited liability company. ZPM does not own property or conduct business in California.

7. Grace Capital, Z-Lofts, ZPM, and myself were not served in California.

8. I once went to Ron Buchholz's office to discuss a separate project ("44 Monroe" in Phoenix, Arizona) and not Solomon Towers. I believe that other people were present when I went to Buchholz's office, but I do not believe that they invested in the 44 Monroe project and I have no information as to whether or not they invested in the Solomon Towers project.

9. I declare under penalty of perjury that the foregoing is true and correct.

Executed on this __19__ day of May, 2008

Donald Zeleznak