Andrew A. August, SBN 112851
aaugust@pinnaclelawgroup.com
William W. Schofield, SBN 062674
wschofield@pinnaclelawgroup.com
Pinnacle Law Group, LLP
425 California Street, Suite 1800
San Francisco, California 94104
Telephone 415.394.5700
Facsimile 415.434.5380

Attorneys for Defendants Ronald Buchholz,
Charice Fischer, RDB Development, LLC,
and Solomon Capital, Inc.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

(SAN JOSE DIVISION)

| | |
|---|---|
| STEVE TRACHSEL, et al., | Case No. C08-02248RS |
| Plaintiffs, | **MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFFS' *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER** |
| vs. | |
| RONALD BUCHHOLZ, et al., | |
| Defendants. | |

## I.  INTRODUCTION

Defendants did not receive a copy of Plaintiffs' *ex parte* papers until yesterday.  This opposition is therefore rushed and somewhat terse.  And, it is submitted, unnecessarily so, since Plaintiffs have had ample time in the past year to seek any injunctive relief they wanted, yet waited until June 3 to file an application their application, seeking an *ex parte* hearing the following morning.  Timing is very important to the Court's consideration of this TRO application.

Plaintiffs claim that they discovered Defendants were running the "fraudulent enterprise" that supposedly supports the allegation of Plaintiffs' Complaint underline eleven months ago (in July 2007).[1] Despite that "discovery" Plaintiffs waited until April 30, 2008 to file this lawsuit.  Plaintiffs then

*Trachsel,  et al v.Buchholz, et al.*                                    - 1
No. C08 02248RS
MPAs in Opposition to Application for TRO

1   waited yet <u>another five weeks</u> to file the present TRO application.  What has changed over the past

2   eleven months, or over the past five weeks, to justify an extraordinary application such as this one,

3   on one day's notice?  Absolutely nothing.  And Plaintiffs do not suggest otherwise.  (Indeed the

4   Declaration that supports the present application is dated April 30, 2008, the same date the

5   Complaint was filed.)

6          This timing speaks volumes as to the need for the relief sought and as to Plaintiffs' good

7   faith in making the application on an emergency basis.  But Plaintiffs' application should be denied

8   for a variety of other reasons as well.  The elements needed for the relief sought are strikingly

9   absent:  there is no threat of immediate irreparable harm to Plaintiffs; Plaintiffs have not displayed

10  their case has any merit at all, much less that they likely will prevail; the Order sought is grossly

11  overbroad and seeks improper relief; and Plaintiffs have failed to post a mandatory bond.

12  **II.     PLAINTIFFS HAVE NOT SHOWN WHY EMERGENCY RELIEF IS NEEDED**

13         The Court is directed to the Trachsel Declaration, which is the sole evidentiary support for

14  the present application.  <u>It is dated April 30, 2008</u>, the same date that Plaintiffs filed their

15  Complaint.  In other words Plaintiffs intended five weeks ago to make application for this TRO, but

16  apparently did not feel the need pressing enough to go forward.

17         Five weeks later nothing has changed.  There are no new circumstances that make the need

18  for a TRO any more exigent than when the Complaint was filed (or for that matter when the

19  "fraudulent enterprise" was supposedly discovered by Plaintiffs in July 2007).  Plaintiffs have

20  pointed to nothing that would suggest the landscape has changed at all during these time periods.

21         The only logical conclusion to reach is that there is no pressing emergency for the

22  extraordinary relief sought—and Plaintiffs fully realize that fact.  In the world of TROs and

23  injunctions, the Plaintiffs' long wait in seeking injunctive relief is highly relevant in determining

24  whether injunctive relief is truly necessary.  <u>Miller v. California Pac. Med. Ctr.</u>, 991 F.2d 536, 544

25  (9th Cir. 1993):

26

27

28  [1] Declaration of Steve Trachsel in Support of Plaintiffs' *Ex Parte* Application for Temporary Restraining
    Order ("Trachsel Decl."), ¶6.

*Trachsel, et al v.Buchholz, et al.*                      - 2 -
No. C08 02248RS
MPAs in Opposition to Application for TRO

1    'Plaintiff's long delay before seeking a preliminary injunction implies a lack

2    of urgency and irreparable harm.' Oakland Tribune, Inc. v. Chronicle Pub.

3    Co., 762 F.2d 1374, 1377 (9th Cir. 1985); *accord* Kobell v Suburban Lines,

4    Inc., 731 F.2d 1076, 1092 n.27 (3d Cir. 1984) ("The district court may

5    legitimately think it suspicious that the party who asks to preserve the status

6    quo through interim relief has allowed the status quo to change through

7    unexplained delay.").

8    Aside from the timing issue, there is the issue of lack of proof. The primary relief

9  apparently sought in the present application is an order that Defendants not use Solomon Tower

10 investment monies for to pay personal debts and obligations. But where is the proof that any such

11 activity has occurred or is threatened? The "proof" is solely the information and belief statement of

12 Mr. Tracshel:

13    On information and belief, Defendants did not apply the investment funds

14    toward the development of the Property. Rather, they divided the

15    investment funds among themselves and left the investors holding an

16    overleveraged property. [Trachsel Decl., ¶6.]

17    This is not evidence; it is simply an allegation.[2] Much more than a litigant's suspicion is

18 necessary to support injunctive relief. Plaintiffs must demonstrate that the relief is needed because

19 of "immediate threatened harm." Caribbean Marine Serv. Co., Inc. v. Baldridge, 844 F.2d 668, 674

20 ((9th Cir. 1988)("Speculative injury does not constitute irreparable injury sufficient to warrant

21 granting a preliminary injunction.")

22    **III.    PLAINTIFFS HAVE NOT SHOWN PROBABILITY OF SUCCESS ON THE**

23    **MERITS**

24    The only argument Plaintiffs make for success on the merits is that Defendants purportedly

25 engaged in the sale of unqualified securities and the transactions were not exempt from registration

26

27    _____

28 [2] Likewise, the Complaint allegations concerning supposed diversion or commingling of investment monies (Complaint, ¶¶40, 41) are made "[b]ased on information and belief."

*Trachsel, et al v.Buchholz, et al.*                                      - 3 -
No. C08 02248RS
MPAs in Opposition to Application for TRO

under the California Corporations Code.  Plaintiffs' MPA, 5:18-6:2.  What is the evidence offered

in support of this merits claim?  The Declaration of Steve Trachsel in which he states:

> Further, as I subsequently learned, Defendants neither qualified nor
>
> exempted themselves to be issuers or broker-dealers of securities in
>
> accordance with the requirements of California Corporations Code section
>
> 25110.  [Trachsel Decl., 2:19-22.]

Again, Plaintiffs seek an injunction based on inadmissible evidence.  Mr. Trachsel's

statement does not explain how he "learned" of this supposed fact; it lacks foundation, does not

display personal knowledge, is hearsay (FRE 602; FRE 801(c); 802), and states a legal conclusion

Mr. Trachsel is not qualified to give (FRE 701).  It has been objected to on that basis.

In sum, Plaintiffs have offered no evidence to support their claim that they are "likely" to

prevail on the merits, which is a requirement for injunctive relief.  <u>Ashcroft v. American Civil</u>

<u>Liberties Union</u>, 542 U.S. 656, 666 (2004).

### IV.    THE RELIEF SOUGHT IS GROSSLY OVERBROAD

The Proposed Order attached to the TRO Application is not in the form of "temporary"

relief.  It is worded as a permanent injunction, which would be available only after a trial on the

merits.  There is no return date for a hearing on a preliminary injunction or any other indication that

the relief is temporary.

Equally important, the relief sought would not preserve the "status quo"; it would effectively

prevent Defendants from proceeding with the development of the Solomon Towers at all:

> Defendants Ronald Buchholz, Charice Fischer, RDB Development, LLC,
>
> and Solomon Capital, Inc. ARE HEREBY RESTRAINED AND
>
> ENJOINED from spending, concealing, or transferring any assets acquired
>
> from investors of Solomon Capital or any of its related companies, or any
>
> assets related in any way to the project commonly referred to as the
>
> 'Solomon Towers project.'  [Proposed Order, 2:9-13.]

*Trachsel,  et al v.Buchholz, et al.*                - 4
No. C08 02248RS
MPAs in Opposition to Application for TRO

1  Interestingly, the Proposed Order is vastly different than what is sought in the

2  Application itself.[3]  Plaintiffs have submitted absolutely nothing that would suggest this

3  Court should shut down development efforts, even temporarily.  Such a draconian result

4  is patently unwarranted.

5          Finally, Plaintiffs ask for an order preventing destruction of evidence.  They have presented

6  nothing to support the conclusion that destruction of evidence is a legitimate concern.  Nor have

7  they cited authority for the proposition that a temporary restraining order is a proper vehicle to deal

8  with discovery issues.

9                    **IV.    PLAINTIFFS HAVE NOT POSTED A BOND**

10          Citing to California state law, Plaintiffs blithely claim that the cost of a bond "is prohibitive"

11  and therefore should not be required.  In the first place, Mr. Trachsel's conclusory statement about

12  prohibitive cost (Trachsel Decl., ¶10) lacks foundation, does not display personal knowledge, and is

13  unhelpful and improper opinion testimony.  See Objections to Declaration of Steve Trachsel

14  Submitted in Support of Ex Parte Application for Temporary Restraining Order, 3:17-21.

15          More importantly, his statement is irrelevant.  In federal court a bond is <u>always required</u>

16  upon the issuance of a temporary restraining order.  Federal Rule of Civil Procedure 65(c) reads as

17  follows:

18                    No restraining order or preliminary injunction shall issue except upon the

19                    giving of security by the applicant, in such sum as the court deems proper,

20                    for the payment of such costs or damage as may be incurred or suffered by

21                    any party found wrongfully enjoined or restrained.

22  The failure to require a bond is reversible error.  <u>Hoechst Diafoil Co. v. Nan Ya Plastics</u>

23  <u>Corp.</u>, 174 F.3d 411, 421 (4th Cir. 1999)("This rule is mandatory and unambiguous.").

24  / / /

25  / / /

26

27

28  _____
[3] The Application seeks an order "enjoin[ing] Defendants' continued expenditure of Solomon Towers, LLC funds or other funds *for Defendants' personal debts and obligations*.  Application, 2:24 (emphasis added).

*Trachsel,  et al v.Buchholz, et al.*                            - 5
No. C08 02248RS
MPAs in Opposition to Application for TRO

| | |
|---|---|
| 1 | ## V.    CONCLUSION |
| 2 | If Plaintiffs have a legitimate basis for preliminary injunctive relief they should present it |
| 3 | through noticed motion and give Defendants an adequate opportunity to respond.  The present TRO |
| 4 | application is pure gamesmanship.  The relief sought is unnecessary and the showing made by |
| 5 | Plaintiffs does not come close to supporting the emergency and extraordinary remedy sought.  The |
| 6 | TRO application should be denied. |
| 7 | |
| 8 | Dated:  June 5, 2008.                            PINNACLE LAW GROUP, LLP |
| 9 | |
| 10 | By:  /s/ William W. Schofield |
| 11 | William W. Schofield |
| | Attorneys for Defendants |
| 12 | Ronald Buchholz, Charice Fischer, |
| | RDB Development, LLC, |
| 13 | and Solomon Capital, Inc. |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

*Trachsel,  et al v.Buchholz, et al.*                            - 6
No. C08 02248RS
MPAs in Opposition to Application for TRO