Andrew A. August, SBN 112851
aaugust@pinnaclelawgroup.com
William W. Schofield, SBN 062674
wschofield@pinnaclelawgroup.com
Pinnacle Law Group, LLP
425 California Street, Suite 1800
San Francisco, California 94104
Telephone 415.394.5700
Facsimile 415.434.5380

Attorneys for Defendants Ronald Buchholz,
Charice Fischer, RDB Development, LLC,
and Solomon Capital, Inc.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

(SAN JOSE DIVISION)

| | |
|---|---|
| STEVE TRACHSEL, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> RONALD BUCHHOLZ, et al, <br><br> Defendants. | Case No. C08-02248RS <br><br> **OBJECTIONS TO DECLARATION OF STEVE TRACHSEL SUBMITTED IN SUPPORT OF *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER** |

Defendants Ronald Buchholz, Charice Fischer, RDB Development, LLC, and Solomon Capital, Inc. hereby object to the following portions of the Declaration of Steve Trachsel, dated April 30, 2008, submitted by Plaintiffs in support of their *ex parte* Application for a Temporary Restraining Order.

Para. 1, 2:18-22: Lack of foundation; lack of personal knowledge; hearsay; improper opinion testimony. Mr. Trachsel does not identify how he "learned" Defendants "neither qualified nor exempted themselves to be issuers or broker-dealers of securities" and the statement therefore lacks foundation, fails to display personal knowledge (FRE 602), and necessarily is based on hearsay. FRE 801(c). The statement also attempts to state a legal conclusion and is improper opinion testimony by a lay witness. FRE 701.

<u>Para. 4, 2:23-26</u>: Lack of foundation; lack of personal knowledge; hearsay. Mr. Trachsel does not identify the source of the information contained in this paragraph or establish personal knowledge (FRE 602), which necessarily must be based on hearsay. FRE 801(c); 802.

<u>Para. 5, 3:4-6</u>: Improper opinion testimony. The statement that Defendant Fischer "materially misrepresented the actual return or 'profit'" attempts to state an opinion or legal conclusion and is improper opinion testimony by a lay witness. FRE 701.

<u>Para. 5, 3:6-8</u>: Lack of foundation; lack of personal knowledge; hearsay. The statement of what was represented to other investors is based "upon information and belief" and is inadmissible hearsay. FRE 801(c); 802. Mr. Trachsel does not identify the source of the information contained in this sentence or establish personal knowledge of it. FRE 602.

<u>Para. 5, 3:12-14</u>: Hearsay; improper opinion testimony. Mr. Trachsel is attempting to recount what is contained in a document, which is hearsay. FRE 801(c); 802. Mr. Trachsel is also characterizing the financial state of the project based on the document (which he does not even attach to his Declaration), but he has not qualified himself as an expert on the issue and the testimony is improper opinion by a lay witness. FRE 701.

<u>Para. 6., 3:19-21</u>: Lack of foundation; lack of personal knowledge; hearsay. This testimony concerning how Defendants applied the investment funds, is based "upon information and belief" and is inadmissible hearsay. FRE 801(c); 802. Mr. Trachsel does not identify the source of his information contained or establish personal knowledge of it. FRE 602.

<u>Para. 6, 3:21-23</u>: Lack of foundation; lack of personal knowledge; hearsay; improper opinion testimony. Mr. Trachsel does not identify the source of the information contained in this paragraph or establish personal knowledge (FRE 602), which necessarily must be based on hearsay.

FRE 801(c); 802. The phrase "fraudulent enterprise" is improper opinion testimony by a lay witness. FRE 701.

<u>Para. 8, 4:1-3</u>: Lack of foundation; lack of personal knowledge; improper opinion testimony. Mr. Trachsel does not explain the basis for the conclusory statements that Plaintiffs will suffer irreparable harm or that Defendant's assets will be depleted. FRE 602. Such statements are also improper opinion by a lay witness. FRE 701

<u>Para. 9: 4:6-9</u>: Lack of foundation; lack of personal knowledge; improper opinion testimony. Mr. Trachsel does not explain the basis for the conclusory statement that Defendant "will seek to spend, conceal, or disperse the investment funds to frustrate Plaintiffs' legal efforts" and the statement lacks foundation and is not shown to be based on personal knowledge. FRE 602. The phrase "prior dishonest business dealings and concealment of funds" likewise is without foundation or personal knowledge (FRE 602) and is improper opinion testimony from a lay witness. FRE 701.

<u>Para. 10, 4:10-11</u>. Lack of foundation; lack of personal knowledge; improper opinion testimony. Mr. Trachsel does not explain the basis for the conclusory statement that the cost of a bond "is prohibitive" and the statement lacks foundation and is not shown to be based on personal knowledge. FRE 602. The term "prohibitive" is meaningless opinion testimony given by a lay witness. FRE 701.

Dated: June 5, 2008.                                   PINNACLE LAW GROUP, LLP


                                                       By: /s/ William W. Schofield
                                                           William W. Schofield
                                                           Attorneys for Defendants
                                                           Ronald Buchholz, Charice Fischer,
                                                           RDB Development, LLC,
                                                           and Solomon Capital, Inc.