TODD A. ROBERTS (SBN 129722)
JESSHILL E. LOVE (SBN 208348)
ROPERS, MAJESKI, KOHN & BENTLEY
1001 Marshall Street, Suite 300
Redwood City, CA 94063
Telephone: (650) 364-8200
Facsimile: (650) 780-1701

Attorneys for Plaintiffs
STEVE TRACHSEL, an individual, SUN CITY TOWERS, LLC, a California corporation, THOMAS CIRRITO, an individual, ATOCHA LAND, LLC, a Delaware limited liability company, MICHAEL CIRRITO, an individual, and CIRRITO HOLDINGS, LLC, a Delaware limited liability company

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

UNITED STATES DISTRICT COURT - NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

STEVE TRACHSEL, an individual; SUN CITY TOWERS, LLC, a California corporation; THOMAS CIRRITO, an individual; ATOCHA LAND, LLC, a Delaware limited liability company; MICHAEL CIRRITO, an individual; and CIRRITO HOLDINGS, LLC, a Delaware limited liability company,

Plaintiffs,

v.

RONALD BUCHHOLZ; CHARICE FISCHER; RDB DEVELOPMENT, LLC, a Nevada limited liability company; SOLOMON CAPITAL, INC., a Nevada corporation; JONATHON VENTO; GRACE CAPITAL, LLC, dba GRACE COMMUNITIES, an Arizona limited liability company; DONALD ZELEZNAK; Z-LOFTS, LLC, an Arizona limited liability company; ZELEZNAK PROPERTY MANAGEMENT, LLC dba KELLER WILLIAMS REALTY, an Arizona limited liability company; KELLER WILLIAMS REALTY, INC., a Texas corporation; and DOES 1-50, inclusive,

Defendants.

CASE NO. C08 02248RS

**PLAINTIFFS' REPLY TO OPPOSITION TO *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER**

**[FED. R. CIV. PROC. § 65, NORTHERN DISTRICT OF CALIFORNIA CIVIL LOCAL RULES 7-10 AND 65-1]**

**Date:**
**Time:**
**Ctrm:**
**Judge:**

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

I.

**INTRODUCTION**

Plaintiffs STEVE TRACHSEL, SUN CITY TOWERS, LLC, THOMAS CIRRITO, an ATOCHA LAND, LLC, MICHAEL CIRRITO, and CIRRITO HOLDINGS, LLC ("Plaintiffs") submit the following Reply to Defendants RONALD BUCHHOLZ, CHARICE FISCHER, RDB DEVELOPMENT, and SOLOMON CAPITAL, INC.'s ("Defendants") Opposition to Plaintiffs' *Ex Parte* Application for a Temporary Restraining Order. Defendants' Opposition argues a delay in filing the complaint and the application, but is unaware of Plaintiffs' efforts to informally resolve the matter and ensure that all parties had been duly served with process, as well as a recent urgency based on Defendants' apparent unwillingness to proceed with expedited settlement negotiations.

Defendants' Opposition claims that there is no evidence supporting Plaintiffs' claim for success on the merits of its rescission claim, but overlooks the fact that this claim is clearly established by public information. Defendants' Opposition claims that the relief requested would prevent Defendants from further developing the property, but is apparently unaware that Defendants have never developed the property. Finally, Defendants claim that Plaintiff is unwilling to post a bond, but ignores Plaintiff's offer to do so in connection with its noticed motion on these same facts.

In light of Defendants' misunderstanding of the operative facts and urgency of the relief sought, the Court should grant Plaintiffs' application and issue an order preventing Defendants from depleting, concealing, or expending funds acquired from investors pending hearing on Plaintiffs' noticed motion, as well as prevent any destruction of evidence and any use of investor funds in defense of this action.

II.

**ANALYSIS**

**A. Despite Defendants' Contentions, Emergency Relief is Needed in this Matter**

Defendants' Opposition attempts to make much of an alleged "delay" in filing Plaintiffs' lawsuit and another alleged "delay" in filing the aforementioned ex parte application without

understanding any of the reasons therefor. Defendants first argue that Plaintiffs knew about the "fraudulent enterprise" as of July 2007, but did not file a complaint until April 30, 2008. Defendants overlook the difficulty involved in rallying several defrauded investors, consulting with attorneys, marshaling relevant evidence, and drafting a comprehensive complaint.

Defendants next argue that Plaintiffs then waited until June 3, 2008 to file the instant temporary restraining order. Again, Defendants are unaware that Plaintiffs had to wait until all parties had been served or appeared in this matter so as not to violate any party's right of due process. (Declaration of Jesshill E. Love in support of Plaintiff's Reply, ¶ 2.) In addition, Defendants apparently ignore Plaintiffs' initial efforts to resolve the matter informally, meeting with Defendants' counsel Andrew August to discuss an early mediation date to resolve the matter in June. (Love Decl., ¶ 3.) When it became clear that Defendants were unavailable until mid- to late July, Plaintiffs became concerned that Defendants were simply buying time to sequester the investor funds. (Love Decl., ¶ 4.) Concerned that Plaintiffs' investment funds would be rapidly depleted and relevant information and documentation destroyed, Plaintiffs filed the application without delay. (Id.) Based on this information, the application was filed as soon as it could have been.

Defendants also argue that there is a lack of proof that Defendants are using Solomon Towers investors' monies to pay personal debts and obligations. The indisputable facts that Defendants' San Jose office was raided by government law enforcement authorities, that said authorities seized the office's contents on suspicion of the same acts alleged in the complaint, and that Defendants Buchholz and Fischer are now facing a pending criminal indictment for the alleged acts firmly establish that Plaintiffs' allegations are not idly concocted.

This is not mere suspicion, nor is it speculative injury, as Defendants allege. Instead, there is an urgent concern that Defendants will deplete, spend, or conceal the monies received from Plaintiffs in order to frustrate Plaintiff's reasonable efforts to resolve the matter through the Courts. Because Plaintiffs filed this application as soon as possible given their informal settlement discussions and efforts to serve all parties in this matter, and because there is ample evidence to indicate an immediate and irreparable harm, this Court should grant Plaintiff's ex

parte application for a temporary restraining order.

**B. Plaintiffs Are Likely to Succeed on the Merits of the Action**

Defendants next claim that Plaintiffs are unable to succeed on the merits of the action because they have only argued a single claim and have done so using hearsay evidence. Defendants again misunderstand Plaintiff's limitation to a single claim. It was certainly possible to demonstrate the merits of all 18 claims for relief in the complaint. However, in an effort to consolidate the amount of material filed with the Court, Plaintiffs elected to argue an indisputable claim.

As Plaintiffs demonstrated in their moving papers, the investments that Defendants sold to Plaintiffs qualified as securities under both state and federal law. (S.E.C. v. Howey (1946) 328 U.S. 293, 298; Silver Hills Country Club v. Sobieski (1961) 55 Cal.2d 811, 908; Cal. Comm'r of Corp. v. Fairshare (1998) OAH No. N 1998110288.) However, Defendants were not themselves qualified to sell these securities under federal or state laws. (Love Decl., ¶ 5.) This lack of qualification is easily verifiable by contacting various governmental securities regulations commissions. (Love Decl., Ex. "A".) Defendants have not disputed (and incidentally, cannot dispute) that they sold the aforementioned securities without being qualified to do so. (Love Decl., ¶ 5, Ex. "A".) Accordingly, Plaintiff does not need to tax the Court's attention any further to establish its potential success against Defendants on its claim for rescission.

Further, even if Plaintiffs had no other evidence than Mr. Trachsel's allegation, the Court could still rule in Plaintiff's favor and grant the application. Given the emergency nature of the requested temporary relief, the trial court has discretion to consider hearsay or otherwise inadmissible evidence. "The trial court may give even inadmissible evidence some weight when to do so serves the purpose of preventing irreparable harm before trial." (Flynt Distrib. Co., Inc. v. Harvey (9th Cir. 1984) 734 F.2d 1389, 1394; Heideman v. South Salt Lake City (10th Cir. 2003) 348 F.3d 1182, 1188 ["The Federal Rules of Evidence do not apply to preliminary injunction hearings."].) Whether based on Mr. Trachsel's declaration or the numerous governmental documents showing no registration by Defendants, Plaintiffs have demonstrated the likelihood of success on its rescission claim, and the Court should grant Plaintiffs' request for a temporary



Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

restraining order.

**C. The Relief Sought Is Reasonable Under the Circumstances**

Defendants argue that the relief requested is not temporary in nature. Once again, Defendants appear to be unaware that concurrent with this ex parte application, Plaintiffs have also filed a noticed motion for a Right to Attach Order and a Writ of Attachment, which will address the same expenditures and documents following the normal notice period. Accordingly, the relief requested will be necessarily limited by the Court's reconsideration of the same issue following the notice period.

Defendants next allege that the relief requested "would effectively prevent Defendants from proceeding with the development of the Solomon Towers at all." This statement evidences counsel's lack of familiarity with the facts in this case. In the three years since this property was purchased, the only thing that has developed on the property is dust. Defendants are not seeking to develop the property, which is now seriously overleveraged and undercapitalized. In fact, one of the areas of settlement discussion with Defendants was ensuring that they would not execute a deed in lieu of foreclosure on the property. (Love Decl., ¶ 6.) Because no development efforts are occurring, the Court's order cannot affect development of the property in any way and preserves the status quo.

Further, Defendants claim that there is no basis for Plaintiffs' request that Defendants not destroy any evidence. Once again, the fact that governmental authorities have already raided Defendants' offices and boxed up its contents to prevent destruction of evidence should tell the Court something regarding Plaintiffs' concerns. In addition to the evidence preserved by the raid, there is certainly evidence that was not retained in the office and not taken in by the raid. Plaintiffs simply seek to preserve this evidence as well, and the Court is entitled to enter an order to this effect based on the general prohibition against spoliation of evidence.

In situations such as this one, where Plaintiffs are seeking to rescind a fraudulent sale and recover the funds transferred, the Court may actually freeze all of a party's assets (rather than simply specific assets enumerated) pending a final decision in the matter. Deckert v. Independence Shares Corp. (1940) 311 U.S. 282, 290; Grupo Mexicano de Desarollo S.A. v.



Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

Alliance Bond Fund, Inc. (1999) 527 U.S. 308, 324-325.) Based on the limited nature of the relief requested in Plaintiffs' application, it is evident that Plaintiffs are not engaging in gamesmanship as alleged in Defendants' Opposition. Instead, Plaintiffs are merely seeking to preserve the funds in dispute, and the Court should enter an order granting Plaintiffs' application on this basis.

**D. Plaintiffs Are Willing to Post a Bond**

Defendants' opposition next alleges that Plaintiffs are unwilling to post a bond. In fact, Plaintiffs are willing to post a bond, and have so indicated in their Motion for Right to Attach Order and Writ of Attachment. Of course, Plaintiffs are unable to post a bond in the prohibitive amount of $1,000,000.00 because Defendants already took that money, and that purpose of this lawsuit is to get it back. However, if necessary, Plaintiffs are willing to post a bond in such sum as the Court deems proper.

**E. Defendants Do Not Dispute Plaintiffs' Request that Defendants Be Enjoined from Using Investor Funds for the Defense of This Action**

Interestingly, Defendants do not take issue with Plaintiffs' request that Defendants be prevented from using investor funds, including those acquired from Plaintiffs, to finance their defense of this action. Certainly, it would be unjust and nonsensical for a party to defend against recovery of funds using the funds sought to be recovered. The Court has discretion to forbid or limit payment of attorney fees out of funds in dispute pending trial. (Commodity Futures Trading Comm'n v. Noble Metals, Inc. (9th Cir. 1995) 67 F.3d 766, 774-775.) Whether through expenditures, concealment in other ventures, or simply use for attorney's fees, Defendants must not be allowed to further deplete and frustrate the legitimate ends of Plaintiffs' legal efforts. Accordingly, the Court should grant Plaintiffs' application and prevent Defendants from using Plaintiffs' own funds against them.

**III.**

**CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request the Court grant a Temporary Restraining Order (1) enjoining Defendants' continued expenditure of Solomon Towers, LLC

funds for Defendants' personal debts and obligations; (2) preventing alteration or destruction of evidence, including, but not limited to, all corporate business and financial records for Solomon Towers, Solomon Capital, RDB Development, and all other related companies in both written and electronic format; and (3) preventing the use of Solomon Towers, LLC funds or other investor funds for the defense of this action. Said Order will preserve the status quo until the Court has an opportunity to hear Plaintiffs' noticed Application for a Right to Attach Order and an Order for Issuance of a Writ of Attachment.

Dated: June 6, 2008

ROPERS, MAJESKI, KOHN & BENTLEY

By:________________
TODD A. ROBERTS
JESSHILL E. LOVE
Attorneys for Plaintiffs
STEVE TRACHSEL, an individual, SUN CITY TOWERS, LLC, a California corporation, THOMAS CIRRITO, an individual, ATOCHA LAND, LLC, a Delaware limited liability company, MICHAEL CIRRITO, an individual, and CIRRITO HOLDINGS, LLC, a Delaware limited liability company

TODD A. ROBERTS (SBN 129722)
JESSHILL E. LOVE (SBN 208348)
ROPERS, MAJESKI, KOHN & BENTLEY
1001 Marshall Street, Suite 300
Redwood City, CA 94063
Telephone: (650) 364-8200
Facsimile: (650) 780-1701

Attorneys for Plaintiffs
STEVE TRACHSEL, an individual, SUN CITY TOWERS, LLC, a California corporation, THOMAS CIRRITO, an individual, ATOCHA LAND, LLC, a Delaware limited liability company, MICHAEL CIRRITO, an individual, and CIRRITO HOLDINGS, LLC, a Delaware limited liability company

UNITED STATES DISTRICT COURT - NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

STEVE TRACHSEL, an individual; SUN CITY TOWERS, LLC, a California corporation; THOMAS CIRRITO, an individual; ATOCHA LAND, LLC, a Delaware limited liability company; MICHAEL CIRRITO, an individual; and CIRRITO HOLDINGS, LLC, a Delaware limited liability company,

Plaintiffs,

v.

RONALD BUCHHOLZ; CHARICE FISCHER; RDB DEVELOPMENT, LLC, a Nevada limited liability company; SOLOMON CAPITAL, INC., a Nevada corporation; JONATHON VENTO; GRACE CAPITAL, LLC, dba GRACE COMMUNITIES, an Arizona limited liability company; DONALD ZELEZNAK; Z-LOFTS, LLC, an Arizona limited liability company; ZELEZNAK PROPERTY MANAGEMENT, LLC dba KELLER WILLIAMS REALTY, an Arizona limited liability company; KELLER WILLIAMS REALTY, INC., a Texas corporation; and DOES 1-50, inclusive,

Defendants.

CASE NO: C08 02248RS

**DECLARATION OF JESSHILL E. LOVE IN SUPPORT OF PLAINTIFFS' REPLY TO OPPOSITION TO *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER**

**[FED. R. CIV. PROC. § 65, NORTHERN DISTRICT OF CALIFORNIA CIVIL LOCAL RULES 7-10 AND 65-1]**

**Date:**
**Time:**
**Ctrm:**
**Judge:**



Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

I, JESSHILL E. LOVE, declare:

1. I am a shareholder with the law firm of Ropers, Majeski, Kohn & Bentley, attorneys of record for Plaintiffs STEVE TRACHSEL, SUN CITY TOWERS, LLC, THOMAS CIRRITO, ATOCHA LAND, LLC, MICHAEL CIRRITO, and CIRRITO HOLDINGS, LLC. The facts set forth herein are personally known to me or are set forth on the basis of information and belief. If called upon as a witness, I could and would competently testify to these facts.

2. Immediately following the filing of the complaint, Plaintiffs had to undertake service of all parties to accord them their right of due process in this matter. Plaintiffs opted to delay filing their ex parte application until after such service was complete, in part, to avoid violating any of the parties' due process rights.

3. In April 2008, prior to filing suit in this matter, I first attempted to resolve the matter informally, meeting with Defendants' counsel Andrew August to discuss resolution and a mediation date. When it became clear that Defendants were unavailable until mid- to late July, my clients became concerned that Defendants were simply buying time to sequester the investor funds. Concerned that Plaintiffs' investment funds would be rapidly depleted and relevant information and documentation destroyed, Plaintiffs filed the application without delay.

4. Defendants were not qualified to sell securities in either California or with the Securities Exchange Commission at the time they received Plaintiffs' funds for investment purposes. My office performed numerous searches of federal and state databases which determined that Defendants are not, nor at any relevant time have been, qualified to sell securities. Attached hereto as Exhibit "A" are true and correct copies of database search result printouts from the Securities Exchange Commission's EDGAR database, the California Department of Corporations' database, and the Financial Industry Regulatory Authority's BrokerCheck database indicating that Defendants' names were not found on any of these databases as being qualified to sell securities.

5. During the early settlement discussions described above, one of the areas Mr. August and I discussed was a guarantee from his clients that they would not execute a deed in lieu of foreclosure in favor of the bank holding the note on the property. This discussion was

necessary because the property was not being developed.

Executed on June 6, 2008, in Redwood City, California.

JESSHILL E. LOVE

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

# EXHIBIT A



Home | FAQ

U.S. Securities and Exchange Commission

## EDGAR Full-Text Search

This page allows you to search the full text of EDGAR filings from the last four years. The full text of a all data in the filing as well as all attachments to the filing. To find the information you need and mak easy and enjoyable, please visit our help page. We are still developing this feature, and we plan to en on user feedback. Please email your comments and suggestions for improvement to textsearch@sec.g

**Search For Text:** "ronald buchholz" Adva

Search Reset

**No Results were Found.**
[There's no result found for the specified search parameter.]



Home | FAQ

U.S. Securities and Exchange Commission

## EDGAR Full-Text Search

This page allows you to search the full text of EDGAR filings from the last four years. The full text of a all data in the filing as well as all attachments to the filing. To find the information you need and mak easy and enjoyable, please visit our help page. We are still developing this feature, and we plan to en on user feedback. Please email your comments and suggestions for improvement to textsearch@sec.(

**Search For Text:** "ronald d. buchholz" Adva

Search Reset

**No Results were Found.**
[There's no result found for the specified search parameter.]




U.S. Securities and Exchange Commission

## EDGAR Full-Text Search

This page allows you to search the full text of EDGAR filings from the last four years. The full text of a all data in the filing as well as all attachments to the filing. To find the information you need and mak easy and enjoyable, please visit our help page. We are still developing this feature, and we plan to en on user feedback. Please email your comments and suggestions for improvement to textsearch@sec.g

**Search For Text:** "charice fischer" Adva

Search Reset

---

**No Results were Found.**
[There's no result found for the specified search parameter.]



Home | FAQ

U.S. Securities and Exchange Commission

## EDGAR Full-Text Search

This page allows you to search the full text of EDGAR filings from the last four years. The full text of a all data in the filing as well as all attachments to the filing. To find the information you need and mak easy and enjoyable, please visit our help page. We are still developing this feature, and we plan to en on user feedback. Please email your comments and suggestions for improvement to textsearch@sec.(

**Search For Text:** "charice buchholz" Adva

Search Reset

**No Results were Found.**
[There's no result found for the specified search parameter.]



Home | FAQ

U.S. Securities and Exchange Commission

## EDGAR Full-Text Search

This page allows you to search the full text of EDGAR filings from the last four years. The full text of a all data in the filing as well as all attachments to the filing. To find the information you need and mak easy and enjoyable, please visit our help page. We are still developing this feature, and we plan to en on user feedback. Please email your comments and suggestions for improvement to textsearch@sec.g

**Search For Text:** "rdb development" Basi

**In Form Type:** All Forms **Results Per**

**For** ◉ Company Name: "rdb development"

**Or** ○ Central Index Key (CIK):

**Or** ○ Standard Industrial Classification: All SICs

**Between These Dates:**

Start Date: mm/dd/yyyy End Date: mm/dd/yyyy

Search Reset

**No Results were Found.**
[There's no result found for the specified search parameter.]




U.S. Securities and Exchange Commission

## EDGAR Full-Text Search

This page allows you to search the full text of EDGAR filings from the last four years. The full text of a all data in the filing as well as all attachments to the filing. To find the information you need and mak easy and enjoyable, please visit our help page. We are still developing this feature, and we plan to en on user feedback. Please email your comments and suggestions for improvement to textsearch@sec.

**Search For Text:** "solomon capital" Basi

**In Form Type:** All Forms **Results Per**

**For** ◉ Company Name: "solomon capital"

**Or** ○ Central Index Key (CIK):

**Or** ○ Standard Industrial Classification: All SICs

**Between These Dates:**

Start Date: mm/dd/yyyy End Date: mm/dd/yyyy

Search Reset

**No Results were Found.**
[There's no result found for the specified search parameter.]

DEPARTMENT OF
# CORPORATIONS
CALIFORNIA'S INVESTMENT & FINANCING AUTHORITY SINCE 1913

Home » SRD

## Securities Regulation Division

The Securities Regulation Division (SRD) is one of three operational divisions under the California Corporations Commissioner. SRD is headed by an Assistant Commissioner and is responsible for the qualification of the offer and sale of securities and the licensing and regulation of broker-dealers, broker-dealer agents, investment advisers, and investment adviser representatives pursuant to the Corporate Securities Law of 1968. SRD also registers the offer and sale of franchises under the Franchise Investment Law and licenses capital access companies under the Capital Access Company Law.

### Table of Content

- About the Division - Details on the Securities Regulation Division.
- Access to Securities & Franchise Filings ("Cal-EAS!") - Follow this link to obtain information on Corporate Securities Law & Franchise Investment Law filings as of July 25, 2002.
- Check Out Your Broker - Follow this link to obtain information on how to check out your broker.
- Check Out Your Money Manager, Financial Planner, or other Investment Adviser - Follow this link to obtain information on how to check out your investment adviser.
- Commissioner's Releases, Opinions & Notices - Selected Commissioner's Releases, Opinions & Notices.
- Complaints - Follow this link to file a complaint about a broker-dealer or investment adviser.
- Early Warning - Follow this link for information on the mandatory notification of false or misleading reports.
- Fairness Hearings - Follow this link to obtain information on Fairness Hearings pursuant to California Corporations Code section 25142.
- Fairness Hearings Summaries - Follow this link to obtain brief summaries of Fairness Hearings pursuant to California Corporations Code section 25142 held in 2001-2003.
- File Your Limited Offering Exemption Notice (Corporations Code 25102(f)) Online - Follow this link to file your Limited Offering Exemption Notice online.
- Applications & Forms - Follow this link for a list of applications & forms.
- Franchises - Follow this link for information regarding franchising.
- Investor Education - Follow this link for helpful information to assist the investor.
- Notice to Applicants - Use of a Cross-Reference Sheet - Follow this link for information to expedite the review of applications for qualification of the offer and sale of securities.
- Other Useful Links - Links to other sites.
- Marsh & Volk's "Practice Under the California Securities Laws" published by Mathew Bender & Company, Inc., ., one of the LEXIS Publishing companies.

  This three-volume treatise includes, in addition to a history of the California Corporate Securities laws, (1)

a detailed analysis of the Corporate Securities Law of 1968 and Franchise Investment Law, as amended, (2) the text of both laws and the rules promulgated by the California Corporations Commissioner under both laws, (3) a section-by-section commentary on both laws with annotated California Corporations Commissioner's opinions, and (4) copies of all releases issued by the California Corporations Commissioner under both laws.

» Publications - Follow this link for a list of publications.

## How to Contact Us!

If you have any questions regarding the laws administered by Securities Regulation Division, call the Consumer Services Office tollfree: 1 (866) 275-2677 or 866 ASK CORP.

For information regarding broker-dealers, broker-dealer agents and investment advisers call the Consumer Services Office tollfree: 1 (866) 275-2677 or 866 ASK CORP.

Conditions of Use | Privacy Policy

Copyright © 2008 State of California

DEPARTMENT OF
# CORPORATIONS
CALIFORNIA'S INVESTMENT & FINANCING AUTHORITY SINCE 1913

Home » About » **Adviser**

## Check Out Your Investment Adviser!

» Check out your money manager, financial planner, or other investment adviser on the Investment Adviser Public Disclosure website. We encourage you to review the IAPD Viewing Tips prior to visiting this site. The Securities and Exchange Commission ("SEC") and the North American Securities Administrators Association ("NASAA") sponsor the IAPD database. The IAPD provides instant access to an investment adviser's Form ADV. Investment advisers file Form ADV to register with the SEC and/or the state(s). Generally the larger (assets under management of $25 million or more) and multi-state investment advisers are registered with the SEC whereas the smaller investment advisers and fee-only financial planners are registered with the states. More than 9,000 investment advisers are registered with either the SEC or state securities administrators. Information you will find on Form ADV will include, among others, the investment adviser's business, advisory services, fees, and disciplinary problems during the last 10 years.

## IAPD Viewing Tips:

On the "Investment Adviser Search" screen, enter the investment adviser's name, CRD number or SEC file number and then follow the instructions for viewing the investment adviser's Form ADV. When checking out your investment adviser, always view the investment adviser's "Registration Status" on Form ADV. The following is a summary of the "Registration Status" you may find for both State and SEC registered investment advisers.

## State Registered Investment Advisers

If the investment adviser is registered only with the state(s), the state(s) the investment adviser firm is currently registered with, or was registered in during the previous two years, will be listed. By clicking on any of the states listed, you will be able to view the investment adviser's Form ADV. To check whether the investment adviser currently is registered in a state, click on the "Registration Status" menu item on the side navigation panel. Once you click on the "Registration Status" hyperlink, a screen will appear with the registration status for each state in the following format:

**Status Effective Date**

| SEC/Jurisdiction | Registration Status | Status Effective Date |
|---|---|---|
| Alabama | Termination Requested | 12/05/2001 |
| California | Approved | 12/12/2001 |
| Florida | Terminated | 07/02/2002 |
| Vermont | Revoked | 04/05/2002 |

If you click on the "Registration Status" hyperlink on this screen when you are in the IAPD website, a pop-up window will appear with an explanation of the various registration statuses.

## SEC Registered Investment Advisers

- If the firm is, or was, registered with the SEC, a list of state(s) in which the firm is registered or notice filed will not appear. Click on the "Registration Status" menu item on the IAPD website on the side navigation panel to check the jurisdiction(s) in which the firm is registered or notice filed. Once you click on the "Registration Status" hyperlink, a screen will appear with the firm's registration and/or notice filing status with the SEC and each state, as applicable, in the following format:

**Registration Status**

| SEC/Jurisdiction | Registration Status | Status Effective Date |
|---|---|---|
| SEC | Approved | 07/03/1991 |

## Notice Filings

Investment adviser firms registered with the SEC may be required to provide to state securities authorities a copy of their Form ADV and any accompanying amendments filed with the SEC. These filings are called "notice filings". Below are the states with which the firm you selected makes its notice filings. Also listed is the date the firm first became notice filed or registered in each state.

| SEC/Jurisdiction | Effective Date |
|---|---|
| California | 12/12/2001 |

Click here to check out your broker

Conditions of Use | Privacy Policy
Copyright © 2008 State of California

## No match has been found for the information you provided.

**Please Note:**

No match may have been made because:

1. More specific information is required to complete your search.

   Use the "back" button on your browser to change and resubmit the search.

   Here are some ways to improve your search:

   a. Check that you have spelled the investment adviser's name correctly.
   b. If you know the investment adviser's IARD/CRD number or SEC "801-" number, enter it.
   c. Select "Starts With", "Sounds Like", or "Contains" on the various name selection boxes so that your search possibly returns more items.
   d. When using the "Starts With" option, enter only the first few letters of the name.
   e. When using the "Contains" option, enter a few characters that may be contained in the name that you are searching for.

2. The investment adviser is not currently registered or has not been registered in the last two years.

   This website contains information on investment advisers that currently are registered with the SEC or a state. This website also contains information on investment advisers that were registered in the previous two years but are no longer registered.

   This website does not contain information on advisers that:

   1) Are exempt from registration by law.
   2) Have filed an application for registration with the SEC or a state, but have not had their registrations approved.

   Note: Currently, some investment advisers do not register through the IARD electronic registration system. These investment advisers generally file via paper filings with the states and cannot be found on this IAPD system. Therefore, it is possible that an investment adviser is legally registered with a state but a search on this system will return a "not found" response. If you want to check on an investment adviser's registration status, you should contact the SEC at (202) 551-7250 or contact the appropriate state securities authority through http://www.nasaa.org.

3. The investment adviser you are looking for may also be a broker dealer. You can visit the FINRA BrokerCheck at: http://www.finra.org/BrokerCheck.

DEPARTMENT OF
**CORPORATIONS**
CALIFORNIA'S INVESTMENT & FINANCING AUTHORITY SINCE 1913

Home → About → **Broker**

## Check Out Your Broker!

- For information regarding broker-dealers, broker-dealer agents and investment advisers call (866) 275-2677 or 866 ASK CORP.
- Check the background of your broker or investment professional by using Financial Industry Regulatory Authority (FINRA) BrokerCheck. FINRA is also a resource for Investor Alerts and investor education and tools
- Check out your commodity broker. A free service from the National Futures Association's Background Affiliation Status Information Center (BASIC). Whether you are an investor thinking about opening a futures account or an NFA Member contemplating a new business relationship, BASIC can be a valuable resource for you. BASIC contains Commodity Futures Trading Commission (CFTC) registration and NFA membership information and futures-related regulatory and non-regulatory actions contributed by NFA, the CFTC and the U.S. futures exchanges.
- Check out your investment adviser.

Conditions of Use | Privacy Policy
Copyright © 2008 State of California

## No Results



Based on the information you provided, no results were found for the broker for whom you searched. This may have occurred because:

1. The broker for whom you are searching is not currently registered with FINRA or has not been registered with FINRA in the last two years. BrokerCheck provides information on brokers that are currently registered or have been registered with FINRA within the last two years.

2. The broker's name and/or CRD Number entered are incorrect.

3. If using the Advanced Search Page, below are some additional helpful hints:
   - Make sure you entered the CRD Number in the Broker's CRD # field and not in the Firm CRD # field.
   - Select "Begins With" or "Sounds Like" on the various name fields so that your search returns more results. Enter only the first few letters of the broker's name when using the "Begins With" option to assist with your search.
   - When using the "Sounds Like" option, enter the characters that sound like the name for which you are searching.
   - Verify the accuracy of the information provided for the broker's employing firm if you used these fields in your search. Incorrect firm information will result in a "no match" when conducting a broker search.

If you still are not able to find the individual for whom you are searching, call the FINRA BrokerCheck Hotline at (800) 289-9999 to speak with a representative.

To start a new search, select the New Search link in the navigation panel.