| | |
|---|---|
| 1 | TODD A. ROBERTS (SBN 129722) |
|   | JESSHILL E. LOVE (SBN 208348) |
| 2 | ROPERS, MAJESKI, KOHN & BENTLEY |
|   | 1001 Marshall Street, Suite 300 |
| 3 | Redwood City, CA 94063 |
|   | Telephone:   (650) 364-8200 |
| 4 | Facsimile:   (650) 780-1701 |

5  Attorneys for Plaintiffs
   STEVE TRACHSEL, an individual; SUN CITY
6  TOWERS, LLC, a California corporation;
   THOMAS CIRRITO, an individual; ATOCHA
7  LAND, LLC, a Delaware limited liability company;
   MICHAEL CIRRITO, an individual; and CIRRITO
8  HOLDINGS, LLC, a Delaware limited liability
   company

### UNITED STATES DISTRICT COURT - NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| STEVE TRACHSEL, an individual; SUN CITY TOWERS, LLC, a California corporation; THOMAS CIRRITO, an individual; ATOCHA LAND, LLC, a Delaware limited liability company; MICHAEL CIRRITO, an individual; and CIRRITO HOLDINGS, LLC, a Delaware limited liability company, <br><br> Plaintiffs, <br><br> v. <br><br> RONALD BUCHHOLZ; CHARICE FISCHER; RDB DEVELOPMENT, LLC, a Nevada limited liability company; SOLOMON CAPITAL, INC., a Nevada corporation; JONATHON VENTO; GRACE CAPITAL, LLC, dba GRACE COMMUNITIES, an Arizona limited liability company; DONALD ZELEZNAK; Z-LOFTS, LLC, an Arizona limited liability company; ZELEZNAK PROPERTY MANAGEMENT, LLC dba KELLER WILLIAMS REALTY, an Arizona limited liability company; KELLER WILLIAMS REALTY, INC., a Texas corporation; and DOES 1-50, inclusive, <br><br> Defendants. | CASE NO. C08 02248RMW <br><br> **WAIVER OF SUMMONS AS TO CHARICE FISCHER** |

RC1/5131114.1/TC3                                                                                       PROOF OF SERVICE C08 02248RS

AO 399 (Rev. 10/95)

# WAIVER OF SERVICE OF SUMMONS

JESSHILL E. LOVE, Ropers, Majeski, Kohn & Bentley, 1001 Marshall St., Redwood City, CA 94063
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, __CHARICE FISCHER__, acknowledge receipt of your request
(DEFENDANT NAME)

that I waive service of summons in the action of __STEVE TRACHSEL v. RONALD BUCHHOLZ,__
(CAPTION OF ACTION)

which is case number __C08 02248RS__ in the United States District Court
(DOCKET NUMBER)

for the Northern District of California.

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an

answer or motion under Rule 12 is not served upon you within 60 days after __May 20, 2008,__
(DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.

__6/6/08__
(DATE)

(SIGNATURE)

Printed/Typed Name: __ANDREW AUGUST__

As __ATTORNEY__ of __CHARICE FISCHER__
(TITLE)    (DEFENDANT)

**Duty to Avoid Unnecessary Costs of Service of Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

American LegalNet, Inc.
www.FormsWorkflow.com