TODD A. ROBERTS (SBN 129722)
JESSHILL E. LOVE (SBN 208348)
ROPERS, MAJESKI, KOHN & BENTLEY
1001 Marshall Street, Suite 300
Redwood City, CA 94063
Telephone: (650) 364-8200
Facsimile: (650) 780-1701

Attorneys for Plaintiffs
STEVE TRACHSEL, an individual; SUN CITY TOWERS, LLC, a California corporation; THOMAS CIRRITO, an individual; ATOCHA LAND, LLC, a Delaware limited liability company; MICHAEL CIRRITO, an individual; and CIRRITO HOLDINGS, LLC, a Delaware limited liability company

UNITED STATES DISTRICT COURT - NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| STEVE TRACHSEL, an individual; SUN CITY TOWERS, LLC, a California corporation; THOMAS CIRRITO, an individual; ATOCHA LAND, LLC, a Delaware limited liability company; MICHAEL CIRRITO, an individual; and CIRRITO HOLDINGS, LLC, a Delaware limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>RONALD BUCHHOLZ; CHARICE FISCHER; RDB DEVELOPMENT, LLC, a Nevada limited liability company; SOLOMON CAPITAL, INC., a Nevada corporation; JONATHON VENTO; GRACE CAPITAL, LLC, dba GRACE COMMUNITIES, an Arizona limited liability company; DONALD ZELEZNAK; Z-LOFTS, LLC, an Arizona limited liability company; ZELEZNAK PROPERTY MANAGEMENT, LLC dba KELLER WILLIAMS REALTY, an Arizona limited liability company; KELLER WILLIAMS REALTY, INC., a Texas corporation; and DOES 1-50, inclusive,<br><br>Defendants. | CASE NO. C08 02248RMW<br><br>**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR RELIEF FROM DISCOVERY STAY**<br><br>[FED. R. CIV. PROC. §§ 26(b)(2)(C), 26(f), 30(a)(2)(A)(iii); 15 U.S.C. §§ 77z-1(b)(3), 78u-4(b)(3)(B)]<br><br>Date: August 22, 2008<br>Time: 9:30 a.m.<br>Ctrm: 6<br>Judge: Hon. Ronald Whyte |

I.

## INTRODUCTION AND FACTUAL BACKGROUND

On June 8, 2008, Plaintiffs' Ex Parte Application for a Temporary Restraining Order was denied <u>without prejudice</u>, providing Plaintiffs with the opportunity to have the Court revisit the issue if additional evidence was presented prior to the hearing on Plaintiffs' Application for Writ of Attachment. Plaintiffs have recently received information that such evidence exists, but cannot obtain it without leave of court from the automatic stay on discovery required under the Federal Rules of Civil Procedure and the stay created by the Private Securities Litigation Reform Act while a motion to dismiss is pending. For this reason, Plaintiffs request that the Court authorize Plaintiffs to conduct two depositions limited to the issues presented by the Ex Parte Application for a Temporary Restraining Order that will elicit this information.

Plaintiffs have been informed by a nonparty to the instant matter that Defendants Ronald Buchholz ("Buchholz"), Charice Fischer ("Fischer"), and Solomon Capital, Inc. ("Solomon Capital") have secreted relevant documentation and investor funds, apparently to avoid investigation conducted by the Santa Clara County District Attorney's office. (Declaration of Jesshill Love in support of Motion for Relief from Stay, ¶ 2.) Plaintiffs have also been informed by a nonparty to the instant matter that Defendant Buchholz squandered substantial assets by gambling investor funds. (Love Decl., ¶ 3.)

As this information bears upon Plaintiffs' Application for Writ of Attachment, which is set for hearing on August 8, 2008, Plaintiffs request leave of court to conduct the above-referenced depositions. These depositions will be limited to the issues raised in Plaintiffs' Ex Parte Application for a Temporary Restraining Order and are intended to elicit information pertinent to the issues raised in Plaintiffs' pending Application for Writ of Attachment.

II.

## LEGAL ARGUMENT

**A.    <u>Good Cause Exists for Limited Relief From Discovery Stay</u>**

In federal court, discovery is stayed until after the parties' Rule 26(f) conference and the exchange of initial disclosures. (Fed.R.Civ.Proc. § 26(f).) Any of the parties may seek leave,

however, for relief from the automatic stay upon a noticed motion with a showing of good cause. (Id.) Leave "shall be granted" unless the court finds such discovery is inconsistent with the balancing of benefits and burdens approach in Rule 26(b)(2). (Id.) For example, good cause exists where a preliminary injunction is sought. (Qwest Communications Int'l, Inc. v. World Quest Networks, Inc. (D CO 2003) 213 F.R.D. 418, 419.)

Federal Rule of Civil Procedure 30, which deals with depositions, contains a similar provision. That rule states, in relevant part:

> (2) A party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(2):
>
>     (a) if the parties have not stipulated to the deposition and:
>
>         (iii) the party seeks to take the deposition before the time specified in Rule 26(d)…(Fed.R.Civ.Proc. § 30(a)(2)(A)(iii).)

The balancing test in Rule 26(b)(2) requires the court to consider whether the discovery sought is unreasonably cumulative or duplicative; whether it could be obtained from some other source that is more convenient, less burdensome or less expensive; whether the party seeking the discovery has had ample opportunity to obtain the information; and whether the burden or expense of the proposed discovery outweighs its likely benefit (taking into account the amount in controversy, importance of issues, etc.). (Fed.R.Civ.Proc. § 26(b)(2)(C).)

Here, Plaintiffs are seeking a writ of attachment, which is the functional equivalent of a preliminary injunction. Further, Plaintiffs are only seeking the deposition of limited scope of two individuals, striking a reasonable balance between Rule 26 and Plaintiffs' need to move more quickly. More importantly, Plaintiffs are seeking this information in response to the Court's Order on their Ex Parte Application for a Temporary Restraining Order, which requested that Plaintiffs provide additional information in support of their Motion for a Writ of Attachment. In order to provide the requested information, Plaintiffs need to issue two subpoenas for depositions of third parties who are unable or unwilling to provide this information voluntarily by declaration.

Under the balancing test in Rule 26(b)(2), the discovery sought is not unreasonably cumulative, as each deposition is intended to elicit specific facts related to the distribution or

concealment of funds and/or documents. Further, each deposition is necessary to demonstrate that there is a need for a writ of attachment. This discovery also could not be obtained from any other source. Each of these witnesses has personal knowledge of the facts, and there appear to be no other witnesses who have observed these facts. Plaintiffs have not had an opportunity to depose these witnesses, as discovery has not yet opened. Finally, the cost of these depositions is in the range of a few thousand dollars, which does not compare to the approximately $1 million at issue in this case, which Plaintiff has good reason to believe is being squandered or concealed. Accordingly, good cause exists for the Court to allow these two depositions by lifting the automatic stay on discovery in a limited fashion, and the benefits outweigh the burdens in accordance with Rule 26(b)(2).

B.  **Good Cause Exists to Allow Particularized Discovery Under the Private Securities Litigation Reform Act**

   1.  **Private Securities Litigation Reform Act Allows Limited, Particularized Discovery**

In 1995, Congress passed the Private Securities Litigation Reform Act (PSLRA) in response to plaintiffs who filed securities fraud actions without adequate evidence, then sought discovery to avoid motions to dismiss. The PSLRA states, in relevant part:

> In any private action arising under this chapter, all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue injury to that party. (15 U.S.C. § 78u-4(b)(3)(B).)

In substance, the PSLRA places a stay on discovery while a motion to dismiss is pending, but allows limited discovery where necessary to preserve evidence or prevent undue injury to a party. (15 U.S.C. §§ 77z-1(b)(3), 78u-4(b)(3)(B).) For purposes of 15 USCS § 78u-4(b)(3)(B), "particularized" is not synonymous with "identifiable," neither does it necessarily mean "small;" instead, the meaning of the phrase in any particular case must take into account the nature of the underlying litigation. (In re Royal Ahold N.V. Sec. & ERISA Litig. (2004, DC Md) 220 FRD 246.)

In this case, Plaintiffs have limited their discovery requests to deposition testimony from

two individuals, identified by name, and have further identified the areas in which they intend to elicit testimony. This level of detail as to the areas of discovery sought certainly rises to the level of "particularized," as required by the statute, and is sufficiently limited to permit Plaintiffs to avoid undue injury as to their Application for Writ of Attachment without opening the floodgates of discovery.

### 2. The PSLRA Allows Limited Discovery to Prevent Undue Injury to a Party

Undue injury or prejudice requires a showing of unfair detriment that need not reach the level of irreparable harm (e.g., potential destruction of evidence or litigation delay). (Medical Imaging Ctrs. of America, Inc. v. Liechtenstein (SD CA 1996) 917 F.Supp. 717, 720.) For example, a court granted a request to partially lift the PSLRA discovery stay pursuant to 15 USC § 78u-4 and to permit limited discovery from certain non-parties because the interest of the parties, the public, and the court lay in prompt settlement of claims and a requested delay by one defendant would cause undue prejudice to parties that sought expeditious resolution. (In re Royal Ahold N.V. Sec. & ERISA Litig. (2004, DC Md) 319 F Supp 2d 634.)

Here, Plaintiffs have an Application for Writ of Attachment pending before this Court. The testimony Plaintiffs seek from these two nonparties is directly related to that Application and the potential spoliation of evidence and funds by Ronald Buchholz, Charice Fischer, and the Solomon Defendants, not the Motion to Dismiss filed by Donald Zeleznak, Jonathon Vento, and the Grace Defendants. Should the Court deny Plaintiff the opportunity to question these key witnesses in possession of evidence directly relevant to Plaintiffs' Application for Writ of Attachment, it would work an unfair detriment on Plaintiffs, which would satisfy the statutory requirement. Therefore, the Court should lift the stay to allow Plaintiffs to conduct particularized discovery in this matter.

### 3. Limited Discovery Allowed to Preserve Evidence

The PSLRA contains a provision requiring all parties involved in a securities fraud action to maintain evidence, including documents, inviolate. (15 U.S.C. § 78u-4(b)(3)(C)(i).) However, where the parties are unable or unwilling to comply with such a requirement, the court may allow limited discovery to preserve documents or testimony.

For example, in a securities class action, plaintiffs' motion for leave to issue document preservation subpoena to non-party was granted where non-party was undergoing Chapter 11 bankruptcy and would likely be dissolved and documents would likely be destroyed. (<u>Houlihan v Andrews (In re Nat'l Century Fin. Enters.</u>) (2004, SD Ohio) 347 F Supp 2d 538.) However, an investor's request that court order company to preserve documents was denied as superfluous because the company represented that it had fully complied with their statutorily-prescribed evidence preservation obligations and investor had adduced no evidence of non-compliance. (<u>Tanne v Autobytel, Inc.</u> (2005, CD Cal) 226 FRD 659.)

The present case is distinct from the <u>Tanne</u> case because defendants have not made any representations that they have complied with their evidence preservation obligations. To the contrary, there is significant evidence that defendants have sought or are seeking to conceal and/or destroy evidence. Accordingly, the Court should allow Plaintiffs to conduct limited discovery, namely, the depositions of two individuals with information germane to the case at bar.

### III.

### CONCLUSION

Based on the foregoing, this Court should grant Plaintiffs' Motion for Relief from Discovery Stay, and allow Plaintiffs to conduct the depositions of two individuals with information germane to Plaintiffs' Application for Writ of Attachment.

Dated: July 18, 2008

ROPERS, MAJESKI, KOHN & BENTLEY

By: _____
TODD A. ROBERTS
JESSHILL E. LOVE
Attorneys for Plaintiffs
STEVE TRACHSEL, an individual; SUN CITY TOWERS, LLC, a California corporation; THOMAS CIRRITO, an individual; ATOCHA LAND, LLC, a Delaware limited liability company; MICHAEL CIRRITO, an individual; and CIRRITO HOLDINGS, LLC, a Delaware limited liability company

1  TODD A. ROBERTS (SBN 129722)
   JESSHILL E. LOVE (SBN 208348)
2  ROPERS, MAJESKI, KOHN & BENTLEY
   1001 Marshall Street, Suite 300
3  Redwood City, CA 94063
   Telephone:   (650) 364-8200
4  Facsimile:   (650) 780-1701

5  Attorneys for Plaintiffs
   STEVE TRACHSEL, an individual; SUN CITY
6  TOWERS, LLC, a California corporation;
   THOMAS CIRRITO, an individual; ATOCHA
7  LAND, LLC, a Delaware limited liability company;
   MICHAEL CIRRITO, an individual; and CIRRITO
8  HOLDINGS, LLC, a Delaware limited liability
   company

9
                UNITED STATES DISTRICT COURT - NORTHERN DISTRICT OF CALIFORNIA
10
                                    SAN JOSE DIVISION
11

12 | STEVE TRACHSEL, an individual; SUN | CASE NO. C08 02248RMW
13 | CITY TOWERS, LLC, a California corporation; THOMAS CIRRITO, an | **DECLARATION OF JESSHILL LOVE IN**
14 | individual; ATOCHA LAND, LLC, a | **SUPPORT OF PLAINTIFFS' MOTION**
   | Delaware limited liability company; | **FOR RELIEF FROM DISCOVERY STAY**
15 | MICHAEL CIRRITO, an individual; and
   | CIRRITO HOLDINGS, LLC, a Delaware
16 | limited liability company,

17                Plaintiffs,                Date:    August 22, 2008
                                             Time:    9:00
18   v.                                      Ctrm:    6
                                             Judge:   Hon. Ronald M. Whyte
19 | RONALD BUCHHOLZ; CHARICE
   | FISCHER; RDB DEVELOPMENT, LLC,
20 | a Nevada limited liability company;
   | SOLOMON CAPITAL, INC., a Nevada
21 | corporation; JONATHON VENTO;
   | GRACE CAPITAL, LLC, dba GRACE
22 | COMMUNITIES, an Arizona limited
   | liability company; DONALD ZELEZNAK;
23 | Z-LOFTS, LLC, an Arizona limited
   | liability company; ZELEZNAK
24 | PROPERTY MANAGEMENT, LLC dba
   | KELLER WILLIAMS REALTY, an
25 | Arizona limited liability company;
   | KELLER WILLIAMS REALTY, INC., a
26 | Texas corporation; and DOES 1-50,
   | inclusive,
27
                Defendants.
28

RC1/5144293.1/BRL

DECLARATION OF JESSHILL LOVE IN
SUPPORT OF PLAINTIFFS' MOTION FOR
RELIEF FROM DISCOVERY STAY - C08 02248

I, JESSHILL E. LOVE, declare:

1. I am an attorney at law duly licensed to practice in the courts of the State of California. I am a shareholder with the law firm of Ropers, Majeski, Kohn & Bentley, attorneys for Plaintiffs STEVE TRACHSEL, SUN CITY TOWERS, LLC, THOMAS CIRRITO, ATOCHA LAND, LLC, MICHAEL CIRRITO, and CIRRITO HOLDINGS, LLC, on whose behalf I make this declaration. The facts herein are stated to the best of my knowledge.

2. In the course of our investigation, I have been informed by a nonparty to the instant matter that Defendants Ronald Buchholz, Charice Fischer, and Solomon Capital, Inc. have hidden relevant documentation and investor funds in a manner that appears designed to avoid the investigation conducted by the Santa Clara County District Attorney's office.

3. I have also been informed by a nonparty to the instant matter that Defendant Buchholz has engaged in squandering of assets by gambling investor funds.

4. The depositions of two individuals will substantially assist Plaintiffs in demonstrating the need for a temporary restraining order and writ of attachment against Defendants. We have attempted, but have been unable to secure declarations and thus require access to the court process to secure admissible evidence bearing directly on these issues.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, and if called as a witness I could and would testify thereto.

Executed at Redwood City, California on July 18, 2008.

_____
JESSHILL E. LOVE

TODD A. ROBERTS (SBN 129722)
JESSHILL E. LOVE (SBN 208348)
ROPERS, MAJESKI, KOHN & BENTLEY
1001 Marshall Street, Suite 300
Redwood City, CA 94063
Telephone:   (650) 364-8200
Facsimile:   (650) 780-1701

Attorneys for Plaintiffs
STEVE TRACHSEL, an individual; SUN CITY
TOWERS, LLC, a California corporation;
THOMAS CIRRITO, an individual; ATOCHA
LAND, LLC, a Delaware limited liability company;
MICHAEL CIRRITO, an individual; and CIRRITO
HOLDINGS, LLC, a Delaware limited liability
company

UNITED STATES DISTRICT COURT - NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| STEVE TRACHSEL, an individual; SUN CITY TOWERS, LLC, a California corporation; THOMAS CIRRITO, an individual; ATOCHA LAND, LLC, a Delaware limited liability company; MICHAEL CIRRITO, an individual; and CIRRITO HOLDINGS, LLC, a Delaware limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>RONALD BUCHHOLZ; CHARICE FISCHER; RDB DEVELOPMENT, LLC, a Nevada limited liability company; SOLOMON CAPITAL, INC., a Nevada corporation; JONATHON VENTO; GRACE CAPITAL, LLC, dba GRACE COMMUNITIES, an Arizona limited liability company; DONALD ZELEZNAK; Z-LOFTS, LLC, an Arizona limited liability company; ZELEZNAK PROPERTY MANAGEMENT, LLC dba KELLER WILLIAMS REALTY, an Arizona limited liability company; KELLER WILLIAMS REALTY, INC., a Texas corporation; and DOES 1-50, inclusive,<br><br>Defendants. | CASE NO. C08 02248RMW<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR RELIEF FROM DISCOVERY STAY**<br><br>[FED. R. CIV. PROC. §§ 26(b)(2)(C), 26(f), 30(a)(2)(A)(iii); 15 U.S.C. §§ 77z-1(b)(3), 78u-4(b)(3)(B)]<br><br>Date:    August 22, 2008<br>Time:    9:30 a.m.<br>Ctrm:    6<br>Judge:   Hon. Ronald Whyte |

1   Plaintiffs STEVE TRACHSEL, SUN CITY TOWERS, LLC, THOMAS CIRRITO,
2   ATOCHA LAND, LLC, MICHAEL CIRRITO, and CIRRITO HOLDINGS, LLC's ("Plaintiffs")
3   Motion for Relief from Discovery Stay came before the Court for hearing on August 22, 2008.
4   Todd A. Roberts appeared for Plaintiffs; Andrew August appeared for Defendants Buchholz,
5   Fischer, RDB Development, Inc., and Solomon Capital, Inc.; Michael G. Descalso appeared for
6   Defendants Zeleznak, Vento, Zeleznak Property Management, Z-Lofts, and Grace Capital.

7   The Court having considered the papers and arguments submitted in support of Plaintiffs'
8   motion and in opposition thereto, having considered the oral argument of the parties, and good
9   cause appearing:

10  IT IS HEREBY ORDERED that Plaintiffs' Motion for Relief from Discovery Stay is
11  GRANTED. Plaintiffs are hereby permitted to subpoena nonparties Valerie Bunnell and Todd
12  Squellati for depositions to occur prior to the August 8, 2008 hearing on Plaintiff's Application
13  for a Right to Attach Order.

14  IT IS SO ORDERED.

15  Dated:_____, 2008    _____
16                                          HON. RONALD M. WHYTE