Andrew A. August, SBN 112851
aaugust@pinnaclelawgroup.com
William W. Schofield, SBN 062674
wschofield@pinnaclelawgroup.com
Pinnacle Law Group, LLP
425 California Street, Suite 1800
San Francisco, California 94104
Telephone 415.394.5700
Facsimile 415.394.5003

Attorneys for Defendants Ronald Buchholz, Charice Fischer, RDB Development, LLC, and Solomon Capital, Inc.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

(SAN JOSE DIVISION)

STEVE TRACHSEL, et al.,

Plaintiffs,

vs.

RONALD BUCHHOLZ, et al,

Defendants.

Case No. C08-02248 RMW

**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFFS' APPLICATION FOR RIGHT TO ATTACH ORDER**

Date: August 8, 2008
Time: 9:00 a.m.
Ctrm: 6
Judge: Hon. Ronald M. Whyte

## I. INTRODUCTION

Plaintiffs attempt again to use an incompetent Declaration—the same one this Court has already found defective—to obtain an extraordinary and wholly inappropriate pre-trial remedy. The Court has ruled that the "evidence" Plaintiffs attempt to put forth through Plaintiff Steve Trachsel's declaration is insufficient to establish a more-probable-than-not merits claim to justify extraordinary pre-trial relief. Plaintiffs submit the same declaration again and the Court should reject it again.

Additionally, even though not required to do so because of Plaintiffs' lack of proof, Defendants will dispel entirely the theory Plaintiffs espouse in support of their right to attach

application. The investment opportunity that is the subject of this litigation is exempt from the reporting and registration requirements of California securities laws.

Finally, Plaintiffs' blunderbuss description of the property they seek to attach is contrary to California Attachment Law and is so broad, vague and overreaching to render it meaningless.

## II. FACTUAL STATEMENT

The project that underlies this litigation in is a proposed high rise residential development in Phoenix known as Solomon Towers. Declaration of Charice Fischer in Opposition to Plaintiffs' Application for Right To Attach Order ("Fischer Decl."), ¶5. In early February 2005, Defendants Ronald Buchholz and Charice Fischer (brother and sister), who are principals in Solomon Capital, Inc., invited a select group of family members, business associates, and persons who had previously invested with them in real estate ventures to discuss the proposed project. Id. at ¶¶2-5, 6.a. The opportunity was discussed at a dinner meeting in a Santa Clara, California restaurant on February 3, 2005, and the basic outline was presented in the Power Point presentation Plaintiffs have appended to their Complaint as Exhibit A. Id. at ¶6.a.-b.

There is an interesting fact about this Power Point that Plaintiffs fail to disclose—Plaintiff Steve Trachsel created it! Mr. Tracshel in February 2005 was an independent contractor of Solomon Capital in charge of investor relations for the company. In that capacity he had put together a number of investor information packets for projects, including the information shared with the investors on February 3, 2005. Although Mr. Trachsel attempts in his declaration to imply that he was unaware of the investor presentation until sometime after the fact, this is incorrect. Id. at ¶6.b.

The project called for establishing a limited liability corporation (Solomon Towers, LLC) with investor contributions of five million dollars. That money would be used to purchase the underlying land as well as the conceptual design and preliminary entitlement work that had been undertaken by seller of the property. Id. at ¶7. The purchase price and terms of the proposed purchase were disclosed to the investors before they made their decision to participate. Id. at ¶7.

In all, eighteen investors stepped forward, including Mr. Buchholz's and Ms. Fischer's mother, father, aunt and uncle. Id. at ¶6.c. The purchase of the project was accomplished in an

arm's length transaction in April 2005, Solomon Towers, LLC was established, and the entirety of investor monies raised went to purchase the property. Id. at ¶¶7, 8. All investors were provided with a copy of the escrow closing statement. Id. at ¶7. Contrary to the irresponsible and baseless hyperbole contained in Plaintiffs' Complaint, there were no kickbacks, no commingling of investors' monies, and no side deals with the seller of the property. Id.

Solomon Towers, LLC exists and is being managed by Mr. Buchholz and Ms. Fischer. Id. at ¶8. Due to the present state of the institutional lending markets and the depressed housing industry, the Solomon Towers project is on hold. Id. at ¶9. Mr. Buchholz and Ms. Fischer periodically update the investors through conference calls where project alternatives are discussed, including the bulk sale of the project to third parties. Id. The vast majority of the investors are supportive of their efforts and view the present litigation as disruptive and potentially damaging to the future of the investment. *See* Declarations of Melody J. Buchholz, William E. Buchholz, Jan Edbrooke, Alan J. Figone, Dennis Krantz, Tony Liardon, Betty Miller, and Sam Stafford In Opposition to Plaintiffs' Application for Right To Attach Order.

The three Plaintiffs here, however, are attempting to use this litigation—and the present motion—to gain leverage and a preference over their fellow investors.

## II. LEGAL ANALYSIS

Defendants agree that California's Attachment Law (Code Civ. Proc. §482.010, et seq.) applies to this application. Fed.R.Civ.Proc. 64. That Attachment Law, being purely the creation of statute, is strictly construed. *See Epstein v. Abrams*, 57 Cal. App. 4th 1159, 1168 (1997)("The Attachment Law statutes are subject to strict construction, and where a court is required to exercise its jurisdiction in a particular manner or subject to certain limitations, an act beyond those limits is in excess of its jurisdiction and void.")

### A. Plaintiffs Have Not Established they Have a Reasonable Probability of Success on the Merits

A plaintiff seeking a right to attach order must show "the probable validity" of its claim (*Bank of America v. Salinas Nissan, Inc.*, 207 Cal. App. 3d 260, 271 (1989)), a showing that "it is more likely than not that the plaintiff will obtain a judgment against the defendant on that claim."

Cal. Corp. Code §481.190. In determining probable validity, "the court must consider the relative merits of the positions of the respective parties and make a determination of the probable outcome of the litigation." *Loeb & Loeb v. Beverly Glen Music*, 166 Cal. App. 3d 1110, 1120 (1985).

Plaintiffs make only one claim that they will prevail on the merits. They argue Defendants violated California's blue sky laws by selling unqualified securities that were not exempt from registration under the California Corporations Code, thus entitling them to rescission. Plaintiffs' MPA, 8:14-9:25. This claim is unsupported and incorrect.

**1. Plaintiffs Have Presented No Admissible Evidence on the Issue**

In the first place, Plaintiffs have presented no competent proof of their assertions. An application for right to attach order must be supported by "an affidavit showing that the plaintiff on the facts presented would be entitled to a judgment on the claim upon which the attachment is based." Cal. Code Civ. Proc. §484.030. Such an affidavit "shall show affirmatively that the affiant, if sworn as a witness, can testify competently to the facts stated therein." Cal. Code Civ. Proc. §482.040. Plaintffs have not come close to satisfying these statutory requirements.

The totality of Plaintiffs evidence supporting their blue sky claim is a single conclusory sentence in Plaintiff Trachsel's Declaration:

> Further, as I subsequently learned, Defendants neither qualified nor exempted themselves to be issuers or broker-dealers of securities in accordance with the requirements of California Corporations Code section 25110. [Trachsel Decl., 2:19-22.]

This is not admissible evidence. Mr. Trachsel's statement does not explain how he "learned" of these supposed facts or from what source. The statement lacks foundation, does not display personal knowledge, is hearsay (FRE 602; FRE 801(c); 802), and states a legal conclusion Mr. Trachsel is not qualified to give (FRE 701). Defendants have objected to it on that basis. *See* Defendants' Objections to Declaration of Steve Trachsel Submitted in Support of Application for Right To Attach Order, 1:24-2:2.

Moreover, the Court has already ruled—in its Order denying Plaintiffs' *ex parte* application for a temporary restraining order—that this statement about unregistered and unexempt securities,

which parrots "information and believe" allegations in the Complaint (Complaint ¶50), contains "sparse allegations" that are insufficient to establish likelihood of success on the merits. *See* Order Denying Application for Temporary Restraining Order, doc. 42, at 4:11-5:9. That Plaintiffs choose simply to restate those allegations in this application does not render them less sparse.

That should end the inquiry—Plaintiffs have not put forth competent proof of their claim. Defendants, however, go further. As explained in the next section, we show that in fact the transaction that is the subject of this litigation was exempt from California's securities registration and reporting requirements.

**2. The Investment Qualifies as a Private Offering and Is Exempt from the Registration Requirements.**

Under Section 25110 of the Corporations Code, it is unlawful for any person to offer or sell any "security" in California in an issuer transaction "unless such sale has been qualified *or unless the such security or transaction is exempted*." Emphasis added. As a general rule the sale of securities that is prohibited is where an issuer raises money from others for a business venture or enterprise through "an indiscriminate offering to the public at large where the persons solicited are selected at random." *Silver Hills Country Club v. Sobieski*, 55 Cal. 2d 811, 814-15 (1961).

A long-recognized exception from the registration and reporting requirements, however, is the private offering exemption—where the sale of the security is made in a non-public setting to a limited number of investors who either have preexisting relationships with the offeror or business and financial sophistication. The exemption, found in California Corporations Code section §25102(f), has four requirements, all of which are met here.[1]

---

[1] California Corporations Code section 25102(f) exempts from the provisions of section 25110:

"Any offer or sale of any security in a transaction (other than an offer or sale to a pension or profit-sharing trust of the issuer) that meets each of the following criteria:

1. Sales of the security are not made to more than 35 persons, including persons not in this state.
2. All purchasers either have a preexisting personal or business relationship with the offeror or any of its partners, officers, directors or controlling persons, or managers (as appointed or elected by the members) if the offeror is a limited liability company, or by reason of their business or financial

First, to qualify as a non-public offering, the investment cannot be sold to more than 35 persons. Cal. Corp. Code §25102(f)(1). There were only eighteen memberships sold in Solomon Capital LLC.[2] Fischer Decl., ¶5.c.

Second, the purchasers either (a) must have a preexisting personal or business relationship with the offeror, or (b) by reason of their business or financial experience could reasonably be assumed to have the capacity to protect their own interests in connection with the transaction. Cal. Corp. Code §25102(f)(2). This also is satisfied. All purchasers, except two, had a previous personal or business relationship with Ronald Buchholz and Clarice Fischer, the parties who established Solomon Capital, LLC. Id. As to those two individuals, both provided financial qualification information that established they were "accredited investors" in their own right.[3] Id. at ¶5.e. They were therefore persons who by law are assumed to have the capacity to protect their own interests in connection with the transaction. *See* Regulations 260.102.12 (c)(2), Cal. Code of Regs., Title 10, Chapter 3 ("The phrase 'all purchasers' used in Section 25102(f)(2) of the Code does not include purchasers excluded from the count of purchasers by virtue of . . . Rule 260.102.13"—i.e., accredited investors. ).

Third, each purchaser must represent that he/she is purchasing for their own account and not with a view to sell. Cal. Corp. Code §25102(f)(3). This is satisfied in the Operating Agreement itself, signed by all Members. Section 13.10(d) of the Operating Agreement reads as follows:

---

> experience or the business or financial experience of their professional advisors who are unaffiliated with and who are not compensated by the issuer or any affiliate or selling agent of the issuer, directly or indirectly, could be reasonably assumed to have the capacity to protect their own interests in connection with the transaction.
>
> 3. Each purchaser represents that the purchaser is purchasing for the purchaser's own account (or a trust account if the purchaser is a trustee) and not with a view to or for sale in connection with any distribution of the security.
>
> 4. The offer and sale of the security is not accomplished by the publication of any advertisement."

[2] Legally, there were actually far fewer than eighteen, since "accredited investors" are excluded from the count. Regulations 260.102.13(f), Cal. Code of Regs., Title 10, Chapter 3.

[3] "Accredited Investor" is defined in Rule 501(a) of Regulation D adopted by the SEC under the Securities Act of 1933 (17 CFR sec. 230.501(a)). Eight categories are defined. Accredited investor for a natural person means one with $1million net worth or more at time of purchase or one with $200,000 income in each of last two years ($300,000 if with spouse) and reasonable expectation of same in current year.

> The Member's investment in Interests in the Company is made for the Member's own account for investment purposes only and not with a view to the resale or distribution of such interest. [Fischer Decl., ¶5.f.]

The Operating Agreement also assures that any attempted transfers of Members' interests are tightly controlled. Section 11 of the agreement prohibits transfers (i) unless made to another Member of the LLC or (ii) unless the LLC and its Members are offered a right of first refusal to purchase on terms offered a third party. Id. Operating Agreement, §§11.2(a)-(d).

Finally, the offer and sale may not accomplished by offering it to the public at large through advertisement. Cal. Corp. Code §25102(f)(4). The idea is that offers are not private if made on an on-going basis and "addressed indiscriminately to a sizable and heterogenous group." *People v. Feno*, 154 Cal. App. 3d 719, 732 (1984). *See, e.g., Fox v. Ehrmantraut*, 28 Cal. 3d 127, 138 (1980) (advertisement in Wall Street Journal); *Feno*, 154 Cal. App. 3d at 732 (advertisement in newspapers with combined circulation of 300,000). This investment clearly was not that. Rather the opportunity was presented to a limited number of investors, including family members, friends, and business associates with whom Mr. Buchholz and Ms. Fischer by and large had had prior investment dealings. Fischer Decl, ¶5.a. The investment was presented to approximately thirty pre-selected investors who were asked by private invitation to attend a dinner meeting in a Santa Clara restaurant in February 2005 where the opportunity was discussed. Id. The invitees signed confidentiality agreements stating they would not disclose the investment details to third parties. Id.

In sum, the Solomon Towers. LLC investment opportunity was a classic private offering, an exempted transaction under Corporations Code section 25102(f). Defendants intend to eliminate the issue entirely from the litigation through summary judgment at an appropriate time; for purposes of the Plaintiffs' present application, however, it is enough to establish that Plaintiffs have not shown they more likely than not will prevail on their nonregistered security theory. Clearly they have not, and the application must be denied.

**B. Plaintiffs Have Not Identified Any Property that Would Be Subject to Attachment**

The California attachment statutes require that a right to attach application contain a statement under oath describing "the property to be attached under the writ of attachment and a statement that plaintiff is informed and believes that such property is subject to attachment." Cal. Code Civ. Proc. §484.020 (e). Nowhere in the Trachsel Declaration is there any statement describing the property supposedly subject to attachment. On that basis alone the right to attach application should be denied. California's Attachment Law is purely statutory and is strictly construed.[4] *Bank of America v. Salinas Nissan, Inc.*, 207 Cal. App. 3d 260, 270 (1989).

The proposed order submitted with Plaintiffs' moving papers provides a description that is so broad and vague as to be meaningless. Under that order Plaintiffs may attach "any assets acquired from investors of Solomon Capital or any of its related companies, or any assets related in any way to the project commonly referred to as the 'Solomon Towers project.'" There of course is no statutory allowance for such overreaching, and Plaintiffs nowhere attempt to justify it.

As to corporations—Solomon Capital, Inc. and RDB Development LLC—the description of property sought to be attached may be general. Cal. Code Civ. Proc. §484.020(e). But Plaintiffs have added "any of its related companies" language that does not give proper notice to what is being sought and from whom. Nor is there statutory authorization to allow attachment of "all assets related to" a project. Futhermore, Solomon Capital, Inc. and RBD Development LLC are Nevada entities that have no property in the state. Fischer Decl. ¶¶2, 3. Any writ of attachment issued in California can only be levied upon in the California county where the property is found. Cal. Code Civ. Proc. §488.020. A California writ of attachment cannot reach out of state property. *See Pacific Decision Sciences Corp. v. Superior Court*, 121 Cal. App. 4th 1100, 1108 (2004) ("of course, a California court lacks jurisdiction to command a sheriff, marshal, or constable in Florida or New Jersey to levy a California writ of attachment on a New Jersey company or a Florida bank").

[4] Plaintiffs' memorandum of points and authorities does contain vague references to general categories of property (Plaintiffs' MPA, 7:23-8:13), but of course this is not a statement under oath as required by the Attachment Law.

As to the individuals—Ronald Buchholz and Charice Fischer—the property description in the right to attach application must be specific:

> Where the defendant is a natural person, the description of the property shall be reasonably adequate to permit the defendant to identify the specific property to be attached. [Cal. Code Civ. Proc. §484.020(e).]

The reason for this rule is to allow defendants the opportunity "to determine whether [they] desire[] to make a claim of exemption as to that property." Law Revision Comm. Comments to Cal. Code Civ. Proc. §484.020(e). The proposed order does not identify any specific items of property, and it is therefore defective.

**C. By Seeking a Right To Attach Order, Plaintiffs Are Barred From Litigating Any Non-Contractual Claims**

Plaintiffs have elected to pursue a right to attach remedy based on a contractual rescission theory. They should be precluded in the future from seeking relief on any theory other than the one they present here. *Cf. Baker v. Superior Court*, 150 Cal. App. 3d 140, 147 n.5 (1983)(potential election of remedies defense should be presented in opposition to right to attach application).

## III. CONCLUSION

Plaintiffs have not, and cannot, show why they are entitled to the relief they seek. Any grant of a right to attach order would be contrary to the evidence and the law, and would unfairly benefit these three Plaintiffs to the detriment of their co-investors and the Solomon Towers project. The application should be denied.

Dated: July 18, 2008.

PINNACLE LAW GROUP, LLP

By: /s/ William W. Schofield
William W. Schofield
Attorneys for Defendants
Ronald Buchholz, Charice Fischer,
RDB Development, LLC,
and Solomon Capital, Inc.

Andrew A. August, SBN 112851
aaugust@pinnaclelawgroup.com
William W. Schofield, SBN 062674
wschofield@pinnaclelawgroup.com
Pinnacle Law Group, LLP
425 California Street, Suite 1800
San Francisco, California 94104
Telephone 415.394.5700
Facsimile 415.434.5380

Attorneys for Defendants Ronald Buchholz, Charice Fischer, RDB Development, LLC, and Solomon Capital, Inc.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

(SAN JOSE DIVISION)

STEVE TRACHSEL, et al.,

Plaintiffs,

vs.

RONALD BUCHHOLZ, et al,

Defendants.

Case No. C08-02248 RMW

**DECLARATION OF CHARICE FISCHER IN OPPOSITION TO PLAINTIFFS' APPLICATION FOR RIGHT TO ATTACH ORDER**

Date: August 8, 2008
Time: 9:00 a.m.
Ctrm: 6
Judge: Hon. Ronald M. Whyte

I, Charice Fischer, say:

1. I am a defendant in this action. I have personal knowledge of the following facts and could competently testify to them if called as a witness.

2. I am the treasurer, secretary and 50% owner of defendant Solomon Capital, Inc. My brother, Ronald Buchholz, is the president of Solomon Capital, Inc. and owns the remaining 50% of the company. Solomon Capital, Inc. is a Nevada corporation that owns no property in the state of California.

3. Defendant RDB Development LLC is a Nevada limited liability company with a single member, Ronald Buchholz. RDB Development LLC owns no property in the state of California.

4. My brother and I are residents of the state of Nevada.

5. The investment that is the subject of this lawsuit is known as Solomon Towers, LLC, a limited liability company my brother and I established in March 2005. The purpose of Solomon Towers, LLC, as set out in its Operating Agreement, was to purchase real property in Phoenix, Arizona and to develop a high rise residential building.

6. The sale of membership interests in Solomon Towers, LLC was not intended to be, and was not, a public offering. Rather, the sale was intended to be, and was, a private non-public offering exempt from registration under California securities laws. In particular:

a. The membership interests were not offered or solicited to the public at large or in any way advertised to the public. Rather the investment opportunity was presented to a limited number of business associates, family members, and persons who had invested in prior opportunities sponsored by Solomon Capital, Inc. or its predecessor, Equity Investments, Inc. Using information maintained about prior investors, we invited a limited number of people to a dinner at a restaurant in Santa Clara, California where the investment opportunity was discussed on February 3, 2005. The email invitation to this presentation read, in part, as follows:

> Ron and Charice would like to invite you to join us for a dinner meeting this Thursday, February 3 at 6:30 p.m., where we will discuss our newest project. It will take place at Arthur's Restaurant at 2875 Lakeside Drive, Santa Clara, CA 95054. This is an invitation only event, as this investment is not open to the public and will not be a traditional 'Pooled Investment.'

Approximately thirty people attended the dinner and each was required to sign a Confidentiality Agreement stating that they would not disclose the Evaluation Material to third parties.

b. Plaintiff Steve Trachsel states in his declaration that he did not attend the dinner meeting and was only told of its content after the fact. This is incorrect. Mr. Trachsel at the time was an independent contractor retained by Solomon Capital, Inc., or its predecessor Equity Enterprises, as an investor relations representative. Although Mr. Trachsel was not present at the February 3, 2005 dinner meeting, he was intimately familiar with the materials presented. The investor presentation—the Power Point that is attached to the Complaint as Exhibit A—was actually prepared by Mr. Trachsel.

c. Ultimately, eighteen investors purchased membership interests in Solomon Capital, LLC. Their names and respective ownership interests are set out in Exhibit A to Operating Agreement. As to each of these investors, with the exception of Plaintiffs Michael Cirrito and Thomas Cirrito, my brother and I had preexisting personal or business relationships. Nearly all of these investors had previously become members of, or note holders to, limited liability corporations Solomon Capital, Inc. (or its predecessor, Equity Enterprises) had established for real estate investments; some of these investors had worked as consultants or project managers for the project owners LLCs and/or for RBD Development LLC; and others were family members or long-time personal friends. The preexisting relationship as to each such investor was as follows:

- **Al & Betty Miller**: Aunt and uncle of Ron Buchholz and Charice Fischer.
- **Atocha Land, LLC c/o Tom Cirrito, Manager**: No prior investments; financial qualification form shows he is an "accredited investor."
- **Buchholz Family Trust c/o Melody Buchholz, Trustee**: Trust of parents of Ron Buchholz and Charice Fisher. Previously invested in EENI-Patriot Courtyards, LLC; EENI-Scottsdale Lofts, LLC; EENI-Paseo Village, LL; EEI-Sunrise Suncrest, LLC.
- **Cirrito Holdings, LLC c/o Michael Cirrito, Manager**: Tom Cirrito's son; no prior investments; financial qualification form shows he is an "accredited investor."
- **CRS Properties, LLC c/o Todd Squellati, Manager**: Previously invested in Stoneview, LLC; EENI-Patriot Courtyards, LLC.

- **David Towers, LLC c/o Roland Lee, Manager**: Previously invested in EENI-Scottsdale Lofts, LLC; EENI-Paseo Village, LLC;EEI-Sunrise Suncrest, LLC.
- **Daystream ST, LLC c/o Jan Edbrooke, Manager**: Previously invested in EENI-Camino al Norte, LLC; Stoneview, LLC;EENI-Patriot Couryards, LLC; Westmont Courtyards, LLC; Paradise Couryards, LLC; EENI-Mesa Point, LLC;EEI-Ray Ranch, LLC;EEI-Wailea Town Center, LLC; EENI-Desert Harbor, LLC;EEI-Desert Harbor, LLC.
- **Equity Trust Company FBO Dennis Krantz, IRA**: Previously invested in EENI-Paseo Village, LLC; EEI-Creekside Minnesota, LLC; EEI-Wailea Town Center, LLC; EEI-Sunrise Suncrest, LLC; former consultant/project manager for RDB.
- **Figone Family Living Trust c/o Al Figone, Trustee**: Previously invested in EEI-Deer Valley, LLC; EENI-Mesa Point, LLC; EENI-St Charles Office Investors, LLC; EEI-Wailea Town Center, LLC; EENI-Durango Trails, LLC.
- **JKAT Properties, LLC c/o James Coates, Manager**: Previously invested in EENI-Patriot Courtyards,LLC; EENI-Paseo Village, LLC; EEI-Ray Ranch, LLC.
- **Kang Living Trust c/o Yung Ho Kang, Trustee**: Previously invested in EENI-Scottsdale Lofts, LLC; EENI-Camino al Norte, LLC; Westmont Courtyards, LLC; EENI-Paseo Village, LLC; EENI-St Charles Office Investors, LLC.
- **Lee Living Trust c/o Roland Lee, Trustee**: Previously invested in EENI-Scottsdale Lofts, LLC; EENI-Paseo Village, LLC; EEI-Sunrise Suncrest, LLC.
- **Sun City Towers, LLC c/o Steven Trachsel, Manager**: Previously invested in EENI-Patriot Courtyards, LLC; EENI-Desert Harbor, LLC. Also, former consultant for Equity Enterprises during the time when Solomon Towers, LLC was launched and wrote several investor presentations, including the one for Solomon Towers, LLC that was presented on February 3, 2005.
- **The Laubach Living Trust Dated 2/6/1992 c/o Mark Laubach, Trustee**: Previously invested in EENI-Patriot Courtyards, LLC; EEI-Deer Valley, LLC;

EENI-Durango Trails, LLC. Also, former consultant/project manager for RDB Development LLC.

- **The Opie-Gluska Family Trust c/o Michael Opie, Trustee**: Previously invested in EENI-Patriot Courtyards, LLC; EEI-Deer Valley, LLC; EENI-Mesa Point, LLC; EENI-Palomino Gardens, LLC; EEI-Ray Ranch, LLC; EENI-Durango Trails, LLC.
- **Timothy & Carole Hendrix**: Mortgage broker on several transactions with Ronald Buchholz.
- **Tony & Cynthia Liardon**: Long-time personal relationship with Ron Buchholz and Charice Fischer. Mr. Liardon served as the pastor at Ron Buchholz's wedding.
- **Tower Capital Partners, LLC c/o Sam Stafford, Manager**: Previously invested in EEI-Creekside Minnesota, LLC;EENI-Desert Harbor, LLC and acted as a real estate agent on several transactions involving Ron Buchholz.

d. Most of the projects listed above were syndicated with complete Private Placement Memorandums and all related disclosures; accordingly, these investors were familiar with the risks of this type of investing.

e. The sole Members with whom we had no prior business or social relationship were Michael and Tom Cirrito. We requested and were provided, financial qualification forms from both Michael and Tom Cirrito, indicating both were "accredited investors" within the meaning of the Internal Revenue Code and California securities regulations—having net worth in excess of $1 million at the time of purchase or $200,000 income in each of last two years and reasonable expectation of same in current year.

f. Each investor represented that he/she was purchasing for his/her own account and not with a view to sell. This representation is contained in Section 13.10(d) of the Operating Agreement itself, which reads as follows:

> The Member's investment in Interests in the Company is made for the Member's own account for investment purposes only and not with a view to the resale or distribution of such interest.

Indeed, the Operating Agreement heavily restricts any attempted transfers of Members' interest. Section 11 of the agreement prohibits transfers (i) unless made to another Member of the LLC or (ii) unless the LLC and its Members are offered a right of first refusal to purchase on terms offered a third party. Operating Agreement, §§11.2(a)-(d).

7. Through the monies raised from Solomon Towers, LLC Members and Noteholders—a total of $5 million—we were able to complete the purchase for the project property in April 2005. Contrary to the allegations in Plaintiffs' Complaint, the price for the project was negotiated at arm's length and was fair market value for what was purchased. The price covered not only the purchase of the land but also the predevelopment work—including conceptual design and project entitlement work—for the proposed building that had been completed by the prior property owner. The purchase price and terms were disclosed to the investors prior to their decision to participate in the project and the escrow closing statement was distributed to the investors upon completion of the transaction on April 11, 2005.

8. My brother and I have served as the "managers" of Solomon Towers, LLC since its inception. Contrary to the allegations of the Complaint, there has at no time been any commingling or misdirection of investor funds. All monies raised from the investors have gone into the purchase of the underlying property.

9. Presently, due to the tight state of the financial lending industry and the depressed housing market, the Solomon Towers project is on hold. We periodically conduct telephone conference calls with Solomon Towers, LLC Members and Noteholders to discuss project alternatives. The vast majority of the Members and Noteholders have expressed their view in these calls that it is in the best interests of the project to have us continue to develop the project or sell it in bulk. The present litigation, of course, is highly disruptive of such efforts.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Declaration is signed on July 18, 2008 in San Jose California.

By: Charice Fischer
Charice Fischer

Andrew A. August, SBN 112851
aaugust@pinnaclelawgroup.com
William W. Schofield, SBN 062674
wschofield@pinnaclelawgroup.com
Pinnacle Law Group, LLP
425 California Street, Suite 1800
San Francisco, California 94104
Telephone 415.394.5700
Facsimile 415.434.5380

Attorneys for Defendants Ronald Buchholz, Charice Fischer, RDB Development, LLC, and Solomon Capital, Inc.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

(SAN JOSE DIVISION)

| | |
|---|---|
| STEVE TRACHSEL, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>RONALD BUCHHOLZ, et al,<br><br>Defendants. | Case No. C08-02248 RMW<br><br>**DECLARATION OF MELODY J. BUCHHOLZ IN OPPOSITION TO PLAINTIFFS' APPLICATION FOR RIGHT TO ATTACH ORDER**<br><br>Date: August 8, 2008<br>Time: 9:00 a.m.<br>Ctrm: 6<br>Judge: Hon. Ronald M. Whyte |

I, Melody J. Buchholz, say:

1. I am the Trustee of the Buchholz Family Trust. I have personal knowledge of the following facts and could competently testify to them if called as a witness.

2. The Buchholz Family Trust is the holder of a 1.27% Membership Interest in Solomon Towers, LLC, an entity that was formed in 2005 for the purpose of purchasing property in Phoenix, Arizona for the ultimate development of a condominium project. The investment opportunity was presented to me and approximately 30 other people at a dinner meeting on February 3, 2005 by Ron Buchholz and Charice Fischer, who are my son and daughter and through whom I had had prior investment experience. The Buchholz Family Trust has invested $108,900 as

a Member of this project. In addition, I personally have loaned Solomon Towers, LLC $58,000 through my IRA and am listed as a Noteholder in the Operating Agreement.

3. I am aware of the present litigation being brought by three of the eighteen Members of Solomon Towers, LLC and am very concerned that it is and will continue to be disruptive of the continuing activities by Mr. Buchholz and Ms. Fischer, as managers of Solomon Towers, LLC, to either develop the project or to sell it to third party investors.

4. I have participated in telephone conference calls with Members and Noteholders of Solomon Towers, LLC where the future of the project was discussed. The vast majority of the Members and Noteholders expressed their view in these calls that it is in the best interests of the Project to have the managers continue to develop the project or sell it in bulk.

5. I strongly oppose any efforts by the Plaintiffs here, who own minority interests in Solomon Towers, LLC, to tie up any funds of either the project or its managers for their own tactical benefit in the litigation. I firmly believe that such an effort is detrimental to the interests of Solomon Towers, LLC and its Members and Noteholders.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Declaration is signed on July 16, 2008 in San Jose, California.

By: [signature]
Melody J. Buchholz

Andrew A. August, SBN 112851
aaugust@pinnaclelawgroup.com
William W. Schofield, SBN 062674
wschofield@pinnaclelawgroup.com
Pinnacle Law Group, LLP
425 California Street, Suite 1800
San Francisco, California 94104
Telephone 415.394.5700
Facsimile 415.434.5380

Attorneys for Defendants Ronald Buchholz, Charice Fischer, RDB Development, LLC, and Solomon Capital, Inc.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

(SAN JOSE DIVISION)

STEVE TRACHSEL, et al.,

Plaintiffs,

vs.

RONALD BUCHHOLZ, et al,

Defendants.

Case No. C08-02248 RMW

**DECLARATION OF WILLIAM E. BUCHHOLZ IN OPPOSITION TO PLAINTIFFS' APPLICATION FOR RIGHT TO ATTACH ORDER**

Date: August 8, 2008
Time: 9:00 a.m.
Ctrm: 6
Judge: Hon. Ronald M. Whyte

I, William E. Buchholz, say:

1. I have personal knowledge of the following facts and could competently testify to them if called as a witness.

2. The Solomon Towers, LLC is an entity that was formed in 2005 for the purpose of purchasing property in Phoenix, Arizona for the ultimate development of a condominium project. The investment opportunity was presented to me and approximately 30 other people at a dinner meeting on February 3, 2005 by Ron Buchholz and Charice Fischer, who are my son and daughter and through whom I had had prior investment experience. I personally have loaned Solomon

Towers, LLC $175,100 through my IRA accounts and am listed as a Noteholder in the Operating Agreement.

3. I am aware of the present litigation being brought by three of the eighteen Members of Solomon Towers, LLC and am very concerned that it is and will continue to be disruptive of the continuing activities by Mr. Buchholz and Ms. Fischer, as managers of Solomon Towers, LLC, to either develop the project or to sell it to third party investors.

4. I have participated in telephone conference calls with Members and Noteholders of Solomon Towers, LLC where the future of the project was discussed. The vast majority of the Members and Noteholders expressed their view in these calls that it is in the best interests of the Project to have the managers continue to develop the project or sell it in bulk.

5. I strongly oppose any efforts by the Plaintiffs here, who own minority interests in Solomon Towers, LLC, to tie up any funds of either the project or its managers for their own tactical benefit in the litigation. I firmly believe that such an effort is detrimental to the interests of Solomon Towers, LLC and its Members and Noteholders.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Declaration is signed on July 16 2008 in San Jose, California.

By: [signature]
William E. Buchholz

Andrew A. August, SBN 112851
aaugust@pinnaclelawgroup.com
William W. Schofield, SBN 062674
wschofield@pinnaclelawgroup.com
Pinnacle Law Group, LLP
425 California Street, Suite 1800
San Francisco, California 94104
Telephone 415.394.5700
Facsimile 415.434.5380

Attorneys for Defendants Ronald Buchholz, Charice Fischer, RDB Development, LLC, and Solomon Capital, Inc.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

(SAN JOSE DIVISION)

| | |
|---|---|
| STEVE TRACHSEL, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>RONALD BUCHHOLZ, et al,<br><br>Defendants. | Case No. C08-02248 RMW<br><br>**DECLARATION OF JAN EDBROOKE IN OPPOSITION TO PLAINTIFFS' APPLICATION FOR RIGHT TO ATTACH ORDER**<br><br>Date: August 8, 2008<br>Time: 9:00 a.m.<br>Ctrm: 6<br>Judge: Hon. Ronald M. Whyte |

I, Jan Edbrooke, say:

1. I am the Manager of Daystream ST, LLC. I have personal knowledge of the following facts and could competently testify to them if called as a witness.

2. Daystream ST, LLC is the holder of an 11.68% Membership Interest in Solomon Towers, LLC, an entity that was formed in 2005 for the purpose of purchasing property in Phoenix, Arizona for the ultimate development of a condominium project. The investment opportunity was presented to me and approximately 30 other people at a dinner meeting on February 3, 2005 by Ron Buchholz and Charice Fischer, through whom I had had prior investment experience. The Daystream ST, LLC has invested $1,000,000 in this project as a Member.

3. I am aware of the present litigation being brought by three of the eighteen Members of Solomon Towers, LLC and am very concerned that it is and will continue to be disruptive of the continuing activities by Mr. Buchholz and Ms. Fischer, as managers of Solomon Towers, LLC, to either develop the project or to sell it to third party investors.

4. I have participated in telephone conference calls with Members and Noteholders of Solomon Towers, LLC where the future of the project was discussed. The vast majority of the Members and Noteholders expressed their view in these calls that it is in the best interests of the Project to have the managers continue to develop the project or sell it in bulk.

5. I strongly oppose any efforts by the Plaintiffs here, who own minority interests in Solomon Towers, LLC, to tie up any funds of either the project or its managers for their own tactical benefit in the litigation. I firmly believe that such an effort is detrimental to the interests of Solomon Towers, LLC and its Members and Noteholders.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Declaration is signed on July 17th, 2008 in SAN JOSE, California.

By ______________________
Jan Edbrooke, MANAGER
DAYSTREAM ST, LLC

Andrew A. August, SBN 112851
aaugust@pinnaclelawgroup.com
William W. Schofield, SBN 062674
wschofield@pinnaclelawgroup.com
Pinnacle Law Group, LLP
425 California Street, Suite 1800
San Francisco, California 94104
Telephone 415.394.5700
Facsimile 415.434.5380

Attorneys for Defendants Ronald Buchholz, Charice Fischer, RDB Development, LLC, and Solomon Capital, Inc.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

(SAN JOSE DIVISION)

| | |
|---|---|
| STEVE TRACHSEL, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>RONALD BUCHHOLZ, et al,<br><br>Defendants. | Case No. C08-02248 RMW<br><br>**DECLARATION OF ALAN J. FIGONE IN OPPOSITION TO PLAINTIFFS' APPLICATION FOR RIGHT TO ATTACH ORDER**<br><br>Date: August 8, 2008<br>Time: 9:00 a.m.<br>Ctrm: 6<br>Judge: Hon. Ronald M. Whyte |

I, Alan J. Figone, say:

1. I am the Trustee of the Figone Family Living Trust. I have personal knowledge of the following facts and could competently testify to them if called as a witness.

2. The Figone Family Living Trust is the holder of a 0.92% Membership Interest in Solomon Towers, LLC, an entity that was formed in 2005 for the purpose of purchasing property in Phoenix, Arizona for the ultimate development of a condominium project. The investment opportunity was presented to me and approximately 30 other people at a dinner meeting on February 3, 2005 by Ron Buchholz and Charice Fischer, through whom I had had prior investment experience. The Figone Family Living Trust has invested $78,500 as a Member of this project. In

addition, my wife and I have personally have loaned Solomon Towers, LLC $121,500 through our IRA accounts and are listed as Noteholders in the Operating Agreement.

3. I am aware of the present litigation being brought by three of the eighteen Members of Solomon Towers, LLC and am very concerned that it is and will continue to be disruptive of the continuing activities by Mr. Buchholz and Ms. Fischer, as managers of Solomon Towers, LLC, to either develop the project or to sell it to third party investors.

4. I have participated in telephone conference calls with Members and Noteholders of Solomon Towers, LLC where the future of the project was discussed. The vast majority of the Members and Noteholders expressed their view in these calls that it is in the best interests of the Project to have the managers continue to develop the project or sell it in bulk.

5. I strongly oppose any efforts by the Plaintiffs here, who own minority interests in Solomon Towers, LLC, to tie up any funds of either the project or its managers for their own tactical benefit in the litigation. I firmly believe that such an effort is detrimental to the interests of Solomon Towers, LLC and its Members and Noteholders.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Declaration is signed on July 16, 2008 in San Jose, California.

By: ______________________
Alan J. Figone

Andrew A. August, SBN 112851
aaugust@pinnaclelawgroup.com
William W. Schofield, SBN 062674
wschofield@pinnaclelawgroup.com
Pinnacle Law Group, LLP
425 California Street, Suite 1800
San Francisco, California 94104
Telephone 415.394.5700
Facsimile 415.434.5380

Attorneys for Defendants Ronald Buchholz, Charice Fischer, RDB Development, LLC, and Solomon Capital, Inc.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

(SAN JOSE DIVISION)

STEVE TRACHSEL, et al.,

Plaintiffs,

vs.

RONALD BUCHHOLZ, et al,

Defendants.

Case No. C08-02248 RMW

**DECLARATION OF DENNIS KRANTZ IN OPPOSITION TO PLAINTIFFS' APPLICATION FOR RIGHT TO ATTACH ORDER**

Date: August 8, 2008
Time: 9:00 a.m.
Ctrm: 6
Judge: Hon. Ronald M. Whyte

I, Dennis Krantz, say:

1. I have personal knowledge of the following facts and could competently testify to them if called as a witness.

2. Through my IRA account with Equity Trust Company, I am the holder of a 1.75% Membership Interest in Solomon Towers, LLC, an entity that was formed in 2005 for the purpose of purchasing property in Phoenix, Arizona for the ultimate development of a condominium project. The investment opportunity was presented to me and approximately 30 other people at a dinner meeting on February 3, 2005 by Ron Buchholz and Charice Fischer, through whom I had had prior

investment experience. I have invested $150,000 in this project as a Member. Additionally, I have loaned Solomon Towers, LLC an additional $445,000 and am a listed Noteholder in the Operating Agreement.

3. I am aware of the present litigation being brought by three of the eighteen Members of Solomon Towers, LLC and am very concerned that it is and will continue to be disruptive of the continuing activities by Mr. Buchholz and Ms. Fischer, as managers of Solomon Towers, LLC, to either develop the project or to sell it to third party investors.

4. I have participated in telephone conference calls with Members and Noteholders of Solomon Towers, LLC where the future of the project was discussed. The vast majority of the Members and Noteholders expressed their view in these calls that it is in the best interests of the Project to have the managers continue to develop the project or sell it in bulk.

5. I strongly oppose any efforts by the Plaintiffs here, who own minority interests in Solomon Towers, LLC, to tie up any funds of either the project or its managers for their own tactical benefit in the litigation. I firmly believe that such an effort is detrimental to the interests of Solomon Towers, LLC and its Members and Noteholders.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Declaration is signed on July 18, 2008 in San Jose, California.

By: ____________________
Dennis Krantz

Andrew A. August, SBN 112851
aaugust@pinnaclelawgroup.com
William W. Schofield, SBN 062674
wschofield@pinnaclelawgroup.com
Pinnacle Law Group, LLP
425 California Street, Suite 1800
San Francisco, California 94104
Telephone 415.394.5700
Facsimile 415.434.5380

Attorneys for Defendants Ronald Buchholz, Charice Fischer, RDB Development, LLC, and Solomon Capital, Inc.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

(SAN JOSE DIVISION)

| | |
|---|---|
| STEVE TRACHSEL, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>RONALD BUCHHOLZ, et al,<br><br>Defendants. | Case No. C08-02248 RMW<br><br>**DECLARATION OF TONY LIARDON IN OPPOSITION TO PLAINTIFFS' APPLICATION FOR RIGHT TO ATTACH ORDER**<br><br>Date: August 8, 2008<br>Time: 9:00 a.m.<br>Ctrm: 6<br>Judge: Hon. Ronald M. Whyte |

I, Tony Liardon, say:

1. I have personal knowledge of the following facts and could competently testify to them if called as a witness.

2. My wife and I are the holders of a 0.70% Membership Interest in Solomon Towers, LLC, an entity that was formed in 2005 for the purpose of purchasing property in Phoenix, Arizona for the ultimate development of a condominium project. The investment opportunity was presented to me by Ron Buchholz who I have known personally for many years. In fact, I served as the pastor at Mr. Buchholz's wedding. My wife and I have invested $60,000 as Members of this project.

3. I am aware of the present litigation being brought by three of the eighteen Members of Solomon Towers, LLC and am very concerned that it is and will continue to be disruptive of the continuing activities by Mr. Buchholz and Ms. Fischer, as managers of Solomon Towers, LLC, to either develop the project or to sell it to third party investors.

4. I have participated in telephone conference calls with Members and Noteholders of Solomon Towers, LLC where the future of the project was discussed. The vast majority of the Members and Noteholders expressed their view in these calls that it is in the best interests of the Project to have the managers continue to develop the project or sell it in bulk.

5. I strongly oppose any efforts by the Plaintiffs here, who own minority interests in Solomon Towers, LLC, to tie up any funds of either the project or its managers for their own tactical benefit in the litigation. I firmly believe that such an effort is detrimental to the interests of Solomon Towers, LLC and its Members and Noteholders.I have become aware of the present litigation being brought by three of the eighteen Members of Solomon Towers, LLC and believe it is disruptive of the continuing activities to either develop the project or to sell it to third party investors.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Declaration is signed on July 17, 2008 in San Jose, California.

By: [signature]
Tony Liardon

Andrew A. August, SBN 112851
aaugust@pinnaclelawgroup.com
William W. Schofield, SBN 062674
wschofield@pinnaclelawgroup.com
Pinnacle Law Group, LLP
425 California Street, Suite 1800
San Francisco, California 94104
Telephone 415.394.5700
Facsimile 415.434.5380

Attorneys for Defendants Ronald Buchholz, Charice Fischer, RDB Development, LLC, and Solomon Capital, Inc.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

(SAN JOSE DIVISION)

STEVE TRACHSEL, et al.,

Plaintiffs,

vs.

RONALD BUCHHOLZ, et al,

Defendants.

Case No. C08-02248 RMW

**DECLARATION OF BETTY MILLER IN OPPOSITION TO PLAINTIFFS' APPLICATION FOR RIGHT TO ATTACH ORDER**

Date: August 8, 2008
Time: 9:00 a.m.
Ctrm: 6
Judge: Hon. Ronald M. Whyte

I, Betty Miller, say:

1. I have personal knowledge of the following facts and could competently testify to them if called as a witness.

2. My husband and I are the holders of a 1.75% Membership Interest in Solomon Towers, LLC, an entity that was formed in 2005 for the purpose of purchasing property in Phoenix, Arizona for the ultimate development of a condominium project. The investment opportunity was presented to me and approximately 30 other people at a dinner meeting on February 3, 2005 by Ron Buchholz and Charice Fischer, who are my nephew and niece. My husband and I have invested $150,000 in this project as Members.

3. I am aware of the present litigation being brought by three of the eighteen Members of Solomon Towers, LLC and am very concerned that it is and will continue to be disruptive of the continuing activities by Mr. Buchholz and Ms. Fischer, as managers of Solomon Towers, LLC, to either develop the project or to sell it to third party investors.

4. I have participated in telephone conference calls with Members and Noteholders of Solomon Towers, LLC where the future of the project was discussed. The vast majority of the Members and Noteholders expressed their view in these calls that it is in the best interests of the Project to have the managers continue to develop the project or sell it in bulk.

5. I strongly oppose any efforts by the Plaintiffs here, who own minority interests in Solomon Towers, LLC, to tie up any funds of either the project or its managers for their own tactical benefit in the litigation. I firmly believe that such an effort is detrimental to the interests of Solomon Towers, LLC and its Members and Noteholders.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Declaration is signed on July 17, 2008 in San Jose, California.

By: Betty Miller
Betty Miller

Andrew A. August, SBN 112851
aaugust@pinnaclelawgroup.com
William W. Schofield, SBN 062674
wschofield@pinnaclelawgroup.com
Pinnacle Law Group, LLP
425 California Street, Suite 1800
San Francisco, California 94104
Telephone 415.394.5700
Facsimile 415.434.5380

Attorneys for Defendants Ronald Buchholz, Charice Fischer, RDB Development, LLC, and Solomon Capital, Inc.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

(SAN JOSE DIVISION)

STEVE TRACHSEL, et al.,

Plaintiffs,

vs.

RONALD BUCHHOLZ, et al,

Defendants.

Case No. C08-02248 RMW

**DECLARATION OF SAM STAFFORD IN OPPOSITION TO PLAINTIFFS' APPLICATION FOR RIGHT TO ATTACH ORDER**

Date: August 8, 2008
Time: 9:00 a.m.
Ctrm: 6
Judge: Hon. Ronald M. Whyte

I, Sam Stafford, say:

1. I am the Manager of the Tower Capital Partners, LLC. I have personal knowledge of the following facts and could competently testify to them if called as a witness.

2. The Tower Capital Partners, LLC is the holder of a 1.75% Membership Interest in Solomon Towers, LLC, an entity that was formed in 2005 for the purpose of purchasing property in Phoenix, Arizona for the ultimate development of a condominium project. The investment opportunity was presented to me and approximately 30 other people at a dinner meeting on February 3, 2005 by Ron Buchholz and Charice Fischer, through whom I had had prior investment experience. Tower Capital Partners, LLC has invested $150,000 in this project as a Member.

3. I am aware of the present litigation being brought by three of the eighteen Members of Solomon Towers, LLC and am very concerned that it is and will continue to be disruptive of the continuing activities by Mr. Buchholz and Ms. Fischer, as managers of Solomon Towers, LLC, to either develop the project or to sell it to third party investors.

4. I have participated in telephone conference calls with Members and Noteholders of Solomon Towers, LLC where the future of the project was discussed. The vast majority of the Members and Noteholders expressed their view in these calls that it is in the best interests of the Project to have the managers continue to develop the project or sell it in bulk.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Declaration is signed on July 17, 2008 in San Jose, California.

By:
Sam Stafford