Andrew A. August, SBN 112851
aaugust@pinnaclelawgroup.com
William W. Schofield, SBN 062674
wschofield@pinnaclelawgroup.com
Pinnacle Law Group, LLP
425 California Street, Suite 1800
San Francisco, California 94104
Telephone 415.394.5700
Facsimile 415.394.5003

Attorneys for Defendants Ronald Buchholz,
Charice Fischer, RDB Development, LLC,
and Solomon Capital, Inc.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

(SAN JOSE DIVISION)

| | |
|---|---|
| STEVE TRACHSEL, et al., <br><br>          Plaintiffs, <br>   vs. <br><br> RONALD BUCHHOLZ, et al, <br><br>          Defendants. | Case No. C08-02248 RMW <br><br> **OBJECTIONS TO DECLARATION OF STEVE TRACHSEL IN SUPPORT OF APPLICATION FOR RIGHT TO ATTACH ORDER** <br><br> Date:   August 8, 2008 <br> Time:   9:00 a.m. <br> Ctrm:   6 <br> Judge:  Hon. Ronald M. Whyte |

Defendants Ronald Buchholz, Charice Fischer, RDB Development, LLC, and Solomon Capital, Inc. hereby object to the following portions of the "Declaration of Steve Trachsel in Support of Application for Right To Attach Order and Order for Issuance of Writ of Attachment After Hearing" dated April 30, 2008.

Para. 3, 2:19-22: Lack of foundation; lack of personal knowledge; hearsay; improper opinion testimony. Mr. Trachsel does not identify how he "learned" Defendants "neither qualified nor exempted themselves to be issuers or broker-dealers of securities" and the statement therefore lacks foundation, fails to display personal knowledge (FRE 602), and necessarily is based on

*Trachsel, et al v.Buchholz, et al.*                                                  - 1
No. C08 02248 RMW
Objections to Trachsel Declaration in Support of Plaintiffs' Right To Attach Application

1  hearsay. FRE 801(c). The statement also attempts to state a legal conclusion and is improper
2  opinion testimony by a lay witness. FRE 701.

4       <u>Para. 4, 2:23-26</u>: Lack of foundation; lack of personal knowledge; hearsay. Mr. Trachsel
5  does not identify the source of the information contained in this paragraph or establish personal
6  knowledge (FRE 602), which necessarily must be based on hearsay. FRE 801(c); 802.

8       <u>Para. 5, 3:4-6</u>: Improper opinion testimony. The statement that Defendant Fischer
9  "materially misrepresented the actual return or 'profit'" attempts to state an opinion or legal
10 conclusion and is improper opinion testimony by a lay witness. FRE 701.

12      <u>Para. 5, 3:6-8</u>: Lack of foundation; lack of personal knowledge; hearsay. The statement of
13 what was represented to other investors is based "upon information and belief" and is inadmissible
14 hearsay. FRE 801(c); 802. Mr. Trachsel does not identify the source of the information contained
15 in this sentence or establish personal knowledge of it. FRE 602.

17      <u>Para. 5, 3:12-14</u>: Hearsay; improper opinion testimony. Mr. Trachsel is attempting to
18 recount what is contained in a financial pro forma document, which is hearsay. FRE 801(c); 802.
19 Mr. Trachsel is also characterizing the financial state of the project based on the document (which
20 he does not even attach to his Declaration), but he has not qualified himself as an expert on the issue
21 and the testimony is improper opinion by a lay witness. FRE 701.

23      <u>Para. 6., 3:20-21</u>: Lack of foundation; lack of personal knowledge; hearsay. This testimony
24 concerning how Defendants applied the investment funds is a generalized statement that lacks
25 foundation and appears to be based on inadmissible hearsay. FRE 801(c); 802. Mr. Trachsel does
26 not identify the source of his information contained or establish personal knowledge of it. FRE 602.

_____

*Trachsel, et al v.Buchholz, et al.*                            - 2
No. C08 02248 RMW
Objections to Trachsel Declaration in Support of Plaintiffs' Right To Attach Application

1      <u>Para. 6, 3:21-23</u>:  Lack of foundation; lack of personal knowledge; hearsay; improper opinion testimony.  Mr. Trachsel does not identify the source of the information contained in this sentence or establish personal knowledge (FRE 602), which necessarily must be based on hearsay. FRE 801(c); 802.  The phrase "fraudulent enterprise" is improper opinion testimony by a lay witness.  FRE 701.

    <u>Para. 8, 4:1-3</u>:  Lack of foundation.  FRE 602.  The amount invested by the Plaintiffs in the Solomn Towers project was NOT $5,100,000, which is the total received from all investors.  The Plaintiffs invested $1 million as shown in the Operating Agreement attached to the Complaint as Exhibit C.

    <u>Para. 11, 4:15-16</u>.  Lack of foundation; lack of personal knowledge; improper opinion testimony.  Mr. Trachsel does not explain the basis for the conclusory statement that the cost of a bond "is prohibitive" and the statement lacks foundation and is not shown to be based on personal knowledge.  FRE 602.  The term "prohibitive" is meaningless opinion testimony given by a lay witness.  FRE 701.

Dated:  July 18, 2008.                                   PINNACLE LAW GROUP, LLP


By:  /s/ William W. Schofield
     William W. Schofield
     Attorneys for Defendants
     Ronald Buchholz, Charice Fischer,
     RDB Development, LLC,
     and Solomon Capital, Inc.

*Trachsel, et al v.Buchholz, et al.*                                   - 3
No. C08 02248 RMW
Objections to Trachsel Declaration in Support of Plaintiffs' Right To Attach Application