1   Andrew A. August, SBN 112851
    aaugust@pinnaclelawgroup.com
2   William W. Schofield, SBN 062674
    wschofield@pinnaclelawgroup.com
3   Pinnacle Law Group, LLP
    425 California Street, Suite 1800
4   San Francisco, California 94104
    Telephone 415.394.5700
5   Facsimile 415.394-5003

6   Attorneys for Defendants Ronald Buchholz,
    Charice Fischer, RDB Development, LLC,
7   and Solomon Capital, Inc.

8

9                       UNITED STATES DISTRICT COURT
10                     NORTHERN DISTRICT OF CALIFORNIA

11                          (SAN JOSE DIVISION)

12
    STEVE TRACHSEL, an individual, SUN          Case No. C08-02248 RMW
13  CITY TOWERS, LLC, a California
    corporation, THOMAS CIRRITO, an
14  individual, ATOCHA LAND, LLC, a
    Delaware limited liability company,
15  MICHAEL CIRRITO, an individual, and         **ANSWER TO COMPLAINT**
    CIRRITO HOLDINGS, LLC, a Delaware
16  limited liability company,                  **(JURY TRIAL DEMANDED)**

17                            Plaintiffs,
18          vs.

19  RONALD BUCHHOLZ, CHARICE
    FISCHER, RDB DEVELOPMENT,
20  LLC, a Nevada limited liability company,
    SOLOMON CAPITAL, INC., a Nevada
21  corporation, JONATHAN VENTO,
    GRACE CAPITAL, LLC dba GRACE
22  COMMUNITIES, an Arizona limited
    liability company, DONALD
23  ZELEZNAK, Z-LOFT, INC., an Arizona
    limited liability company, ZELEZNAK
24  PROPERTY MANAGEMENT, LLC, an
    Arizona limited liability company,
25  KELLER WILLIAMS REALTY, INC., a
    Texas corporation, and DOES 1-5,
26  inclusive,

27                            Defendants.

28

_Trachsel, et al v.Buchholz, et al._                    - 1 -
No. C08 02248 RMW
Answer to Complaint

**DEMAND FOR JURY TRIAL**

Defendants Ronald Buchholz, Charice Fischer, RDB Development, LLC, and Solomon Capital, Inc. demand a jury trial as provided in Federal Rule of Civil Procedure 38(a).

**ANSWER**

Defendants Ronald Buchholz, Charice Fischer, RDB Development, LLC, and Solomon Capital, Inc. answer Plaintiffs' Complaint as follows:

1.      Answering paragraph 1, Defendants admit the action purports to state claims for relief on the theories cited but denies Plaintiffs are entitled to any relief.

2.      Defendants deny the allegations of paragraph 2.

3.      Defendants deny the allegations of paragraph 3.

4.      Answering paragraph 4, Defendants admit the action purports to state claims for relief on the theories cited but denies Plaintiffs are entitled to any relief.

5.      Answering paragraph 5, Defendants dispute federal subject matter jurisdiction.

6.      Answering paragraph 6, Defendants dispute federal subject matter jurisdiction.

7.      Answering paragraph 7, Defendants admit venue in this district is proper; thus the remaining allegations of the paragraph are irrelevant and need not be responded to.  If any response is required, the allegations are denied.

8.      Answering paragraph 8, Defendants do not contest personal jurisdiction; thus the remaining allegations of the paragraph are irrelevant and need not be responded to.  If any response is required, the allegations are denied.

9.      Answering paragraph 9, Defendants do not contest personal jurisdiction; thus the remaining allegations of the paragraph are irrelevant and need not be responded to.  If any response is required, the allegations are denied.

10.      Answering paragraph 10, Defendants do not contest personal jurisdiction; thus the remaining allegations of the paragraph are irrelevant and need not be responded to.  If any response is required, the allegations are denied.

11.      Defendants are without knowledge or information sufficient to form a belief as to the allegations of paragraph 11, and on that basis deny them.

12.     Defendants are without knowledge or information sufficient to form a belief as to the allegations of paragraph 12, and on that basis deny them.

13.     Defendants are without knowledge or information sufficient to form a belief as to the allegations of paragraph 13, and on that basis deny them.

14.     Answering paragraph 14, Defendants deny that Plaintiff Trachsel directly invested in Solomon Towers, LLC.  Sun City Towers, LLC, of which Mr. Trachsel is the manager, was the investor. Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations of the paragraph, and on that basis deny them.

15.     Answering paragraph 15, Defendants admit Sun City Towers, LLC invested in Solomon Towers, LLC.  Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations of the paragraph, and on that basis deny them.

16.     Answering paragraph 16, Defendants deny that Plaintiff Thomas Cirrito directly invested in Solomon Towers, LLC.  Atocha Land, LLC, of which Thomas Cirrito is the manager, was the investor. Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations of the paragraph, and on that basis deny them.

17.     Answering paragraph 17, Defendants admit Atocha Land, LLC invested in Solomon Towers, LLC.  Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations of the paragraph, and on that basis deny them.

18.     Answering paragraph 18, Defendants deny that Plaintiff Michael Cirrito directly invested in Solomon Towers, LLC.  Cirrito Holdings, LLC, of which Michael Cirrito is the manager, was the investor. Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations of the paragraph, and on that basis deny them.

19.      Answering paragraph 19, Defendants admit Cirrito Holdings, LLC invested in Solomon Towers, LLC.  Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations of the paragraph, and on that basis deny them.

20.     Defendants deny the allegations of paragraph 20 except admit Solomon Capital, Inc.'s maintains an office in San Jose, California.

21.     Answering paragraph 21, Defendants admit that Defendant Ronald Buchholz is a resident of the state of Nevada.

22.     Answering paragraph 22, Defendants admit that Defendant Charice Fischer is a resident of the state of Nevada.

23.     Defendants are without knowledge or information sufficient to form a belief as to the allegations of paragraph 23, and on that basis deny them.

24.     Defendants are without knowledge or information sufficient to form a belief as to the allegations of paragraph 24 and on that basis deny them.

25.     Defendants are without knowledge or information sufficient to form a belief as to the allegations of the first sentence of paragraph 25, and on that basis deny them.  Defendants deny the remaining allegations of the paragraph.

26.     Defendants are without knowledge or information sufficient to form a belief as to the allegations of the first sentence of paragraph 26, and on that basis deny them.  Defendants deny the remaining allegations of the paragraph.

27.     Defendants are without knowledge or information sufficient to form a belief as to the allegations of the first sentence of paragraph 27, and on that basis deny them.  Defendants deny the remaining allegations of the paragraph.

28.     Defendants admit the allegations of the first sentence of paragraph 28.  Defendants deny the remaining allegations of the paragraph.

29.     Defendants are without knowledge or information sufficient to form a belief as to the allegations of the first sentence of paragraph 29, and on that basis deny them.  Defendants deny the remaining allegations of the paragraph.

30.     Defendants are without knowledge or information sufficient to form a belief as to the allegations of paragraph 30 and on that basis deny them.

31.     Defendants admit the allegations of paragraph 31.

32.     Defendants admit the allegations of paragraph 32.

33.     Answering paragraph 33, Defendants admit that Equity Enterprises, Inc. is the predecessor to Solomon Capital, Inc and that Ronald Buchholz was the President of both entities.

1    Defendants are uncertain what Plaintiffs mean by the phrase "associated with" in the first sentence

2    of the paragraph and therefore deny that allegation on information and belief.  Defendants deny the

3    remaining allegations of the paragraph.

4         34.    Defendants admit the allegations of paragraph 34 but deny that any investors in

5    Solomon Towers, LLC were "met through their relationship with the Church."

6         35.    Defendants deny the allegations of paragraph 35.

7         36.    Answering paragraph 36, Defendants admit Plaintiffs have invested in other real

8    estate investment opportunities offered through Defendants Ronald Buchholz and Charice Fischer.

9    Defendants do not understand the second sentence of the paragraph and therefore denies the

10   allegations there on information and belief.

11        37.    Answering paragraph 37, Defendants deny that Defendants Charice Fischer and

12   Solomon Capital, Inc. received Developer Fees.  Defendants do not understand, and Plaintiffs do

13   not explain, what is meant by the phrase "each alleged investment," and therefore denies the

14   remaining allegations of the paragraph on information and belief.

15        38.    Defendants deny the allegations of paragraph 38.

16        39.    Answering paragraph 39, Defendants deny that Defendants Charice Fischer and

17   Solomon Capital, Inc. received Developer Fees.  Defendants further deny that any Developer

18   Fees—which were disclosed to the investors—operated "to the detriment" of the investors.

19        40.    Defendants deny the allegations of paragraph 40.

20        41.    Defendants deny the allegations of paragraph 41.

21        42.    Defendants deny the allegations of paragraph 42.

22        43.    Defendants deny the allegations of paragraph 43.

23        44.    Defendants admit the allegations of paragraph 44.

24        45.    Answering paragraph 45, Defendants admit no Private Placement Memorandum was

25   created but deny that the information concerning the project was limited to the Power Point

26   presentation and the pro forma.

27        46.    Answering paragraph 46, Defendants deny Zeleznak attended the February 3, 2005

28   meeting where the Solomon Towers, LLC opportunity was discussed.  Defendants admit that

several months after Solomon Towers, LLC was formed, Zeleznak attended a meeting of investors unrelated to Solomon Towers, LLC.

47.    Defendants admit the allegations of paragraph 47.

48.    Defendants admit the allegations of paragraph 48 but deny that Defendant Solomon Capital, Inc. was a "manager" or was otherwise involved in Solomon Towers, LLC.

49.    The allegations of paragraph 49 contain legal conclusions that Defendants are not required to admit or deny.  If any response is required, the allegations are denied.

50.    Defendants deny the allegations of paragraph 50.

51.    Defendants deny the allegations of paragraph 51.

52.    Defendants deny the allegations of paragraph 52.

53.    Answering paragraph 53, Defendants do not understand, and Plaintiffs do not explain, what is meant by the phrase "additional investors or members" or "their ostensible 'partners,'" and therefore deny the allegations of the paragraph on information and belief.  The Operating Agreement of Solomon Towers, LLC restricts the admission of new members and requires member vote and approval of joint ventures.

54.    Answering paragraph 54, Defendants deny that Defendant Solomon Capital, Inc. was a "manager" or was otherwise involved in Solomon Towers, LLC.  Defendants deny the remaining allegations of the paragraph.

55.    Defendants are without knowledge or information sufficient to form a belief as to the allegations of paragraph 55, and on that basis deny them.

56.    Defendants are without knowledge or information sufficient to form a belief as to the allegations of paragraph 56, and on that basis deny them.

57.    Answering paragraph 57, Defendants admit Solomon Towers, LLC purchased the property from Z Lofts LLC for approximately the amount stated and that the sale closed on April 11, 2005.  Defendants deny the remaining allegations of the paragraph.

58.    Defendants deny the allegations of paragraph 58.

59.    Defendants deny the allegations of paragraph 59.

60.    Defendants deny the allegations of paragraph 60 but admit that Exhibit D is a true and correct copy of the HUD-1 closing statement.

61.    Defendants deny the allegations of paragraph 61.

62.    Defendants deny the allegations of paragraph 62.

63.    Answering paragraph 63, Defendants deny that Defendants Charice Fischer and Solomon Capital, Inc. received Developer Fees.  Defendants further deny that any Developer Fees—which were disclosed to the investors—operated "to the detriment" of the investors. Defendants admit that there was to be a sharing of profits from ultimate sales of condominiums. Defendants deny the remaining allegations of the paragraph.

64.    Defendants deny the allegations of paragraph 64.

65.    Answering paragraph 65, Defendants deny any fraud, Enterprise, or attempts to disguise any actions.

66.    Defendants deny the allegations of paragraph 66.

67.    Answering paragraph 67, Defendants deny that "the Property was not worth the amount that would be paid" and also deny that the dollar per square footage figures represent comparable properties or investments.

68.    Defendants deny the allegations of paragraph 68.

69.    Answering paragraph 69, Defendants fully disclosed the relationships of the parties to the sale and further disclosed the $1 million fee.

70.    Defendants deny the allegations of paragraph 70.

71.    Answering paragraph 71, Defendants deny that any representations were made that capital calls would not be required.  The Operating Agreement specifically mentions the possibility of additional funding.

72.    Answering paragraph 72, Defendants deny any material misrepresentations, including any concerning the size of the project.

73.    Answering paragraph 73, Defendants deny any material misrepresentations, including any concerning profitability.  The investors were told they would receive 50% of any

1  profits that the project paid.  Defendants further deny the characterization of the February 2008 pro

2  forma as stated in the last sentence of the paragraph.

3       74.     Answering paragraph 74, Defendants deny any representations were made of present

4  zoning for 15 stories.  The 15-story alternative was presented to show the potential financial effect

5  by changing the height.

6       75.     Answering paragraph 75, Defendants deny any material misrepresentations,

7  including any concerning timing.  Defendants admit that project construction has not begun.

8       76.     Answering paragraph 76, Defendants deny any material misrepresentations,

9  including any concerning viability.  Defendants further deny the allegations of the last two

10  sentences of the paragraph.

11       77.     Defendants deny the allegations of paragraph 77.

12       78.     Defendants deny the allegations of paragraph 78.

13       79.     Defendants deny the allegations of paragraph 79.

14       80.     Answering paragraph 80, Defendants deny any material misrepresentations,

15  including any concerning viability.  Defendants further deny the allegations of the last two

16  sentences of the paragraph.

17       81.     Defendants are without knowledge or information sufficient to form a belief as to the

18  allegations of paragraph 81, and on that basis deny them.

19       82.     Defendants are without knowledge or information sufficient to form a belief as to the

20  allegations of paragraph 82, and on that basis deny them.

21       83.     Answering paragraph 83, Defendants deny that "the contents of the offices" were

22  seized, but admit that file information was taken.

23       84.     Defendants neither admit nor deny the allegations of paragraph 84, as they are not

24  allegations to which responsive pleading is required.

25       85.     The allegations of paragraph 85 contain legal conclusions that Defendants are not

26  required to admit or deny.  If any response is required, the allegations are denied.

27       86.     Defendants deny the allegations of paragraph 86.

28       87.     Defendants deny the allegations of paragraph 87.

88.    Defendants deny the allegations of paragraph 88.

89.    Defendants deny the allegations of paragraph 89.

90.    Defendants deny the allegations of paragraph 90.

91.    Defendants deny the allegations of paragraph 91.

92.    Defendants deny the allegations of paragraph 92.

93.    Defendants deny the allegations of paragraph 93.

94.    Defendants deny the allegations of paragraph 94.

95.    Defendants deny the allegations of paragraph 95.

96.    Defendants deny the allegations of paragraph 96.

97.    Defendants deny the allegations of paragraph 97.

98.    Defendants deny the allegations of paragraph 98.

99.    Defendants deny the allegations of paragraph 99.

100.   Defendants deny the allegations of paragraph 100.

101.   Defendants deny the allegations of paragraph 101.

102.   Defendants deny the allegations of paragraph 102.

103.   Defendants deny the allegations of paragraph 103.

104.   Defendants neither admit nor deny the allegations of paragraph 104, as they are not allegations to which responsive pleading is required.

105.   Defendants deny the allegations of paragraph 105.

106.   Defendants deny the allegations of paragraph 106.

107.   Defendants deny the allegations of paragraph 107

108.   Defendants deny the allegations of paragraph 108

109.   Defendants deny the allegations of paragraph 109.

110.   Defendants neither admit nor deny the allegations of paragraph 110, as they are not allegations to which responsive pleading is required.

111.   Defendants deny the allegations of paragraph 111.

112.   Defendants deny the allegations of paragraph 112.

113.   Defendants deny the allegations of paragraph 113.

114.    Answering paragraph 114, Defendants contend the purchase price was fair market value.  Defendants deny the remaining allegations of the paragraph.

115.    Defendants deny the allegations of paragraph 115.

116.    Defendants deny the allegations of paragraph 116.

117.    Defendants neither admit nor deny the allegations of paragraph 117, as they are not allegations to which responsive pleading is required.

118.    Defendants deny the allegations of paragraph 118.

119.    Defendants deny the allegations of paragraph 119.

120.    Defendants deny the allegations of paragraph 120.

121.    Defendants deny the allegations of paragraph 121.

122.    Defendants neither admit nor deny the allegations of paragraph 122, as they are not allegations to which responsive pleading is required.

123.    Defendants deny the allegations of paragraph 123.

124.    Defendants deny the allegations of paragraph 124.

125.    Defendants deny the allegations of paragraph 125.

126.    Defendants neither admit nor deny the allegations of paragraph 126, as they are not allegations to which responsive pleading is required.

127.    Defendants deny the allegations of paragraph 127.

128.    Answering paragraph 128, Defendants contend the purchase price was fair market value.  Defendants deny the remaining allegations of the paragraph.

129.    Answering paragraph 129, Defendants admit Plaintiffs seek the relief requested but deny they are entitled to it.

130.    Answering paragraph 130, Defendants admit Plaintiffs seek the relief requested but deny they are entitled to it.

131.    Defendants neither admit nor deny the allegations of paragraph 131, as they are not allegations to which responsive pleading is required.

132.    Defendants deny the allegations of paragraph 132.

133.    Defendants deny the allegations of paragraph 133.

134.    Defendants deny the allegations of paragraph 134.

135.    Defendants deny the allegations of paragraph 135.

136.    Defendants neither admit nor deny the allegations of paragraph 136, as they are not allegations to which responsive pleading is required.

137.    Defendants deny the allegations of paragraph 137.  None of these answering Defendants were parties to the Operating Agreement, and only three of the six Plaintiffs were.

138.    Defendants admit the allegations of paragraph 138 but deny that Defendant Solomon Capital, Inc. was a "manager" or was otherwise involved in Solomon Towers, LLC.

139.    Defendants deny the allegations of paragraph 139.

140.    Defendants deny the allegations of paragraph 140.

141.    Defendants deny the allegations of paragraph 141.

142.    Defendants neither admit nor deny the allegations of paragraph 142, as they are not allegations to which responsive pleading is required.

143.    Answering paragraph 143, Defendants contend the purchase price was fair market value.  Defendants deny the remaining allegations of the paragraph.

144.    Defendants deny the allegations of paragraph 144.

145.    Defendants deny the allegations of paragraph 145.

146.    Defendants deny the allegations of paragraph 146.

147.    Defendants deny the allegations of paragraph 147.

148.    Defendants deny the allegations of paragraph 148.

149.    Defendants neither admit nor deny the allegations of paragraph 149, as they are not allegations to which responsive pleading is required.

150.    Answering paragraph 150, Defendants contend the purchase price was fair market value.  Defendants deny the remaining allegations of the paragraph.

151.    Defendants deny the allegations of paragraph 151.

152.    Defendants deny the allegations of paragraph 152.

153.    Defendants deny the allegations of paragraph 153.

154.    Defendants deny the allegations of paragraph 154.

155.     Defendants neither admit nor deny the allegations of paragraph 155, as they are not allegations to which responsive pleading is required.

156.     Defendants deny the allegations of paragraph 156.

157.     Defendants deny the allegations of paragraph 157.

158.     Defendants deny the allegations of paragraph 158.

159.     Defendants deny the allegations of paragraph 159.

160.     Defendants deny the allegations of paragraph 160.

161.     Defendants deny the allegations of paragraph 161.

162.     Answering paragraph 162, Defendants deny any conspiracy, deny Plaintiffs were not sophisticated investors, and deny any concealment.

163.     Defendants deny the allegations of paragraph 163.

164.     Defendants deny the allegations of paragraph 164.

165.     Defendants neither admit nor deny the allegations of paragraph 165, as they are not allegations to which responsive pleading is required.

166.     Defendants deny the allegations of paragraph 166.

167.     Defendants deny the allegations of paragraph 167.

168.     Answering paragraph 168, Defendants admit Plaintiffs seek the relief requested but deny they are entitled to it.

169.     Defendants neither admit nor deny the allegations of paragraph 169, as they are not allegations to which responsive pleading is required.

170.     Defendants deny the allegations of paragraph 170.

171.     Defendants deny the allegations of paragraph 171.

172.     Defendants deny the allegations of paragraph 172.

173.     Defendants deny the allegations of paragraph 173.

174.     Defendants deny the allegations of paragraph 174.

175.     Defendants deny the allegations of paragraph 175.

176.     Defendants neither admit nor deny the allegations of paragraph 176, as they are not allegations to which responsive pleading is required.

1    177.    Defendants deny the allegations of paragraph 177.

2    178.    Defendants deny the allegations of paragraph 178.

3    179.    Answering paragraph 179, Defendants deny any false or misleading representations.

4    180.    Answering paragraph 180, Defendants deny any misrepresentations or omissions of

5    material fact.

6    181.    Defendants deny the allegations of paragraph 181.

7    182.    Defendants neither admit nor deny the allegations of paragraph 182, as they are not

8    allegations to which responsive pleading is required.

9    183.    Answering paragraph 183, Defendants admit that in February 2005, Ronald

10   Buchholz, with assistance from Charice Fischer, made a presentation to a limited group of potential

11   investors of an opportunity to form a limited liability company to buy real estate in Phoenix and

12   develop it into a residential high rise property; also that the presentation included the Power Point

13   and pro forma financials attached to the Complaint as Exhibits A and B; also that the limited

14   liability company was formed; and also that $5,010,000 was raised to purchase the property.

15   Defendants deny the remaining allegations of the paragraph.

16   184.    Defendants deny the allegations of paragraph 184.

17   185.    Answering paragraph 185, Defendants deny that "the Property was not worth the

18   amount that would be paid" and also deny that the dollar per square footage figures represent

19   comparable properties or investments.

20   186.    Defendants deny the allegations of paragraph 186.

21   187.    Answering paragraph 187, Defendants fully disclosed the relationships of the parties

22   to the sale and further disclosed the $1 million fee.

23   188.    Defendants deny the allegations of paragraph 188.

24   189.    Answering paragraph 189, Defendants deny that any representations were made that

25   capital calls would not be required.  The Operating Agreement specifically mentions the possibility

26   of additional funding.

27   190.    Answering paragraph 190, Defendants deny any material misrepresentations,

28   including any concerning the size of the project.

191.    Answering paragraph 191, Defendants deny any material misrepresentations, including any concerning profitability.  The investors were told they would receive 50% of any profits that the project paid.  Defendants further deny the characterization of the February 2008 pro forma as stated in the last sentence of the paragraph.

192.    Answering paragraph 192, Defendants deny any representations were made of present zoning for 15 stories.  The 15-story alternative was presented to show the potential financial effect by changing the height.

193.    Answering paragraph 193, Defendants deny any material misrepresentations, including any concerning timing.  Defendants admit that project construction has not begun.

194.    Answering paragraph 194, Defendants deny any material misrepresentations, including any concerning viability.  Defendants further deny the allegations of the last two sentences of the paragraph.

195.    Defendants deny the allegations of paragraph 195.

196.    Defendants are without knowledge or information sufficient to form a belief as to the allegations of paragraph 196, and on that basis deny them.

197.    Answering paragraph 197, Defendants admit Plaintiffs seek the relief requested but deny they are entitled to it.

198.    Defendants neither admit nor deny the allegations of paragraph 198, as they are not allegations to which responsive pleading is required.

199.    Defendants deny the allegations of paragraph 199.

200.    Answering paragraph 200, Defendants admit that Defendants had prior investment dealings with Defendants Vento and Zeleznak.  Defendants deny the remaining allegations of the paragraph.

201.    Defendants are without knowledge or information sufficient to form a belief as to the allegations of paragraph 201, and on that basis deny them.

202.    Answering paragraph 202, Defendants admit Solomon Towers, LLC purchased the property from Z Lofts LLC for approximately the amount stated and that the sale closed on April 11, 2005.  Defendants deny the remaining allegations of the paragraph.

203.   Defendants deny the allegations of paragraph 203.

204.   Defendants deny the allegations of paragraph 204.

205.   Defendants neither admit nor deny the allegations of paragraph 205, as they are not allegations to which responsive pleading is required.

206.   Defendants deny the allegations of paragraph 206 except admit that Exhibit C to the Complaint is a true and correct copy of the Operating Agreement of Solomon Towers, LLC.  As shown in that agreement, the seller of membership interests was Solomon Towers, LLC.

207.   Defendants deny the allegations of paragraph 207.  The transaction was exempt from registration.

208.   Answering paragraph 208, Defendants admit that all monies received by investors and noteholders was used to purchase the underling property.  Defendants deny the remaining allegations of the paragraph.

209.   Defendants deny the allegations of paragraph 209.

210.   Defendants neither admit nor deny the allegations of paragraph 210, as they are not allegations to which responsive pleading is required.

211.   Defendants deny the allegations of paragraph 211.

212.   Answering paragraph 212, Defendants admit that Defendants had prior investment dealings with Defendants Vento and Zeleznak.  Defendants deny the remaining allegations of the paragraph.

213.   Defendants are without knowledge or information sufficient to form a belief as to the allegations of paragraph 213, and on that basis deny them.

214.   Answering paragraph 214, Defendants admit Solomon Towers, LLC purchased the property from Z Lofts LLC for approximately the amount stated and that the sale closed on April 11, 2005.  Defendants deny the remaining allegations of the paragraph.

215.   Defendants deny the allegations of paragraph 215.

216.   Defendants deny the allegations of paragraph 216.

# AFFIRMATIVE DEFENSES

As separate affirmative defenses to Plaintiffs' Complaint, Defendants allege as follows:

## First Affirmative Defense:  Failure to State a Claim

Plaintiffs' Complaint fails to set forth facts sufficient to state a claim upon which relief may be granted.

## Second Affirmative Defense:  Statute of Limitations

Each of Plaintiffs' claims for relief are timed-barred by the statutes of limitations applicable to those claims.

## Third Affirmative Defense:  Unclean Hands

Plaintiffs' Complaint is barred by the doctrine of unclean hands.

## Fourth Affirmative Defense: *In Pari Delicto*

Plaintiffs' Complaint is barred to the extent Plaintiffs' culpability was greater than Defendants' culpability, if any, in causing the harm allegedly suffered.

## Fifth Affirmative Defense:  Laches

Plaintiffs' Complaint is barred by the doctrine of laches.

## Sixth Affirmative Defense:  Estoppel

Plaintiffs' Complaint is barred by the doctrine of estoppel.

## Seventh Affirmative Defense:  Waiver

Plaintiffs' Complaint is barred by the doctrine of waiver.

## Eighth Affirmative Defense:  Unjust Enrichment

Any recovery by Plaintiffs would result in unjust enrichment and should be disallowed.

## Ninth Affirmative Defense:  Discharge of Obligations

Plaintiffs' Complaint is barred because Defendants have complied with and fully performed all past and current obligations imposed upon it by law, contracts, or equity, and all past and current obligations owed to Plaintiffs have been satisfied, released, or otherwise discharged.

## Tenth Affirmative Defense:  Release

Plaintiffs' Complaint is barred, in whole or in part, by the exculpatory clauses of the underlying agreement.

**Eleventh Affirmative Defense:  Consent**

Plaintiffs' Complaint is barred because Plaintiffs consented to the acts forming the basis of Plaintiffs' allegations with actual and/or constructive knowledge of their rights and without obligation or undue influence.

**Twelfth Affirmative Defense:  No Legal Duty**

Plaintiffs' Complaint is barred, in whole or in part, because Defendants did not owe a legal duty to Plaintiffs, or if Defendants owed a legal duty, that duty was not breached.

**Thirteenth Affirmative Defense:  Failure To Mitigate**

Plaintiffs' Complaint is barred, in whole or in part, to the extent Plaintiffs have failed to mitigate their damages, if any.

**Fourteenth Affirmative Defense:  Superseding Causes**

If Plaintiffs have sustained any damage or loss, such damage or loss was the result of intervening or superseding events, factors, occurrences or conditions that were in no way caused by Defendants, and for which Defendants are not responsible and/or liable.

**Fifteenth Affirmative Defense:  Good Faith**

Plaintiffs' Complaint is barred because the alleged conduct of Defendants was not unfair and was undertaken in good faith for a valid business purpose.

**Sixteenth Affirmative Defense:  Negligence**

If Plaintiffs have sustained any damage or loss, such damage or loss was the result of Plaintiffs' own negligence or lack of due care.

**Seventeenth Affirmative Defense:  Privileged Conduct**

Plaintiffs' Complaint is barred to the extent Defendants' conduct was privileged, lawful, and/or permitted.

**Eighteenth Affirmative Defense:  Justification**

Plaintiffs' Complaint is barred because any act or omission of Defendants was justified.

**Nineteenth Affirmative Defense:  Plaintiffs' Failure of Performance**

Defendants' performance of obligations due under the underlying agreement is excused by Plaintiffs' prior and/or continuing breach and failure of performance under the agreement.

1   **Twentieth Affirmative Defense:  Failure To Join Necessary and Indispensible Parties**

2   Plaintiffs' Complaint is barred because Plaintiffs have failed to join Solomon Towers, LLC

3   and its members and noteholders, who are necessary and indispensible parties to any relief sought.

4   **Twenty-First Affirmative Defense:  Exempted Security**

5   Plaintiffs' Complaint is barred because the sale of interests in Solomon Towers, LLC was

6   exempted from the registration and reporting requirements of the federal and state securities laws.

7   **Twenty-Second Affirmative Defense:  Lack of Privity**

8   Plaintiffs' Complaint is barred because there was no privity of contract between Plaintiffs

9   and Defendants on the transaction that is the subject of this litigation.

10  **Twenty-Third Affirmative Defense:  Reckless Behavior**

11  Plaintiffs' Complaint is barred because Plaintiffs' own reckless conduct caused or

12  contributed to any injury sustained.

13  **Twenty-Fourth Affirmative Defense:  Election of Remedies**

14  Plaintiffs' Complaint is barred to the extent Plaintiffs have pursued inconsistent remedies

15  and have as a matter of law made an election of remedies.

16  **Reservation of Defenses**

17  Defendants reserve the right to raise additional defenses and to supplement those raised here

18  in the event discovery or further investigation indicates that asserting additional defenses is

19  warranted.

20  THEREFORE, Defendants pray that Plaintiffs take nothing by the Complaint, that the

21  Complaint be dismissed, that judgment be entered for Defendants, and that Defendants be awarded

22  costs of suit, attorneys' fees, and any other proper relief.

23
24  Dated:  July 21, 2008.                                      Pinnacle Law Group, LLP

25
26                                                  By:   /s/ William W. Schofield
                                                          William W. Schofield
27                                                        Attorneys for Defendants Ronald Buchholz,
                                                          Charice Fischer, RDB Development, LLC,
28                                                        and Solomon Capital, Inc.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1  Andrew A. August, SBN 112851
   aaugust@pinnaclelawgroup.com
2  William W. Schofield, SBN 062674
   wschofield@pinnaclelawgroup.com
3  Pinnacle Law Group, LLP
   425 California Street, Suite 1800
4  San Francisco, California 94104
   Telephone 415.394.5700
5  Facsimile 415.434.5380

6  Attorneys for Defendants Ronald Buchholz,
   Charice Fischer, RDB Development, LLC,
7  and Solomon Capital, Inc.

8

9

10                 UNITED STATES DISTRICT COURT
                  NORTHERN DISTRICT OF CALIFORNIA

11                      (SAN JOSE DIVISION)

12

13  STEVE TRACHSEL, et al.,              Case No. C08-02248 RMW

14                      Plaintiffs,      **CERTIFICATE OF SERVICE**

         vs.
15
    RONALD BUCHHOLZ, et al.,
16
                        Defendants.
17

18                      **PROOF OF SERVICE**

19       I am employed in the office of a member of the bar of this Court in the City and County of
    San Francisco, at whose direction this service was made.  I am over the age of 18 and not a party to
20  the within action. My business address is 425 California Street, Suite 1800, San Francisco,
    California 94104.
21
         On July 21, 2008, I served true and correct copies of the document described as:
22
    **ANSWER TO COMPLAINT**
23
    on the interested parties in this action addressed as follows [ ] (see attached list):
24
    Jesshill E. Love                     Todd Andrew Roberts
25  jlove@ropers.com                     troberts@ropers.com,
    mmcpherson@ropers.com,               mmcpherson@ropers.com,
26  tcruzada@ropers.com                  rriedell@ropers.com

27

28

---

*Trachsel, et al v.Buchholz, et al.*              - 1 -
No. C08 02248RS
Certificate of Service

1    Michael George Descalso
     mgd@greenechauvel.com
2

3    [X]    BY E-MAIL:  Service was accomplished through the Notice of Electronic Filing for parties
            and counsel who are registered ECF Users.
4

5         I declare under penalty of perjury under the laws of the United States of America that the
     foregoing is true and correct.  Executed on July 21, 2008, at San Francisco, California.

6
                                              /s/ Shauna Hardeman
7                                             SHAUNA HARDEMAN

8    Hon. Hon. Ronald M. Whyte
     United States Bankruptcy Court
9    Courtroom 6, 4th Floor
     280 South 1st Street
10   San Jose, CA 95113
     **Attention: CHAMBERS COPIES**
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28