1    TODD A. ROBERTS (SBN 129722)
     JESSHILL E. LOVE (SBN 208348)
2    ROPERS, MAJESKI, KOHN & BENTLEY
     1001 Marshall Street, Suite 300
3    Redwood City, CA 94063
     Telephone:    (650) 364-8200
4    Facsimile:    (650) 780-1701

5    Attorneys for Plaintiffs
     STEVE TRACHSEL, an individual, SUN CITY
6    TOWERS, LLC, a California limited liability
     company, THOMAS CIRRITO, an individual,
7    ATOCHA LAND, LLC, a Delaware limited liability
     company, MICHAEL CIRRITO, an individual, and
8    CIRRITO HOLDINGS, LLC, a Delaware limited
     liability company

9
                UNITED STATES DISTRICT COURT - NORTHERN DISTRICT OF CALIFORNIA
10
                                    SAN JOSE DIVISION
11

12
     STEVE TRACHSEL, an individual; SUN          CASE NO. C08 02248RMW
13   CITY TOWERS, LLC, a California limited
     liability company; THOMAS CIRRITO, an       PLAINTIFFS' REPLY IN SUPPORT OF
14   individual; ATOCHA LAND, LLC, a             APPLICATION FOR RIGHT TO ATTACH
     Delaware limited liability company;         ORDER
15   MICHAEL CIRRITO, an individual; and
     CIRRITO HOLDINGS, LLC, a Delaware           [FED. R. CIV. PROC. § 65, NORTHERN
16   limited liability company,                  DISTRICT OF CALIFORNIA CIVIL
                                                 LOCAL RULES 7-10 AND 65-1]
17                      Plaintiffs,
                                                 Date:    August 8, 2008
18   v.                                          Time:    9:00 a.m.
                                                 Ctrm:    6
19   RONALD BUCHHOLZ; CHARICE                    Judge:   Hon. Ronald M. Whyte
     FISCHER; RDB DEVELOPMENT, LLC,
20   a Nevada limited liability company;
     SOLOMON CAPITAL, INC., a Nevada
21   corporation; JONATHON VENTO;
     GRACE CAPITAL, LLC, dba GRACE
22   COMMUNITIES, an Arizona limited
     liability company; DONALD ZELEZNAK;
23   Z-LOFTS, LLC, an Arizona limited
     liability company; ZELEZNAK
24   PROPERTY MANAGEMENT, LLC dba
     KELLER WILLIAMS REALTY, an
25   Arizona limited liability company;
     KELLER WILLIAMS REALTY, INC., a
26   Texas corporation; and DOES 1-50,
     inclusive,
27
                        Defendants.
28

RC1/5155798.1/BRL

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

# TABLE OF CONTENTS

Page

I.   INTRODUCTION ........................................................................................... 1

II.  ANALYSIS ................................................................................................... 2

A.  Plaintiffs Are Likely to Succeed on the Merits of The Claims Raised in Their Complaint ......................................................................................... 2

1.  RICO Claims.......................................................................................... 2

2.  Fraud, Securities Fraud, Intentional Misrepresentation, Negligent Misrepresentation, and Corporations Code § 25401 Claims ..................... 3

3.  Breach of Fiduciary Duty and Breach of Contract...................................... 4

4.  Unfair Business Practices.......................................................................... 5

5.  Conspiracy .............................................................................................. 6

B.  Plaintiffs Are Likely to Succeed on their Section 25110 Rescission Claim ........... 6

1.  Sale of Investments to Plaintiffs Were Securities ........................................ 6

2.  Defendants Were Not Qualified to Sell Securities to Plaintiffs.................... 6

3.  This Transaction Was Not Exempt Under Corporations Code § 25102(f)............................................................................................... 7

a.  Defendants Have Not Filed Notices of Exemption Under California, Virginia, or Federal Securities Laws ............................ 8

b.  Investment Offered to More Than 35 Potential Investors............... 8

c.  The Claimed Preexisting Business Relationships Are Insufficient .............................................................................. 10

d.  Defendants' Claim That Tom and Michael Cirrito Were "Accredited Investors" Is Conclusory and Not Supported By Any Evidence ....................................................................... 11

C.  The Property Sought Is Subject to Attachment................................................ 12

D.  In the Alternative, Plaintiffs Move for Leave to Conduct Limited Discovery .................................................................................................... 13

III. CONCLUSION ............................................................................................. 14

- i -

# TABLE OF AUTHORITIES

**Page**

## FEDERAL CASES

*All World Prof'l Travel Services v. America Airlines, Inc.* (9th Cir. 2003)
  2003 U.S.Dist. LEXIS 14436.................................................................... 2

*Commodity Futures Trading Commission v. Noble Metals, Inc.* (9th Cir. 1995)
  67 F.3d 766 .................................................................................. 13

*DSAM Global Value Fund v. Altris Software, Inc.* (9th Cir. 2002)
  288 F.3d 385 .................................................................................. 3

*H.J., Inc. v. Northwestern Bell Telephone Company* (1987)
  429 U.S. 229................................................................................ 2, 3

*S.E.C. v. Howey* (1946)
  328 U.S. 293 .................................................................................. 6

*Waffenschmidt v. MacKay* (5th Cir. 1985)
  763 F.2d 711 .................................................................................. 13

## STATE CASES

*Agosta v. Astor* (2004)
  120 Cal.App.4th 596 ......................................................................... 3

*Amtower v. Photon Dynamics* (2008)
  158 Cal.App.4th 1582 ........................................................................ 4

*Bank of America v. Salinas Nissan, Inc.* (1989)
  207 Cal.App.3d 260 ......................................................................... 12

*Barquis v. Merchants Collection Association* (1972)
  7 Cal.3d 94 ................................................................................... 5

*City of Atascadero v. Merrill Lynch, Pierce, Fenner & Smith, Inc.* (1998)
  68 Cal.App.4th 445 .......................................................................... 4

*Doctors' Co. v. Superior Court* (1989)
  49 Cal.3d 39 .................................................................................. 6

*Gagne v. Bertran* (1954)
  43 Cal.2d 481 ................................................................................. 3

*Grant v. California Bench Co.* (1946)
  76 Cal.App.2d 706 ........................................................................... 5

*People v. Feno* (1984)
  154 Cal.App.3d 719 .......................................................................... 9

*People v. Graham* (1985)

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

**TABLE OF AUTHORITIES**
(continued)

Page

163 Cal.App.3d 1159 ......................................................................... 7, 9, 11

*People v. Humphreys* (1970)
4 Cal.App.3d 693 ........................................................................... 9

*People v. Park* (1978)
87 Cal.App.3d 550 ............................................................ 7, 8, 11, 12

*People v. Simon* (1995)
9 Cal.4th 493 ............................................................................ 7, 9

*People v. Skelton* (1978)
109 Cal.App.3d 691 ......................................................................... 9

*Regan Roofing Co. v. Superior Court* (1994)
24 Cal.App.4th 425 ......................................................................... 5

*Rusheen v. Cohen* (2006)
37 Cal.4th 1048 ............................................................................ 6

*Seeger v. Odell* (1941)
18 Cal.2d 409 .............................................................................. 3

*Silver Hills Country Club v. Sobieski* (1961)
55 Cal.2d 811 .............................................................................. 6

*South Bay Chevrolet v. General Motors Acceptance Corp.* (1999)
72 Cal.App.4th 861 ......................................................................... 5

*Southern Cal. First Nat. Bank v. Quincy Cass Associates* (1970)
3 Cal.3d 667 ............................................................................... 7

*Tomei v. Fairline Feeding Corp.* (1977)
67 Cal.App.3d 394 ......................................................................... 9

**DOCKETED CASES**

*Cal. Commissioner of Corp. v. Fairshare* (1998)
OAH No. N 1998110288 .................................................................. 6, 7

*Cirrito v. RNC Holdings et al.,*
Case No. C08 03476 ......................................................................... 2

*Cirrito v. RNC Holdings et al.,*
Case No. C08 03477 ......................................................................... 2

*Visionquest CHC, et al. v. Buchholz et al.,*
Case No. C08 03410 ......................................................................... 2

*Yen et al. v. Vento Family Trust et al.,*
Case No. C08 03535 ......................................................................... 2

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

<u>**TABLE OF AUTHORITIES**</u>
**(continued)**

<u>**Page**</u>

**FEDERAL STATUTES**

17 C.F.R. § 230.503 ........................................................................................................... 8

18 U.S.C. § 1961(1). .......................................................................................................... 2

**STATE STATUTES**

Corp. Code § 25102(f) ...................................................................................................... 10

Corp. Code § 25401 ....................................................................................................... 3, 4

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1    Plaintiffs STEVE TRACHSEL, SUN CITY TOWERS, LLC, THOMAS CIRRITO,

2  ATOCHA LAND, LLC, MICHAEL CIRRITO, and CIRRITO HOLDINGS, LLC ("Plaintiffs")

3  submit the following Reply in Support of Application for Right to Attach Order:

4                                         I.

5                               **INTRODUCTION**

6        By their Opposition, Defendants first attempt to disprove Plaintiffs' rescission claim, and

7  then criticize Plaintiffs' description of the property to be attached.  Defendants' attempts fall short

8  on both counts.  As a threshold matter, Plaintiffs have established a likelihood of success on each

9  of their claims against Defendants.  Further, Defendants failed to qualify the sale or notice any

10  exemptions as required under California, Virginia, or Federal laws.  The sale of unqualified

11  securities at issue was not exempt as a "nonpublic" offering because the offer reached all the way

12  across the country to sell an investment property in Arizona to inexperienced real estate

13  development investors in Virginia who had no prior contacts with the Defendants.  Far from

14  being a "classic nonpublic offering," this opportunity was offered to two investors who could not

15  reasonably be assumed to have the capacity to protect their own interests in a real estate

16  investment transaction.  It is Defendants' burden to show that the "nonpublic" offering exemption

17  applies, and they have not met their burden.  Accordingly, Plaintiffs have shown a likelihood of

18  success on the merits as to their rescission claim, and as to their remaining claims against

19  Defendants.

20        Defendants also claim that they do not own any property in California.  This is certainly

21  untrue as to the individual Defendants, who have numerous real properties, personal property, and

22  other holdings within this District alone.  Although Plaintiffs do not have access to the extent and

23  location of property held by the corporate Defendants, their claims to have no property interests

24  in this state are contradicted by the fact that their principal place of business is located at 20 Great

25  Oaks Blvd. in San Jose and the fact that RDB Development is advertising Hellyer Commons in

26  San Jose as one of its locations.  Further, the Court has the power to prevent Defendants from

27  using the funds in dispute to finance their defense of this action, and should do so in this

28

RC1/5155798.1/BRL

PLAINTIFFS' REPLY TO OPPOSITION TO
APPLICATION FOR RIGHT TO ATTACH ORDER
C08 02248RMW

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

instance.[1]

## II.

## ANALYSIS

**A.   Plaintiffs Are Likely to Succeed on the Merits of The Claims Raised in Their Complaint**

Defendants claim that Plaintiffs are unable to succeed on the merits of the action because they have only cited a single claim in connection with the Right to Attach Order.  Defendants misunderstand Plaintiffs' focus on their rescission claim.  The Right to Attach Order was filed as to all claims in the Plaintiffs' complaint.  Plaintiffs' Right to Attach Order states, "Because Plaintiffs have complied with the statutory requirements to obtain a writ of attachment and, as set forth below, have demonstrated the probable validity of their rescission claims, *as well as other claims set forth in the complaint*, this Court should issue a Right to Attach Order and Order for Issuance of a Writ of Attachment."  (See Plaintiffs' Memorandum of Points and Authorities in support of Application for Right to Attach Order, at 2:17-20.)  The discussion of likelihood of success on the merits was narrowed merely for the Court's convenience, but in no way limits Plaintiffs' ability to argue that its other claims also have a high likelihood of success, nor does it limit the Court's power to render its own findings and conclusions.

### 1.   RICO Claims

"Racketeering activity" under RICO is defined as any act "chargeable" or "indictable" under a number of enumerated state and federal offenses ("predicate" offenses), including extortion and mail fraud.  (See 18 U.S.C. § 1961(1).)  A "pattern" of racketeering activity requires at least two predicate acts.  (All World Prof'l Travel Servs. v. Am. Airlines, Inc. (9th Cir. 2003) 2003 U.S. Dist. LEXIS 14436.)  These acts must occur repeatedly over a closed period, or over a period projecting into the future.  (H.J., Inc. v. Northwestern Bell Telephone Company (1987) 429 U.S. 229, 241-242.)

---

[1] Plaintiffs refer the Court to Visionquest CHC, et al. v. Buchholz et al., Case No. C08 03410; Cirrito v. RNC Holdings et al., Case No. C08 03476 ; Cirrito v. RNC Holdings et al., Case No. C08 03477; and Yen et al. v. Vento Family Trust et al., Case No. C08 03535.  All four cases have been filed subsequent to the instant action and demand return of investor funds.  Unless restrained by this Court, Defendants will expend their ill-gotten gains in defense of these actions to the extreme prejudice of Plaintiffs herein and others similarly situated.

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

RCI/5155798.1/BRL

- 2 -

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

1    Here, Plaintiffs have alleged at least two distinct predicate acts in their complaint, along

2    with an implication of countless other acts during this period.  (See again, Footnote 1.)  First,

3    Plaintiffs allege that the Buchholz Defendants planned to and did purchase the property for nearly

4    five times the market price, using only investor funds.  (Declaration of Steve Trachsel, ¶ 4.)

5    Next, Plaintiffs allege that Defendant Zeleznak took a commission of $1,000,000, nearly four

6    times the standard rate for commissions on a commercial real estate transaction.  (Id.)  These

7    claims are established by public record, and Defendants cannot refute them, nor do they attempt

8    to.  It is also implied that for this conspiracy and enterprise to take place, Defendants must have

9    corresponded repeatedly by telephone and/or email, which triggers the continuity element

10   required by the statute.  Accordingly, Plaintiffs have a strong likelihood of prevailing on their

11   RICO claims.

12   **2.    Fraud, Securities Fraud, Intentional Misrepresentation, Negligent Misrepresentation, and Corporations Code § 25401 Claims**

13   In general, fraud or intentional misrepresentation is established by showing (1) a

14   misrepresentation; (2) knowledge or reckless ignorance of falsity; (3) intent to induce reliance

15   thereon; (4) justifiable reliance thereon; and (5) resulting damage.  (Civil Code § 1709; Seeger v.

16   Odell (1941) 18 Cal.2d 409, 414; Agosta v. Astor (2004) 120 Cal.App.4th 596, 599, 603.)  To

17   plead securities fraud under Section 10b of the 1934 Act or Rule 10b-5, Plaintiff must allege that

18   in connection with the purchase or sale of a security, a defendant made: "(1) a misstatement or

19   omission (2) of material fact (3) made with scienter (4) on which [plaintiffs] relied (5) which

20   proximately caused [the plaintiff's] injury."  (DSAM Global Value Fund v. Altris Software, Inc.

21   (9th Cir. 2002) 288 F.3d 385, 388.)  Negligent misrepresentation eliminates the scienter element,

22   substituting a lack of reasonable ground for a defendant's good faith belief.  (Gagne v. Bertran

23   (1954) 43 Cal.2d 481, 487-488.)  In the same vein, a violation of Corporations Code § 25401

24   involves the sale of securities based on a misrepresentation.  (Corp. Code § 25401.)

25   Plaintiffs' complaint includes two separate misrepresentations or omissions.  First,

26   Defendants' plan and eventual purchase of the land for the Solomon Towers project well over the

27   prevailing market price for such land was a material omission made with scienter or reckless

28

RC1/5155798.1/BRL                               - 3 -

1    ignorance as to its falsity. (Trachsel Decl., ¶ 3.) Defendants' representation to Plaintiffs of the

2    return on investment while knowing that they were purchasing the land well above market price

3    was a material misrepresentation made with scienter or reckless ignorance as to its falsity. (Id.)

4    It is beyond argument that the purpose of these representations was to induce reliance (i.e.,

5    investment) thereon. But for these misrepresentation as to profits and the price of the land,

6    Plaintiffs would not have purchased the securities at issue. (Trachsel Decl., ¶ 5.) Now that the

7    project is "on hold" and severely undercapitalized, Plaintiffs cannot reasonably expect a return of

8    any kind on this investment, much less the promised 50% return. (Trachsel Decl., ¶ 6.) Plaintiffs

9    have therefore been damaged by investing in justifiable reliance on these misrepresentations. As

10   a result, Plaintiffs have a strong likelihood of success on these claims.

11           Because these misrepresentations and omissions were made in connection with the sale of

12   an unqualified security, the acts also constitute securities fraud under Section 10b and Rule 10b-5.

13   In addition, the fraud in connection with the sale of a security triggers the remedy of rescission

14   allowed under California Corporations Code § 25401. Again, there is no dispute that the property

15   was purchased for over $5,000,000 or that Defendants promised a 50% return on the investment.

16   Public records and expert testimony will be able to demonstrate that, based on the prevailing

17   market value for equivalent property in the area and the standard rate for agent commissions on a

18   raw land sale in the area, these omissions and misrepresentations could only have been made with

19   knowledge of their falsity. Even if Defendants somehow were oblivious to the falsity of these

20   claims with regard to the lopsided deal into which they were blindly guiding their investors, this

21   constitutes a negligent misrepresentation, particularly due to the Defendants' positions as

22   fiduciaries to Plaintiffs.

23           **3.    Breach of Fiduciary Duty and Breach of Contract**

24           The elements of a cause of action for breach of fiduciary duty are the existence of a

25   fiduciary relationship, its breach, and damage proximately caused by that breach. (Amtower v.

26   Photon Dynamics (2008) 158 Cal.App.4th 1582, 1599; City of Atascadero v. Merrill Lynch,

27   Pierce, Fenner & Smith, Inc. (1998) 68 Cal.App.4th 445, 483.) It is beyond argument that

28   Defendants, as the owners, managers, and investment brokers of Solomon Towers, LLC, owed a

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

PLAINTIFFS' REPLY TO OPPOSITION TO
APPLICATION FOR RIGHT TO ATTACH ORDER
C08 02248RMW

1  fiduciary duty of utmost care, integrity, honesty and loyalty toward their investors, including

2  Plaintiffs.  The misrepresentations as to the value of the land and the profits on the project

3  described above constituted a breach of this fiduciary duty.  As a result thereof, Plaintiffs have

4  been damaged in the amount of their lost investment.

5      Similarly, the standard elements of a claim for breach of contract are: "(1) the contract, (2)

6  plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) damage to

7  plaintiff therefrom." (Regan Roofing Co. v. Superior Court (1994) 24 Cal.App.4th 425, 434–

8  435.)  Here, the contract is the Operating Agreement, which provided, inter alia, that Defendants

9  would not knowingly perform any act that contravened the Operating Agreement or was

10 inconsistent with the purposes of the company.  (See Ex. "A" to Declaration of Steve Trachsel in

11 support of Application for Right to Attach Order, Section 4.6).  There is no dispute that Plaintiffs

12 performed on the Operating Agreement by paying the investment funds.  On the other hand,

13 Defendants misrepresented the value of the land and the profits on the project, as described

14 above.  Because these knowing acts contravened the Operating Agreement and were inconsistent

15 with the purpose of the company, it constituted a breach of the Operating Agreement.  As

16 discussed above, Plaintiffs were damaged thereby.  Therefore, there is a strong likelihood that

17 Plaintiffs will prevail on the merits of their breach of fiduciary duty and breach of contract claims.

18     **4.    Unfair Business Practices**

19     "Section 17200 is not confined to anticompetitive business practices, but is also directed

20 toward the public's right to protection from fraud, deceit, and unlawful conduct.  Thus, California

21 courts have consistently interpreted the language of section 17200 broadly." (South Bay

22 Chevrolet v. General Motors Acceptance Corp. (1999) 72 Cal.App.4th 861, 877-878.)  The statute

23 prohibits "wrongful business conduct in whatever context such activity might occur." (Barquis v.

24 Merchants Collection Assn. (1972) 7 Cal.3d 94, 111, fn. omitted.)  In sum, the universal test

25 under the statute is whether the public is likely to be deceived. (Grant v. California Bench Co.

26 (1946) 76 Cal.App.2d 706.)

27     In addition to the fraudulent acts described above, Plaintiffs were not provided a Private

28 Placement Memorandum and received little or no documentation leading up to the Solomon

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

RCI/5155798.1/BRL

- 5 -

1    Towers investment.  (Trachsel Decl., ¶ 3; Declaration of Thomas Cirrito, ¶ 6; Declaration of

2    Michael Cirrito, ¶ 6.)  This deceitful conduct constitutes an unfair business practice in violation of

3    California Business and Professions Code § 17200.  Therefore, Plaintiffs have a strong likelihood

4    of success on the merits of their 17200 claim.

5          **5.**     **Conspiracy**

6              The elements of an action for civil conspiracy are (1) formation and operation of the

7    conspiracy, and (2) damage to the plaintiff resulting from an act or acts done in furtherance of the

8    common design. (Rusheen v. Cohen (2006) 37 Cal.4th 1048, 1062; Doctors' Co. v. Superior

9    Court (1989) 49 Cal.3d 39, 44.)  Here, the fact that Defendants paid five times over the market

10   value for the property, plus a million dollar commission to the agent/seller of the property, means

11   that Defendants were either shockingly reckless with investor funds or parties to an agreement

12   with Zeleznak to share the profits from the sale.  (Trachsel Decl., ¶ 4.)  The fact that Defendants

13   knew about the land price and commission when they drafted the Pro Forma three months before

14   the sale eliminates the former possibility.  (Id.)  As a result of this reasonably deduced conspiracy,

15   Plaintiffs were damaged by the fraudulent conversion of their investment funds.  (Trachsel Decl.,

16   ¶ 6.)  Thus, there is a good likelihood of success on Plaintiffs' conspiracy claim as well.

17   **B.**    **Plaintiffs Are Likely to Succeed on their Section 25110 Rescission Claim**

18          **1.**     **Sale of Investments to Plaintiffs Were Securities**

19              In its Order Denying Plaintiffs' Ex Parte Application, the Court stated, "*It certainly*

20   *appears that the investment in the condominium project described in this action involves a*

21   *security under California law.*"  (Order Denying Ex Parte Application for Temporary Restraining

22   Order, doc. 42, at 4:15-16 (emphasis added).)  As Plaintiffs demonstrated in their moving papers,

23   the investments that Defendants sold to Plaintiffs qualified as securities under both state and

24   federal law.  (S.E.C. v. Howey (1946) 328 U.S. 293, 298; Silver Hills Country Club v. Sobieski

25   (1961) 55 Cal.2d 811, 908; Cal. Comm'r of Corp. v. Fairshare (1998) OAH No. N 1998110288.)

26          **2.**     **Defendants Were Not Qualified to Sell Securities to Plaintiffs**

27              Despite these investments clearly falling into the realm of securities, Defendants were not

28   qualified to sell them under either federal or state laws.  This lack of qualification is easily

RC1/5155798.1/BRL                                       - 6 -

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

1    verifiable by contacting various governmental securities regulations commissions. (Love Decl.,

2    Ex. "A".) In their Opposition, Defendants have not disputed (and cannot dispute) that they sold

3    the aforementioned securities without being qualified to do so. (Id.)

**3.      This Transaction Was Not Exempt Under Corporations Code § 25102(f)**

5        In their Opposition, Defendants dedicate a considerable portion of the argument to a claim

6    that their sale of securities was exempt under California Corporations Code § 25102(f) because it

7    was a "nonpublic" offering. Section 25102(f) provides, in relevant part, that a transaction is

8    exempt from the registration requirements of Section 25110 if it is:

> Any <u>offer or</u> sale of any security in a transaction (other than an offer or sale to a pension or profit-sharing trust of the issuer) that meets each of the following criteria:
>
> (1) Sales of the security are <u>not made to more than 35 persons</u>, including persons not in this state.
>
> (2) <u>All purchasers either have a preexisting personal or business relationship with the offeror</u> or any of its partners, officers, directors or controlling persons, or managers (as appointed or elected by the members) if the offeror is a limited liability company, or by reason of their business or financial experience or the business or financial experience of their professional advisers who are unaffiliated with and who are not compensated by the issuer or any affiliate or selling agent of the issuer, directly or indirectly, could be reasonably assumed to have the capacity to protect their own interests in connection with the transaction.
>
> (3) <u>Each purchaser represents that the purchaser is purchasing for the purchaser's own account</u> (or a trust account if the purchaser is a trustee) and not with a view to or for sale in connection with any distribution of the security.
>
> (4) <u>The offer</u> and sale of the security <u>is not accomplished by the publication of any advertisement.</u> [Emphasis added.]

22        The avowed purpose of the securities laws in the California Corporations Code is to

23    protect the unsophisticated public from unscrupulous investors. (<u>People v. Simon</u> (1995) 9

24    Cal.4th 493, 503; <u>People v. Graham</u> (1985) 163 Cal.App.3d 1159, 1171; <u>Southern Cal. First Nat.</u>

25    <u>Bank v. Quincy Cass Associates</u> (1970) 3 Cal.3d 667, 675-676.) Under Section 25163, the

26    burden of proving the "nonpublic" transaction exemption is on the person claiming the

27    exemption. (<u>People v. Graham</u> (1985) 163 Cal.App.3d 1159, 1170 n. 14; <u>People v. Park</u> (1978)

28    87 Cal.App.3d 550, 566-567.) Defendants have not met this burden. As a result, the unqualified

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

PLAINTIFFS' REPLY TO OPPOSITION TO
APPLICATION FOR RIGHT TO ATTACH ORDER
C08 02248RMW

sale is not exempt and the Defendants' sale of unqualified securities violates Section 25110.

    **a.**    **Defendants Have Not Filed Notices of Exemption Under California, Virginia, or Federal Securities Laws**

As a threshold matter, the claimed private offering exemption is not available to Defendants because they have not filed notice of the exemption with the California Department of Corporations. Section 25102(f)(4) requires that a party claiming an exemption under that section file a notice with the Corporations Commissioner within 15 days of the first sale. Defendants have not done so. (Love Decl., Ex. "A".) Further, the fact that Defendants sold a security to Plaintiff Tom Cirrito in Virginia means they also have to comply with Virginia's blue sky laws. Defendants did not do so. (Id.) Finally, the fact that this transaction occurred between states means that Defendants were also required to satisfy federal securities laws and register the sale under Regulation D of the Securities Exchange Act of 1933. (17 C.F.R. § 230.503.) Defendants did not do so. (Id.)

Moreover, because Defendants are subject to California, Virginia, and Federal law, in order to prevail under a California exemption, Defendants must also show that they will prevail under the accompanying Virginia and Federal exemptions for "nonpublic" offerings. Defendants cannot show this, and have not even attempted to do so. Instead, Defendants' failure to comply with California, Virginia, and Federal law cripples their exemption claim.

    **b.**    **Investment Offered to More Than 35 Potential Investors**

Defendants argue that because the Solomon Towers project was sold to 18 investors, it is exempt as a "nonpublic" offering. Plaintiffs draw the Court's attention to the fact that Defendants are misleadingly vague on the number of people who were invited to invest with the company and the number of people who attended the investment presentation. (Declaration of Charice Fischer, ¶ 6a.) In her declaration, Charice Fischer claimed that invitations were sent to "a limited number" of investors, and that of this limited number, "approximately 30" attended the meeting. (Id.) Certainly, Defendants' net spread to more than 35 people. Defendants have not produced any evidence of these invitations or the attendees at the meetings, such as email lists or mailing lists.

The public policy inherent in this statute dictates that this exemption should extend to

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

PLAINTIFFS' REPLY TO OPPOSITION TO
APPLICATION FOR RIGHT TO ATTACH ORDER
C08 02248RMW

1   include the number of persons to whom the investment was offered. The purpose of the statute,

2   as discussed above, is to protect the public and ensure that nonpublic offerings are conducted

3   locally with family or close business associates. (People v. Simon (1995) 9 Cal.4th 493, 503;

4   People v. Graham (1985) 163 Cal.App.3d 1159, 1171.) For example, it is repugnant to the spirit

5   of the statute that an issuer could offer an unqualified security to 500,000 people on a mailing list,

6   then take the 35 highest offers and claim a nonpublic offering exemption. The more apt

7   limitation and focus should be on the number of potential investors to whom the unqualified

8   security was offered.

9       California case law agrees with this policy. Prior to 1981, when the responsibility for

10  regulating securities in California was transferred from the Department of Real Estate to the

11  Commissioner of Corporations, several cases held that the significant factor in Corporations Code

12  § 26102(f)(1) is not the number of ultimate purchasers, but rather the number of offerees. (People

13  v. Humphreys (1970) 4 Cal.App.3d 693, 697; Tomei v. Fairline Feeding Corp. (1977) 67

14  Cal.App.3d 394, 401-402; People v. Skelton (1978) 109 Cal.App.3d 691, 724; People v. Feno

15  (1984) 154 Cal.App.3d 719, 733; People v. Graham (1985) 163 Cal.App.3d 1159, 1169-1171.)

16  Since that time, no cases have ruled directly on the number of sellers to which the exemption

17  applies. Accordingly, it is within the Court's discretion to look to these earlier cases based on the

18  predecessor California Code of Regulations, Rule 260.102.2, which directly addressed this issue.

19      Under those rules, "the determinative factors indicating a 'public offering' include: (1) the

20  number of offerees; (2) the relationship of the offerees to each other; (3) the relationship between

21  the issuers and the offerees; (4) the size of the offerings; (5) the manner of the offerings; and (6)

22  the character of the security offered." (People v. Humphreys (1970) 4 Cal.App.3d 693, 697;

23  People v. Skelton (1978) 109 Cal.App.3d 691, 724; People v. Feno (1984) 154 Cal.App.3d 719,

24  733.) These cases also make it clear in applying the facts to these factors that the relevant time

25  period for the analysis is when the securities are offered. (Id.)

26      Here, Defendants have not indicated the number of offerees, but logic dictates that if

27  approximately 30 people attended the dinner, significantly more than that were invited and did

28  not attend. At the time the unqualified securities were offered, at least two of the investors were

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

RC1/5155798.1/BRL

- 9 -

1  strangers to the issuers and the other investors. The investments varied from $32,000 to

2  $1,000,000, which indicates that investments of all sizes and manners were accepted. Finally, the

3  security offered was an unqualified commercial real estate development. Based on these factors,

4  established by California case law, this was not a nonpublic offering. Consequently, Defendants

5  have not met their burden of showing that the "nonpublic" exemption applies to this transaction.

6      **c.  The Claimed Preexisting Business Relationships Are Insufficient**

7      Defendants next argue that because several of the investors were family members, and

8  they had a preexisting business relationship with the remaining investors, the transaction is

9  exempt. In the same breath, however, defendants acknowledge that they did not have a prior

10  business relationship with Plaintiffs Tom Cirrito or Michael Cirrito. In <u>People v. Simon</u> (1995) 9

11  Cal.4th 493, the California Supreme Court clarified that the sale of an unqualified security is

12  illegal unless the security itself, not the individual sale, is exempt. (Id. at 499-500.) Therefore, a

13  security alleged to be exempt under Corp. Code § 25102(f) because it was sold only to persons

14  with whom the purchaser had a prior business or personal relationship, is not exempt if an interest

15  in that security is sold to *any person* who does not meet that qualification. (Id. (Emphasis

16  added.)) Moreover, California Code of Regulations § 260.102.12(d)(1) provides, in relevant part:

17          A relationship of employer-employee, or as a security holder of the
        issuer, or as a customer of a broker-dealer, investment adviser or

18          other person, does not necessarily involve contacts of a nature
        which are sufficient to establish a "preexisting personal or business

19          relationship" within the meaning of Section 25102(f).

20      For example, Charice Fischer's declaration indicates that Timothy and Carole Hendrix

21  acted as the mortgage broker on several transactions with Ronald Buchholz. There is no claim

22  that the Hendrixes had invested with Ron previously, and simply acting as a mortgage broker

23  does not necessarily permit sufficient assessment of the issuer's honesty and competence. Under

24  section 260.102.12, this relationship is not sufficient to establish a preexisting personal or

25  business relationship with Defendant. Further, Timothy Hendrix acted as a mortgage broker;

26  Carole Hendrix did not, and consequently had no basis to determine the issuer's honesty and

27  competence. Accordingly, Defendants' claim that they had preexisting relationships with the

28  investors falls short and the transaction at issue is not exempt.

RCI/5155798.1/BRL              - 10 -

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

**d.     Defendants' Claim That Tom Cirrito Was An "Accredited Investor" Is Conclusory and Not Supported By Any Evidence**

Defendants attempt to correct the acknowledged flaw in their business relationships argument by claiming that Tom Cirrito's financial qualification information established that he was an "accredited investor." Defendants do not produce the financial qualification information they refer to, though it is their burden to do so. The reason Defendants cannot produce this information is because it does not exist. Tom Cirrito was never asked to fill out a financial qualification questionnaire and was never provided any type of disclosure form. (T. Cirrito Decl., ¶ 8.) Therefore, Defendants had no way of knowing firsthand that Tom Cirrito was an "accredited investor" prior to his involvement in the Solomon Towers project.

The essence of Defendants' conclusory argument is that because Plaintiffs Tom Cirrito and his son Michael were rich, they had enough experience to protect their investments. On the contrary, there is evidence that Plaintiffs were inexperienced in the realm of real estate development investment. (T. Cirrito Decl., ¶ 2; M. Cirrito Decl., ¶ 2.) In dealing with the "sophisticated investor" portion of Section 25102(f)(2), courts focus on "the purchaser's ability to evaluate the risks of purchasing the securities offered." (People v. Graham, supra, 163 Cal.App.3d at 1171.) [Emphasis added.]

> The test seeks to identify those purchasers "that have the type of business or financial experience which should put them in a separate category from the gullible members of the general public, whom the statute is primarily designed to protect . . . ." (Citations omitted.) (Id.; People v. Park, supra, 87 Cal.App.3d at 565.)

Although Tom Cirrito had made other investments, he was not familiar with real estate development investments at the time he invested in Solomon Towers. (T. Cirrito Decl., ¶ 2.) Michael Cirrito had even less familiarity with such investments. (M. Cirrito Decl., ¶ 2.) They were not experienced with real estate in Phoenix, Arizona and had never developed a high rise condominium project. (Id. at ¶¶ 3-4.) Instead, they relied entirely on the purported experience and honesty of Defendant Ron Buchholz. (Id. at ¶ 5.) They did not have a choice but to rely on Defendant, as they did not receive any explanatory documentation on Solomon Capital prior to investing, other than the Operating Agreement with the attached pro forma. (Id. at ¶ 6.) As no

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

RCI/5155798.1/BRL

- 11 -

PLAINTIFFS' REPLY TO OPPOSITION TO
APPLICATION FOR RIGHT TO ATTACH ORDER
C08 02248RMW

1   Private Placement Memorandum was issued on the project, Plaintiffs were not apprised of the

2   risks involved in such an investment. (Id.; Trachsel Decl., ¶ 3.)

3        Based on their inexperience with real estate development investments and the lack of

4   documentation provided to them prior to making the investment, it cannot be said that Tom

5   Cirrito and Michael Cirrito were experts in Arizona land development to the point that they could

6   reasonably be assumed to have the capacity to protect their own interests. Instead, they were part

7   of the unsophisticated public that these blue sky laws are designed to protect. Accordingly,

8   Defendants were not exempt and their unqualified sale of securities violated Section 25110.

9   **C.    The Property Sought Is Subject to Attachment**

10       As to the property to be attached, Defendants claim it is not sufficiently described to allow

11  attachment. A Right to Attach Application may seek to attach all of the following types of

12  property owned by individual defendants: real property, personal property, equipment, motor

13  vehicles, chattel paper, negotiable and other instruments, securities, deposit accounts, safe deposit

14  boxes, accounts receivable, general intangibles, property subject to pending actions, final money

15  judgments, and personalty in estates of decedents. (Bank of America v. Salinas Nissan, Inc.

16  (1989) 207 Cal.App.3d 260, 264, 267-268.) The party seeking the attachment may not be

17  familiar with all of the defendants assets in the state, or may not want to telegraph what property

18  it proposes to attach. (Id.) Instead, the burden is on the Defendant to identify whatever property

19  he or she claims to be exempt, and unless the defendant does so, the claim of exemption may be

20  waived. (Id.; Code of Civil Procedure § 484.070.)

21       Here, Plaintiffs clearly identified that the property they are seeking to attach is "personal

22  property and real property not required for personal, family, or household purposes." (Plaintiff's

23  Memo. of Points and Authorities in support of its Application for Writ of Attachment and Right

24  to Attach Order, at 8.) Under Bank of America, this description is sufficient to allow Defendants

25  to identify any property within these categories that they claim is exempt from attachment.

26  Defendants have not identified any property that they claim to be exempt. Accordingly,

27  Defendants have waived their claim to any exemptions under Code of Civil Procedure § 484.070.

28       Defendants next claim that neither Solomon Capital nor RDB Development own any

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

1  property in the state. Although Plaintiffs do not have access to the extent and location of property

2  held by the corporate Defendants, their claims to have no property interests in this state are

3  contradicted by the fact that their principal place of business is located at 20 Great Oaks Blvd. in

4  San Jose and the fact that RDB Development is advertising Hellyer Commons in San Jose as one

5  of its locations. (Love Decl., Ex. "B" and "C".) Under Code of Civil Procedure § 484.020(e),

6  this description is sufficient to allow attachment of these properties, any corporate property

7  located therein, and any other corporate property in the state. Therefore, all categories of

8  property specified by Plaintiffs are subject to attachment, and the Court should attach the same.

9  　　　Further, this Court should enjoin Defendants from using investor funds, including those

10  acquired from Plaintiffs, to finance their defense of this action. Certainly, it would be unjust and

11  nonsensical for a party to defend against recovery of funds using the funds sought to be

12  recovered. The Court has discretion to forbid or limit payment of attorney fees out of funds in

13  dispute pending trial. (Commodity Futures Trading Comm'n v. Noble Metals, Inc. (9th Cir.

14  1995) 67 F.3d 766, 774-775.) Despite Defendants' contentions that this Court does not have the

15  authority to touch its property located outside this state, "the mandate of an injunction issued by a

16  federal district court runs nationwide." (Waffenschmidt v. MacKay (5th Cir. 1985) 763 F.2d 711,

17  716.) Whether through expenditures, concealment in other ventures, or simply use for attorney's

18  fees, Defendants must not be allowed to further deplete and frustrate the legitimate ends of

19  Plaintiffs ' legal efforts. Accordingly, the Court should grant Plaintiffs' application and prevent

20  Defendants from using Plaintiffs' own funds against them.

21  **D.    In the Alternative, Plaintiffs Move for Leave to Conduct Limited Discovery**

22  　　　If the Court is disinclined to grant Plaintiffs' Application for a Right to Attach Order,

23  Plaintiff requests, in the alternative, that the Court allow it to conduct limited discovery in this

24  regard. Plaintiffs have requested leave to conduct said discovery in a separate motion filed on

25  July 17, 2008. The hearing on that motion is set for August 22, 2008.

26  　　　In that motion, Plaintiffs requested relief from the stay on discovery to conduct two

27  depositions limited to facts germane to the instant application. Plaintiffs' request is consistent

28  with the Court's implication in its Order on Plaintiffs' Temporary Restraining Order that it would

RC1/5155798.1/BRL

1  like to see additional information in the context of the Right to Attach Order.  (Order Denying

2  Plaintiffs' Ex Parte Application for a Temporary Restraining Order, at 5:6-9, 6:5-7.)  Plaintiffs are

3  prevented from providing this requested information by the stay on discovery.  In order to provide

4  the Court with this requested information, Plaintiffs move in the alternative that the Court lift the

5  discovery stay in a very limited fashion and allow Plaintiffs to take these depositions.

### III.

### CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request the Court grant Plaintiffs'

Application for a Right to Attach Order and an Order for Issuance of a Writ of Attachment as to

the property described above, and further enjoin Defendants from using investor funds to finance

their defense of this action.  In the event that the Court is not inclined to grant attachment at this

time, Plaintiffs request that the Court permit them to conduct limited discovery on this issue in

accordance with the Court's request for additional information in this regard.

Dated: July 25, 2008

ROPERS, MAJESKI, KOHN & BENTLEY

By: _____
TODD A. ROBERTS
JESSHILL E. LOVE
Attorneys for Plaintiffs
STEVE TRACHSEL, an individual, SUN
CITY TOWERS, LLC, a California limited
liability company, THOMAS CIRRITO, an
individual, ATOCHA LAND, LLC, a
Delaware limited liability company,
MICHAEL CIRRITO, an individual, and
CIRRITO HOLDINGS, LLC, a Delaware
limited liability company

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

RC1/5155798.1/BRL

- 14 -

PLAINTIFFS' REPLY TO OPPOSITION TO
APPLICATION FOR RIGHT TO ATTACH ORDER
C08 02248RMW

1  TODD A. ROBERTS (SBN 129722)
   JESSHILL E. LOVE (SBN 208348)
2  ROPERS, MAJESKI, KOHN & BENTLEY
   1001 Marshall Street, Suite 300
3  Redwood City, CA  94063
   Telephone:    (650) 364-8200
4  Facsimile:    (650) 780-1701

5  Attorneys for Plaintiffs
   STEVE TRACHSEL, an individual, SUN CITY
6  TOWERS, LLC, a California limited liability
   company, THOMAS CIRRITO, an individual,
7  ATOCHA LAND, LLC, a Delaware limited
   liability company, MICHAEL CIRRITO, an
8  individual, and CIRRITO HOLDINGS, LLC, a
   Delaware limited liability company

9

10        UNITED STATES DISTRICT COURT - NORTHERN DISTRICT OF CALIFORNIA

11                              SAN JOSE DIVISION

12
   STEVE TRACHSEL, an individual; SUN          CASE NO:  C08 02248RMW
13 CITY TOWERS, LLC, a California
   corporation; THOMAS CIRRITO, an             DECLARATION OF THOMAS
14 individual; ATOCHA LAND, LLC, a             CIRRITO IN SUPPORT OF
   Delaware limited liability company;         PLAINTIFFS' REPLY TO OPPOSITION
15 MICHAEL CIRRITO, an individual; and         TO APPLICATION FOR WRIT OF
   CIRRITO HOLDINGS, LLC, a Delaware           ATTACHMENT AND RIGHT TO
16 limited liability company,                  ATTACH ORDER

17                 Plaintiffs,                 [FED. R. CIV. PROC. § 65, NORTHERN
                                               DISTRICT OF CALIFORNIA CIVIL
18 v.                                          LOCAL RULES 7-10 AND 65-1]

19 RONALD BUCHHOLZ; CHARICE               Date:    August 8, 2008
   FISCHER; RDB DEVELOPMENT, LLC, a       Time:    9:00 a.m.
20 Nevada limited liability company;      Ctrm:    6
   SOLOMON CAPITAL, INC., a Nevada        Judge:   Hon. Ronald M. Whyte
21 corporation; JONATHON VENTO; GRACE
   CAPITAL, LLC, dba GRACE
22 COMMUNITIES, an Arizona limited liability
   company; DONALD ZELEZNAK;
23 Z-LOFTS, LLC, an Arizona limited liability
   company; ZELEZNAK PROPERTY
24 MANAGEMENT, LLC dba KELLER
   WILLIAMS REALTY, an Arizona limited
25 liability company; KELLER WILLIAMS
   REALTY, INC., a Texas corporation; and
26 DOES 1-50, inclusive,

27                 Defendants.

28
   RC1/5156609.1/BRL                        - 1 -
                                                      DECLARATION OF THOMAS CIRRITO
                                                IN SUPPORT OF PLFS' REPLY SUPPORTING RTAO
                                                             C08 02248RMW

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

1    I, THOMAS CIRRITO, declare:

2    1.    I am a Plaintiff in the above-titled action. The facts set forth herein are personally

3    known to me or are set forth on the basis of information and belief. If called upon as a witness, I

4    could and would competently testify to these facts.

5    2.    At the time I invested in the Solomon Towers project, I had only minimal

6    experience with real estate development investment.

7    3.    To date, I have no experience developing raw land in the Phoenix, Arizona area.

8    4.    To date, I have no experience developing a high rise condominium.

9    5.    Accordingly, in investing with Defendants, I relied on the claimed expertise of

10    Defendants Ron Buchholz and Charice Fischer.

11    6.    Other than an operating agreement with a pro forma at the outset of the

12    investment, I did not receive any explanatory documents from Defendants prior to my investment

13    in the Solomon Towers project. The risks involved with this investment were never disclosed to

14    me orally, in writing, or in a Private Placement Memorandum.

15    7.    Due to the lack of documents provided to me prior to investing, I could not have

16    made an informed decision regarding this investment, and instead could only rely on Defendants'

17    claimed expertise and honesty.

18    8.    I was never asked to fill out and never filled out any questionnaire or other

19    documentation that purported to qualify me as an "accredited investor." Further, I was never

20    provided any type of disclosure form regarding the Solomon Towers investment.

21    Executed on July 24, 2008, in *McLean*, *Virginia*.

22

23

24    THOMAS CIRRITO

25

26

27

28

RC1/5156609.1/BRL

- 2 -

1  TODD A. ROBERTS (SBN 129722)
   JESSHILL E. LOVE (SBN 208348)
2  ROPERS, MAJESKI, KOHN & BENTLEY
   1001 Marshall Street, Suite 300
3  Redwood City, CA  94063
   Telephone:    (650) 364-8200
4  Facsimile:    (650) 780-1701

5  Attorneys for Plaintiffs
   STEVE TRACHSEL, an individual, SUN CITY
6  TOWERS, LLC, a California corporation,
   THOMAS CIRRITO, an individual,
7  ATOCHA LAND, LLC, a Delaware limited
   liability company, MICHAEL CIRRITO, an
8  individual, and CIRRITO HOLDINGS, LLC, a
   Delaware limited liability company

9

10        UNITED STATES DISTRICT COURT - NORTHERN DISTRICT OF CALIFORNIA

11                              SAN JOSE DIVISION

12
   STEVE TRACHSEL, an individual; SUN       CASE NO:  C08 02248RMW
13 CITY TOWERS, LLC, a California
   corporation; THOMAS CIRRITO, an          DECLARATION OF STEVE
14 individual; ATOCHA LAND, LLC, a          TRACHSEL IN SUPPORT OF
   Delaware limited liability company;      PLAINTIFFS' REPLY TO OPPOSITION
15 MICHAEL CIRRITO, an individual; and      TO APPLICATION FOR WRIT OF
   CIRRITO HOLDINGS, LLC, a Delaware        ATTACHMENT AND RIGHT TO
16 limited liability company,               ATTACH ORDER

17                Plaintiffs,               [FED. R. CIV. PROC. § 65, NORTHERN
                                            DISTRICT OF CALIFORNIA CIVIL
18 v.                                       LOCAL RULES 7-10 AND 65-1]

19 RONALD BUCHHOLZ; CHARICE                 Date:    August 8, 2008
   FISCHER; RDB DEVELOPMENT, LLC, a         Time:    9:00 a.m.
20 Nevada limited liability company;        Ctrm:    6
   SOLOMON CAPITAL, INC., a Nevada          Judge:   Hon. Ronald M. Whyte
21 corporation; JONATHON VENTO; GRACE
   CAPITAL, LLC, dba GRACE
22 COMMUNITIES, an Arizona limited liability
   company; DONALD ZELEZNAK;
23 Z-LOFTS, LLC, an Arizona limited liability
   company; ZELEZNAK PROPERTY
24 MANAGEMENT, LLC dba KELLER
   WILLIAMS REALTY, an Arizona limited
25 liability company; KELLER WILLIAMS
   REALTY, INC., a Texas corporation; and
26 DOES 1-50, inclusive,

27                Defendants.

28
   RC1/5156611.1/BRL                    - 1 -

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

1  I, STEVE TRACHSEL, declare:

2   1. I am a Plaintiff in the above-titled action. The facts set forth herein are personally

3 known to me or are set forth on the basis of information and belief. If called upon as a witness, I

4 could and would competently testify to these facts.

5   2. I did not prepare the PowerPoint presentation shown at the February 3, 2005

6 investor meeting introducing the Solomon Towers project. After the February 3 meeting, at

7 which I was not present, I received a copy of the presentation from Charice Fischer and

8 subsequently modified it for other unrelated purposes.

9   3. Notwithstanding a brief Power Point presentation and Pro Forma financials for the

10 project, no other disclosure documentation was disseminated to me regarding the Solomon

11 Towers project. There was no Private Placement Memorandum provided to me at any time

12 setting forth the potential risks inherently involved in the project and the potential future loss of

13 the entire investment.

14   4. At the time Defendants presented the Solomon Towers investment to me, they had

15 already designated in the Pro Forma given to the potential investors that the price of the land at

16 issue would be $5,000,000. On April 11, 2005, Solomon Towers, LLC purchased the land from

17 Defendants Zeleznak and Vento for $5,004,929, using exclusively investor funds. Defendant

18 Zeleznak was given a commission of $1,000,000 on the sale.

19   5. During my conversation with Defendant FISCHER following the February

20 meeting, Defendant FISCHER materially misrepresented the actual return or "profit" to the

21 Plaintiff investors on the Solomon Towers project. The Pro Forma Finance & Investment

22 Analysis I received represented that investors would receive a 50% share of all profits. On the

23 basis of this representation, I decided to invest in the project.

24 / / /

25 / / /

26 / / /

27 / / /

28 / / /

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

RCI/5156611.1/BRL

- 2 -

DECLARATION OF STEVE TRACHSEL
IN SUPPORT OF PLFS' REPLY SUPPORTING RTAO
C08 02248RMW

6.    Now that the project is "on hold" and severely undercapitalized, Plaintiffs cannot reasonably expect a return of any kind on this investment, much less the promised 50% return. As a result, I have been damaged by the loss of my investment funds in the project.

Executed on July 25, 2008, in San Jose, California.

_____
STEVE TRACHSEL

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

RCI/5156611.1/BRL

- 3 -

1  TODD A. ROBERTS (SBN 129722)
   JESSHILL E. LOVE (SBN 208348)
2  ROPERS, MAJESKI, KOHN & BENTLEY
   1001 Marshall Street, Suite 300
3  Redwood City, CA  94063
   Telephone:    (650) 364-8200
4  Facsimile:    (650) 780-1701

5  Attorneys for Plaintiffs
   STEVE TRACHSEL, an individual, SUN CITY
6  TOWERS, LLC, a California limited liability
   company, THOMAS CIRRITO, an individual,
7  ATOCHA LAND, LLC, a Delaware limited
   liability company, MICHAEL CIRRITO, an
8  individual, and CIRRITO HOLDINGS, LLC, a
   Delaware limited liability company

9

10       UNITED STATES DISTRICT COURT - NORTHERN DISTRICT OF CALIFORNIA

11                          SAN JOSE DIVISION

12

13  STEVE TRACHSEL, an individual; SUN         CASE NO:  C08 02248RMW
    CITY TOWERS, LLC, a California limited
14  liability company; THOMAS CIRRITO, an      DECLARATION OF MICHAEL
    individual; ATOCHA LAND, LLC, a            CIRRITO IN SUPPORT OF
15  Delaware limited liability company;        PLAINTIFFS' REPLY TO OPPOSITION
    MICHAEL CIRRITO, an individual; and        TO APPLICATION FOR WRIT OF
16  CIRRITO HOLDINGS, LLC, a Delaware          ATTACHMENT AND RIGHT TO
    limited liability company,                 ATTACH ORDER
17
              Plaintiffs,                       [FED. R. CIV. PROC. § 65, NORTHERN
18                                             DISTRICT OF CALIFORNIA CIVIL
    v.                                         LOCAL RULES 7-10 AND 65-1]
19
    RONALD BUCHHOLZ; CHARICE              Date:   August 8, 2008
20  FISCHER; RDB DEVELOPMENT, LLC, a      Time:   9:00 a.m.
    Nevada limited liability company;     Ctrm:   6
21  SOLOMON CAPITAL, INC., a Nevada       Judge:  Hon. Ronald M. Whyte
    corporation; JONATHON VENTO; GRACE
22  CAPITAL, LLC, dba GRACE
    COMMUNITIES, an Arizona limited liability
23  company; DONALD ZELEZNAK;
    Z-LOFTS, LLC, an Arizona limited liability
24  company; ZELEZNAK PROPERTY
    MANAGEMENT, LLC dba KELLER
25  WILLIAMS REALTY, an Arizona limited
    liability company; KELLER WILLIAMS
26  REALTY, INC., a Texas corporation; and
    DOES 1-50, inclusive,
27
              Defendants.
28

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

RCI/5156610.1/BRL                          - 1 -

1    I, MICHAEL CIRRITO, declare:

2    1.    I am a Plaintiff in the above-titled action. The facts set forth herein are personally

3    known to me or are set forth on the basis of information and belief. If called upon as a witness, I

4    could and would competently testify to these facts.

5    2.    At the time I invested in the Solomon Towers project, I had only minimal

6    experience with real estate development investment.

7    3.    To date, I have no experience developing raw land in the Phoenix, Arizona area.

8    4.    To date, I have no experience developing a high rise condominium.

9    5.    Accordingly, in investing with Defendants, I relied on the claimed expertise of

10    Defendants Ron Buchholz and Charice Fischer.

11    6.    Other than an operating agreement with a pro forma at the outset of the

12    investment, I did not receive any explanatory documents from Defendants prior to my investment

13    in t he Solomon Towers project. The risks involved with this investment were never disclosed to

14    me orally, in writing, or in a Private Placement Memorandum.

15    7.    Due to the lack of documents provided to me prior to investing, I could not have

16    made an informed decision regarding this investment, and instead could only rely on Defendants'

17    claimed expertise and honesty.

18    Executed on July 25, 2008, in _WASHINGTON_ , _PC_ .

19

20    _____

21    MICHAEL CIRRITO

22

23

24

25

26

27

28

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

TODD A. ROBERTS (SBN 129722)
JESSHILL E. LOVE (SBN 208348)
ROPERS, MAJESKI, KOHN & BENTLEY
1001 Marshall Street, Suite 300
Redwood City, CA  94063
Telephone:     (650) 364-8200
Facsimile:     (650) 780-1701

Attorneys for Plaintiffs
STEVE TRACHSEL, an individual, SUN CITY
TOWERS, LLC, a California limited liability
company, THOMAS CIRRITO, an individual,
ATOCHA LAND, LLC, a Delaware limited
liability company, MICHAEL CIRRITO, an
individual, and CIRRITO HOLDINGS, LLC, a
Delaware limited liability company

Ropers Majeski Kohn & Bentley
A Professional Corporation
San Jose

UNITED STATES DISTRICT COURT - NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| STEVE TRACHSEL, an individual; SUN CITY TOWERS, LLC, a California limited liability company; THOMAS CIRRITO, an individual; ATOCHA LAND, LLC, a Delaware limited liability company; MICHAEL CIRRITO, an individual; and CIRRITO HOLDINGS, LLC, a Delaware limited liability company, <br><br> Plaintiffs, <br><br> v. <br><br> RONALD BUCHHOLZ; CHARICE FISCHER; RDB DEVELOPMENT, LLC, a Nevada limited liability company; SOLOMON CAPITAL, INC., a Nevada corporation; JONATHON VENTO; GRACE CAPITAL, LLC, dba GRACE COMMUNITIES, an Arizona limited liability company; DONALD ZELEZNAK; Z-LOFTS, LLC, an Arizona limited liability company; ZELEZNAK PROPERTY MANAGEMENT, LLC dba KELLER WILLIAMS REALTY, an Arizona limited liability company; KELLER WILLIAMS REALTY, INC., a Texas corporation; and DOES 1-50, inclusive, <br><br> Defendants. | CASE NO:  C08 02248RMW <br><br> **DECLARATION OF JESSHILL E. LOVE IN SUPPORT OF PLAINTIFFS' REPLY TO OPPOSITION TO APPLICATION FOR WRIT OF ATTACHMENT AND RIGHT TO ATTACH ORDER** <br><br> **[FED. R. CIV. PROC. § 65, NORTHERN DISTRICT OF CALIFORNIA CIVIL LOCAL RULES 7-10 AND 65-1]** <br><br> **Date:** <br> **Time:** <br> **Ctrm:** <br> **Judge:** |

RCI/5156608.1/BRL

- 1 -

I, JESSHILL E. LOVE, declare:

1.      I am a shareholder with the law firm of Ropers, Majeski, Kohn & Bentley, attorneys of record for Plaintiffs STEVE TRACHSEL, SUN CITY TOWERS, LLC, THOMAS CIRRITO, ATOCHA LAND, LLC, MICHAEL CIRRITO, and CIRRITO HOLDINGS, LLC. The facts set forth herein are personally known to me or are set forth on the basis of information and belief.  If called upon as a witness, I could and would competently testify to these facts.

2.      Attached hereto as Exhibit "A" are true and correct copies of database search result printouts from the Securities Exchange Commission's EDGAR database, the California Department of Corporations' database, and the Financial Industry Regulatory Authority's BrokerCheck database indicating that Defendants' names were not found on any of these databases as being qualified to sell securities.

3.      Attached hereto as Exhibit "B" is a true and correct copy of the contact page from Solomon Capital's website, showing their principal place of business as 20 Great Oaks Blvd. # 230, San Jose, CA 95119, phone: (408) 227-2200.

4.      Attached hereto as Exhibit "C" is a true and correct copy of the index page of RDB Development's website, showing no address for a principal place of business, but having the same phone number as Solomon Capital's office in San Jose, as well as the locations page from the same website, showing Hellyer Commons in San Jose as one of RDB Development's locations.

Executed on July 25, 2008, in Redwood City, California.

JESSHILL E. LOVE

DECLARATION OF JESSHILL E. LOVE
IN SUPPORT OF PLFS' REPLY SUPPORTING RTAO
C08 02248RMW

**EXHIBIT A**



Home | FAQ

## U.S. Securities and Exchange Commission

### EDGAR Full-Text Search

This page allows you to search the full text of EDGAR filings from the last four years. The full text of a
all data in the filing as well as all attachments to the filing. To find the information you need and mak
easy and enjoyable, please visit our help page. We are still developing this feature, and we plan to en
on user feedback. Please email your comments and suggestions for improvement to textsearch@sec.c

**Search For Text:**    "ronald buchholz"                                    Adva

Search    Reset

**No Results were Found.**
[There's no result found for the specified search parameter.]



Home | FAQ

## U.S. Securities and Exchange Commission

### EDGAR Full-Text Search

This page allows you to search the full text of EDGAR filings from the last four years. The full text of a all data in the filing as well as all attachments to the filing. To find the information you need and mak easy and enjoyable, please visit our <u>help</u> page. We are still developing this feature, and we plan to en on user feedback. Please email your comments and suggestions for improvement to <u>textsearch@sec.</u>

**Search For Text:**    "ronald d. buchholz"    Adva

[ Search ]   [ Reset ]

**No Results were Found.**
[There's no result found for the specified search parameter.]



## U.S. Securities and Exchange Commission

**EDGAR Full-Text Search**

This page allows you to search the full text of EDGAR filings from the last four years. The full text of a all data in the filing as well as all attachments to the filing. To find the information you need and mak easy and enjoyable, please visit our <u>help</u> page. We are still developing this feature, and we plan to en on user feedback. Please email your comments and suggestions for improvement to <u>textsearch@sec.c</u>

**Search For Text:**    "charice fischer"    Adva

Search    Reset

**No Results were Found.**
[There's no result found for the specified search parameter.]



Home | FAQ

## U.S. Securities and Exchange Commission

**EDGAR Full-Text Search**

This page allows you to search the full text of EDGAR filings from the last four years. The full text of a
all data in the filing as well as all attachments to the filing. To find the information you need and mak
easy and enjoyable, please visit our help page. We are still developing this feature, and we plan to en
on user feedback. Please email your comments and suggestions for improvement to textsearch@sec.

**Search For Text:**    "charice buchholz"                                        Adva

Search    Reset

**No Results were Found.**
[There's no result found for the specified search parameter.]



Home | FAQ

## U.S. Securities and Exchange Commission

### EDGAR Full-Text Search

This page allows you to search the full text of EDGAR filings from the last four years. The full text of a all data in the filing as well as all attachments to the filing. To find the information you need and mak easy and enjoyable, please visit our <u>help</u> page. We are still developing this feature, and we plan to en on user feedback. Please email your comments and suggestions for improvement to <u>textsearch@sec.(</u>

**Search For Text:**    `"rdb development"`    Basi(

**In Form Type:**    `All Forms ▼`    **Results Per**

**For** ⦿ Company Name:    `"rdb development"`

**Or** ○ Central Index Key (CIK):    ` `

**Or** ○ Standard Industrial Classification:    `All SICs`

**Between These Dates:**

Start Date: `mm/dd/yyyy` 🗓    End Date: `mm/dd/yyyy` 🗓

[ Search ]  [ Reset ]

**No Results were Found.**
[There's no result found for the specified search parameter.]



## U.S. Securities and Exchange Commission

## EDGAR Full-Text Search

This page allows you to search the full text of EDGAR filings from the last four years. The full text of all data in the filing as well as all attachments to the filing. To find the information you need and make easy and enjoyable, please visit our help page. We are still developing this feature, and we plan to en on user feedback. Please email your comments and suggestions for improvement to textsearch@sec.c

| | |
|---|---|
| **Search For Text:** | "solomon capital"    Basi |
| **In Form Type:** | All Forms    **Results Per** |

| | | | |
|---|---|---|---|
| **For** | ⦿ | Company Name: | "solomon capital" |
| **Or** | ○ | Central Index Key (CIK): | |
| **Or** | ○ | Standard Industrial Classification: | All SICs |

**Between These Dates:**

Start Date: mm/dd/yyyy     End Date: mm/dd/yyyy

[Search]    [Reset]

**No Results were Found.**
[There's no result found for the specified search parameter.]

DEPARTMENT OF

# CORPORATIONS

### CALIFORNIA'S INVESTMENT & FINANCING AUTHORITY SINCE 1913

Home -» **SRD**

## Securities Regulation Division

The Securities Regulation Division (SRD) is one of three operational divisions under the California Corporations Commissioner. SRD is headed by an Assistant Commissioner and is responsible for the qualification of the offer and sale of securities and the licensing and regulation of broker-dealers, broker-dealer agents, investment advisers, and investment adviser representatives pursuant to the Corporate Securities Law of 1968. SRD also registers the offer and sale of franchises under the Franchise Investment Law and licenses capital access companies under the Capital Access Company Law.

## Table of Content

-» About the Division - Details on the Securities Regulation Division.

-» Access to Securities & Franchise Filings ("Cal-EASI") - Follow this link to obtain information on Corporate Securities Law & Franchise Investment Law filings as of July 25, 2002.

-» Check Out Your Broker - Follow this link to obtain information on how to check out your broker.

-» Check Out Your Money Manager, Financial Planner, or other Investment Adviser - Follow this link to obtain information on how to check out your investment adviser.

-» Commissioner's Releases, Opinions & Notices - Selected Commissioner's Releases, Opinions & Notices.

-» Complaints - Follow this link to file a complaint about a broker-dealer or investment adviser.

-» Early Warning - Follow this link for information on the mandatory notification of false or misleading reports.

-» Fairness Hearings - Follow this link to obtain information on Fairness Hearings pursuant to California Corporations Code section 25142.

-» Fairness Hearings Summaries - Follow this link to obtain brief summaries of Fairness Hearings pursuant to California Corporations Code section 25142 held in 2001-2003.

-» File Your Limited Offering Exemption Notice (Corporations Code 25102(f)) Online - Follow this link to file your Limited Offering Exemption Notice online.

-» Applications & Forms - Follow this link for a list of applications & forms.

-» Franchises - Follow this link for information regarding franchising.

-» Investor Education - Follow this link for helpful information to assist the investor.

-» Notice to Applicants - Use of a Cross-Reference Sheet - Follow this link for information to expedite the review of applications for qualification of the offer and sale of securities.

-» Other Useful Links - Links to other sites.

-» Marsh & Volk's "Practice Under the California Securities Laws" published by Mathew Bender & Company, Inc., ., one of the LEXIS Publishing companies.

This three-volume treatise includes, in addition to a history of the California Corporate Securities laws, (1)

a detailed analysis of the Corporate Securities Law of 1968 and Franchise Investment Law, as amended, (2) the text of both laws and the rules promulgated by the California Corporations Commissioner under both laws, (3) a section-by-section commentary on both laws with annotated California Corporations Commissioner's opinions, and (4) copies of all releases issued by the California Corporations Commissioner under both laws.

→» Publications - Follow this link for a list of publications.

## How to Contact Us!

If you have any questions regarding the laws administered by Securities Regulation Division, call the Consumer Services Office tollfree: 1 (866) 275-2677 or 866 ASK CORP.

For information regarding broker-dealers, broker-dealer agents and investment advisers call the Consumer Services Office tollfree: 1 (866) 275-2677 or 866 ASK CORP.

Conditions of Use | Privacy Policy
Copyright © 2008 State of California

CORP: Check Out Your Investment Adviser!        Page 1 of 2

Case 5:08-cv-02248-RMW    Document 57-5    Filed 07/25/2008    Page 18 of 29

DEPARTMENT OF

# CORPORATIONS

### CALIFORNIA'S INVESTMENT & FINANCING AUTHORITY SINCE 1913

Home ⇒ About ⇒ **Adviser**

# Check Out Your Investment Adviser!

⇒ Check out your money manager, financial planner, or other investment adviser on the Investment Adviser Public Disclosure website. We encourage you to review the IAPD Viewing Tips prior to visiting this site. The Securities and Exchange Commission ("SEC") and the North American Securities Administrators Association ("NASAA") sponsor the IAPD database. The IAPD provides instant access to an investment adviser's Form ADV. Investment advisers file Form ADV to register with the SEC and/or the state(s). Generally the larger (assets under management of $25 million or more) and multi-state investment advisers are registered with the SEC whereas the smaller investment advisers and fee-only financial planners are registered with the states. More than 9,000 investment advisers are registered with either the SEC or state securities administrators. Information you will find on Form ADV will include, among others, the investment adviser's business, advisory services, fees, and disciplinary problems during the last 10 years.

## IAPD Viewing Tips:

On the "Investment Adviser Search" screen, enter the investment adviser's name, CRD number or SEC file number and then follow the instructions for viewing the investment adviser's Form ADV. When checking out your investment adviser, always view the investment adviser's "Registration Status" on Form ADV. The following is a summary of the "Registration Status" you may find for both State and SEC registered investment advisers.

## State Registered Investment Advisers

If the investment adviser is registered only with the state(s), the state(s) the investment adviser firm is currently registered with, or was registered in during the previous two years, will be listed. By clicking on any of the states listed, you will be able to view the investment adviser's Form ADV. To check whether the investment adviser currently is registered in a state, click on the "Registration Status" menu item on the side navigation panel. Once you click on the "Registration Status" hyperlink, a screen will appear with the registration status for each state in the following format:

### Status Effective Date

| SEC/Jurisdiction | Registration Status | Status Effective Date |
|---|---|---|
| Alabama | Termination Requested | 12/05/2001 |
| California | Approved | 12/12/2001 |
| Florida | Terminated | 07/02/2002 |
| Vermont | Revoked | 04/05/2002 |

If you click on the "Registration Status" hyperlink on this screen when you are in the IAPD website, a pop-up window will appear with an explanation of the various registration statuses.

## SEC Registered Investment Advisers

- If the firm is, or was, registered with the SEC, a list of state(s) in which the firm is registered or notice filed will not appear. Click on the "Registration Status" menu item on the IAPD website on the side navigation panel to check the jurisdiction(s) in which the firm is registered or notice filed. Once you click on the "Registration Status" hyperlink, a screen will appear with the firm's registration and/or notice filing status with the SEC and each state, as applicable, in the following format:

Case 5:08-cv-02248-RMW    Document 57-5    Filed 07/25/2008    Page 19 of 29

**Registration Status**

| SEC/Jurisdiction | Registration Status | Status Effective Date |
|---|---|---|
| SEC | Approved | 07/03/1991 |

## Notice Filings

Investment adviser firms registered with the SEC may be required to provide to state securities authorities a copy of their Form ADV and any accompanying amendments filed with the SEC. These filings are called "notice filings". Below are the states with which the firm you selected makes its notice filings. Also listed is the date the firm first became notice filed or registered in each state.

| SEC/Jurisdiction | Effective Date |
|---|---|
| California | 12/12/2001 |

Click here to check out your broker

Conditions of Use | Privacy Policy
Copyright © 2008 State of California

# No match has been found for the information you provided.

**Please Note:**

No match may have been made because:

1. More specific information is required to complete your search.

   Use the "back" button on your browser to change and resubmit the search.

   Here are some ways to improve your search:

   a. Check that you have spelled the investment adviser's name correctly.
   b. If you know the investment adviser's IARD/CRD number or SEC "801-" number, enter it.
   c. Select "Starts With", "Sounds Like", or "Contains" on the various name selection boxes so that your search possibly returns more items.
   d. When using the "Starts With" option, enter only the first few letters of the name.
   e. When using the "Contains" option, enter a few characters that may be contained in the name that you are searching for.

2. The investment adviser is not currently registered or has not been registered in the last two years.

   This website contains information on investment advisers that currently are registered with the SEC or a state. This website also contains information on investment advisers that were registered in the previous two years but are no longer registered.

   This website does not contain information on advisers that:

   1) Are exempt from registration by law.
   2) Have filed an application for registration with the SEC or a state, but have not had their registrations approved.

   Note: Currently, some investment advisers do not register through the IARD electronic registration system. These investment advisers generally file via paper filings with the states and cannot be found on this IAPD system. Therefore, it is possible that an investment adviser is legally registered with a state but a search on this system will return a "not found" response. If you want to check on an investment adviser's registration status, you should contact the SEC at (202) 551-7250 or contact the appropriate state securities authority through http://www.nasaa.org.

3. The investment adviser you are looking for may also be a broker dealer. You can visit the FINRA BrokerCheck at: http://www.finra.org/BrokerCheck.

DEPARTMENT OF

# CORPORATIONS

### CALIFORNIA'S INVESTMENT & FINANCING AUTHORITY SINCE 1913

Home ·» About ·» **Broker**

## Check Out Your Broker!

·» For information regarding broker-dealers, broker-dealer agents and investment advisers call (866) 275-2677 or 866 ASK CORP.

·» Check the background of your broker or investment professional by using Financial Industry Regulatory Authority (FINRA) BrokerCheck. FINRA is also a resource for Investor Alerts and investor education and tools

·» Check out your commodity broker. A free service from the National Futures Association's Background Affiliation Status Information Center (BASIC). Whether you are an investor thinking about opening a futures account or an NFA Member contemplating a new business relationship, BASIC can be a valuable resource for you. BASIC contains Commodity Futures Trading Commission (CFTC) registration and NFA membership information and futures-related regulatory and non-regulatory actions contributed by NFA, the CFTC and the U.S. futures exchanges.

·» Check out your investment adviser.

Conditions of Use | Privacy Policy
Copyright © 2008 State of California

## No Results



Based on the information you provided, no results were found for the broker for whom you searched. This may have occurred because:

1. The broker for whom you are searching is not currently registered with FINRA or has not been registered with FINRA in the last two years. BrokerCheck provides information on brokers that are currently registered or have been registered with FINRA within the last two years.

2. The broker's name and/or CRD Number entered are incorrect.

3. If using the Advanced Search Page, below are some additional helpful hints:
   o Make sure you entered the CRD Number in the Broker's CRD # field and not in the Firm CRD # field.
   o Select "Begins With" or "Sounds Like" on the various name fields so that your search returns more results. Enter only the first few letters of the broker's name when using the "Begins With" option to assist with your search.
   o When using the "Sounds Like" option, enter the characters that sound like the name for which you are searching.
   o Verify the accuracy of the information provided for the broker's employing firm if you used these fields in your search. Incorrect firm information will result in a "no match" when conducting a broker search.

If you still are not able to find the individual for whom you are searching, call the FINRA BrokerCheck Hotline at (800) 289-9999 to speak with a representative.

To start a new search, select the New Search link in the navigation panel.

**EXHIBIT B**

Solomon Capital - Building Wealth through Real Estate



http://www.solomoncap.com/contact.asp

## SOLOMON
### C A P I T A L

about us    ⋮    our portfolio    ⋮    upcoming events    ⋮    investment opportunities    ⋮    faq

login ⋮ home ⋮ contact us

## Contact Us

**info@solomoncap.com**

20 Great Oaks Boulevard #230
San Jose, California 95119

408.227.2200 Phone
408.539.0913 Fax

about us | our portfolio | upcoming events | investment opportunities | faq | contact us | home
© copyright 2006  Solomon Capital
Site Design by: Marla Price Design

**EXHIBIT C**

RDB Development

http://www.rdbdevelopment.com/index.php

## Location Map ▶

### Search Properties
Commercial Office/Re ▼  GO

### Latest News
There are no articles available at this time.



Company  Locations  Portfolio  Links  Contact

RDB Development is a real estate development company founded by Ron Buchholz. RDB specializes in building commercial office condominiums that are "Class A" buildings in desirable locations. Its projects offer the benefits of ownership to small to medium sized business owners and at much lower prices than they could achieve on their own. Its residential projects provide an affordable, comfortable home for families getting started or buying their first house. Ultimately, RDB strives to provide quality real estate products that positively impact cities and neighboring communities. The RDB team's depth of experience and commitment to excellence can be seen from its completed developments.

**RDB Development**
Phone: 408.227.2200
Fax: 408.904.7116
info@rdbdev.com



Account Login

Account Support

COPYRIGHT ©2008 RDB DEVELOPMENT

HOME | DISCLAIMER



## RDB Development

DEVELOPMENT

**Location Map** ▼

Search Properties

Commercial Office/Re ▼ | **GO**

### Latest News

There are no articles available at this time.

### Company | Locations | Portfolio | Links | Contact

## Locations

### San Jose, CA

Broker: David Mein (408) 282-3828
Email: DMein@colliersparrish.com

## HELLYER COMMONS

- 16 freestanding office buildings ranging from 5,000 - 12,000 SF
- Divisible to 1,500 and 3,000 SF
- Project shells are complete
- 8.7/1,000 Parking (with reciprocal parking agreement with adjacent property)
- For sale at $235/SF
- Also for lease at $2.50 NNN with $40 improvement allowance
- For more information go to www..colliersparrish.com/HellyerPiercy

http://www.rdbdevelopment.com/locations.php?locationid=3

RDB Development

Account Login

Account Support

**Property Address**
6000 - 6150 Hellyer Avenue
San Jose, CA 95138



**Office Address**
450 W. Santa Clara Street
San Jose, CA 95113

**Return to Location Map**

COPYRIGHT ©2008 RDB DEVELOPMENT

HOME | DISCLAIMER

7/24/2008