Andrew A. August, SBN 112851
aaugust@pinnaclelawgroup.com
William W. Schofield, SBN 062674
wschofield@pinnaclelawgroup.com
Pinnacle Law Group, LLP
425 California Street, Suite 1800
San Francisco, California 94104
Telephone 415.394.5700
Facsimile 415.394.5003

Attorneys for Defendants Ronald Buchholz,
Charice Fischer, RDB Development, LLC,
and Solomon Capital, Inc.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

(SAN JOSE DIVISION)

| | |
|---|---|
| STEVE TRACHSEL, et al., <br><br> Plaintiffs, <br> vs. <br> RONALD BUCHHOLZ, et al, <br><br> Defendants. | Case No. C08-02248 RMW <br><br> **OBJECTIONS AND MOTION TO STRIKE PORTIONS OF REPLY BRIEF; REQUEST FOR SANCTIONS** <br><br> Date:  August 8, 2008 <br> Time:  9:00 a.m. <br> Ctrm:  6 <br> Judge:  Hon. Ronald M. Whyte |

Defendants Ronald Buchholz, Charice Fischer, RDB Development, LLC, and Solomon Capital, Inc. object to, and move to strike, the following portions of the "Plaintiffs' Reply in Support of Application for Right To Attach Order": Page 1, line 4 through page 6, line 16.

**A.     Plaintiffs Improperly Make New Merits-Based Arguments in the Reply Brief**

In Plaintiffs' opening Memorandum of Points and Authorities in support of their Right to Attach Application they make one—and only one—merits-based argument. It is contained at pages 8 and 9 of that opening brief (Pls' Opening MPA, 8:14-9:25) and relates solely to the supposed unregistered nature of a security sale under California's blue sky laws. The argument—based solely on the securities provisions of the California Corporations Code—goes as follows:

- The sale of investment contracts is the sale of a security under the Code, and therefore the sale of memberships in Solomon Towers, LLC involved securities sales under section 25019. (Pls' Opening MPA, 8:27-9:5.)
- Defendants are to be considered "issuers" and "broker dealers" under sections 25010 and 25004. (*Id*. at 9:6-8.)
- It is unlawful under the Code to sell unregistered securities unless the transaction is exempt from registration. (*Id*. at 9:8-11.)
- "Defendants neither qualified nor exempted themselves [sic]" under the Code. (*Id*. at 9:11-13.)
- Plaintiffs therefore are entitled to rescind the transactions under section 25503. (*Id*. at 9:13-15.)
- Because Plaintiffs supposedly showed violation of these Corporations Code provisions, they established the more-probable-than-not merits requirement needed for a right to attach order. (*Id*. at 9:19-25.)

It was to this singular argument for rescission, based on one cause of action (the 17th), that Defendants directed their opposition, pointing out (a) Plaintiffs' had put forth no competent evidence to support it, and (b) in fact the transaction was exempted from registration as a "limited offering" under California Corporations Code section 25102(f).

In the Reply Brief, however, Plaintiffs ask the Court to consider the merits of *all* eighteen causes of action in the Complaint. Plaintiffs then proceed—for the first time—to brief claims for alleged RICO violations (Reply Br., 2:18-3:11), fraud and securities fraud (*id*. at 3:12-4:22), breach of fiduciary duty and breach of contract (*id*. at 4:12-5:22), unfair business practices (*id*. at 5:18-6:6), and conspiracy (*id*. at 3:12-4:22).

This type of "lying in wait" is entirely improper. Plaintiffs cannot, after isolating one merits-claim cause of action in its initial papers, do a fully-loaded merits claim dump in the reply brief. A party is not entitled to use the reply brief to raise matters that could have been, and should have been, raised in the initial papers. *See Zamani v. Carnes,* 491 F.3d 990, 997 (9th Cir. 2007)("The district court need not consider arguments raised for the first time in a reply brief")

citing to *Koerner v. Grigas*, 328 F.3d 1039, 1048 (9th Cir. 2003)( "[w]e 'will not ordinarily consider matters on appeal that are not specifically and distinctly argued in appellant's opening brief.' ").

Although the court has discretion to consider new matter (*see Glenn K. Jackson Inc. v. Roe*, 273 F.3d 1192, 1202-02 (9th Cir. 2001)), that discretion has been limited to exceptional circumstances that do not exist here.  New matter in a reply brief may be considered only if (1) good cause or manifest injustice is shown, (2) the matter was first raised in the opposition papers, or (3) the defending party will not be prejudiced.  *Koerner*, 328 F.3d at 1048.  Plaintiffs make no showing of good cause or manifest injustice, nor can they:  They have known of their claims for four months! The matters they raise are not in response to the opposition papers, and Defendants stand to be prejudiced because they have not had an opportunity to brief or present evidence on the new matters.

Moreover, considering the new matter would violate Defendants' right to be given notice and a reasonable opportunity to respond.  *See Beaird v. Seagate Tech.*, 145 F.3d 1159, 1164 (10th Cir.) *cert. denied* 525 U.S. 1054 (1998) ("when a moving party advances in a reply new reasons and evidence in support of its motion for summary judgment, the nonmoving party should be granted an opportunity to respond").

Defendants therefore request an order striking that portion of Plaintiffs' Reply Brief contained at page 1, line 6 through page 6, line 16.

### B. Plaintiffs' Attempt To Justify the New Matter Is Frivolous and Should Be Sanctioned

Obviously anticipating the above criticism, Plaintiffs make the incredible claim that the Reply Brief does not raise new matter.  Rather, they say Defendants "misunderstand" the focus of their initial right to attach application, which in fact was made to "<u>all claims in Plaintiffs' complaint</u>." (*Id*. at 2:6-8; emphasis in original.)

This is nonsense.  Plaintiffs' opening brief addresses solely the California Corporations Code, and its merits argument addresses only that issue.  There is no attempt in the opening papers to discuss the merits of other claims; indeed, those claims are not even identified.  The Court will

search in vain in those papers for the terms "RICO," or "Rule 10b-5'" or "Business & Professions Code section 17200," or "breach of contract." The new claims have been added to the Reply Brief clearly because Plaintiffs recognize the weakness of their position on the Corporations Code issue.

Plaintiffs' position that Defendants simply "misunderstand" is particularly disingenuous given the history of this right to attach application. The Court will recall that it was preceded by Plaintiffs' unsuccessful *ex parte* application for a temporary restraining order. In the TRO application Plaintiffs made the same merits argument about unregistered securities they made in this application, verbatim. Compare doc. 22-2 at 5:9-6:7 with Pls' Opening MPA, 8:14-9:25. And the Court's Order denying the TRO application addresses only the merits of the unregistered securities argument (s*ee* doc. 42 at 4:11-5:9); understandably so, since it was the only one before the Court.

Thus, for Plaintiff to argue that Defendants—and by implication the Court—"misunderstand" what merits claim is being addressed in the opening brief goes beyond fair argument. It is frivolous and the Court should invoke its powers under Rule 11 to impose appropriate sanctions.

Dated: July 29, 2008.                                  PINNACLE LAW GROUP, LLP


By: /s/ William W. Schofield
    William W. Schofield
    Attorneys for Defendants
    Ronald Buchholz, Charice Fischer,
    RDB Development, LLC,
    and Solomon Capital, Inc.

Andrew A. August, SBN 112851
aaugust@pinnaclelawgroup.com
William W. Schofield, SBN 062674
wschofield@pinnaclelawgroup.com
Pinnacle Law Group, LLP
425 California Street, Suite 1800
San Francisco, California 94104
Telephone 415.394.5700
Facsimile 415.394.5003

Attorneys for Defendants Ronald Buchholz,
Charice Fischer, RDB Development, LLC,
and Solomon Capital, Inc.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

(SAN JOSE DIVISION)

| | |
|---|---|
| STEVE TRACHSEL, et al., <br><br> Plaintiffs, <br> vs. <br><br> RONALD BUCHHOLZ, et al, <br><br> Defendants. | Case No. C08-02248 RMW <br><br> **OBJECTION AND MOTION TO STRIKE THOMAS CIRRITO DECLARATION** <br><br> Date:  August 8, 2008 <br> Time:  9:00 a.m. <br> Ctrm:  6 <br> Judge:  Hon. Ronald M. Whyte |

Defendants Ronald Buchholz, Charice Fischer, RDB Development, LLC, and Solomon Capital, Inc. object to, and move to strike, the "Declaration of Thomas Cirrito in Support of Plaintiffs' Reply to Opposition in Support to Application for [Writ of Attachment and ] (sic) Right To Attach Order" on the following grounds:

Mr. Cirrito's statements are (a) <u>irrelevant</u> to the issues to be decided and (b) <u>unsworn</u> and incompetent.

(a) **RELEVANCE**: The only issue important as to Thomas Cirrito is whether he was an "accredited investor" as that term is defined in securities laws. If he was, then he is deemed <u>as a matter of law</u> to be a purchaser who "by reason of . . . business or financial experience . . . could be reasonably assumed to have the capacity to protect their own interests in connection with the

---

*Trachsel, et al. v. Buchholz, et al.*                                            - 1
No. C08 02248 RMW
Objections and Motion to Strike T. Cirrito Declaration

1  transaction" under the limited offering exemption of California Corporations Code section
2  25102(f)(2).

3      This is made clear in Rules 260.102.12 and 260.102.13 of the California Code of
4  Regulations.[1] Rule 260.102.12 provides that the term "purchasers" used in section 25102(f)(2)
5  does not include those who are "excluded from the count of purchasers" under Rule 260.102.13.[2]
6  Accredited investors are among those excluded from that count under Rule 260.102.13.[3]

7      Mr. Cirrito was an accredited investor at the time of the underlying transaction and he does
8  not claim otherwise. His vague and conclusory statements about lack of prior real estate investment
9  experience are irrelevant to the issue of whether the transaction was exempted from the California
10 Corporations Code's registration requirements under section 25102(f).

11     **(b)**    **UNSWORN:** Mr. Cirrito's "declaration" is simply signed, but not *under penalty of*
12 *perjury* as required by law. 28 U.S.C. §1746. The declaration is inadmissible in its entirety.

14 Dated: July 29, 2008.                               PINNACLE LAW GROUP, LLP

16                                            By: /s/ William W. Schofield
17                                                  William W. Schofield
                                                 Attorneys for Defendants
18                                                  Ronald Buchholz, Charice Fischer,
                                                 RDB Development, LLC,
19                                                  and Solomon Capital, Inc.

---

[1] Calif. Code of Reg., Tile 10, Chapter 3, §§260.102.12, 260.102.13.

[2] *Id*. at §260.102.12(d)(2).

[3] *Id*. at §260.102.13(g).

---

*Trachsel, et al. v.Buchholz, et al.*                  - 2
No. C08 02248 RMW
Objections and Motion to Strike T. Cirrito Declaration

Andrew A. August, SBN 112851
aaugust@pinnaclelawgroup.com
William W. Schofield, SBN 062674
wschofield@pinnaclelawgroup.com
Pinnacle Law Group, LLP
425 California Street, Suite 1800
San Francisco, California 94104
Telephone 415.394.5700
Facsimile 415.394.5003

Attorneys for Defendants Ronald Buchholz,
Charice Fischer, RDB Development, LLC,
and Solomon Capital, Inc.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

(SAN JOSE DIVISION)

| | |
|---|---|
| STEVE TRACHSEL, et al., | Case No. C08-02248 RMW |
| Plaintiffs, | **OBJECTION AND MOTION TO STRIKE MICHAEL CIRRITO DECLARATION** |
| vs. | |
| RONALD BUCHHOLZ, et al, | Date:   August 8, 2008<br>Time:   9:00 a.m.<br>Ctrm:   6<br>Judge:  Hon. Ronald M. Whyte |
| Defendants. | |

Defendants Ronald Buchholz, Charice Fischer, RDB Development, LLC, and Solomon Capital, Inc. object to, and move to strike, the "Declaration of Michael Cirrito in Support of Plaintiffs' Reply to Opposition in Support to Application for [Writ of Attachment and ] (sic) Right To Attach Order" on the following grounds:

Mr. Cirrito's statements are (a) <u>irrelevant</u> to the issues to be decided and (b) <u>unsworn</u> and incompetent.

(a) **RELEVANCE**: The only issue that is important as to Michael Cirrito is whether he was an "accredited investor" as that term is defined in securities laws. If he was, then he is deemed <u>as a matter of law</u> to be a purchaser who "by reason of . . . business or financial experience . . . could be reasonably assumed to have the capacity to protect their own interests in connection with

*Trachsel, et al. v. Buchholz, et al.*   - 1
No. C08 02248 RMW
Objections and Motion to Strike M. Cirrito Declaration

the transaction" under the limited offering exemption of California Corporations Code section 25102(f)(2).

This is made clear in Rules 260.102.12 and 260.102.13 of the California Code of Regulations.[1]  Rule 260.102.12 provides that the term "purchasers" used in section 25102(f)(2) does not include those who are "excluded from the count of purchasers" under Rule 260.102.13.[2]  Accredited investors are among those excluded from that count under Rule 260.102.13.[3]

Mr. Cirrito was an accredited investor at the time of the underlying transaction and he does not claim otherwise.  His vague and conclusory statements about lack of prior real estate investment experience are irrelevant to the issue of whether the transaction was exempted from the California Corporations Code's registration requirements under section 25102(f).

**(b)** **UNSWORN:** Mr. Cirrito's "declaration" is simply signed, but not *under penalty of perjury* as required by law.  28 U.S.C. §1746.  The declaration is inadmissible in its entirety.

Dated: July 29, 2008.                                PINNACLE LAW GROUP, LLP


By: /s/ William W. Schofield
William W. Schofield
Attorneys for Defendants
Ronald Buchholz, Charice Fischer,
RDB Development, LLC,
and Solomon Capital, Inc.

---

[1] Calif. Code of Reg., Tile 10, Chapter 3, §§260.102.12, 260.102.13.

[2] *Id*. at §260.102.12(d)(2).

[3] *Id*. at §260.102.13(g).

---

*Trachsel, et al. v. Buchholz, et al.*                                - 2
No. C08 02248 RMW
Objections and Motion to Strike M. Cirrito Declaration

1  Andrew A. August, SBN 112851
   aaugust@pinnaclelawgroup.com
2  William W. Schofield, SBN 062674
   wschofield@pinnaclelawgroup.com
3  Pinnacle Law Group, LLP
   425 California Street, Suite 1800
4  San Francisco, California 94104
   Telephone 415.394.5700
5  Facsimile 415.434.5380

6  Attorneys for Defendants Ronald Buchholz,
   Charice Fischer, RDB Development, LLC,
7  and Solomon Capital, Inc.

8

9
                    UNITED STATES DISTRICT COURT
10                  NORTHERN DISTRICT OF CALIFORNIA

11                       (SAN JOSE DIVISION)

12
   STEVE TRACHSEL, et al.,           Case No. C08-02248 RMW
13
                    Plaintiffs,      **CERTIFICATE OF SERVICE**
14      vs.

15 RONALD BUCHHOLZ, et al.,

16                  Defendants.

17

18                       **PROOF OF SERVICE**

19     I am employed in the office of a member of the bar of this Court in the City and County of
   San Francisco, at whose direction this service was made. I am over the age of 18 and not a party to
20 the within action. My business address is 425 California Street, Suite 1800, San Francisco,
   California 94104.
21
       On July 29, 2008, I served true and correct copies of the document described as:
22
   **OBJECTIONS AND MOTION TO STRIKE PORTIONS OF REPLY BRIEF; REQUEST
23 FOR SANCTIONS**

24 **OBJECTION AND MOTION TO STRIKE THOMAS CIRRITO DECLARATION**

25 **OBJECTION AND MOTION TO STRIKE MICHAEL CIRRITO DECLARATION**

26 on the interested parties in this action addressed as follows [ ] (see attached list):

27

28

---
*Trachsel, et al v.Buchholz, et al.*          - 1
No. C08 02248RS
Certificate of Service

| | |
|---|---|
| Jesshill E. Love | Todd Andrew Roberts |
| jlove@ropers.com | troberts@ropers.com, |
| mmcpherson@ropers.com, | mmcpherson@ropers.com, |
| tcruzada@ropers.com | rriedell@ropers.com |

Michael George Descalso
mgd@greenechauvel.com

[X]   BY E-MAIL:  Service was accomplished through the Notice of Electronic Filing for parties and counsel who are registered ECF Users.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on July 29, 2008, at San Francisco, California.

                                                    /s/ Shauna Hardeman
                                                  SHAUNA HARDEMAN

Hon. Hon. Ronald M. Whyte
United States Bankruptcy Court
Courtroom 6, 4th Floor
280 South 1st Street
San Jose, CA 95113
**Attention: CHAMBERS COPIES**

---

*Trachsel, et al v.Buchholz, et al.*         - 2
No. C08 02248RS
Certificate of Service