Andrew A. August, SBN 112851
aaugust@pinnaclelawgroup.com
William W. Schofield, SBN 062674
wschofield@pinnaclelawgroup.com
Kevin F. Rooney, SBN 184096
krooney@pinnaclelawgroup.com
Pinnacle Law Group, LLP
425 California Street, Suite 1800
San Francisco, California 94104
Telephone 415.394.5700
Facsimile 415.394.5003

Attorneys for Defendants Ronald Buchholz,
Charice Fischer, RDB Development, LLC,
and Solomon Capital, Inc.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

(SAN JOSE DIVISION)

STEVE TRACHSEL, et al.,

          Plaintiffs,

vs.

RONALD BUCHHOLZ, et al,

          Defendants.

Case No. C08-02248 RMW

**OPPOSITION TO MOTION FOR RELIEF FROM DISCOVERY STAY**

Date:    August 22, 2008
Time:   9:00 a.m.
Ctrm:   6
Judge:  Hon. Ronald M. Whyte

Defendants Ronald Buchholz, Charice Fischer, RDB Development, LLC, and Solomon Capital, Inc. oppose plaintiffs' motion for relief from discovery stay as detailed below.

**I.    INTRODUCTION**

Plaintiffs seek a relief from discovery stay without providing *any evidence* to support their request. Instead, plaintiffs make wild allegations with zero support, relying *solely* on *alleged* hearsay statements from an *unknown* "nonparty" to support their claim. The only declaration in support of this request for extraordinary relief is from plaintiffs' counsel who admittedly has no personal knowledge to support any of the allegations made in the application. Because there is no evidence to support plaintiffs' motion, it should be denied.

---

*Trachsel, et al. v.Buchholz, et al.*     - 1
No. CV08 02248 RMW
Opposition to Motion for Relief From Discovery Stay

## II. ARGUMENT

### A. Neither Plaintiffs Nor Counsel Have Personal Knowledge of Facts to Support their Application

Federal Rule of Evidence 602 mandates that a declaration based on lack of personal knowledge be disregarded: "A witness may not testify to a matter unless evidence is introduced sufficient to support a finding the witness has personal knowledge of the matter." Accordingly, the typical language found in court declarations is as follows: "I have personal knowledge of the following facts…"

Here, plaintiffs offer only one declaration in support of their allegations – a declaration from their counsel that admittedly is not based on personal knowledge. Notably, counsel omits the above the "personal knowledge" language and instead only states that his declaration is "to the best of my knowledge." (Decl. of Jesshill Love, ¶ 1)

As to the actual allegations to support plaintiffs' claims, counsel's declaration states:

> In the course of our investigation, ***I have been informed by a nonparty*** to the instant matter that Defendants Ronald Buchholz, Charice Fischer, and Solomon Capital, Inc. have hidden relevant documentation and investor funds in a manner that ***appears*** designed to avoid the investigation conducted by the Santa Clara County District Attorney's office.

(Love Decl. ¶ 2)

Counsel does not have personal knowledge of these allegations nor does he reveal the identity of the purported "nonparty." Moreover, the "nonparty" does not even provide a basis for his or her allegations. The statement also constitutes double hearsay in violation of Federal Rules of Evidence 801(c) and 802. There is no supporting declaration from the purported "nonparty" to support the allegations. Accordingly, the allegations and counsel's double hearsay declaration must be disregarded.[1]

### B. Plaintiffs Cannot Overcome the Federal Rules and the PSLRA

Plaintiffs concede the general rule that a party cannot seek discovery from any source before the parties have met and conferred and made initial disclosures. (Fed.R.Civ.Proc. § 26(f);

---

[1] Defendants have concurrently filed an Objection to the Declaration of Jesshill Love.

*Trachsel, et al. v.Buchholz, et al.*   - 2
No. CV08 02248 RMW
Opposition to Motion for Relief From Discovery Stay

Fed.R.Civ.Proc. 30(a)(2)(A)(iii). Plaintiffs also concede the status of the current action falls within the rule and they therefore cannot seek discovery at this time without court order. Plaintiffs further admit that in addition to the Federal Rules, the Private Securities Litigation Reform Act ("PSLRA") also prohibits them from seeking discovery at this time without a court order because a motion to dismiss is pending. 15 U.S.C. § 78u-4(b)(3)(B)

One need look no further than the purpose of the PSLRA to conclude that plaintiffs' request must be denied.

> [The discovery stay] forces plaintiffs to base complaints on their ***own knowledge rather than using 'shot in the dark' allegations and hoping discovery will uncover supporting evidence.*** [See *SG Cowen Securities Corp. v. United States Dist. Ct. for No. Dist. Of Calif.* (9th Cir. 1999) 189 F. 3d 909, 912 - the Act clearly contemplates that discovery should be permitted only after the court has sustained the legal sufficiency of the complaint under the PSLRA's heightened pleading standard]
>
> Schwarzer, Tashima & Wagstaffe, *Cal. Prac. Guide: Fed. Civ. Pro. Before Trial* (The Rutter Group 2008) (Emphasis Added)

Plaintiffs are seeking to open discovery prematurely based on allegations that are not of "their own knowledge." Plaintiffs are doing precisely what *SG Cowen* warns against, using "shot in the dark allegations and hoping discovery will uncover supporting evidence." Granting Plaintiffs request would defeat the very purpose of the PSLRA.

### III.  CONCLUSION

Plaintiffs attempt to overcome these many hurdles without making the required showing for extraordinary relief. In fact, plaintiffs make no showing whatsoever, and instead offer spurious allegations without any evidence to support those allegations. Plaintiffs' motion should be summarily denied.

DATED: August 1, 2008                    PINNACLE LAW GROUP, LLP

                                         By:  /s/ *Kevin F. Rooney*
                                              Kevin F. Rooney
                                              Attorneys for Defendants
                                              Ronald Buchholz, Charice Fischer,
                                              RDB Development, LLC,
                                              and Solomon Capital, Inc.

*Trachsel, et al. v.Buchholz, et al.*                - 3
No. CV08 02248 RMW
Opposition to Motion for Relief From Discovery Stay

Andrew A. August, SBN 112851
aaugust@pinnaclelawgroup.com
William W. Schofield, SBN 062674
wschofield@pinnaclelawgroup.com
Kevin F. Rooney, SBN 184096
krooney@pinnaclelawgroup.com
Pinnacle Law Group, LLP
425 California Street, Suite 1800
San Francisco, California 94104
Telephone 415.394.5700
Facsimile 415.394.5003

Attorneys for Defendants Ronald Buchholz,
Charice Fischer, RDB Development, LLC,
and Solomon Capital, Inc.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

(SAN JOSE DIVISION)

| | |
|---|---|
| STEVE TRACHSEL, et al.,<br><br>　　　　　　　Plaintiffs,<br><br>vs.<br><br>RONALD BUCHHOLZ, et al,<br><br>　　　　　　　Defendants. | **CASE NO. CV08-02248 RMW**<br><br>**OBJECTIONS TO JESSHILL E. LOVE DECLARATION IN SUPPORT OF PLAINTIFFS' MOTION FOR RELIEF FROM DISCOVERY STAY**<br><br>**Date:** August 22, 2008<br>**Time:** 9:00 a.m.<br>**Ctrm:** 6<br>**Judge:** Hon. Ronald M. Whyte |

　　　　Defendants Ronald Buchholz, Charice Fischer, RDB Development, LLC, and Solomon Capital, Inc. hereby object to the following portions of the "Declaration of Jesshill E. Love in Support of Plaintiffs' for Relief from Discovery Stay" dated July 18, 2008.

　　　　Para. 1, 2:6: Lack of personal knowledge. Mr. Love's declaration is admittedly not based on personal knowledge as he declares that it instead is based "on the best of my knowledge." (FRE 602)

　　　　Par. 2, 2:7-10: Lack of personal knowledge; lack of foundation; hearsay. Mr. Love does not identify how he "has been informed by a nonparty" nor does he identify the nonparty. The statement therefore lacks foundation, fails to display personal knowledge (FRE 602), and

---

*Trachsel, et al. v.Buchholz, et al.*　　　　　　　　　　　　　　- 1
No. CV08 02248 RMW
Objections to J. Love Declaration

necessarily is based on hearsay.  FRE 801(c); 802.  Mr. Love goes on to state the "non-party's" opinion that the alleged actions of defendants "appears designed to avoid the investigation…"  Counsel is stating the speculation of an unnamed third party which is not based on personal knowledge of Mr. Love nor the "nonparty."  FRE 602.

<u>Par. 3, 2:11-12</u>:  Lack of personal knowledge; lack of foundation; hearsay.  Mr. Love again does not state he has personal knowledge of the allegations but rather states he "has been informed" again by an unidentified "nonparty."  FRE 602.  Accordingly, the statement also lacks foundation and is necessarily based on hearsay.  FRE 602; FRE 801(c).

<u>Para. 4, 2:13-16</u>:  Lack of personal knowledge; lack of foundation; hearsay.  The supposed "need" for depositions is based on the uncorroborated statements in paragraphs two (2) and three (3) that are improper for the reasons stated above.  Mr. Love has no personal knowledge of the "need" for depositions and his statement is based on hearsay.  FRE 801(c); 802.

DATED:  August 1, 2008.                    PINNACLE LAW GROUP, LLP


                                           By:  /s/ *Kevin F. Rooney*
                                                Kevin F. Rooney
                                                Attorneys for Defendants
                                                Ronald Buchholz, Charice Fischer,
                                                RDB Development, LLC,
                                                and Solomon Capital, Inc.

---

*Trachsel, et al. v.Buchholz, et al.*                    - 2
No. CV08 02248 RMW
Objections to J. Love Declaration

1  Andrew A. August, SBN 112851
   aaugust@pinnaclelawgroup.com
2  William W. Schofield, SBN 062674
   wschofield@pinnaclelawgroup.com
3  Pinnacle Law Group, LLP
   425 California Street, Suite 1800
4  San Francisco, California 94104
   Telephone 415.394.5700
5  Facsimile 415.434.5380

6  Attorneys for Defendants Ronald Buchholz,
   Charice Fischer, RDB Development, LLC,
7  and Solomon Capital, Inc.

8

9              UNITED STATES DISTRICT COURT
               NORTHERN DISTRICT OF CALIFORNIA
10
                     (SAN JOSE DIVISION)
11

12 | STEVE TRACHSEL, et al., | Case No. CV08-02248 RMW |
13 | Plaintiffs, | **CERTIFICATE OF SERVICE** |
14 | vs. | |
15 | | |
16 | RONALD BUCHHOLZ, et al., | |
17 | Defendants. | |

18                        **PROOF OF SERVICE**
19       I am employed in the office of a member of the bar of this Court in the City and County of
   San Francisco, at whose direction this service was made. I am over the age of 18 and not a party to
20 the within action. My business address is 425 California Street, Suite 1800, San Francisco,
   California 94104.
21
       On August 1, 2008, I served true and correct copies of the document described as:
22     **OBJECTION TO JESSHILL E. LOVE DECLARATION IN SUPPORT OF
       PLAINTIFFS' MOTION FOR RELIEF FROM DISCOVERY STAY;**
23
       **OPPOSITION TO MOTION FOR RELIEF FROM DISCOVERY STAY**
24 on the interested parties in this action addressed as follows [ ] (see attached list):

25 | Jesshill E. Love | Todd Andrew Roberts |
26 | jlove@ropers.com | troberts@ropers.com, |
   | mmcpherson@ropers.com, | mmcpherson@ropers.com, |
27 | tcruzada@ropers.com | rriedell@ropers.com |

28

---
*Trachsel, et al v.Buchholz, et al.*              - 1
CASE NO. CV08 0224 RMW
CERTIFICATE OF SERVICE

1  Michael George Descalso
   mgd@greenechauvel.com
2

3  [X]    BY E-MAIL:  Service was accomplished through the Notice of Electronic Filing for parties
          and counsel who are registered ECF Users.

4
         I declare under penalty of perjury under the laws of the United States of America that the
5  foregoing is true and correct.  Executed on August 1, 2008, at San Francisco, California.

6
                                                     /s/ Sally J. Hamm
7                                                    SALLY J. HAMM

8
   Hon. Ronald M. Whyte
9  United States District Court
   280 South 1st Street
10 Courtroom 6, 4th Floor
   San Jose,  CA 95113
11 **E-Filing Chambers Copies**
   **Case No: CV08-02248**
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

*Trachsel,  et al v.Buchholz, et al.*                              - 2
CASE NO. CV08 0224 RMW
CERTIFICATE OF SERVICE