TODD A. ROBERTS (SBN 129722)
JESSHILL E. LOVE (SBN 208348)
ROPERS, MAJESKI, KOHN & BENTLEY
1001 Marshall Street, Suite 300
Redwood City, CA 94063
Telephone:   (650) 364-8200
Facsimile:   (650) 780-1701

Attorneys for Plaintiffs
STEVE TRACHSEL, an individual, SUN CITY TOWERS, LLC, a California limited liability company, THOMAS CIRRITO, an individual, ATOCHA LAND, LLC, a Delaware limited liability company, MICHAEL CIRRITO, an individual, and CIRRITO HOLDINGS, LLC, a Delaware limited liability company

# UNITED STATES DISTRICT COURT - NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| STEVE TRACHSEL, an individual; SUN CITY TOWERS, LLC, a California limited liability company; THOMAS CIRRITO, an individual; ATOCHA LAND, LLC, a Delaware limited liability company; MICHAEL CIRRITO, an individual; and CIRRITO HOLDINGS, LLC, a Delaware limited liability company, <br><br> Plaintiffs, <br><br> v. <br><br> RONALD BUCHHOLZ; CHARICE FISCHER; RDB DEVELOPMENT, LLC, a Nevada limited liability company; SOLOMON CAPITAL, INC., a Nevada corporation; JONATHON VENTO; GRACE CAPITAL, LLC, dba GRACE COMMUNITIES, an Arizona limited liability company; DONALD ZELEZNAK; Z-LOFTS, LLC, an Arizona limited liability company; ZELEZNAK PROPERTY MANAGEMENT, LLC dba KELLER WILLIAMS REALTY, an Arizona limited liability company; KELLER WILLIAMS REALTY, INC., a Texas corporation; and DOES 1-50, inclusive, <br><br> Defendants. | CASE NO: C08 02248RMW <br><br> **PLAINTIFFS' RESPONSE TO DEFENDANTS' OBJECTIONS AND MOTION TO STRIKE PORTIONS OF PLAINTIFFS' REPLY TO OPPOSITION TO APPLICATION FOR WRIT OF ATTACHMENT AND RIGHT TO ATTACH ORDER AND REQUEST FOR SANCTIONS** <br><br> [FED. R. CIV. PROC. § 65, NORTHERN DISTRICT OF CALIFORNIA CIVIL LOCAL RULES 7-10 AND 65-1] <br><br> Date:   August 8, 2008 <br> Time:   9:00 a.m. <br> Ctrm:   6 <br> Judge:  Hon. Ronald M. Whyte |

RC1/5160722.1/BRL

- 1 -

RESPONSE TO OBJECTION, MOTION TO STRIKE
PORTIONS OF PLFS' REPLY SUPPORTING RTAO
C08 02248RMW

Plaintiffs Steve Trachsel, Sun City Towers, LLC, Thomas Cirrito, Atocha Land, LLC, Michael Cirrito, and Cirrito Holdings, LLC submit the following response to Defendants' Objections and Motion to Strike Portions of Reply Brief; Request for Sanctions:

A. **Plaintiffs' Application for Right to Attach Order Covered All Claims In Complaint**

Contrary to Defendants' assertion, Plaintiffs' Application for a Right to Attach Order and for Writ of Attachment is not based solely on a single rescission claim. The Memorandum of Points and Authorities in Support of Plaintiffs' Application for a Right to Attach Order expressly refers to all claims in the complaint on Page 2 lines 17-20, stating: "Because Plaintiffs have demonstrated the probable validity of their rescission **claims, as well as other claims set forth in the complaint**..." (Emphasis added.) Plaintiffs clearly indicate here that the Right to Attach Order is filed as to all claims set forth in the complaint.

As Plaintiffs have maintained from the time this Application was filed, the focus on the rescission claim was simply offered as an example for the Court's convenience so it was not required to read through lengthy allegations supporting all eighteen claims. Defendants are quick to point out that Plaintiffs put forward the same rescission claim in their Ex Parte Application for a Temporary Restraining Order, which was filed the same day as Plaintiffs' Application for a Right to Attach Order.

What Defendants are not as quick to point out is that Plaintiffs' Reply to the Ex Parte Application, which was filed on June 6, 2008, clearly indicates that that both the TRO and the RTAO apply to all claims in the complaint, and the focus on a single claim was merely for the Court's convenience. Plaintiff's Reply on the TRO Application explicitly states: "It was certainly possible to demonstrate the merits of all 18 claims for relief in the complaint" and indicates that the focus on the rescission claim was made "in an effort to consolidate the amount of material filed with the Court". (See Plaintiffs' Reply to Opposition to Application for Temporary Restraining Order, Doc. 41 at 4:6-7.)

Accordingly, Defendants have known this was the purpose of the focus on the rescission claim since at least June 6. The fact that Defendants chose only to address the rescission claim in their Opposition to the Application for a Right to Attach Order, which they filed on July 18,

nearly a month and a half later, was their decision. However, they cannot claim to have been taken by surprise in this case, and further cannot claim that Plaintiffs were somehow "lying in wait." Plaintiffs' arguments in its Reply regarding the remaining claims in the complaint, to which it referred in its moving papers, are reasonable and should be considered by the Court in connection with this Application.

### B. Court May Consider All Claims In Connection With Moving Papers

Even if the Court finds that these arguments were raised for the first time in the reply papers, it still has discretion to consider the issues in support of Plaintiffs' application. (Glenn K. Jackson, Inc. v. Roe (9th Cir. 2001) 273 F.3d 1192, 1201-1202.) Further, the Court always has the discretion to consider such claims *sua sponte*. (Id.) In light of the discussion above, it is reasonable for the Court to consider these claims, as Defendants were on notice of the claims themselves starting in April and were on notice that the Application for Right to Attach Order included these claims when it was filed and again when the Reply to the TRO was filed.

### C. Defendants' Sanctions Request is Improperly Noticed and Baseless

Rule 11 of the Federal Rules of Civil Procedure states that by filing a pleading with a federal court, an attorney is certifying that the pleading is not being presented for any improper purpose, including harassment of another party. (Fed. R. Civ. Proc. 11(b).) Rule 11(c) requires that a separate motion for sanctions be made and the attorney against whom the sanctions are sought be given an opportunity to correct the offending pleading, neither of which Defendants have done here. Further, other than Defendants' claims that Plaintiffs were "lying in wait," there is no evidence of bad faith, harassment, or any impropriety on Plaintiffs' part.

As stated above, Plaintiffs made it clear a month and a half before Defendants filed their Opposition to the Right to Attach Order Application that it applied to all claims, and the focus on the rescission claim was merely for the Court's convenience. Regardless of how the Court chooses to construe this dispute, it certainly does not rise to the level of sanctionable behavior. Therefore, the Court should deny Defendants' improper and baseless request for sanctions.

### D. Conclusion

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendants'

RC1/5160722.1/BRL

- 3 -

RESPONSE TO OBJECTION, MOTION TO STRIKE
PORTIONS OF PLFS' REPLY SUPPORTING RTAO
C08 02248RMW

1  Motion to Strike and Request for Sanctions, and consider all arguments raised in Plaintiff's
2  Reply.

4  Dated: August 1, 2008

ROPERS, MAJESKI, KOHN & BENTLEY

By: _____
TODD A. ROBERTS
JESSHILL E. LOVE
Attorneys for Plaintiffs
STEVE TRACHSEL, an individual, SUN CITY TOWERS, LLC, a California limited liability company, THOMAS CIRRITO, an individual, ATOCHA LAND, LLC, a Delaware limited liability company, MICHAEL CIRRITO, an individual, and CIRRITO HOLDINGS, LLC, a Delaware limited liability company

RC1/5160722.1/BRL

- 4 -

RESPONSE TO OBJECTION, MOTION TO STRIKE
PORTIONS OF PLFS' REPLY SUPPORTING RTAO
C08 02248RMW