DION N. COMINOS (SBN: 136522)
MEAGEN E. LEARY (SBN: 233103)
GORDON & REES LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 986-5900
Facsimile: (415) 986-8054

Attorneys for Defendant
KELLER WILLIAMS REALTY, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE TRACHSEL, an individual, SUN CITY TOWERS, LLC, a California corporation, THOMAS CIRRITO, and individual, ATOCHA LAND, LLC, a Delaware limited liability company, MICHAEL CIRRITO, and individual, and CIRRITO HOLDINGS, LLC, a Delaware limited liability company,<br><br>Plaintiffs,<br><br>vs.<br><br>RONALD BUCHHOLZ, CHARICE FISCHER, RDB DEVELOPMENT, LLC, a Nevada limited liability company, SOLOMON CAPITAL, LLC, a Nevada limited liability company, JONATHON VENTO, GRACE CAPITAL, LLC, dba GRACE COMMUNITIES, an Arizona limited liability company, DONALD ZELEZNAK, Z-LOFT, LLC, an Arizona limited liability company, ZELEZNAK PROPERTY MANAGEMENT, LLC dba KELLER WILLIAMS REALTY, INC., a Texas corporation, and DOES 1-50, inclusive,<br><br>Defendants. | CASE NO. C08-2248 RMW<br>[Assigned Judge: Hon. Ronald Whyte]<br><br>**DEFENDANT KELLER WILLIAMS REALTY, INC.'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS COUNTS 3, 4, 5, 6, 11, 16 AND 18 OF PLAINTIFFS' COMPLAINT**<br><br>Accompanying Papers: Objections to Extrinsic Evidence Submitted in Plaintiffs' Opposition and Motion to Strike; [Proposed] Order Striking Extrinsic Evidence<br><br>Hearing Date: September 5, 2008<br>Time: 9:00 A.M.<br>Location: Courtroom 6<br>Judge: Hon. Ronald Whyte |

## I. INTRODUCTION

Plaintiffs' Complaint, on its face, fails to state any claim for relief against Keller Williams Realty, Inc. ("KWRI"). Despite Plaintiffs' attempts to reframe the appropriate standards for considering an FRCP 12(b)(6) Motion to Dismiss, the issue before this Court is simply whether the claims as stated, assuming them to be true, are sufficiently pled. Plainly,

-1-

they are not. Specifically, plaintiffs have failed to properly plead Counts 3, 4, 5, 6, 11, 16 and 18 as against KWRI. Instead of addressing the pleading deficiencies asserted by KWRI's motion or offering bases to allow for the amendment of the Complaint, Plaintiffs' Opposition improperly focuses on evidence beyond the four corners of the pleadings. Such extrinsic evidence should not be considered by this Court. Accordingly, Plaintiffs' failure to state any legally cognizable claims for relief against KWRI warrants the dismissal of the Complaint with prejudice as against KWRI.

## II. PLAINTIFFS' COMPLAINT FAILS TO STATE ANY CLAIM FOR RELIEF AS AGAINST KELLER WILLIAMS REALTY, INC.

### A. Any Extrinsic Evidence Argued in Plaintiffs' Opposition is Improper for Consideration on this Motion.

The face of the plaintiffs' complaint, and the exhibits attached thereto control the Rule 12(b)(6) inquiries. *Campanelli v. Bockrath*, 100 F.3d 1476, 1479 (9th Cir.1996); *Parks School of Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir.1995). In ruling on an FRCP 12(b)(6) motion, the district court cannot consider "new" facts alleged in plaintiff's opposition papers. *Schneider v. California Dept. of Corrections* 151 F.3d 1194, 1197 (9th Cir. 1998) (held that such allegations are irrelevant for Rule 12(b)(6) purposes and cited 2 Moore's Federal Practice, § 12.34[2] (Matthew Bender 3d ed.) ("The court may not ... take into account additional facts asserted in a memorandum opposing the motion to dismiss, because such memoranda do not constitute pleadings under Rule 7(a).").). Plaintiffs' Opposition inappropriately attempts to introduce pages upon pages of information not contained in the Complaint. Any information extrinsic from the Complaint, including the declarations of Jesshill E. Love and Thomas Cirrito, and the exhibits thereto, should be stricken and not considered by this Court in ruling on KWRI's Motion. *See* attached Objections to Extrinsic Evidence and Motion to Strike.

### B. Plaintiffs' Complaint Fails to Sufficiently Plead Any Basis for Vicarious Liability of KWRI.

All of Plaintiffs' claims against KWRI hinge on the conclusory allegation that KWRI is vicariously liable for the actions of other Defendants. Because Plaintiffs fail to properly allege any agency relationship of KWRI, Plaintiffs' entire Complaint, without more, is fatally deficient.

Paragraphs 3, 29 and 79 of the Complaint are the only allegations of any substance alleged against KWRI. Paragraphs 3 and 79 simply label KWRI, along with defendants ZPM and Zeleznak, as "agent and broker." Paragraph 29 alleges that "KELLER WILLIAMS is vicariously liable for the actions of its franchisee, ZPM…" None of these allegations supports, even at the pleadings stage, a sufficient claim of agency of any sort. Plaintiffs' Opposition further demonstrates that the Complaint falls short of the requirements for pleading agency. By Plaintiffs' own admission, the Complaint does not sufficiently plead any agency theory.

Plaintiffs' Opposition concedes that their agency claim is not based upon a franchise agency relationship (which is apparent from the conclusory allegations of Paragraphs 3, 29 and 79), and for the first time makes an ostensible agency argument as against KWRI. Plaintiffs' Opposition outlines the elements of an ostensible agency theory (citing *Associated Creditors' Agency v. Davis*, 13 Cal.3d 374 (1975)) yet fails to identify any part of the Complaint that satisfies the elements of such a theory because none exists. Plaintiff's Opposition, ("Opp.") pages 7 through 9.

*Kaplan v. Coldwell Banker*, which Plaintiffs glom onto in their Opposition does not help Plaintiffs overcome the deficiencies in their Complaint. Cal.App.4th 741 (1997). If anything, *Coldwell Banker* highlights what Plaintiffs' Complaint is lacking. The Court in *Coldwell Banker* reviewed the appeal of a summary judgment motion, determining whether there was a triable fact as to liability under an agency theory. Although the pleadings were not the primary focus of the *Coldwell Banker* opinion, the Court did address the allegations in appellants' Complaint, which, unlike the Complaint here, at least alleged the elements of the alleged agency relationship. 59 Cal.App.4th 741, 744, 745. Plaintiffs' Opposition conveniently ignores the glaring fact that their own Complaint fails to allege any facts to support an ostensible agency claim.

It follows that Plaintiffs have failed in their Complaint to sufficiently plead any vicarious liability theory by which to link KWRI to the current action and Plaintiffs' entire Complaint as against KWRI should be dismissed with prejudice. In addition, each of Plaintiffs' individual claims against KWRI are irreparably defective.

### C. Plaintiffs' Securities Fraud Claims (Counts 3 and 4) are Time-Barred as a Matter of Law

Where facts and dates alleged in the Complaint indicate the claim is time barred by the statute of limitations, a motion to dismiss for failure to state a claim lies. *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980). Plaintiffs' Opposition does not even address KWRI's argument that Plaintiffs' securities fraud claims are barred by the applicable three year statute of limitations, apparently conceding the deficiency of the claim.

15 U.S.C. § 77m requires that securities fraud claims under the 1933 and 1934 Acts (15 U.S.C. §§ 77l and 78j respectively) must be brought **no later than three years after the offer or sale giving rise to the plaintiff's claim.** The three year limit is a statute of repose and equitable tolling does not apply. *Lampf, Pleva, Lipkind, Prupis & Pettigrew v. Gilbertson* 501 U.S. 350, 363 (1991). The sale at issue is Plaintiffs' investment into the Solomon Towers project. The date of the sale occurred no later than the date the Solomon Towers Operating Agreement was executed – March 3, 2005. The Operating Agreement memorialized the investment and was made an express part of the Complaint. Complaint, Exhibit C. Plaintiffs did not file their action until April 30, 2008, rendering Plaintiffs' securities fraud claims barred as a matter of law.

In addition to being time barred, Plaintiffs fail to sufficiently plead the elements necessary to assert claims under the 1933 and 1934 Acts. Recognizing their own Complaint's deficiencies, Plaintiffs responded to KWRI's argument that KWRI is not a permissible defendant under the 1933 Act as it is limited to defendants that directly or actively participated in the security sale (*Pinter v. Dahl* 486 U.S. 622 (1988)), admitting that "KWRI may be correct when they claim that they did not make any direct misrepresentations in connection with the sale of securities." Opp., 11:24-26.

### D. Plaintiffs' Complaint Fails to Sufficiently State a RICO Claim for Relief As Against KWRI (Count 3)

Plaintiffs' RICO claim against KWRI (Conspiracy to Commit RICO violations, section 1962(d)) is deficient for the following reasons: (1) it fails to allege the necessary elements of a "predicate act"; (2) if fails to sufficiently plead "enterprise"; (3) if fails to sufficiently plead

"pattern of racketeering activity"; and (4) if fails to sufficiently plead damages. *See* 18 U.S.C. §§ 1962(c), 1964(c); *Sedima S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985). That Plaintiffs' Opposition barely addresses only two of the deficiencies identified, "predicate act" and "pattern of racketeering," solidifies that Plaintiffs cannot, even through amendment, plead the necessary elements of a RICO claim as against KWRI. Plaintiffs' Opposition simply restates the requirements for asserting a RICO claim, though fails to reference a single allegation in the Complaint that satisfies the requirements. Opp., 10:7-28, 11:1-4.

Plaintiffs' only attempt at responding to KWRI's argument that predicate acts are not sufficiently pled, is that the acts, which are to be pled with specificity, should somehow be implied. *Howard v. America Online, Inc.*, 208 F.3d 741, 750 (4th Cir. 2000), citing *Associated Gen. Contractors of America v. Metropolitan Water Dist.*, 159 F.3d 1178, 1181 (9th Cir. 1998); Opp., 10:27-28. Plaintiffs' argument as to the "pattern" requirement ignores that the Complaint fails to identify with specificity the multiple predicate acts necessary to create a pattern, and also the requirement that a pattern must be both forward and backward looking. 8 U.S.C. § 1961(5); *H.J. Inc. v. Northwestern Telephone Co.*, 492 U.S. 229, 236-243 (1989).

Plaintiffs' Complaint is devoid of any specific allegations that KWRI conspired to commit RICO violations. Even assuming *arguendo* that Plaintiffs had sufficiently pled vicarious liability, the Complaint's defects also preclude a RICO claim against KWRI's purported agents. As evidenced by their Opposition's failure to even suggest that the claim could be cured, Count 3 as against KWRI should be dismissed with prejudice.

E. **Plaintiffs' Complaint Fails to Sufficiently State a Claim for Relief Under California Business & Professions Code § 17200 (Count 6)**

Plaintiffs' Opposition completely fails to address the deficiencies in their section 17200 claim, demonstrating that the claim cannot be cured and should be dismissed without prejudice. Plaintiffs' section 17200 claim conclusorily alleges that all defendants engaged in fraudulent business practices in violation of Section 17200. In federal court, section 17200 claims grounded in fraud must be pled with particularity. *Vess v. Ciba-Geigy Corp.*, 317 F.3d 1097, 1103 (9th Cir. 2003). Plaintiffs' section 17200 claim completely lacks any particularized allegations as to

-5-

KWRI or any of KWRI's purported agents, fails to put KWRI on notice of the particular misconduct alleged and therefore should be dismissed.

### F. Plaintiffs' Complaint Fails to Sufficiently State a Claim for Relief for Conspiracy (Count 11)

Plaintiffs' Complaint fails to sufficiently plead a conspiracy cause of action against KWRI, alleging only that KWRI furthered a conspiracy by acting as the agent and broker in the "wash sale" transaction. Complaint, ¶¶ 157, 160. Plaintiffs' conspiracy claim is premised on a conspiracy to defraud, therefore the heightened pleading standards of FRCP 9(b) apply. Plaintiffs' Opposition ignores the defects of the claim and further provides no bases for allowing leave to amend. Plaintiffs' claim for relief for conspiracy should also be dismissed.

### G. Plaintiffs' Complaint Fails to State a Claim for Relief under California Corporations Code sections 25501, 25401, 25504, 25503, 25102(F), 25110 (Counts 16 and 18)

Corporations Code sections 25501, 25401, 25403, 25504, 25105(F) and 25510 comprise the Corporate Securities Law of 1968, which is an anti-fraud provision, triggering the heightened pleading standard. Plaintiffs' Complaint does not state a claim for relief as against KWRI for any Corporations Code violations, and Plaintiffs' Opposition provides no bases for granting leave to amend Counts 16 or 18.

Plaintiffs' Opposition expressly concedes that Plaintiffs' claims under sections 25401 and 25501 cannot survive. Sections 25401 and 25501 require the allegation and existence of strict privity between the actual seller and a purchaser of a security, and the Opposition states that "Plaintiffs have not alleged that KWRI directly sold them securities." *In re Diasonics Securities Litigation*, 599 F.Supp. 447 (N.D. Cal. 1984); *Employers Ins. of Wausau v. Musick, Peeler & Garrett*, 871 F.Supp.381 (S.D. Cal.1994); Opp., 13:16-17.

Plaintiffs' Opposition does not even address KWRI's argument regarding sections 25110, 25503 or 25102(F). Section 25110 prohibits selling or offering to sell transactions in an issuer transaction. Plaintiffs' Complaint fails to allege that KWRI or any of its purported agents are issuers of securities as the term is defined in section 25010 and further fails to allege that KWRI is a seller of securities. It follows that section 25110 and related sections 25503 (provides for

-6-

damages associated with section 25110 violations) and 25102(F) (regulates security sales and issuer transactions exempted from 25110) should be dismissed with prejudice.

Plaintiffs for the first time in their Opposition allege a violation of section 25504.1. That section is not alleged in the Complaint and should not be considered by this Court. The Opposition's discussion of section 25504 in no way rectifies the Complaint's defective pleadings under section 25504. In order to state a claim under section 25504, Plaintiff must allege that KWRI controlled persons who violated sections 25501 and 25503 and/or who materially assisted, with an intent to deceive or defraud, persons who violated section 25401. Cal. Corp. Code section 25504; *In re Activision Securities Litigation*, 621 F.Supp.415, 427 (N.D.Cal. 1985). Plaintiffs' Complaint fails to make such allegations. Further, even if Plaintiffs prevailed on their vicarious liability argument, which KWRI ardently disputes, Plaintiffs' section 25504 claim must fail. The alleged fraudulent security sale in this dispute is the investment in Solomon Towers. Plaintiffs' Complaint does not allege, because it cannot, that any of KWRI's purported agents (Zeleznak or ZPM) sold the investment to Plaintiffs in violation of sections 25501, 25503 or 25504. Rather, Plaintiffs allege that defendants Buchholz, Solomon Capital and Fischer sold securities to Plaintiffs in violation of the Corporations Code. Complaint, ¶ 49. Counts 16 and 18 cannot be cured as against KWRI and should be dismissed with prejudice.

### III. CONCLUSION

Neither Plaintiffs' Complaint nor their Opposition provides any valid bases for a legal action against KWRI. On their face, the pleadings fail to state any claims for relief against KWRI. Accordingly, KWRI respectfully requests this Court dismiss all of Plaintiffs' claims against KWRI, with prejudice.

GORDON & REES LLP

Dated: Aug. 21, 2008      By: _____
DION N. COMINOS
MEAGEN E. LEARY
Attorneys for Defendant KELLER
WILLIAMS REALTY, INC.

: Steve Trachsel, et al. v. Ronald Buchholz, et al.
United States District Court Northern District of California, San Jose Division
Case No. No. C08 02248

## PROOF OF SERVICE

I am a citizen of the United States. My business address is 275 Battery Street, San Francisco, CA 94111. I am employed in the City and County of San Francisco where this service occurs. I am over the age of 18 years and not a party to the within action.

On August 21, 2008, following ordinary business practice, I served a true copy of the foregoing document(s) described as:

**DEFENDANT KELLER WILLIAMS REALTY, INC.'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS COUNTS 3, 4, 5, 6, 11, 16, AND 18 OF PLAINTIFFS' COMPLAINT**

[X] **BY (CM/ECF) ELECTRONIC CASE FILE SYSTEM**: with the United States District Court, Northern District, to all parties listed on the court's proof of electronic service.

[ ] **BY FACSIMILE**: by transmitting by facsimile to the number(s) listed above to the fax number(s) set forth below, or as stated on the attached service list, on this date before 5:00 p.m.

[ ] **PERSONAL SERVICE**: I caused such envelope(s) to be delivered by hand this date to the offices of the addressee(s).

[ ] **MAIL**: I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail at Sacramento, California to the offices of the addressee(s) listed below:

[ ] **OVERNIGHT DELIVERY**: I caused such envelope(s) to be delivered to an overnight delivery carrier with delivery fees provided for, addressed to the person(s) on whom it is to be served.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on August 21, 2008 at San Francisco, California.

_____
Sandra Sarmiento

Gordon & Rees LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111

KWRI/1051542/5802734v.1

| | |
|---|---|
| 1 | DION N. COMINOS (SBN: 136522)<br>MEAGEN E. LEARY (SBN: 233103) |
| 2 | GORDON & REES LLP<br>Embarcadero Center West |
| 3 | 275 Battery Street, Suite 2000<br>San Francisco, CA 94111 |
| 4 | Telephone: (415) 986-5900<br>Facsimile: (415) 986-8054 |
| 5 | |
| 6 | Attorneys for Defendant<br>KELLER WILLIAMS REALTY, INC. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| STEVE TRACHSEL, an individual, SUN CITY TOWERS, LLC, a California corporation, THOMAS CIRRITO, and individual, ATOCHA LAND, LLC, a Delaware limited liability company, MICHAEL CIRRITO, and individual, and CIRRITO HOLDINGS, LLC, a Delaware limited liability company,<br><br>　　　　　　　　Plaintiffs,<br><br>vs.<br><br>RONALD BUCHHOLZ, CHARICE FISCHER, RDB DEVELOPMENT, LLC, a Nevada limited liability company, SOLOMON CAPITAL, LLC, a Nevada limited liability company, JONATHON VENTO, GRACE CAPITAL, LLC, dba GRACE COMMUNITIES, an Arizona limited liability company, DONALD ZELEZNAK, Z-LOFT, LLC, an Arizona limited liability company, ZELEZNAK PROPERTY MANAGEMENT, LLC dba KELLER WILLIAMS REALTY, INC., a Texas corporation, and DOES 1-50, inclusive,<br><br>　　　　　　　　Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CASE NO. C08-2248 RMW<br>[Assigned Judge: Hon. Ronald Whyte]<br><br>**DEFENDANT KELLER WILLIAMS REALTY, INC.'S OBJECTIONS TO EXTRINSIC EVIDENCE SUBMITTED IN PLAINTIFFS' OPPOSITION, AND MOTION TO STRIKE EXTRINSIC EVIDENCE**<br><br>Accompanying Papers: Reply in Support of Motion to Dismiss; [Proposed] Order Striking Extrinsic Evidence<br><br>Hearing Date: September 5, 2008<br>Time:　　　　9:00 A.M.<br>Location:　　Courtroom 6<br>Judge:　　　　Hon. Ronald Whyte |

Defendant KELLER WILLIAMS REALTY, INC. ("KWRI") objects to the following extrinsic evidence referred to and cited by Plaintiffs in their Opposition to Defendant's Rule 12(b)(6) Motion to Dismiss, and requests that this Court strike such evidence from Plaintiffs' Opposition to KWRI's Motion to Dismiss:

-1-

KELLER WILLIAMS' OBJECTIONS TO EVIDENCE AND MOTION TO STRIKE; CASE NO. C08 2248

1. Declaration of Thomas Cirrito in Support of Plaintiffs' Opposition to KWRI's Motion to Dismiss, in its entirety.;

2. Declaration of Jesshill E. Love in Support of Plaintiffs' Opposition to KWRI's Motion to Dismiss, in its entirety;

3. Exhibit A attached to Declaration of Jesshill E. Love in Support of Plaintiffs' Opposition to KWRI's Motion to Dismiss, in its entirety;

4. Exhibit B attached to Declaration of Jesshill E. Love in Support of Plaintiffs' Opposition to KWRI's Motion to Dismiss, in its entirety;

5. Exhibit C attached to Declaration of Jesshill E. Love in Support of Plaintiffs' Opposition to KWRI's Motion to Dismiss, in its entirety.

The grounds for KWRI's objections to the above-referenced extrinsic evidence, and motion to strike such evidence is that the face of the plaintiffs' complaint and the exhibits attached thereto control the Rule 12(b)(6) inquiry. *Campanelli v. Bockrath*, 100 F.3d 1476, 1479 (9th Cir.1996); *Parks School of Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir.1995). The district court cannot consider "new" facts alleged in plaintiff's opposition papers. *Schneider v. California Dept. of Corrections* 151 F.3d 1194, 1197 (9th Cir. 1998) (citing 2 Moore's Federal Practice, § 12.34[2] (Matthew Bender 3d ed.) ("The court may not ... take into account additional facts asserted in a memorandum opposing the motion to dismiss, because such memoranda do not constitute pleadings under Rule 7(a).").). The declarations of Thomas Cirrito and Jesshill E. Love, and the exhibits thereto, clearly exceed the boundaries of Plaintiffs' Complaint and the exhibits to the Complaint and are thus improper for consideration by this Court.

Based on the foregoing, KWRI requests that the declarations of Thomas Cirrito and

///

///

-2-

-3-

1 | Jesshill Love, and the exhibits to Mr. Love's declaration be stricken from the record.

2 | Dated: August 21, 2008

GORDON & REES LLP

By: _____
DION N. COMINOS
MEAGEN E. LEARY
Attorneys for Defendant KELLER
WILLIAMS REALTY, INC.

1  :     Steve Trachsel, et al. v. Ronald Buchholz, et al.
    United States District Court Northern District of California, San Jose Division
2      Case No. No. C08 02248

3  **PROOF OF SERVICE**

4      I am a citizen of the United States. My business address is 275 Battery Street, San Francisco, CA  94111. I am employed in the City and County of San Francisco where this
5  service occurs. I am over the age of 18 years and not a party to the within action.

6      On August 21, 2008, following ordinary business practice, I served a true copy of the foregoing document(s) described as:
7
    **DEFENDANT KELLER WILLIAMS REALTY, INC.'S OBJECTIONS TO EXTRINSIC
8      EVIDENCE SUBMITTED IN PLAINTIFFS' OPPOSITION, AND MOTION TO STRIKE
    EXTRINSIC EVIDENCE**
9
    [X] **BY (CM/ECF) ELECTRONIC CASE FILE SYSTEM**: with the United States
10     District Court, Northern District, to all parties listed on the court's proof of electronic service.

11     [ ] **BY FACSIMILE**: by transmitting by facsimile to the number(s) listed above to the
    fax number(s) set forth below, or as stated on the attached service list, on this date
12     before 5:00 p.m.

13     [ ] **PERSONAL SERVICE**: I caused such envelope(s) to be delivered by hand this date
    to the offices of the addressee(s).
14
    [ ] **MAIL**: I caused such envelope(s) with postage thereon fully prepaid to be placed in
15     the United States mail at Sacramento, California to the offices of the addressee(s)
    listed below:
16
    [ ] **OVERNIGHT DELIVERY**: I caused such envelope(s) to be delivered to an
17     overnight delivery carrier with delivery fees provided for, addressed to the person(s)
    on whom it is to be served.
18

19     I declare under penalty of perjury under the laws of the State of California that the
    foregoing is true and correct.
20
    Executed on August 21, 2008 at San Francisco, California.
21

22     _____
    Sandra Sarmiento
23

24

25

26

27

28

KWRI/1051542/5802734v.1

1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE TRACHSEL, an individual, SUN CITY TOWERS, LLC, a California corporation, THOMAS CIRRITO, and individual, ATOCHA LAND, LLC, a Delaware limited liability company, MICHAEL CIRRITO, and individual, and CIRRITO HOLDINGS, LLC, a Delaware limited liability company,<br><br>Plaintiffs,<br><br>vs.<br><br>RONALD BUCHHOLZ, CHARICE FISCHER, RDB DEVELOPMENT, LLC, a Nevada limited liability company, SOLOMON CAPITAL, LLC, a Nevada limited liability company, JONATHON VENTO, GRACE CAPITAL, LLC, dba GRACE COMMUNITIES, an Arizona limited liability company, DONALD ZELEZNAK, Z-LOFT, LLC, an Arizona limited liability company, ZELEZNAK PROPERTY MANAGEMENT, LLC dba KELLER WILLIAMS REALTY, INC., a Texas corporation, and DOES 1-50, inclusive,<br><br>Defendants. | CASE NO. C08-2248 RMW<br>[Assigned Judge: Hon. Ronald Whyte]<br><br>**[PROPOSED] ORDER STRIKING EXTRINSIC EVIDENCE** |

Upon consideration of Defendant KELLER WILLIAMS REALTY, INC.'s ("KWRI") Objections to Extrinsic Evidence, and for good cause shown, it is hereby ORDERED that the following evidence is to be stricken from Plaintiffs' Opposition to KWRI's Motion to Dismiss:

1.   Declaration of Thomas Cirrito in Support of Plaintiffs' Opposition to KWRI's

-1-

-2-

1 | Motion to Dismiss, in its entirety.;

2. Declaration of Jesshill E. Love in Support of Plaintiffs' Opposition to KWRI's Motion to Dismiss, in its entirety;

3. Exhibit A attached to Declaration of Jesshill E. Love in Support of Plaintiffs' Opposition to KWRI's Motion to Dismiss, in its entirety;

4. Exhibit B attached to Declaration of Jesshill E. Love in Support of Plaintiffs' Opposition to KWRI's Motion to Dismiss, in its entirety;

5. Exhibit C attached to Declaration of Jesshill E. Love in Support of Plaintiffs' Opposition to KWRI's Motion to Dismiss, in its entirety.

**IT IS SO ORDERED.**

DATED: _____

_____
HONORABLE RONALD M. WHYTE
UNITED STATES DISTRICT JUDGE

1  :     Steve Trachsel, et al. v. Ronald Buchholz, et al.
      United States District Court Northern District of California, San Jose Division
2     Case No. No. C08 02248

3                                  **PROOF OF SERVICE**

4      I am a citizen of the United States. My business address is 275 Battery Street, San Francisco, CA   94111. I am employed in the City and County of San Francisco where this
5 service occurs. I am over the age of 18 years and not a party to the within action.

6      On August 21, 2008, following ordinary business practice, I served a true copy of the foregoing document(s) described as:

7

                 [PROPOSED] ORDER STRIKING EXTRINSIC EVIDENCE
8

9 [X] **BY (CM/ECF) ELECTRONIC CASE FILE SYSTEM**: with the United States District Court, Northern District, to all parties listed on the court's proof of electronic service.

10

11 [ ] **BY FACSIMILE**: by transmitting by facsimile to the number(s) listed above to the fax number(s) set forth below, or as stated on the attached service list, on this date before 5:00 p.m.

12 [ ] **PERSONAL SERVICE**: I caused such envelope(s) to be delivered by hand this date to the offices of the addressee(s).
13

14 [ ] **MAIL**: I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail at Sacramento, California to the offices of the addressee(s) listed below:

15

16 [ ] **OVERNIGHT DELIVERY**: I caused such envelope(s) to be delivered to an overnight delivery carrier with delivery fees provided for, addressed to the person(s) on whom it is to be served.

17

18      I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
19
     Executed on August 21, 2008 at San Francisco, California.
20

21                        _____
22                            Sandra Sarmiento

23

24

25

26

27

28

Gordon & Rees LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111

KWRI/1051542/5802734v.1