MICHAEL G. DESCALSO, ESQ. (SBN 104354)
GREENE, CHAUVEL, DESCALSO & MINOLETTI
155 BOVET ROAD, SUITE 780
SAN MATEO, CALIFORNIA 94402
TELEPHONE:  650-573-9500
FACSIMILE:  650-573-9689

Attorneys for defendants Jonathon Vento, Grace Capital, LLC
dba Grace Communities, an Arizona limited liability
Company, Donald Zeleznak, Z-Loft, LLC, an Arizona
limited liability company, and Zeleznak Property
Management, LLC dba Keller Williams Realty, an
Arizona limited liability company

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
(San Jose Division)

| | |
|---|---|
| STEVE TRACHSEL, an individual, SUN CITY TOWERS, LLC, a California corporation, THOMAS CIRRITO, an individual, ATOCHA LAND, LLC, a Delaware limited liability company, MICHAEL CIRRITO, an individual, CIRRITO HOLDINGS, LLC, a Delaware limited liability company,<br><br>            Plaintiffs,<br><br>v.<br><br>RONALD BUCHHOLZ, CHARICE FISCHER, RDB DEVELOPMENT, LLC, a Nevada limited liability company, SOLOMON CAPITAL, LLC, a Nevada limited liability company, JONATHON VENTO, GRACE COMMUNITIES an Arizona limited liability company, DONALD ZELEZNAK, Z-LOFT, LLC, an Arizona limited liability company, ZELEZNAK PROPERTY MANAGEMENT, LLC dba KELLER WILLIAMS REALTY, an Arizona limited liability company, KELLER WILLIAMS REALTY, INC., a Texas corporation, and DOES 1-50, inclusive<br><br>            Defendants. | Case No.: C08-02248 RMW<br><br>**DECLARATION OF MICHAEL G. DESCALSO IN SUPPORT OF MOTION FOR ADMINISTRATIVE RELIEF - LEAVE TO FILE LATE REPLY BRIEF**<br><br>Date:     **August 21, 2008**<br>Dept:     **Courtroom 6**<br>Judge:   **Hon. Ronald M. Whyte** |

I, Michael G. Descalso, hereby declare as follows:

1.    I am an attorney at law duly licensed to practice before this court and attorney of record for defendants JONATHON VENTO, GRACE COMMUNITIES an Arizona limited liability company, DONALD ZELEZNAK, Z-LOFT, LLC, an Arizona limited liability company, and ZELEZNAK PROPERTY MANAGEMENT, LLC dba KELLER WILLIAMS REALTY, an Arizona limited liability company.  I make this declaration based on personal knowledge and if called upon would so testify competently as to all matters set forth herein.

2.    On May 30, 2008 I caused to be filed in this court a motion to dismiss the complaint pursuant to F..R.C.P. §12(b), (2) (3) and (6).  At that time the matter had been assigned to Magistrate Richard Seeborg.  A hearing was assigned for July 9, 2008.  Thereafter, plaintiffs sought equitable relief in the form of an ex parte application for a temporary restraining order and this matter was assigned to this department.  Thereafter, the hearing date for our motion to dismiss was continued to August 8, 2008.

3.    From July 7, 2008 through July 28, 2008 the server administering my e-mail was experiencing some electronic malfunctions resulting in my computer not receiving many e-mail deliveries.  Among those e-mails not making it to my computer were ECF filings from this court, including plaintiffs opposition to our motion to dismiss.  As a result, I was unaware that plaintiffs had filed an opposition to our motion to dismiss until July 28, 2008, when I requested and received plaintiffs' opposition from co-counsel in the case.

4.    From July 28, 2008 through August 6, 2008 I attempted to contact my clients and their Arizona attorneys regarding our efforts at attempting to file a late reply brief.  Consensus was impossible due to the multiple contacts and vacation schedules.  Meanwhile, on July 30, 2008 defendant Keller Williams Realty, Inc. filed its motion to dismiss, on the same grounds as our motion.  That motion is scheduled for hearing on September 5, 2008.

5.    On August 6, 2008 I requested from Todd Roberts, counsel of record for plaintiffs, a stipulation to a continuance of our motion to dismiss to September 5, 2008, which would allow both motions to dismiss to be heard together and which would allow me to file a reply brief to

1  plaintiffs' opposition.   After several e-mail transmissions Jesshill Love, also representing

2  plaintiffs, denied my request.  A true and correct copy of those e-mail transmissions is attached

3  hereto as Exhibit A.  Thereafter, this court, on its own motion, continued our motion to dismiss

4  to September 5, 2008.  A true and correct copy of that order is attached hereto as Exhibit B.

5  6.     I submit in support of this application that plaintiffs will not be prejudiced by allowing

6  our reply brief to be filed as there is nothing for them to do in response to the reply.  The reply

7  brief of Keller Williams Realty, Inc. is not due until August 22, 2008 and, as the motions are

8  brought on the same grounds, plaintiffs will not be required to do anything additional in response

9  to the filing of our reply brief.

10  7.     Attached hereto as Exhibit C is a copy of our proposed reply brief, which has been

11  provided, with this application and supporting declaration, to all parties to this case.

12  I hereby declare under the penalty of perjury under the laws of the State of California that the

13  foregoing is true and correct.

14

15  Dated: May 30, 2008            GREENE, CHAUVEL, DESCALSO & MINOLETTI

16

17                                By:   _____*Michael G. Descalso*_____
                                              Michael G. Descalso
18                                Attorneys for defendants Jonathon Vento, Grace Capital, LLC
                                  dba Grace Communities, an Arizona limited liability Company,
19                                Donald Zeleznak, Z-Loft, LLC, an Arizona limited liability
                                  company, and Zeleznak Property Management, LLC dba Keller
20                                Williams Realty, an Arizona limited liability company

21

22

23

24

25

26

27                                              3
28

# EXHIBIT A

1

2

3

4

5

6

7    IN THE UNITED STATES DISTRICT COURT

8    FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10   STEVE TRACHSEL, et al.                    *E-FILED - 8/6/08*

11          Plaintiffs,                        CASE NO.: 08-02248-RMW

12       v.                                    **CLERK'S NOTICE OF CONTINUANCE**

13   RONALD BUCHHOLZ, et al.                   **NEW DATE: SEPTEMBER 5, 2008**

14          Defendants.                        **TIME: 9:00 AM**

15

16

17

18        PLEASE TAKE NOTICE that, on the court's own motion, DEFENDANTS JONATHON

19   VENTO, GRACE CAPITAL, LLC., DONALD ZELEZNAK, Z-LOFTS, LLC, ZELEZNAK

20   PROPERTY MANAGEMENT, LLC'S MOTION TO DISMISS, which was previously set for

21   August 8, 2008, has been continued to **September 5, 2008 @ 9:00 a.m.**, before the Honorable Judge

22   Ronald M. Whyte.  The parties are to appear in courtroom #6, 4th floor of the U.S. Courthouse, 280

23   South First Street, San Jose, California, unless notified that the matter will be submitted without

24   argument.

25        This scheduling change is meant to consolidate the hearing on the motion to dismiss set forth

26   above with the motion to dismiss filed by defendant KELLER WILLIAMS REALTY, INC. that is

27   currently set for hearing on September 5, 2008.  **Plaintiffs' Application For Writ of Attachment**

28   **will still be heard as scheduled on August 8, 2008 at 9:00.**

1          If any hearing date is moved by the court's own motion, papers must still be filed in

2    accordance with the originally noticed date and the Local Rules of this court absent a court order

3    setting a new briefing schedule.  Accordingly, unless otherwise stipulated by the parties or ordered

4    by the court, defendants Jonathon Vento, Grace Capital, LLC., Donald Zeleznak, Z-lofts, LLC, and

5    Zeleznak Property Management, LLC shall not be permitted to file a reply brief on their motion to

6    dismiss, as the time for doing so on the previously-noticed schedule has now passed.

7          If the above-entitled matter settles counsel are required to notify the Court by contacting the

8    Courtroom Deputy at (408) 535-5375, so as to take this matter off calendar.

9

10

11    DATED:  August 6, 2008

12    _____
                                        JACKIE GARCIA
13                                      Courtroom Deputy for
                                        Honorable Ronald M. Whyte
14

15

16    Copy of Order E-Filed to Counsel of Record:

17
      Andrew A. August
18    aaugust@pinnaclelawgroup.com

19    Michael George Descalso
      mgd@greenechauvel.com
20
      Meagen Eileen Leary
21    mleary@gordonrees.com

22    Jesshill E. Love
      jlove@ropers.com,tcruzada@ropers.com,mmcpherson@ropers.com
23
      Todd Andrew Roberts
24    troberts@ropers.com,rriedell@ropers.com,mmcpherson@ropers.com

25    Kevin Francis Rooney
      krooney@pinnaclelawgroup.com
26
      William W. Schofield
27    wschofield@pinnaclelawgroup.com

28

# EXHIBIT B

**To:** Love, Jesshill E.
**Subject:** FW: Motion to Dismiss

**From:** Roberts, Todd A.
**Sent:** 08/06/2008 12:08 PM
**To:** 'Michael G. Descalso'
**Subject:** RE: Motion to Dismiss

Mike: I will run it by Jess, since this is his client. Hasn't the time to reply already expired? Jess or I will get back to by the end of the day.

How was Monterey?

**From:** Michael G. Descalso
**Sent:** 08/06/2008 12:14 PM
**To:** Roberts, Todd A.
**Subject:** Motion to Dismiss

Dear Todd:

As you know, we are scheduled for a hearing on our motion to dismiss this Friday. I would like to ask your indulgence on stipulating to having our hearing continued to September 5, the same date Keller Williams will be arguing their motion to dismiss. I am still unsure what happened with the ECF system in my office, but I was out of connection for about ten days and some twenty documents. I am dealing with lawyers in Arizona who may want to be here to argue the motion, or not. In any event, I had not heard back from them on a reply brief and now the date is upon us.
The court will continue our motion to dismiss to September 5 if you agree. That way we will be able to file a reply brief and have both motions heard on the same day. Will you? I realize what a small world we live in and I stand ready to grant you a favor in return. Thank you for your always courteous consideration.
Best personal regards,

Michael G. Descalso
Board Certified Civil Trial Specialist, National Board of Trial Advocacy
Member, American Board of Trial Advocates
Greene, Chauvel, Descalso & Minoletti
155 Bovet Road, Suite 780
San Mateo, CA 94402
Tel. (650) 573-9500
Fax (650) 573-9689

## Michael G. Descalso

| | |
|---|---|
| **From:** | "Michael G. Descalso" <mgd@greenechauvel.com> |
| **To:** | "Love, Jesshill E." <JLove@rmkb.com> |
| **Sent:** | Wednesday, August 06, 2008 1:46 PM |
| **Subject:** | Re: Motion to Dismiss |

Jess:
The whole purpose of the request was to be allowed to file a late reply.  From time to time in this small universe things occur that are beyond our control.  When that happens, requests such as this are made, from one professional to another, and usually it is nice to know that there is a certain collegiality and professionalism that fills in where the black letter of the law leaves off.  I do not believe you would lose anything by granting my request.  It is not as if I were asking you not to oppose the motion.  The content of a reply brief will be discussed at the hearing, it just would have been easier and cleaner had a reply brief been allowed.  I am sorry you have denied my request.
Best regards,
Mike

----- Original Message -----
**From:** Love, Jesshill E.
**To:** mgd@greenechauvel.com
**Cc:** Roberts, Todd A. ; Cruzada, Tanya ; Riedell, Roxana
**Sent:** Wednesday, August 06, 2008 1:14 PM
**Subject:** RE: Motion to Dismiss

Mike,

Typically, as a general rule, we are always more than willing to accommodate calendaring requests.  In this instance, however, it appears that the time to file the reply to the instant motion to dismiss has already expired. Accordingly, if we were to grant the request we would, in effect, be waiving our client's right to object to the late filing.  As a result, we cannot grant your request.

I want to know that we are very aware that it is a small universe we live in and that but for the waiver issue referenced above, we would have gladly granted your request.  Please do not let the instant response discourage you from making similar requests in the future.

Jess Love


For all matter related communications, please "reply to all" or include my assistant, Tanya Cruzada, at **tcruzada@ropers.com** to ensure capture of all correspondence to the file.

IRS CIRCULAR 230 NOTICE: To ensure compliance with requirements imposed by the Internal Revenue Service, we inform you that any U.S. tax advice contained in this communication (or in any attachment) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed in this communication (or in any attachment).

CONFIDENTIALITY NOTICE: This communication constitutes an electronic communication within the meaning of the Electronic Communications Privacy Act, 18 USC 2510, and its disclosure is strictly limited to the recipient intended by the sender of this message. This communication may contain confidential and privileged material for the sole use of the intended recipient and receipt by anyone other than the intended recipient does not constitute a loss of the confidential or privileged nature of the communication. Any review or distribution by others is strictly prohibited. If you are not the intended recipient please contact the sender by return electronic mail and delete all copies of this communication.

--------------------------------------------------------------------------------

**From:** Roberts, Todd A.
**Sent:** Wednesday, August 06, 2008 12:09 PM

# EXHIBIT C

1    MICHAEL G. DESCALSO, ESQ. (SBN 104354)
     GREENE, CHAUVEL, DESCALSO & MINOLETTI
2    155 BOVET ROAD, SUITE 780
     SAN MATEO, CALIFORNIA 94402
3    TELEPHONE: 650-573-9500
     FACSIMILE: 650-573-9689
4
     Attorneys for defendants Jonathon Vento, Grace Capital, LLC
5    dba Grace Communities, an Arizona limited liability
     Company, Donald Zeleznak, Z-Loft, LLC, an Arizona
6    limited liability company, and Zeleznak Property
     Management, LLC dba Keller Williams Realty, an
7    Arizona limited liability company

8                  UNITED STATES DISTRICT COURT
                  NORTHERN DISTRICT OF CALIFORNIA
9                       (San Jose Division)

10   STEVE TRACHSEL, an individual, SUN      Case No.: C08-02248 RMW
     CITY TOWERS, LLC, a California
11   corporation, THOMAS CIRRITO, an
     individual, ATOCHA LAND, LLC, a Delaware  [PROPOSED] REPLY BRIEF IN
12   limited liability company, MICHAEL       SUPPORT OF MOTION TO DISMISS
     CIRRITO, an individual, CIRRITO
13   HOLDINGS, LLC, a Delaware limited liability
     company,                                Date:    September 5, 2008
14                                            Time:    9:00 a.m.
                          Plaintiffs,         Dept:    Courtroom 6
15   v.                                       Judge:   Hon. Ronald M. Whyte

16   RONALD BUCHHOLZ, CHARICE
     FISCHER, RDB DEVELOPMENT, LLC, a
17   Nevada limited liability company, SOLOMON
     CAPITAL, LLC, a Nevada limited liability
18   company, JONATHON VENTO, GRACE
     COMMUNITIES an Arizona limited liability
19   company, DONALD ZELEZNAK, Z-LOFT,
     LLC, an Arizona limited liability company,
20   ZELEZNAK PROPERTY MANAGEMENT,
     LLC dba KELLER WILLIAMS REALTY, an
21   Arizona limited liability company, KELLER
     WILLIAMS REALTY, INC., a Texas
22   corporation, and DOES 1-50, inclusive

23                         Defendants.

24

25

26

27                                              1
     [PROPOSED] REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS
28

# Table of Contents

Page

I.    INTRODUCTION    .    .    .    .    .    .    .    .    2

II.   ARGUMENT    .    .    .    .    .    .    .    .    4

a.  This Court Does Not Have Personal Jurisdiction Over
    The Grace Defendants.    .    .    .    .    .    4

b.  Venue Is Not Proper Within The Northern District Of California.    .    6

c.  Alternatively, The Court Should Dismiss The Complaint Against

    The Grace Defendants Pursuant To Fed.R.Civ.P. 12(B)(6)    .    .    7

    i.   Plaintiffs Have Failed To State A Violation Of 1962(A), (C),
         and (D) As To The Grace Defendants    .    .    7

    ii.  Plaintiffs Have Failed To State A Claim With Respect
         To Their Violation Of Section 10B and Rule 10B-5
         Of The 1934 Act and Violation Of Section 12(A) Of The
         1933 Act    .    .    .    .    .    .    9

    iii. Plaintiffs Have Failed To State A Claim With
         Respect To Their Violation Of California
         Business And Professions Code
         Section 17200 Et Seq.    .    .    .    .    10

    iv.  Plaintiffs Have Failed To State A Claim With
         Respect To Their Conspiracy Count    .    .    10

    v.   Plaintiffs Have Failed To State A Claim With Respect
         To Their Count For Joint And Several Liability Of
         Management Principals And Materially Aiding
         Personnel Pursuant To Cal. Corp. Code Section 25501,
         25401, and 25504, 25503, 25012(F), and 25110    .    10

III.  CONCLUSION    .    .    .    .    .    .    .    11

i

1

Table of Authorities

2

Cases

3

*All World Professional Travel Services v. Am. Airlines, Inc.*
4    203 U.S. Dist. LEXIS 14436 (9th Cir.)    .    .    .    .    .    .    7

5    *Burger King v. Rudzewicz*
471 U.S. 462 (1985)    .    .    .    .    .    4
6

*Chirila v. Conforte*
7    47 Fed. Appx. 838 (9th Cir. 2002)    .    .    .    .    .    6

8    *Grant v. California Bench Co.*
76 Cal. App. 2d 706 (1946)    .    .    .    .    .    9
9

*H. J., Inc. v. Northwestern Telephone Company*
10    492 U.S. 229 (1989)    .    .    .    .    .    .    8

11    *Miller Brewing Company v. Landau*
616 F. Supp. 1285 (E.D. Wisc. 1985)    .    .    .    .    7
12

*MTC Electronic Technologies Co., Ltd v. Leung*
13    876 F. Supp. 1143 (C.D. Cal. 1995)    .    .    .    .    .    10

14    *Pebble Beach Co. v. Caddy*
453 F. 3d 1151 (9th Cir. 2006)    .    .    .    .    5
15

*Perkins v. Benguet Consolidated Mining Co.*
16    342 U.S. 437 (1952)    .    .    .    .    .    .    5

17    *Piedmont Label Company v.Sun Garden Packing Co.*
598 F. 2d. 491 (9th Cir. 1979)    .    .    .    .    6
18

*Rusheen v. Cohen*
19    37 Cal. 4th 1048 (2006)    .    .    .    .    .    .    10

20    Statutes

21    18 U.S.C. § 1961 (1)    .    .    .    .    .    .    .    .    7,8

22    18 U.S.C. § 1962 (a)    .    .    .    .    .    .    .    7

23    18 U.S.C. § 1962 (b)    .    .    .    .    .    .    7

24    18 U.S.C. § 1962 (c)    .    .    .    .    .    .    .    7

25    18 U.S.C. § 1965 (a)    .    .    .    .    .    .    .    7

26    28 U.S.C. § 1391    .    .    .    .    .    .    .    7

27
ii

28

28 U.S.C. § 1391 (b)(2) . . . . . . . . 7

Fed. Rule Civ. Pro. §12(b)(6) . . . . . . . 7

Calif. Corp. Code § 25401 . . . . . . . . 11

iii

## I.    INTRODUCTION

Plaintiffs' entire case against the Grace Defendants is summed up in one stunning sentence from their Response: "[T]he sales price and commission thereon is *conclusive evidence* of the *duplicity* of the Grace Defendants." [Pltf's Opposition, 19:26-27] (emphasis added)  This statement is indicative of the conclusory allegations from which plaintiffs attempt to forge a complaint.  This type of statement forms the entirety of plaintiffs' allegations against the Grace defendants and cannot support any lawful claim or justify hailing the Grace Defendants into this court where they have no interests sufficient to justify imposition of jurisdiction.  Absent from the Complaint are any actual facts alleged specifically to demonstrate that the Grace Defendants had any actual knowledge of, let alone active participation in, the Buchholz Defendants' alleged misrepresentations to their investors.  No acts are alleged to have been performed by the Grace Defendants with the exception of a trip to California, where a completely unrelated project located in Phoenix, Arizona was discussed that involved neither plaintiffs nor Buchholz, and the bald allegations that the Grace Defendants had the audacity to sell one of their properties to Buchholz for an inflated price in a then rising and hot Arizona real estate market. What is even more incredible is that not only did plaintiffs know the purchase price, there is no allegation it was ever hidden from plaintiffs.

There can be no alleged civil conspiracy to commit a lawful act, and there are absolutely no facts alleged to establish any conspiracy at all.  No evidence is even suggested to exist that would prove that the Grace Defendants were involved in any alleged conspiracy with the Buchholz Defendants by virtue of their selling property for a profit, which is the purpose of their business.  Plaintiffs' entire case is based upon the conjured notion that the profit made by the Grace Defendants is evidence of a conspiracy to defraud them, without ever establishing that the Grace Defendants knowingly engaged in a plan to do so.  If making a profit on a commercial real estate deal is to be considered evidence of a plot to defraud, our courts would be flooded with suits when the market later turns, as it has here.

2

1    Plaintiffs fail to produce a single statute or case to support their position that merely
2    selling land at a profit, or accepting a commission, however large, can be the basis for legal
3    liability.  From these acts, it is impossible to assume or infer any illegal act or any agreement to
4    enter into a conspiracy to defraud investors.

5    In their opposition, plaintiffs attempt to create from whole cloth the specter of a
6    conspiracy based on alleged knowledge of what Buchholz was allegedly going to do in the
7    future.  What Buchholz was doing is no different than what every other syndicator of property
8    was doing in a rising market - selling it for a profit. The fact the property has since lost value
9    was plaintiffs' assumed risk and has nothing to do with the Grace Defendants.  Plaintiffs wanted
10   to get rich quick, they went into these investments with open eyes, and their property speculation
11   failed at the hands of a fickle real estate market.

12    Plaintiffs are sophisticated by their own admission and had been involved in several
13   development deals with Buchholz.  They clearly understood the risks of dealing with real estate
14   speculation.  The Grace Defendants were not aware of any alleged misrepresentations made to
15   plaintiffs by anyone and even if they were, they had no duty of any kind to these investors to
16   warn them of anything in the exercise of the most basic due diligence.  *The Grace Defendants*
17   *were not the fiduciary of any plaintiff and did not represent them in any part of the transactions*
18   *alleged in the complaint.*

19    In Plaintiffs' Complaint, ¶'s. 66 through 76, the various alleged misrepresentations are
20   listed.  In each and every paragraph, only the Buchholz Defendants are listed to having made any
21   alleged misrepresentations or omissions.  Furthermore, each of the alleged misrepresentations
22   was directed to the investors/plaintiffs, a group with whom the Grace Defendants had no
23   relationship.  Plaintiffs fail to allege even that the Grace Defendants were *actually aware* of
24   these alleged representations, or how they would be aware, or what duty they would have had to
25   them if they had been aware.  Plaintiffs allege only that the Grace Defendants *must* have been
26   aware because of the profit made on the sale of the Arizona property.

27

28

[PROPOSED] REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS

Plaintiffs do not allege that the Grace Defendants aided in any way in the presentation to plaintiffs of the alleged misrepresentations. Plaintiffs do not allege that the Grace Defendants were responsible for withholding any information. Plaintiffs do not allege that the Grace Defendants had a duty of disclosure to them, or that that Grace Defendants ever had *any* contact with the plaintiffs regarding the Solomon Towers deal.[1] The *only* foundation plaintiffs have regarding the Grace Defendant's alleged involvement in the "conspiracy" is built on sand - the sale of the property for profit. These kinds of conclusory allegations are insufficient to sustain plaintiffs' ultimate burden of proof on their evidence. A complaint is not an excuse for an expensive fishing expedition without at least a promise of relevant factual allegations. There are no facts alleged in the complaint to support such a trip.

## II.    ARGUMENT

### a.    This Court Does Not Have Personal Jurisdiction Over The Grace Defendants

In support of their notion that this court has both specific and general jurisdiction over the Grace Defendants, plaintiffs attempt to convince the court that the Grace Defendants have purposefully availed themselves of California law to the extent that, under *Burger King v. Rudzewicz (1985) 471 U.S. 462*, they should anticipate being subject to litigation in California. Nothing could be further from the truth. Their misleading effort to put forth hearsay in the form of stale and inaccurate information through a purported investigator is laughable. The Grace Defendants do not reside in California, did not reside there at the time of any investment by plaintiff with Buchholz, have no business in California, and own no property there except some time share units by Zeleznak. Any involvement of Jon Vento with California goes back to the early nineties and has been misrepresented by plaintiffs. The Grace Defendants did not avail

---

[1] The only potential contact with these investors would have been from Don Zeleznak's singular presentation, at the invitation of Buchholz, to a group of investors, possibly even these included, regarding a completely *different* Arizona property being developed, and not sold, by Grace seeking potential investors. The agenda for the meeting has been provided. None of the Plaintiffs invested.

4

1    themselves of California law or its jurisdiction in any way and do not actively or substantially do

2    business there.

3         With respect to Grace Capital, LLC and Zeleznak Property Management, LLC, plaintiffs

4    attempt to use these companies' "interactive" websites to show that these defendants

5    intentionally directed actions to California residents.  However, providing general information

6    about their products and having a means by which a visitor to the website could contact these

7    companies does not make these website "interactive".  *Pebble Beach Co. v. Caddy*, 453 F.3d

8    1151 (9th Cir. 2006).  "The website is not interactive.  Visitors to the website who have questions

9    about Caddy's services may fill out an on-line inquiry form."  *Id.* at 1154.  Furthermore, articles

10   written about buying land in Arizona that happen to mention these companies or advertising in a

11   national magazine in no way demonstrate that these companies directed their activities to the

12   forum state.

13        With respect to general and specific jurisdiction, plaintiffs cannot claim general

14   jurisdiction because the Grace Defendants' conduct was not systematic and continuous;

15   conversely, plaintiffs cannot show specific jurisdiction because the Grace Defendants have not

16   purposefully availed themselves of California law, nor did they take any action in California

17   related to the subject Complaint.  In *Perkins v. Benguet Consolidated Mining Co.*, 342 U.S. 437

18   (1952), the Supreme Court held that where the cause of action does not arise from business done

19   within the forum state, constitutional due process requires that the in-state business actually

20   conducted be so systemic and continuous as to make it not unjust that the corporation be forced

21   to defend a suit there.  With respect to specific jurisdiction, the Grace Defendants did not

22   conduct business in nor did they direct any actions in the sale of the Arizona property to

23   California.

24        Since the Grace Defendants do not reside in California, do not conduct any business

25   there, do not have any business office there or presence and do not regularly travel to or in

26   California for any business related reason and are not domiciled there or reside there, except for

27

28
     [PROPOSED] REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS

1    Donald Zeleznak's extremely limited vacation time share interest, this court has no reason to

2    assert personal jurisdiction over the Grace Defendants.   Thus, dismissal is warranted on this

3    basis for four distinct reasons:   (1) the Grace Defendants were not served with plaintiffs'

4    Complaint in the State of California; (2) the Grace Defendants are not domiciled in California;

5    (3) the Grace Defendants did not consent to jurisdiction in California; and (4) the Grace

6    Defendants do not have minimum contacts with the State of California to justify jurisdiction over

7    them.

8        Finally, plaintiffs cannot attempt to bootstrap personal jurisdiction through their failed

9    and frivolous RICO violations, securities fraud or concocted conspiracy theories.[2]   As has been

10   argued in the Motion to Dismiss plaintiffs have failed to plead sufficiently these claims and, as

11   such, they must be dismissed.   Accordingly, they cannot form the basis for jurisdiction over the

12   Grace Defendants.

        **b.    Venue Is Not Proper Within The Northern District Of California**

13

14       28 U.S.C. § 1391(b)(2) allows an action to be brought where " a substantial part of the

15   events or omissions on which the claim is based occurred" or where "a substantial part of the

16   property" is located.  Here, *all* of the events upon which plaintiffs rely took place in Arizona and

17   *all* of the property is located in Arizona.   The purchase and sale of the property took place in

18   Arizona, not this district.    The Grace Defendants *never* dealt with *any* of the plaintiffs.

19   Moreover, plaintiffs cannot use their contrived claims under RICO, Securities Fraud Statutes, or

20   Local Co-Conspirators theories to bootstrap proper venue.    As argued more fully below,

21   plaintiffs claims under these statutes were not properly pled, cannot be proven as a matter of law,

22   and should be dismissed.  Furthermore, pursuant to RICO statute 18 U.S.C. § 1965(a), venue is

23   not proper in this District because none of the Grace Defendants resides in this District, can be

24   found in this District, has an agent in this District, or transacts affairs in this District.   The venue

25   [2] The Ninth Circuit has rejected the conspiracy theory of venue in *Piedmont Label Co. v. Sun
     Garden Packing Co.*, 598 F. 2d 491 (9th Cir. 1979) and the conspiracy theory of personal
26   jurisdiction has not been adopted by the 9th Circuit, *Chirila v. Conforte* 2002 WL 31105149, 47
     Fed. Appx. 838 (9th Cir. 2002).
27
                                              6

1    provisions of this Statute are not exclusive, but are supplemental to those found in 28 U.S.C. §

2    1391. *Miller Brewing Co. v. Landau*, 616 F.Supp. 1285, 1291 (E.D. Wisc. 1985). However,

3    venue is not proper under either 28 U.S.C. § 1391 or 18 U.S.C. § 1965 for the reasons stated

4    above.

5          c.    **Alternatively, The Court Should Dismiss The Complaint Against The Grace**
                 **Defendants Pursuant To Fed.R.Civ.P. 12(B)(6)**

6

7              i.    **Plaintiffs Have Failed To State A Violation Of 1962(A), (C), And (D)**
                   **As To The Grace Defendants**

8          Plaintiffs have failed to state a claim with respect to 18 U.S.C. §§ 1962(a), (c), and (d).

9    18 U.S.C. § 1961(1) defines a "racketeering activity" as one that is chargeable or indictable.

10   Plaintiffs have not alleged a single action taken by the Grace Defendants that is "chargeable" or

11   "indictable." The sale of land and the earning of a commission are not against the law. The

12   Grace Defendants had no contact with plaintiffs, sold them nothing and did not conspire to do so.

13   The sale of the property from Buchholtz to plaintiffs occurred well after the sale from The Grace

14   Defendants to Buchholz. There is no allegation in the complaint to tie the Grace Defendants to

15   any knowledge, let alone participation, in any alleged scheme of Buchholz with respect to any

16   representations to plaintiffs.

17         Plaintiffs have not met their burden of showing the requisite "[at least] two predicate

18   acts." *All World Prof'l Travel Servs. v. Am. Airlines, Inc.* 2003 U.S. Dist. LEXIS 14436 (9[th]

19   Cir.). In their opposition, plaintiffs claim three (3) "distinct" predicate acts – the sale, the

20   commission, and the splitting of the sale proceeds with Buchholz. [Pltf's Opposition, 17: 27-28]

21   In reality, these "three" acts are all part of one single transaction – the sale of the Arizona

22   property. But more importantly, *they are not predicate acts*. Predicate acts are defined in 18

23   U.S.C. §1961 (1) and include bribery, extortion, counterfeiting, arson, robbery, gambling,

24   dealing in obscene materials, dealing in illegal drugs and other such nefarious conduct. The

25   closest thing plaintiffs could possibly allege is mail or wire fraud, and it appears this is what they

26   are trying to do.

27
                                      7

28

Instead of pleading legitimate predicate acts, the complaint alleges that the requisite predicate acts are 1) selling the property "for nearly five times the market price" [Pltf's Opposition, 18:1-2]; 2) "buyer and seller split the profits from the sale" [Pltf's Opposition, 18: 2-3]; and 3) "Defendant Zeleznak took a commission of $1,000,000, nearly four times the standard rate for commissions on a commercial real estate transaction." [Pltf's Opposition, 18: 4-6]. Plaintiffs then summarily conclude that "Based on the charged offense, the separate predicate acts, and the continuity of these acts, Plaintiffs have sufficiently alleged a RICO claim against the Grace Defendants" {Pltf's Opposition, 18: 10-12].

In addition to the fatal lack of predicate acts, the complaint does not plead the required continuity. The Supreme Court in *H.J., Inc. v. Northwestern Telephone Company, 492 U.S. 229 (1989)* defined continuity as either open ended or closed period of repeated conduct "that by its very nature projects into the future with a threat of repetition." Id at 241. Here, *and assuming the truth of the allegations in the complaint*, there can be no period, open-ended or closed, as all three of plaintiffs' alleged predicate acts occurred in one transaction. Plaintiffs do not address the continuity requirement in their opposition, other than to claim that it exists. The Declaration of Jesshill Love is rank heresay and includes matters inappropriate for opposition to a motion to dismiss. The only thing that matters for purposes of a motion to dismiss is *the content of the complaint*, not a lawyer's declaration, and this complaint is insufficient in its allegations of a RICO violation.

      ii.      **Plaintiffs Have Failed To State A Claim With Respect To Their Violation Of Section 10B And Rule 10B-5 Of The 1934 Act And Violation Of Section 12(A) Of The 1933 Act**

As Plaintiffs' Complaint states at ¶¶ 49-54, the Grace Defendants were not involved in the sale of any securities. Plaintiffs attempt to link the Grace Defendants to their Securities Fraud claims by making them "aiders and abettors" of the Buchholz Defendants [Pltf's Opposition, 19: 10-17] by "providing them substantial assistance and encouragement to defraud plaintiffs . . ." [Pltf's Opposition, 21: 2-3]. In their opposition plaintiffs conclude that the aiding

[PROPOSED] REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS

and abetting consisted of "providing substantial assistance to the Buchholz Defendants by selling them the raw land at an inflated price, which in turn necessitated the misrepresentation to Plaintiffs that the land was sold at or near market price." [Pltf's Opposition, 19: 22-24]. Plaintiffs once again fall back on the old argument that because the Grace Defendants made a profit they broke Securities Fraud Laws. Without actual allegations of the required elements of securities fraud, and the aiding and abetting corollary, the complaint must fail. In conclusory fashion, without even alleging the Grace Defendants knew or could have known what Buchholz was doing with any of them, plaintiffs simply state that the Grace Defendants somehow "caused" the alleged misrepresentations of Buchholz because the sale of the land at the alleged inflated price "necessitated" alleged misrepresentations to the plaintiffs.

Plaintiffs have not made any allegations regarding the Grace Defendants' actual knowledge of any fraud, or that the Grace Defendants provided substantial aid in any knowing way in perpetuating any alleged misrepresentations and/or omissions of Buchholz.

iii.    **Plaintiffs Have Failed To State A Claim With Respect To Their Violation Of California Business And Professions Code Section 17200 Et Seq. Count**

Plaintiffs have failed to state a claim with respect to California Business and Professions Code Section 17200 et seq. As the plaintiffs state, the universal test is whether the public is likely to be deceived. *Grant v. California Bench Co.*, 76 Cal. App. 2d 706 (1946). There can be no deception where, as here, the Grace Defendants owed no duty to plaintiffs and plaintiffs knew the sale price and commission. Plaintiffs cannot point to a single allegation in their Complaint that supports the necessary element of "knowing" on the part of the Grace Defendants, or any duty owed by them. The sale of the Arizona land for profit was not the "cause" of any of the alleged misrepresentations or omissions by others subsequent to their purchase – those actions, if true, had nothing to do with the Grace Defendants. The public was never at risk of being deceived, nor was there intent to deceive, by any of the Grace Defendants and no such allegation can be made or proven.

9

iv.    **Plaintiffs Have Failed To State A Claim With Respect To Their Conspiracy Count**

The first element of civil conspiracy is the formation and operation of a conspiracy to commit an unlawful act. *Rusheen v. Cohen*, 37 Cal. 4th 1048, 1062 (2006). While it was in the Grace Defendants' best interest to sell the property for as much as possible, this act does not give rise to a conspiracy claim against them. In their opposition plaintiffs again focus on the fact that the Grace Defendants profited from the sale of the property and "aided and abetted" Buchholz by selling the property to Buchholz knowing that Buchholz would sell it to investors. [Pltf's Opposition, 23: 7-9]. But selling property for profit cannot be the foundation of a conspiracy claim, even if plaintiffs allege that it was done with an evil intent. Plaintiffs have not set forth with any specificity the allegations sufficient to allow the Grace Defendants to understand the claims against them and defend themselves.

v.    **Plaintiffs Have Failed To State A Claim With Respect To Their Count For Joint And Several Liability Of Management Principals And Materially Aiding Personnel Pursuant To Cal. Corp. Code Section 25501, 25401, And 25504, 25503, 25012(F), And 25110**

The Grace Defendants should not be subjected to California law and jurisdiction as their conduct and involvement in this real estate transaction do not rise to the level on sufficient contacts with California. The Grace Defendants did not participate in any sale of securities so as to invoke any such statutory obligations. In order to maintain a valid cause of action for securities fraud, under California law, a complainant must allege there was a sale or purchase of stock in California by fraudulent, untrue statements or by omitting material facts that would by omission make the statement misleading. *MTC Electronic Technologies Co., Ltd. v. Leung*, 876 F.Supp. 1143 (C.D. Cal. 1995). A claim under Section 25401 requires strict privity, and plaintiffs do not have it here.

III.    **CONCLUSION**

Plaintiffs have crafted a panoply of claims against the Grace Defendants based on the fact that the Grace Defendants acted as sellers of real property and real estate agents in the transfer of

10

one piece of commercial property in Arizona.  Their complaint sets forth conclusory language, very broad and vague, that is insufficient to plainly set forth allegations of wrongdoing that can be understood and defended against.  Even if this court finds sufficient grounds for jurisdiction and venue, the complaint must fail for its inability to state a cause of action against the Grace Defendants.

Dated: August 21, 2008                    GREENE, CHAUVEL, DESCALSO & MINOLETTI


                                By:        _Michael G.  Descalso_____
                                            Michael G. Descalso
                                Attorneys for defendants Jonathon Vento, Grace Capital, LLC
                                dba Grace Communities, an Arizona limited liability Company,
                                Donald Zeleznak, Z-Loft, LLC, an Arizona limited liability
                                company, and Zeleznak Property Management, LLC dba Keller
                                Williams Realty, an Arizona limited liability company

11