1  TODD A. ROBERTS (SBN 129722)
   JESSHILL E. LOVE (SBN 208348)
2  ROPERS, MAJESKI, KOHN & BENTLEY
   1001 Marshall Street, Suite 300
3  Redwood City, CA 94063
   Telephone:   (650) 364-8200
4  Facsimile:   (650) 780-1701

5  Attorneys for Plaintiffs
   STEVE TRACHSEL, an individual, SUN CITY
6  TOWERS, LLC, a California limited liability
   company, THOMAS CIRRITO, an individual,
7  ATOCHA LAND, LLC, a Delaware limited
   liability company, MICHAEL CIRRITO, an
8  individual, and CIRRITO HOLDINGS, LLC, a
   Delaware limited liability company

9

10            UNITED STATES DISTRICT COURT - NORTHERN DISTRICT OF CALIFORNIA

11                                     SAN JOSE DIVISION

12
   STEVE TRACHSEL, an individual; SUN           CASE NO: C08 02248RMW
13 CITY TOWERS, LLC, a California limited
   liability company; THOMAS CIRRITO, an        **PLAINTIFFS' OPPOSITION TO**
14 individual; ATOCHA LAND, LLC, a              **DEFENDANTS' MOTION FOR**
   Delaware limited liability company;          **ADMINISTRATIVE RELIEF – LEAVE**
15 MICHAEL CIRRITO, an individual; and          **TO FILE LATE REPLY BRIEF**
   CIRRITO HOLDINGS, LLC, a Delaware
16 limited liability company,                   Date:    listed as August 21, 2008
                                                Time:    9:00 a.m.
17                Plaintiffs,                   Ctrm:    6
                                                Judge:   Hon. Ronald M. Whyte
18 v.

19 RONALD BUCHHOLZ; CHARICE
   FISCHER; RDB DEVELOPMENT, LLC, a
20 Nevada limited liability company;
   SOLOMON CAPITAL, INC., a Nevada
21 corporation; JONATHON VENTO; GRACE
   CAPITAL, LLC, dba GRACE
22 COMMUNITIES, an Arizona limited liability
   company; DONALD ZELEZNAK;
23 Z-LOFTS, LLC, an Arizona limited liability
   company; ZELEZNAK PROPERTY
24 MANAGEMENT, LLC dba KELLER
   WILLIAMS REALTY, an Arizona limited
25 liability company; KELLER WILLIAMS
   REALTY, INC., a Texas corporation; and
26 DOES 1-50, inclusive,

27                Defendants.

28

RC1/5173223.1/BRL                              - 1 -
                                               PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR
                                               ADMINISTRATIVE RELIEF – LEAVE TO FILE LATE REPLY BRIEF
                                                                                        C08 02248RMW

Pursuant to Local Rule 7-11(b), Plaintiffs Steve Trachsel, Sun City Towers, LLC, Thomas Cirrito, Atocha Land, LLC, Michael Cirrito, and Cirrito Holdings, LLC submit the following Opposition to Defendants' improperly noticed Motion for Administrative Relief – Leave to File Late Reply Brief:

A.  **The Court Has Already Denied Defendants the Requested Relief**

In its August 6, 2008 Order rescheduling Defendants' Motion to Dismiss hearing (attached to Defendants' Motion for Relief as Exhibit "A"), the Court clearly states that Defendants are no longer permitted to file a reply brief to their motion to dismiss. In that Order, the Court stated as follows:

> [U]nless otherwise stipulated by the parties or ordered by the court, defendants Jonathon Vento, Grace Capital, LLC, Donald Zeleznak, Z-Lofts, LLC, and Zeleznak Property Management, LLC ***shall not be permitted to file a reply brief on their motion to dismiss***, as the time for doing so on the previously-noticed schedule has now passed. (Notice of Continuance, 2:3-6 [Emphasis added.])

The Court has already decided this issue and has no need to decide it again. Accordingly, the Court should abide by its prior order prohibiting Defendants from filing a late reply brief on their motion to dismiss.

B.  **The Requested Relief is Prejudicial to Defendants**

Defendants' requested relief would put Plaintiffs at a procedural disadvantage because Defendants had the opportunity to benefit from the arguments raised by Keller Williams in their motion to dismiss. The Keller Williams motion to dismiss was filed after the Defendants' reply was due. By filing their reply three weeks after it was actually due and two weeks after their motion was set to be heard, Defendants benefited from the additional arguments raised in the action during that time, and particularly the arguments raised in the Keller Williams motion to dismiss.

Recognizing the prejudice to Plaintiffs by their ability to review Keller Williams' motion, Defendants attempt to anticipate this argument by stating in their declaration that Keller Williams' reply brief would not be due until the next day. However, Keller Williams actually filed its reply brief before Defendants filed the aforementioned motion, so Defendants had the

1 opportunity to review the motion, opposition, and reply on the Keller Williams motion before
2 filing its own reply. Despite Defendants' assurances to the contrary, Plaintiffs would be
3 prejudiced by this filing and the Court should not accept it.

### C. Defendants Knew or Should Have Known That Their Reply Brief Was Due

Regardless of whether electronic malfunctions prevented Defendants from receiving Plaintiffs' opposition, Defendants should have known that an opposition to their motion to dismiss was due on July 18. Based on the statement in the Declaration supporting Defendants' motion, counsel's electronic server problems lasted from July 7 through July 28, a period of three weeks during which ten other documents were filed with the Court in this matter, including Plaintiff's opposition.

Based on counsel's alleged failure to receive these pleadings, and particularly the alleged failure to receive Plaintiff's opposition, counsel should have visited the ECF website docket, contacted the Court, or contacted opposing counsel to request any extension before the date to file the reply had passed. Instead, Defendants did nothing and allowed the time for the reply to lapse.

Further, Defendants claim to have discovered their error on July 28, when they did what they should have done two weeks earlier by requesting a copy of the opposition, which Plaintiffs promptly provided. From that date, it was four weeks until August 21, when Defendants filed the instant motion. The proposed reply, which was attached to the declaration accompanying said motion, was also dated August 21. Assuming *arguendo* that Defendants' first receipt of the opposition was on July 28, Defendants had a month to draft their reply. This is further evidence of prejudicial effect on Plaintiffs by this filing. Thus, the Court should not accept this prejudicial filing over a month after it was due.

### D. Conclusion

Defendants requested relief has already been prohibited by the Court. In addition, it is prejudicial to Plaintiffs based on both the amount of time taken to file the reply (over a month) and the benefit of reviewing several additional filings during that time. Finally, Defendants knew or should have known that the opposition was due to be filed, but did not take action until two weeks later, after the reply was due. For the foregoing reasons, Plaintiffs respectfully request that

the Court deny Defendants' Motion for Administrative Relief – Leave to File Late Reply Brief.

Dated: August 26, 2008

ROPERS, MAJESKI, KOHN & BENTLEY

By: /s/
TODD A. ROBERTS
JESSHILL E. LOVE
Attorneys for Plaintiffs
STEVE TRACHSEL, an individual, SUN CITY TOWERS, LLC, a California limited liability company, THOMAS CIRRITO, an individual, ATOCHA LAND, LLC, a Delaware limited liability company, MICHAEL CIRRITO, an individual, and CIRRITO HOLDINGS, LLC, a Delaware limited liability company