```
 1  DION N. COMINOS (SBN: 136522)
    MEAGEN E. LEARY (SBN: 233103)
 2  GORDON & REES LLP
    Embarcadero Center West
 3  275 Battery Street, Suite 2000
    San Francisco, CA 94111
 4  Telephone: (415) 986-5900
    Facsimile: (415) 986-8054
 5
    Attorneys for Defendant
 6  KELLER WILLIAMS REALTY, INC.
 7
 8                UNITED STATES DISTRICT COURT
 9                NORTHERN DISTRICT OF CALIFORNIA
10
11  STEVE TRACHSEL, an individual, SUN CITY      )  CASE NO. C08-2248 RMW
    TOWERS, LLC, a California corporation, THOMAS)  [Assigned to Judge: Hon. Ronald M.
12  CIRRITO, and individual, ATOCHA LAND, LLC,   )  Whyte]
    a Delaware limited liability company, MICHAEL)
13  CIRRITO, and individual, and CIRRITO         )
    HOLDINGS, LLC, a Delaware limited liability  )  CASE MANAGEMENT
14  company,                                     )  STATEMENT
                                                 )
15               Plaintiffs,                     )
                                                 )  Date:  September 5, 2008
16       vs.                                     )  Time:  10:30 a.m.
                                                 )  Dept.  Courtroom 6
17  RONALD BUCHHOLZ, CHARICE FISCHER,            )  Judge: Hon. Ronald M. Whyte
    RDB DEVELOPMENT, LLC, a Nevada limited       )
18  liability company, SOLOMON CAPITAL, LLC, a   )
    Nevada limited liability company, JONATHON   )
19  VENTO, GRACE CAPITAL, LLC, dba GRACE         )
    COMMUNITIES, an Arizona limited liability    )
20  company, DONALD ZELEZNAK, Z-LOFT, LLC,       )
    an Arizona limited liability company, ZELEZNAK)
21  PROPERTY MANAGEMENT, LLC dba KELLER          )
    WILLIAMS REALTY, INC., a Texas corporation,  )
22  and DOES 1-50, inclusive,                    )
                                                 )
23               Defendants.                     )
24
        Defendant KELLER WILLIAMS REALTY, INC. ("KWRI")hereby submits this Case
25
    Management Statement for the Conference scheduled for September 5, 2008.
26
27
28
                                         -1-
    JOINT CASE MANAGEMENT STATEMENT                         CASE NO. C08-2248 RMW
```

## 1. Jurisdiction and Service

Plaintiffs claim to have jurisdiction under 28 U.S.C. §1331, federal subject matter jurisdiction, pursuant to RICO, Rule 10b-5 and Section 12a. Plaintiffs further allege jurisdiction based on 28 U.S.C. §1332(d)(2), diversity of citizenship, because all Plaintiffs reside in different states than all Defendants, and the amount in controversy exceeds $75,000.

## 2. Facts (as alleged)

Plaintiffs filed their Complaint on or about April 30, 2008. The Complaint was served upon KWRI on or about May 6, 2008. Plaintiffs' Complaint alleges eighteen causes of action against thirteen different defendants. As against KWRI, Plaintiffs allege the following counts:

- *Count 3* for Violation of Section 1962(d) of the RICO Act
- *Count 4* for Violation of Section 10B and Rule 10B-5 of the 1934 Act
- *Count 5* for Violation of Section 12(a) of the 1933 Act
- *Count 6* for Violation of California Business & Professions Code Section 17200, et seq.
- *Count 11* for Conspiracy
- *Count 16* for Joint and Several Liability of Management Principals and Materially Aiding Personnel Pursuant to California Corporations Code sections 25501, 25401 and 25504
- *Count 18* for Joint and Several Liability of Management Principals and Materially Aiding Personnel Pursuant to California Corporations Code section 25503, 25102(f) and 25510.

Plaintiffs allegedly invested a real estate development called the Solomon Towers project, located in Arizona (hereinafter "project."). The investments for the project were made through defendant Solomon Capital, LLC, an investment firm. According to the Complaint, defendants Ronald Buchholz, Charice Fischer and RDB Development, LLC all worked with or for Solomon Capital in connection with obtaining investment capital from Plaintiffs (collectively the "Solomon Capital defendants"). In February 2005, the Solomon Capital defendants allegedly gave a presentation to Plaintiffs regarding the project, wherein they represented that the project constituted a viable investment opportunity. In March 2005, Plaintiffs allegedly entered into an Operating Agreement whereby they agreed to invest funds with Solomon Towers, LLC for the project. The project is now reportedly in financial distress and Plaintiffs allege that the Solomon

Capital defendants misrepresented the investment opportunity, to Plaintiffs' detriment.

In April 2005, Solomon Towers, LLC purchased property for the project from defendant Z-Loft, LLC. Z-Loft LLC is apparently owned and managed by defendant Donald Zeleznak. Z-Loft, formerly known as Soho Lofts, LLC, had allegedly purchased the subject property in July 2002. According to the Complaint, Z-Loft sold the property for a significant amount more than what it had paid three years prior, and realized a sizeable profit. ZPM and Zeleznak are alleged to have acted as both the real estate agent and the broker in connection with the April 2005 sale. Due to the increased property price and the large commissions received by ZPM and Zeleznak, the Complaint labels the sale of the property as a "pump and dump" transaction and/or a "wash sale."

Aside from Mr. Zeleznak's alleged involvement with the Solomon Towers presentation, it is not clear from the Complaint how the Solomon Capital defendants had any other involvement with the Z-Loft, ZPM, or Grace Capital defendants prior to the sale of the Solomon Towers property in April 2005. However, Plaintiffs allege that defendants Buchholz, Fischer and Solomon Capital "shared in the ill-gotten gains from the 'pump and dump' transaction to the detriment of the Plaintiff investors."

The Defendants disagree with the facts as alleged by Plaintiffs and several have filed motions challenging the sufficiency of the complaint.

### 3. **Legal Issues**

The primary legal issues pertaining to KWRI at the time are presented in the motion to strike (discussed immediately below).

### 4. **Motions**

KWRI filed a motion to dismiss each count of Plaintiffs alleged against KWRI. The motion will be heard on September 5, 2008 at 9:00 a.m. by the Hon. Ronald Whyte. The ruling on this motion will substantially impact the posture of this matter.

Other parties have filed numerous motions that have already been heard or are pending (application for a TRO, application for a writ of attachment, motion to dismiss, motion to lift discovery stay, etc.).

-3-

### 5. Amendment of Pleadings

Other than the potential striking of counts of the complaint after KWRI's motion to strike is heard, KWRI is not aware of any other potential pleading amendments at this time.

### 6. Evidence Preservation

KWRI is unaware of any evidence preservation issues at the time.

### 7. Disclosures

The case is not yet at issue with respect to KWRI so there has been no agreement as to disclosures.

### 8. Discovery

A discover stay is currently in place due to the filing of several motions to dismiss pursuant to 15 U.S.C. §78u-4(b)(3)(B). In addition, KWRI has not discussed or reached any agreements with other parties regarding discovery at this time because the case is not yet at issue with respect to KWRI.

### 9. Class Actions

Not applicable.

### 10. Related Cases

Not applicable.

### 11. Relief

The primary relief sought by Plaintiffs is the rescission of the purchase and recovery of the investment capital. Plaintiffs also seek actual damages, interest on the investment capital, attorneys fees, costs and injunctive relief.

### 12. Settlement and ADR

KWRI understands that the other parties previously agreed to mediation and scheduled a session that was eventually cancelled. In the event that KWRI is not dismissed, it is amendable to mediation.

### 13. Consent to Magistrate Judge for All Purposes

In the event that KWRI is not dismissed, it would consent to a magistrate judge.

1  **14.   Other References**

2  KWRI would consider reference to a discovery referee and settlement judge as
3  appropriate.

4  **15.   Narrowing of Issues**

5  The case is not yet at issue with respect to KWRI so the issues are unknown at this time.

6  **16.   Expedited Schedule**

7  The case is not yet at issue with respect to KWRI so a schedule has not yet been
8  discussed.

9  **17.   Scheduling**

10 The case is not yet at issue with respect to KWRI so a schedule has not yet been
11 discussed.

12 **18.   Trial**

13 There is no trial date at this time.

14 **19.   Disclosure of Non-party Interested Entities or Persons**

15 The case is not yet at issue with respect to KWRI so there has been no such disclosure.
16 The appropriate disclosure will be made in the event that KWRI is not dismissed from the action
17 after its motion is heard.

18

19                                               GORDON & REES LLP

20 Dated: 8/29/08                                 By: /s/ Dion N. Cominos
21                                                   DION N. COMINOS
22                                                   MEAGEN E. LEARY
                                                     Attorneys for Defendant KELLER
23                                                   WILLIAMS REALTY, INC.

: <u>Steve Trachsel, et al. v. Ronald Buchholz, et al.</u>
United States District Court Northern District of California, San Jose Division
Case No. No. C08 02248

### PROOF OF SERVICE

I am a citizen of the United States. My business address is 275 Battery Street, San Francisco, CA 94111. I am employed in the City and County of San Francisco where this service occurs. I am over the age of 18 years and not a party to the within action.

On August 29, 2008, following ordinary business practice, I served a true copy of the foregoing document(s) described as:

**CASE MANAGEMENT STATEMENT**

[X] **BY (CM/ECF) ELECTRONIC CASE FILE SYSTEM**: with the United States District Court, Northern District, to all parties listed on the court's proof of electronic service.

[ ] **BY FACSIMILE**: by transmitting by facsimile to the number(s) listed above to the fax number(s) set forth below, or as stated on the attached service list, on this date before 5:00 p.m.

[ ] **PERSONAL SERVICE**: I caused such envelope(s) to be delivered by hand this date to the offices of the addressee(s).

[ ] **MAIL**: I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail at Sacramento, California to the offices of the addressee(s) listed below:

[ ] **OVERNIGHT DELIVERY**: I caused such envelope(s) to be delivered to an overnight delivery carrier with delivery fees provided for, addressed to the person(s) on whom it is to be served.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on August 29, 2008 at San Francisco, California.

*(signature)*
_____
Sandra Sarmiento

Gordon & Rees LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111

KWRI/1051542/5802734v.1